IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | § § § |
| *Plaintiff*, | § § Case No. 7:25-cv-00376-DC-DTG |
| v. | § § JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § |
| *Defendant*. | § § |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google" or "Defendant") submits its Answer and Affirmative Defenses to Plaintiff Headwater Research LLC's ("Headwater" or "Plaintiff") Complaint for Patent Infringement as follows:

**BACKGROUND**

1.      Paragraph 1 sets forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations of Paragraph 1 and specifically denies that it has committed any acts of infringement.

2.      Google is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies them.

3.      To the extent the allegations in Paragraph 3 purport or describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Google is without

knowledge of information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and on that basis denies them.

4. To the extent the allegations in Paragraph 4 purport to describe or quote one or more documents or webpages, Google asserts that those documents or webpages are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies them.

5. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies them.

6. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies them.

7. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies them.

8. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies them.

9. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them.

10. To the extent that the allegations in Paragraph 10 purport to describe or quote one or more documents, Google asserts that those documents are the best source of their full content and context. Google denies the allegations to the extent they do not accurately represent the documents' full content and context. Google is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of Paragraph 10, and on that basis denies them.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 11.

12.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies them.

**PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT**

13.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies them.

14.     Google admits that on its face, U.S. Patent No. 8,023,425 is entitled "Verifiable service billing for intermediate networking devices," and bears the issuance date of September 20, 2011. Google admits that Headwater claims to be the owner of the '425 Patent, but this allegation is a conclusion of law to which no response is required. Except as expressly admitted, Google denies the remaining allegations in Paragraph 14.

15.     Google admits that on its face, U.S. Patent No. 8,631,102 is entitled "Automated device provisioning and activation," and bears the issuance date of January 14, 2014. Google admits that Headwater claims to be the owner of the '102 Patent, but this allegation is a conclusion of law to which no response is required. Except as expressly admitted, Google denies the remaining allegations in Paragraph 15.

16.     Google admits that on its face, U.S. Patent No. 8,799,451 is entitled "Verifiable service policy implementation for intermediate networking devices," and bears the issuance date of August 5, 2014. Google admits that Headwater claims to be the owner of the '451 Patent, but

3

this allegation is a conclusion of law to which no response is required. Except as expressly admitted, Google denies the remaining allegations in Paragraph 16.

### **DEFENDANT GOOGLE AND THE ACCUSED INSTRUMENTALITIES**

17. Google admits that Google LLC is a Delaware limited liability company and a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Google admits that it has an office located at 500 West 2nd Street, Austin, Texas 78701. Google denies any remaining allegations in this paragraph.

18. Google admits that Headwater, through its Complaint and Exhibits thereto, accuses Google's mobile electronic devices, as well as tethering-enabled devices that operate on Google's network such as Google Fi, of allegedly infringing the Asserted Patents, but denies any alleged infringement thereof. To the extent the allegations in Paragraph 18 purport to describe one or more documents, Google asserts that those documents are the best source of their full content and context. To the extent a response is required, Google denies the remaining allegations in Paragraph 18 and specifically denies it has committed any acts of infringement.

### **JURISDICTION & VENUE**

19. Google admits that Headwater brought this action under the United States patent laws, 35 U.S.C. §§ 1, *et seq.*

20. Google admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). For purposes of this action only, Google will not challenge subject matter jurisdiction. Google reserves the right to challenge subject matter jurisdiction in the future.

21. Google does not contest personal jurisdiction in this District solely for the purpose of this action. Google specifically denies that it has committed any acts of infringement within this District, or any other District. To the extent the remaining allegations of Paragraph 21 are directed at Google, Google is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

22. Google denies infringement of the Asserted Patents. Google admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google admits that it has an office and store in this District but denies that it has committed any acts of infringement in this District or any other district. To the extent that the allegations in Paragraph 22 purport to describe one or more documents, Google asserts that those documents are the best source of their full content and context. Except as expressly admitted, Google denies the remaining allegations of Paragraph 22.

