**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 7:25-cv-00376-DC-DTG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant*. | § | |

**GOOGLE'S RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................... 1

II.    LEGAL STANDARD ......................................................................................... 2

III.   ARGUMENT ..................................................................................................... 4

    A.    The Court Should Dismiss Headwater's Claims of Infringement by Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment Systems. ..................................................................................... 4

    B.    The Court Should Dismiss Headwater's Claims Of Pre-Suit Willful And Indirect Infringement Of The Asserted Patents. .................................... 7

         1.    No reasonable inference can be drawn that Google knew of the asserted patents because of alleged knowledge of unasserted patents. ................................................................................... 7

         2.    Headwater has not plausibly alleged Google knew of alleged infringement of the asserted patents. ......................................... 9

         3.    Headwater has not plausibly alleged willful blindness of the asserted patents. ..................................................................... 12

    C.    The Court Should Dismiss Headwater's Claims of Contributory Infringement of the Asserted Patents. ................................................. 12

IV.   CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apeldyn Corp. v. AU Optronics Corp.*,
   831 F. Supp. 2d 817 (D. Del. 2011), *aff'd*, 522 Fed. App'x 912 (Fed. Cir.
   2013) ............................................................................................................9

*Apollo Fin., LLC v. Cisco Sys., Inc.*,
   190 F. Supp. 3d 939 (C.D. Cal. 2016) ......................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................2, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................2

*BillJCo, LLC v. Apple Inc.*,
   583 F. Supp. 3d 769 (W.D. Tex. 2022).....................................................3

*Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*,
   998 F.3d 1320 (Fed. Cir. 2021).................................................................2

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...................................................................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)................................................................................3, 7

*CTD Networks, LLC v. Amazon.com, Inc.*,
   688 F. Supp. 3d 436 (W.D. Tex. 2023)...................................................10

*CTD Networks, LLC v. Google, LLC*,
   688 F. Supp. 3d 490 (W.D. Tex. 2023), *appeal dismissed*, No. 2023-2428,
   2024 WL 2587917 (Fed. Cir. May 24, 2024) ...........................................3

*Dali Wireless Inc. v Corning Optical Commc'ns LLC*,
   638 F. Supp. 3d 1088 (N.D. Cal. 2022) .................................................10

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..........................6

*Flypsi, Inc. v. Google LLC*,
   No. 6:22-cv-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ...........................7, 8

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)...............................................................3, 12

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Glob. -Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) .................................................................................. *passim*

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ............................................................................................3

*Headwater Research LLC v. Google LLC*,
    Case No. 7:25-cv-00231-DC-DTG, ECF No. 47 (W.D. Tex. 2025) ........................................1

*Hydrafacial LLC v. Medicreations LLC*,
    768 F. Supp. 3d 1129 (D. Nev. 2025) ....................................................................11

*ImagineAR, Inc. v. Niantic, Inc.*,
    No. 1:24-cv-01252-JDW, 2025 WL 2592261 (D. Del. Sep. 8, 2025) ...................................11

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
    920 F.3d 890 (5th Cir. 2019) ...............................................................................2

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019),
    *report and recommendation adopted*, 2019 WL 1979866 (E.D. Tex. May 3,
    2019) .....................................................................................................8

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
    No. 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) .........................10, 12

*Kolon Indus., Inc. v. Hyosung Advanced Materials Corp. Hysoung USA, Inc.*,
    No. SA CV 24-00415 JVS-JDE, 2024 WL 4800498 (C.D. Cal. Sep. 27, 2024) ...................11

*Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*,
    No. 3:16-cv-263 RLM-MGG, 2018 WL 345767 (N.D. Ind. Jan. 10, 2018) ..........................11

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ..................................12

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
    571 U.S. 191 (2014) .......................................................................................12

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................8

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
    No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ...........................10

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
    No. 6:20-cv-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) .............................8

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Princeton Digit. Image Corp. v. Ubisoft Ent. SA*,
    No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ..........................................9

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sep. 24, 2013) ................................11

*Sanofi, LLC v. Watson Lab'ys. Inc.*,
    875 F.3d 636 (Fed. Cir. 2017) ................................................................................................3

*Script Sec. Sols. LLC v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016) .................................................................................12

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
    No. 2:23-CV-00059-JRG, 2024 WL 1117930 (E.D. Tex. Mar. 14, 2024) ..............................9

*Vasudevan Software, Inc. v. TIBCO Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .......................................9