## **COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '425 PATENT**

23. Google reasserts and incorporates its responses to all preceding paragraphs.

24. Google is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 and therefore denies them.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Paragraph 29 and Exhibit 4 set forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 29 and Exhibit 4 and specifically denies that it has committed any acts of infringement.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

### COUNT 2 –CLAIM FOR INFRINGEMENT OF THE '102 PATENT

35. Google reasserts and incorporates its responses to all preceding paragraphs.

36. Google is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 and therefore denies them.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Paragraph 41 and Exhibit 5 set forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 41 and Exhibit 5 and specifically denies that it has committed any acts of infringement.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT 3 –CLAIM FOR INFRINGEMENT OF THE '451 PATENT

47. Google reasserts and incorporates its responses to all preceding paragraphs.

48. Google is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 48 and therefore denies them.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 and Exhibit 6 set forth conclusions of law to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 53 and Exhibit 6 and specifically denies that it has committed any acts of infringement.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## JURY DEMAND

59. In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

**RELIEF REQUESTED**

Google denies that Headwater is entitled to any relief whatsoever, including all relief requested in Headwater's "Relief Requested," inclusive of subparagraphs A through F. To the extent any statement in the Relief Requested is deemed factual, it is denied.

**GENERAL DENIAL**

Google denies each and every allegation of the Complaint that is not specifically admitted herein.

**AFFIRMATIVE & ADDITIONAL DEFENSES**

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional defenses that become known at a later date.

**FIRST DEFENSE – NON-INFRINGEMENT**

Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, indirectly, willfully, by inducement or contributory infringement, and is not liable for infringement of any kind of any valid and enforceable claim of the U.S. Patent Nos. 8,023,425 ("'425 patent"), 8,631,102 ("'102 patent") and 8,799,451 ("'451 patent") (collectively, the "Asserted Patents") including under the reverse doctrine of equivalents. Headwater is also barred from asserting infringement theories under the doctrine of equivalents that encompass or ensnare the prior art. *See, e.g.*, *G. David Jang, M.D. v. Bos. Sci. Corp.*, 872 F.3d 1275, 1285 (Fed. Cir. 2017).

8

**SECOND DEFENSE – INVALIDITY**

The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas of other non-statutory subject matter.

The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. §102 because the claims lack novelty, and are taught and suggested by the prior art.

The claims of the Asserted Patents are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the Asserted Patents are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

**THIRD DEFENSE – FAILURE TO STATE A CLAIM**

Headwater's Complaint fails to state a claim on which relief may be granted.

**FOURTH DEFENSE – ESTOPPEL, DISCLAIMER, & WAIVER**

Headwater's claims are barred, in whole or in part, by equitable doctrines, such as estoppel, and/or unclean hands, based upon, inter alia, Headwater's delay in pursuing its claims/causes of action against Google. More specifically, Headwater knew or should have known of the allegedly infringing activities of Google for many years prior to the filing of the Complaint at least by virtue of having knowledge of Google and Android. The delay in taking legal action was so long as to constitute equitable estoppel so as to bar all or some relief.

**FIFTH DEFENSE – LIMITATIONS ON PATENT DAMAGES**

Headwater's claims for damages, if any, against Google for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**SIXTH DEFENSE – NO IRREPARABLE HARM**

Although Headwater has not pled that an injunction in any form would be a proper remedy, and therefore has waived it, to the extent Headwater later contends that it is entitled to such remedy, Headwater is not entitled to any form of injunctive relief because Headwater has not suffered and will not suffer irreparable harm due to Google's alleged infringement and has an adequate remedy at law.

**SEVENTH DEFENSE – EXPRESS, IMPLIED LICENSE, EXHAUSTION & PRECLUSION**

Headwater's claims are barred, in whole or in part, by the doctrines of license, implied license, exhaustion, claim preclusion, issue preclusion, merger and bar, the doctrine of claim splitting, and/or the *Kessler* doctrine, including to the extent that any of the allegedly infringing conduct is premised on or related to products or instrumentalities made, sold, used, imported, or provided by any licensed entity (whether express or implied) to the Asserted Patents or related patent(s).

**EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Headwater's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel. To the extent Headwater's alleged claim for infringement of any of the Asserted Patents is based on the doctrine of equivalents, Headwater is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Headwater is estopped from claiming that the asserted patents cover any accused method, system, product, and/or instrumentality

### NINTH DEFENSE – LACK OF STANDING

Headwater cannot prove that it owns the Asserted Patents. Headwater's claims against Google are thus barred because Headwater lacks standing to assert the Asserted Patents.

### TENTH DEFENSE – ACTIONS OF OTHERS

Headwater's claims are barred, in whole or in part, because Google is not liable for the acts of others over whom it has no control.

### ELEVENTH DEFENSE – NO CAUSATION

Headwater's claims are barred, in whole or in part, because Headwater's damages, if any, were not caused by Google.

### TWELFTH DEFENSE – NO EXCEPTIONAL CASE

Headwater cannot prove that this is an exceptional case justifying an award of attorneys' fees against Google pursuant to 35 U.S.C. § 285.

### THIRTEENTH DEFENSE – NO WILLFUL INFRINGEMENT

Headwater is not entitled to enhanced damages under 35 U.S.C. § 284 because Headwater has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### FOURTEENTH DEFENSE – FAILURE TO MARK

Headwater's Complaint fails to state a claim on which relief may be granted. Headwater is limited in its right to seek damages due to a failure to mark products covered by any of the Asserted Patents including, but not limited, to products covered by any of the Asserted Patents made, used, offered for sale, or sold by Headwater, and prior and current assignees and licensees of any of the Asserted Patents.

**RESERVATIONS**

Discovery in this action is ongoing and Google continues to investigate the allegations set forth in the Complaint. Google hereby provides explicit notice to Headwater that it intends to rely upon such other defenses as may become available by law or in equity, or pursuant to statute, as discovery proceeds in this action, and hereby reserves the right to assert such additional defenses. Google also reserves the right to supplement and/or amend its defenses as discovery proceeds in this action.

**DEMAND FOR JURY TRIAL**

Google respectfully requests a jury trial on issues so triable by right.

**REQUEST FOR RELIEF**

WHEREFORE, Google respectfully requests that the Court enter judgment in its favor and against Headwater as follows:

A.  A judgment dismissing, with prejudice, all of Headwater's claims against Google;

B.  A judgment denying all relief that Headwater seeks in its Complaint;

C.  A declaration finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google its costs and attorneys' fees;

D.  A judgment that the Asserted Patents are invalid and unenforceable;

E.  A judgment that Google does not infringe and has not infringed, either literally or under the doctrine of equivalents, willfully, indirectly, by inducement or contributory infringement, and is not liable for infringement of any kind of any valid and enforceable claim of the Asserted Patents including under the reverse doctrine of equivalents; and

F.  A judgment awarding Google any other relief the Court deems just and equitable.

DATED:  November 10, 2025                Respectfully Submitted,


By: */s/ Matthias A. Kamber*
       Matthias A. Kamber
       Cal. Bar No. 232147
       matthiaskamber@paulhastings.com
       PAUL HASTINGS LLP
       101 California Street, 48th Floor
       San Francisco, CA 94111
       Telephone: (415) 856-7000
       Facsimile: (415) 856-7100

       Andrea P. Roberts (*admission pending*)
       Cal. Bar No. 228128
       andrearoberts@paulhastings.com
       PAUL HASTINGS LLP
       1117 S. California Avenue
       Palo Alto, CA.94304
       Telephone: (650) 320-1800
       Facsimile: (650) 320-1900

       Ariell N. Bratton
       Cal. Bar No. 317587
       ariellbratton@paulhastings.com
       PAUL HASTINGS LLP
       4655 Executive Drive, Suite 350
       San Diego, CA 92121
       Telephone: (858) 458-3000
       Facsimile: (858) 458-3005

       Nathaniel St. Clair, II
       Tex. State Bar No. 24071564
       nstclair@jw.com
       JACKSON WALKER LLP
       2323 Ross Avenue, Suite 600
       Dallas, Texas 75201
       Telephone:  (214) 953-6000
       Facsimile:  (214) 953-5822

       *Attorneys for Defendant*
       *GOOGLE LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on November 10, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing document via the Court's CM/ECF system.

/s/ Matthias A. Kamber
Matthias A. Kamber