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ...................................6

**Statutes**

35 U.S.C. § 271(b) ..........................................................................................................1, 2, 3, 7

35 U.S.C. § 271(c) ......................................................................................................... *passim*

35 U.S.C. § 284 ....................................................................................................................1, 3, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 2

## I.    INTRODUCTION

Google moves to dismiss certain of Headwater's claims for failure to state a claim. Specifically, Headwater fails to state a claim against Google for (1) infringement of U.S. Patent Nos. 8,023,425 ("the '425 patent"), 8,631,102 ("the '102 patent"), and 8,799,451 ("the '451 patent") (collectively, "the asserted patents") by wearables, laptops, Internet-of-Things ("IoT") devices, M2M devices, and vehicle infotainment systems; (2) pre-suit indirect infringement of the asserted patents under 35 U.S.C. § 271(b) or (c) and enhanced damages for willful infringement of the asserted patents under 35 U.S.C. § 284 of the asserted patents; and (3) contributory infringement under 35 U.S.C. § 271(c).[1]

First, this Court should dismiss Headwater's claims that wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems infringe the asserted patents because Headwater fails to state a claim. Headwater fails to plausibly allege that each of these types of devices infringe any of the asserted patents. Beyond using these terms in passing in its claim charts, Headwater does not plausibly allege how each of these different types of devices practice all elements of any claim of the asserted patents.

Second, this Court should dismiss Headwater's indirect infringement and willful infringement claims as to the asserted patents because Headwater failed to sufficiently allege that Google had both knowledge of the asserted patents *and* knowledge that the asserted patents are

---

[1] In another case against Google, Headwater recently argued based on a single out-of-district decision that the Court does not have the authority to dismiss Headwater's willful infringement claims pursuant to Rule 12(b)(6). Notice of Supplemental Authority, *Headwater Research LLC v. Google LLC*, Case No. 7:25-cv-00231-DC-DTG, ECF No. 47 (W.D. Tex. 2025). This ignores the ample authority from this District and others addressing willfulness allegations pursuant to Rule 12(b)(6). Headwater argued that this Court should "follow Delaware" "to prevent a flood of motions to dismiss pre-suit claims of willfulness under the inevitable flood of permutations of pre-suit facts." *Id.* The only "flood" here is caused by Headwater, which filed 60 lawsuits this year relying on copy-and-paste willfulness allegations against dozens of defendants.

infringed. Headwater's only factual allegations regarding knowledge relate to knowledge of another, related patent, but such knowledge is insufficient to plausibly allege willful infringement.

Third, for contributory infringement, it is Headwater's burden to prove that the Accused Instrumentalities are not a "commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Headwater sets out no plausible allegation of this element of contributory infringement in its Complaint. For this reason alone, the Court should dismiss Headwater's claims for contributory infringement of the asserted patents.

## II.    LEGAL STANDARD

To overcome a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must have "state[d] a claim to relief that is plausible on its face" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court's inquiry is generally "limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken . . . ." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

To state a claim for indirect infringement under § 271(b), a plaintiff must plausibly allege that the defendant knew the asserted patent existed and knew of infringement of the patent. *Glob. -Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) ("Induced infringement under 35 U.S.C. § 271(b) requires proof of underlying direct infringement, as well as proof that

(1) 'the defendant knew of the patent. . . .'" (quoting *Sanofi, LLC v. Watson Lab'ys. Inc.*, 875 F.3d 636, 643 (Fed. Cir. 2017)). Alternatively, a plaintiff can state a § 271(b) claim "under the doctrine of willful blindness," which requires plausible allegations that the defendant (1) "subjectively believe[d] that there [was] a high probability that a fact exist[ed]" and (2) "t[ook] deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances*, 563 U.S. at 766, 769.

Indirect infringement under § 271(c) also requires knowledge of the asserted patent and knowledge of infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Additionally, "[t]o establish contributory infringement, [Headwater] must show . . . that the [accused instrumentalities have] no substantial noninfringing uses . . . ." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)).

Similarly, willful infringement concerns the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Therefore, to obtain enhanced damages for willful patent infringement pursuant to § 284, a plaintiff must plausibly allege that a defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022) (citations omitted). "Mere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *Id.* at 777; *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023), *appeal dismissed*, No. 2023-2428, 2024 WL 2587917 (Fed. Cir. May 24, 2024).

III.     **ARGUMENT**

    A.     **The Court Should Dismiss Headwater's Claims of Infringement by Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment Systems.**

Headwater's claims of infringement by wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems (including Google Chromebooks, Google Pixel Watches, and Fitbits) should be dismissed because Headwater fails to plausibly allege how these devices infringe any of the asserted patents. At best, Headwater's Complaint contains only passing references to these devices and conclusory statements, which are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

The Complaint mentions "phones, tablets, watches, and smart devices" only once in passing as examples of "Accused Devices." ECF No. 1, Compl., at ¶22. The Complaint itself does not explain how these "Accused Devices" allegedly infringe any of the asserted patents. And nowhere does the Complaint mention other wearables, laptops, IoT devices, M2M devices, or vehicle infotainment systems. The Complaint separately uses the phrase "Accused Instrumentalities," but this phrase is not defined in the body of the Complaint.

The claim charts attached to Headwater's Complaint do little to clarify or support Headwater's allegations. The attached claim charts identify "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" as part of the "Accused Instrumentalities" but then barely address any of these devices within the body of the charts. Headwater fails to identify any supposedly accused products with specificity, let alone explain how they each practice all elements of an asserted claim of the asserted patents. Simply identifying an allegedly infringing product and parroting the elements of an infringement claim in this manner is not enough specificity to sufficiently state a claim. *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016). But that is precisely what Headwater has done.

For example, Exhibit 4 to the Complaint (ECF No. 1-4) simply states that the "devices described by Google's website below . . . constitute a first end user device." ECF No. 1-4 at 1. It then lists several URLs to general webpages for each of Chromebooks, watches, and cars under the claim preamble after a "*See, e.g.*," signal. But the chart fails to provide any explanation for the citation, direction to supposedly relevant parts of the webpages, point to any specific products on those webpages, or provide annotated screenshots from those webpages. It is unclear from these unexplained citations which products Headwater is even alleging constitute the claimed "first end-use device." And beyond these few URLs, the chart never even identifies any other wearables, laptops, IoT devices, M2M devices as the claimed "first end point device." ECF No. 1-4. Exhibits 5 and 6 (ECF Nos. 1-5 and 1-6) are nearly identical in these respects, and likewise fail to identify the supposedly accused products with specificity.

For a small subset of claim elements of the '425 patent, a few repetitive screenshots of webpages related to Chromebooks, "laptops," or watches are cited without explanation. ECF No. 1-4 at 3-4, 9, 12-13, 24, 68, 72. Indeed, neither "watch" nor "Chromebook" appear in the body of the charts outside the few URLs or screenshots (and "laptop" appears just once). ECF No. 1-4 at 12. There is no related exposition whatsoever. And no screenshots or URLs related to watches are included for at least claim elements [1d] or [1d1-4] or related to Chromebooks for at least claim elements [1d] or [1d1-6] of the '425 patent. *See* ECF. No. 1-4. Headwater's allegations for vehicles are even more scant. After the first page where the charts reference "vehicle infotainment systems" as an Accused Instrumentality and include a generic vehicle-related URL without explanation, cars are never mentioned again. *Id.* Indeed, vehicles or cars are not mentioned for a single claim element aside from the preamble. *Id.* And IoT and M2M devices—which are not defined anywhere in the

Complaint or charts—are never mentioned outside the purported definition of the Accused Instrumentalities. *Id*.

It is a similar story for the other two asserted patents—aside from identifying "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" as Accused Instrumentalities on the face of the charts, the only other reference to these devices are a handful of repetitive, unexplained webpage screenshots. *See* ECF No. 1-5 at 1, 3-4, 9, 14, 27, 29-32; ECF No. 1-6 at 1, 3-4, 9, 19, 21, 27, 45, 47, 53. There are no screenshots or URLs related to watches for at least claim elements [1d], [1e], or [1e1-3] of the '102 patent; related to Chromebooks for claim elements [1d], [1e], [1e1-3] of the '102 patent; related to vehicles for claim elements [1a], [1b], [1d], [1e], or [1e1-3] of the '102 patent; related to Chromebooks, watches, or vehicles for claim elements [1d], [1e], or [1f] of the '451 patent; related to "laptops" for claim elements [1a], [1c], [1d], [1e], or [1e1-3] of the '102 patent; related to "laptops" for claim elements [1d], [1e], or [1f] of the '451 patent; or related to any other wearables, IoT devices, or M2M devices for *any* claim element of either the '103 or '451 patents. *See* ECF Nos. 1-5, 1-6.

Absent from the Complaint and claim charts is any purported evidence showing how "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" practice any (let alone every) element of any claim of the asserted patents. To sufficiently state a claim for infringement, however, Headwater's "complaint must support its entitlement to relief with "factual content," not just conclusory allegations that [Chromebooks, watches, and cars] meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021)); *see also De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *7 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss patent infringement claims where

complaint was devoid of "<u>any</u> description as to how the accused instrumentality infringe[d] [the patent claims]"). Headwater has not adequately pleaded infringement by Google Chromebooks, watches, and vehicles, and its infringement claims regarding these devices should therefore be dismissed.

**B.     The Court Should Dismiss Headwater's Claims Of Pre-Suit Willful And Indirect Infringement Of The Asserted Patents.**

**1.     No reasonable inference can be drawn that Google knew of the asserted patents because of alleged knowledge of unasserted patents.**

Headwater's claims for pre-suit indirect infringement under §§ 271(b) or (c), and for enhanced damages under § 284 must be dismissed because Headwater fails to plausibly allege that Google knew of the asserted patents before the filing of this case. *See Glob.-Tech Appliances*, 563 U.S. at 765–66; *Commil*, 575 U.S. at 639.

Headwater's only basis for alleging Google had pre-suit knowledge of the asserted patents is that Google was allegedly aware of "patents in the same family" as the asserted patents. Compl., ¶¶ 30, 42, 54. Headwater alleges that "the ItsOn software included a patent marking notice which listed patents in the same family" as the asserted patents. *Id*. Headwater additionally alleges that "family members" of the asserted patents were cited by "patents assigned to Google," although it does not explicitly allege that this provided Google with knowledge of the asserted patents or any infringement thereof. *Id*. None of these allegations are sufficient to show pre-suit knowledge of the asserted patents. *See Flypsi, Inc. v. Google LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) ("Here, the deficiency lies in a failure to allege *Google's* actual knowledge of either the patents or the patent filings.").

As an initial matter, these allegations are so vague and conclusory that they preclude any investigation by Google into their merits. Headwater fails to identify which family members Google supposedly had notice of through the ItsOn patent marking notice; which family members

Google supposedly had notice of through their citation in patents assigned to Google; or which patents assigned to Google supposedly even cite these family members. And even assuming Headwater's unsupported allegations are true, they fail to allege *when* these "patents in the same family" were added to the ItsOn patent marking notice or *when* the "family members" were supposedly cited by patents assigned to Google—let alone when those mystery patents were even assigned to Google. Regardless, even without disclosure of these unknown familial patents, it is undisputed that none of these family members are asserted against Google in this case, and Headwater does not allege that they have been asserted against Google in any other proceeding.

Even assuming Google had pre-suit knowledge of these unasserted mystery patents, Headwater has not shown Google had pre-suit knowledge of the ***asserted patents***. Although Headwater has pleaded that these mystery patents are related to the asserted patents, Compl., ¶¶ 30, 42, 54, knowledge of patent family members is not enough. *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) ("Although the patent application cited in Cisco's patents shares a specification with the Asserted Patents, it is a patent's *claims* that put potential infringers on notice, not the specification."); *see also Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-cv-00507-ADA, 2023 WL 5426743, at *3–4 (W.D. Tex. June 27, 2023) (mere knowledge of patent applications and speculation into investigation into the patent portfolio not enough to establish pre-suit knowledge); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019), *report and recommendation adopted*, 2019 WL 1979866 (E.D. Tex. May 3, 2019) (in the context of willful infringement, finding "defendant's knowledge of another patent within the same family as an asserted patent" does not create a question of fact as to whether the defendant had sufficient knowledge of the asserted patent); *Flypsi*, 2022 WL 3593053, at *5

("[K]nowledge of patent applications generally without more is insufficient to satisfy the knowledge requirement."); *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011), *aff'd*, 522 Fed. App'x 912 (Fed. Cir. 2013) ("There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases . . . based on the listing of a patent on the face of another patent."); *Princeton Digit. Image Corp. v. Ubisoft Ent. SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (concluding no pre-suit knowledge of asserted patent when defendant's patent cited another patent which itself referenced asserted patent); *Vasudevan Software, Inc. v. TIBCO Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) (concluding awareness of the asserted patent's application and related patent with same specification insufficient to infer pre-suit knowledge of Asserted Patent); *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024) ("Plaintiff's allegations that it notified [Defendant] of an earlier filed, pending application—even if that application is part of the same patent family as the Asserted Patents—cannot support knowledge of the Asserted Patents.").

Thus, Headwater's bare allegation that Google had knowledge of the asserted patents based on purported knowledge of patent family members is insufficient to plausibly allege willful infringement.

### 2.    Headwater has not plausibly alleged Google knew of alleged infringement of the asserted patents.

Even if Headwater adequately pleaded that its knowledge of other patents somehow meant Google knew of the *asserted patents* (it does not), Headwater's pre-suit indirect and willfulness claims still fail because Headwater never plausibly alleges that Google *knew or should have known that it **infringed** the asserted patents*. Both forms of indirect infringement (induced and

contributory) require knowledge of the patent-in-suit *and* knowledge of infringement. *Glob.-Tech Appliances*, 563 U.S. at 766 (induced infringement requires "knowledge that the induced acts constitute patent infringement"); 35 U.S.C. § 271(c) (contributory infringement requires "knowing [that a component is] especially made or especially adapted for use in an infringement"). The same is true for willfulness. *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 447 (W.D. Tex. 2023); *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021); *Dali Wireless Inc. v Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1098–1100 (N.D. Cal. 2022). Headwater has not adequately pleaded that Google had that prior knowledge of *infringement*, as is required for indirect and willful infringement, via alleged knowledge of related patents.

In its Complaint, Headwater offers only the bare assertion that "Defendant has had knowledge or was willfully blind of the [asserted patents] and the infringing nature of the Accused Instrumentalities at least because the ItsOn software included a patent marking notice which listed patents in the same family as the [asserted patents]." Compl., ¶¶ 30, 42, 54. Headwater does not plead any facts in support of this allegation, nor does it even identify a date on or method by which Google supposedly "had knowledge or was willfully blind . . . of the infringing nature of the Accused Instrumentalities." *Id*. Headwater fails to identify any notice of infringement of the asserted patents (*e.g.*, infringement charts) provided to Google. The mere alleged knowledge of other, related patents by Google does not lead to an inference that Google had any knowledge it *infringed* entirely *different patents*.

Even had Headwater's ItsOn marking notices listed *the asserted* patents—and Headwater does not allege that they did—simply listing patents on marking notices does not suffice to allege knowledge of infringement by the defendant for indirect or willful infringement. *Kirsch Rsch. &*

10

*Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (dismissing induced and willful infringement claims where the complaint merely alleged "Defendant has been willfully blind to its infringement . . . by, for example, ignoring the patent markings on both [plaintiff's] practicing products and its literature." (citation omitted)); *Hydrafacial LLC v. Medicreations LLC*, 768 F. Supp. 3d 1129, 1137 (D. Nev. 2025) (granting a motion to dismiss willful and indirect infringement claims because the plaintiff's allegations that its products were marked with the asserted patents and it was a small industry were "not enough on their own to meet the plausibility standard"); *Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-cv-263 RLM-MGG, 2018 WL 345767, at *2 n.2 (N.D. Ind. Jan. 10, 2018) (finding that "alleging marking doesn't allow the court to infer a defendant's knowledge of the patent-in-suit"); *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D. Cal. Sep. 24, 2013) (holding that patent marking provides constructive knowledge for damages but such allegations are insufficient to meet the actual knowledge standard for induced infringement).

Similarly, to the extent the Court finds that Headwater sufficiently alleged knowledge of the asserted patents based on "patents assigned to Google [citing] family members of the [asserted patents]," Compl., ¶¶ 30, 42, 54, such allegations are insufficient to allege knowledge of *infringement* of the asserted patents. *See, e.g.*, *ImagineAR, Inc. v. Niantic, Inc.*, No. 1:24-cv-01252-JDW, 2025 WL 2592261, at *8–9 (D. Del. Sep. 8, 2025) (finding that "no well-pled facts would permit an inference that [the defendant] had knowledge of the alleged infringement" where the same patent was simply cited during prosecution of one of the defendant's patents); *Kolon Indus., Inc. v. Hyosung Advanced Materials Corp. Hysoung USA, Inc.*, No. SA CV 24-00415 JVS-JDE, 2024 WL 4800498, at *3–4 (C.D. Cal. Sep. 27, 2024) (granting a motion to dismiss indirect and

willful infringement where the examiner's citation of an asserted patent during prosecution of one of the defendant's patents failed to "establish that [the defendant] knew which of its products infringed"); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at \*5 (N.D. Cal. Oct. 7, 2021) ("[E]ven substantive references to patents in the alleged infringer's patent prosecutions, without more, fail to sufficiently allege knowledge of *infringement*.").

Thus, even assuming that Google had knowledge of the asserted patents, Headwater's bare allegation that Google knew that the Accused Instrumentalities infringed the asserted patents is insufficient to plausibly allege willful infringement.

### 3.    Headwater has not plausibly alleged willful blindness of the asserted patents.

The Court should also dismiss Headwater's indirect and willful infringement of the asserted patents because its allegations of willful blindness are even more conclusory than its allegations of pre-suit knowledge. Headwater offers only the baseless accusation that Google "has had knowledge of or has been willfully blind to" the asserted patents. Compl., ¶¶ 30, 42, 54; *see also id.*, ¶¶ 32, 44, 56. Nowhere in the Complaint does Headwater "identify . . . *affirmative actions* taken by [Google] to avoid gaining actual knowledge of the [asserted patents]." *Kirsch*, 2021 WL 4555802, at \*2 (citing *Script Sec. Sols. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937–38 (E.D. Tex. 2016) and *Glob.-Tech Appliances*, 563 U.S. at 769–71) (emphasis added). Headwater entirely fails to make any, much less plausible, factual allegations of willful blindness of the asserted patents.

### C.    The Court Should Dismiss Headwater's Claims of Contributory Infringement of the Asserted Patents.

"To establish contributory infringement, [Headwater] must show . . . that the [accused instrumentalities have] no substantial noninfringing uses . . . ." *Fujitsu*, 620 F.3d at 1326 (citing 35 U.S.C. § 271(c)). This is Headwater's burden. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,

571 U.S. 191, 198 (2014). Nowhere in the Complaint does Headwater set out any allegations or facts that the Accused Instrumentalities have no substantial noninfringing uses. Indeed, such an allegation would be meritless because, for example, the accused service and devices provide internet service and also make phone calls, which are substantial noninfringing uses. Rather, it makes only conclusory, passing allegations that Google "knowingly and intentionally induces and contributes to infringement." Compl., ¶¶ 34, 46, 58. This warrants dismissal of Headwater's entire pre-suit and post-suit claims of contributory infringement under § 271(c).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court dismiss, with prejudice:

- Headwater's claims of infringement of the asserted patents by wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems;

- Headwater's claims for pre-suit indirect and willful infringement of the asserted patents; and

- Headwater's pre- and post-suit claims of contributory infringement under § 271(c) for the asserted patents.

DATED:  November 10, 2025                  Respectfully Submitted,

                                           By: */s/ Matthias A. Kamber*
                                                Matthias A. Kamber
                                                Cal. Bar No. 232147
                                                matthiaskamber@paulhastings.com
                                                PAUL HASTINGS LLP
                                                101 California Street, 48th Floor
                                                San Francisco, CA 94111
                                                Telephone: (415) 856-7000
                                                Facsimile: (415) 856-7100

                                                Andrea P. Roberts (*admission pending*)
                                                Cal. Bar No. 228128
                                                andrearoberts@paulhastings.com
                                                PAUL HASTINGS LLP
                                                1117 S. California Avenue
                                                Palo Alto, CA.94304
                                                Telephone: (650) 320-1800
                                                Facsimile: (650) 320-1900

                                                Ariell N. Bratton
                                                Cal. Bar No. 317587
                                                ariellbratton@paulhastings.com
                                                PAUL HASTINGS LLP
                                                4655 Executive Drive, Suite 350
                                                San Diego, CA 92121
                                                Telephone: (858) 458-3000
                                                Facsimile: (858) 458-3005

                                                Nathaniel St. Clair, II
                                                Tex. State Bar No. 24071564
                                                nstclair@jw.com
                                                JACKSON WALKER LLP
                                                2323 Ross Avenue, Suite 600
                                                Dallas, Texas 75201
                                                Telephone:  (214) 953-6000
                                                Facsimile:  (214) 953-5822

                                                *Attorneys for Defendant*
                                                *GOOGLE LLC*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned

hereby certifies that, on November 10, 2025, all counsel of record who have appeared in this case

were served with a copy of the foregoing document via the Court's CM/ECF system.

*/s/ Matthias A. Kamber*          
Matthias A. Kamber
