# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>OMNIBUS MOTIONS *IN LIMINE*</u>**

# TABLE OF CONTENTS

I. Headwater MIL 1: To Preclude Evidence or Argument Decided Upon in *Headwater I* ............................................................................................................1

II. Headwater MIL 2: To Preclude Evidence or Argument Regarding the Success or Failure of ItsOn and the ItsOn Software, Where Both Parties Agree That ItsOn Software Does Not Practice Any Asserted Patent in This Case ..........................................1

III. Headwater MIL 3: To Exclude Evidence of Headwater Corporate Culture and Non-Practicing Entity Status.................................................................................3

IV. Headwater MIL 4: To Exclude Evidence or Argument Regarding an Expert's Record ...................................................................................................................5

V. Headwater MIL 5: To Exclude References to Dr. Groehn's Errors in *Headwater I* Where He Reuses the Same Survey in This Case..........................................8

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Curriculum Vitae of Erik de la Iglesia |
| 2 | Excerpts from the Trial Transcript from *Ecofactor, Inc. vs. Ecobee, Inc.*, Case No. 6:20-CV-78/6:21-CV-428 |
| 3 | Expert Declaration of Erik de la Iglesia in Support of Plaintiff Parking Technology Holdings LLC's Opening Claim Construction Brief from *Parking Tech. Holdings LLC vs. Park Assist, LLC*, Civil Action No. 1:20-cv-03156-PGG |
| 4 | Excerpts from the Deposition Transcript of Dr. Andres Groehn, taken October 18, 2024 |

**\***Emphasis added unless otherwise noted.

**Abbreviations Used**

CMIL    Court MIL set forth in Standing Order on Motions in *Limine* in Cases Involving, Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions Which Relate to the Same, dated August 11, 2023

Headwater    Plaintiff and its purported predecessors

*Headwater I*    *Headwater Research LLC v. Samsung Elecs. Am., Inc.*, Case No. 22-cv-00422-JRG-RSP (E.D.Tex.)

*Headwater II*    This case

RAK    Russ August & Kabat

Samsung    Defendants

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Collins v. Wayne Corp.*,
   621 F.2d 777 (5th Cir. 1980) ...............................................................................................6

*Mobile Equity Corp. v. Walmart Inc.*,
   Case No. 2:21-cv-00126-JRG-RSP, Dkt. 384 (E.D. Tex. Oct. 3, 2022) ...................................6

*Mobile Telecomms. Techs. v. ZTE United States, Inc.*,
   Case No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 184653
   (E.D. Tex. July 21, 2016)......................................................................................................5

*Optis Wireless Tech., LLC v. Apple Inc.*,
   Case No. 2:19-CV-00066-JRG, Dkt. 350 (E.D. Tex. July 17, 2020) ........................................5

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017)..............................................................................................9

**Other Authorities**

Fed. R. Evid. 401 ............................................................................................................................3

Fed. R. Evid. 402 ............................................................................................................................4

Fed. R. Evid. 403 ............................................................................................................................4

Fed. R. Evid. 404 ............................................................................................................................4

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

I. **HEADWATER MIL 1: To Preclude Evidence or Argument Decided Upon in** *Headwater I*

Samsung stipulates to not present "evidence or argument regarding any alleged breach of ethical or fiduciary duties, allegations of improper shifting of funds, embezzlement, threats, or violations of Bar rules, including in the context of determining an appropriate damages amount" as ordered by the Court in *Headwater I*. *Headwater I,* Dkt. 350 at 2-3. To minimize the parties' disputes in this case, Samsung further stipulates (1) not to introduce testimony, evidence, or argument regarding **the amount** of offers from ▬▬▬▬ or ▬▬▬, and (2) not to offer **speculation** as to why the ▬▬▬▬▬▬▬▬▬▬ was not consummated. To be clear, Samsung understands the Court's prior *Headwater I* rulings to permit full discussion and use of other evidence relating to the ▬▬▬▬▬▬▬▬, which Samsung understands will remain available to it in this case. Samsung believes that these stipulations resolve Headwater's MIL 1.

II. **HEADWATER MIL 2: To Preclude Evidence or Argument Regarding the Success or Failure of ItsOn and the ItsOn Software, Where Both Parties Agree That ItsOn Software Does Not Practice Any Asserted Patent in This Case**

Headwater's MIL 2 should be denied because Headwater cannot pick and choose which parts of ItsOn's "contextual" history are revealed to the jury and which remain hidden.

To be clear, Samsung does not believe that ItsOn is relevant to the present case, *Headwater II*. During the parties' meet and confer, Samsung was willing to agree that ItsOn is wholly irrelevant for largely the same reasons Headwater advances in its MIL: ItsOn is a long-defunct third party whose technology (the ItsOn Solution) never practiced the Asserted Patents. Prescott Decl. ¶ 2. But Headwater did not agree. *Id.* Instead, as stated in MIL 2, Headwater plans to introduce evidence and argument about ItsOn "to provide the jury with context as to:" (1) "Headwater's background as a company," (2) "its efforts to license its patented technology," and (3) "Dr. Raleigh's experience in the industry." Dkt. 240 at 3.

1

Headwater cannot have it both ways. *If* Headwater is permitted to introduce this "contextual" background evidence, then the jury might incorrectly conclude that: (1) ItsOn was a successful company and partner of Headwater (*i.e.*, that ItsOn and Headwater succeeded at marketing/selling commercial embodiments of Headwater's "patented technology"); (2) the "patented technology"—the ItsOn Solution—that Headwater licensed to ItsOn actually used the Asserted Patents in this suit, (3) ItsOn's use of the Asserted Patents was a success/had value; and (4) Headwater's ownership of other patents means ItsOn/Dr. Raleigh was innovative. Such inferences would unjustifiably lend credibility to Dr. Raleigh's allegedly extensive and/or successful "experience in the industry." Samsung should be able to introduce competing evidence, including (1) that ItsOn failed/went bankrupt, and Headwater terminated ItsOn's licenses for nonpayment of royalties, as well as (2) that the "patented technology"—the ItsOn Solution—did *not* make use of the asserted patents and further that it was unsuccessful (*e.g.*, evidence and testimony that it was not well received and did not practice the patents asserted in this case, a *Georgia-Pacific* factor). Headwater cannot introduce its subjective version of events as to ItsOn—leaving the jury with the misimpression that ItsOn was successful and giving Headwater and Dr. Raleigh industry credibility—while using its *in limine* motion to shield itself from a competing version of events revealed through extensive discovery. Samsung must be permitted to present a full picture.

Headwater wants to pick and choose which ItsOn "contextual" facts and evidence it gets to introduce and exclude Samsung from disclosing the rest. Samsung's position is simply that once Headwater opens the door to ItsOn's allegedly relevant "background" and "history" with Headwater, then Headwater cannot select which facts about this "background" and "history" come into evidence. A contrary holding would unfairly prejudice Samsung and mislead the jury.

2

### III. HEADWATER MIL 3: To Exclude Evidence of Headwater Corporate Culture and Non-Practicing Entity Status

Headwater's MIL 3 should be denied. Evidence of Dr. Gregory Raleigh ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is relevant to rebutting secondary considerations of nonobviousness and it is not propensity evidence. Samsung does not intend to argue that Dr. Raleigh acted in a specific manner on a particular occasion. Instead, the disputed testimony highlights the general conditions under which Headwater employees operated and speaks directly to invalidity

Former Headwater employee ▮▮▮▮▮▮ testified about Headwater's corporate culture ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For instance, when asked why he did not enjoy working at Headwater, Mr. Modlin stated:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dkt. 240-9 (▮▮▮▮ Tr.) at 53:01–09. Headwater's argument that such testimony is irrelevant lacks merit. First, the bar for relevance is minimal. Evidence is relevant if "it has ***any tendency*** to make a fact more or less probable." Fed. R. Evid. 401. Second, such testimony is highly probative as it directly addresses the strength of the Asserted Patents. The ***process*** by which Headwater evaluated prior art is probative of the robustness and purported inventiveness of its patent claims. A jury is entitled to weigh whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ undermines the patents' alleged nonobviousness. Third, secondary considerations, such as solving a long-felt need or achieving commercial success, are weakened if ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Evidence of systemic issues in patent vetting—such as a corporate culture of ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮—is relevant to the jury's evaluation of the patents' invalidity.

3

Unable to prevail under Rule 402, Headwater next argues that the testimony is prejudicial but fails to identify any specific prejudice. At most, Headwater vaguely claims the testimony would prejudice Headwater by "inviting the jury to find against Headwater for reasons unrelated to the merits of the disputed issues." Dkt. 240 at 4. Headwater does not explain, however, why the jury would conflate this testimony with issues of merit, such as Samsung's alleged infringement. More importantly, testimony that may influence the jury's determination of patent validity is not prejudicial—it is probative of a fact of consequence. Rule 403 does not bar evidence merely because it carries some risk of prejudice; rather, it requires that the risk of prejudice "***substantially outweighs***" the probative value. Headwater cannot meet this standard.

Headwater then attempts to frame this issue under Rule 404, claiming the testimony "serves no purpose other than to improperly disparage and attack the character of Dr. Raleigh." Dkt. 240 at 5. However, Headwater misapplies the rule. There is no basis to assert that Samsung intends to present evidence that Dr. Raleigh acted in a specific manner on a particular occasion related to the Asserted Patents. Instead, ▓▓▓▓▓ testimony offers the jury insight into Headwater's general practices and the conditions under which its prior art searchers operated, including ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This context is relevant to the jury's evaluation of nonobviousness of the Asserted Patents. Thus, the first portion of Headwater's MIL 3 should be denied.

Skirting this Court's limit of five MILs, Headwater's MIL 3 also seeks to exclude testimony regarding "Headwater's status as an alleged NPE." Dkt. 240 at 5. This request should be denied. Headwater admittedly does not practice the Asserted Patents and CMIL No. 11 explicitly allows use of the term "non-practicing entity." Samsung will abide by CMIL No. 11, which precludes evidence referencing NPEs using disparaging language (e.g., "patent troll" or

4

"pirate"). The limited testimony designated by Samsung, however, merely explains Headwater's business function as a non-practicing entity and does not disparage Headwater in a way that could be deemed prejudicial. As Headwater has not identified any testimony exceeding the bounds of CMIL No. 11, Headwater's request on this issue should be denied as well.

IV. **HEADWATER MIL 4: To Exclude Evidence or Argument Regarding an Expert's Record**

Headwater's MIL 4 seeking to preclude evidence and argument about Mr. de la Iglesia's record should be denied.

Evidence and argument about the unique nature of Mr. de la Iglesia's relationship with RAK goes to Mr. de la Iglesia's propensity to tell the truth under oath. Mr. de la Iglesia has been involved in over 50 patent infringement cases on behalf of litigants represented by RAK. *See* Ex. 1. Therefore, this case is far from a situation where Samsung is cherry-picking Mr. de la Iglesia's experience working with a law firm. Moreover, at deposition, Mr. de la Iglesia could not even answer ███████████████████████████████████████████████, despite having addressed a similar line of questioning in an earlier jury trial. Dkt. 240-3 at 74:1-76:17; Ex. 2 (*Ecofactor* Jury Tr.) at 207:9-210:24.

This Court has previously approved lines of questioning about experts past engagements with law firms. *See, e.g., Mobile Telecomms. Techs. v. ZTE United States, Inc.*, Case No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 184653, at *10-11 (E.D. Tex. July 21, 2016) (setting forth "express guidance/directives" that the "parties are permitted to generally question experts concerning their prior engagements with the parties and law firms in this lawsuit"); *Optis Wireless Tech., LLC v. Apple Inc.*, Case No. 2:19-CV-00066-JRG, Dkt. 350 at 2 (E.D. Tex. July 17, 2020) (explicitly ordering the production of "total composite gross dollar amount billed or invoiced by each expert for [plaintiff] to [law firms] and related to litigation in which [defendant] is named as

5

a party"). The Fifth Circuit has also found that "cross-examination of an expert about fees earned in prior cases is not improper" and explained that "a showing of a pattern of compensation in past cases raises an inference of the possibility that the witness has slanted his testimony in those cases so he would be hired to testify in future cases." *See Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Headwater's cited cases are inapposite. In *Mobile Equity Corp. v. Walmart Inc.*, this Court permitted some questioning about the expert's past representations, noting that the MIL "does not preclude the Parties from questioning experts about how often they are retained by plaintiffs vs defendants" or "whether the experts have been retained by the current parties … in the past." Case No. 2:21-cv-00126-JRG-RSP, Dkt. 384 at 9 (E.D. Tex. Oct. 3, 2022). And Headwater provides no evidence that *IPCom GmbH & Co. KG*, *CEATS Inc.*, and *Ericsson* involved a situation where, as here, an expert was repeatedly engaged by the same firm in cases that involve a wide range of technical subject matter.

Mr. de la Iglesia's record also shows that he holds himself out as an expert in a broad variety of subject matters. Here, he twists his education and experience to claim to be an expert on push notification technology. In the past, he has done the same to proclaim expertise ranging from "embedded systems **and HVAC control**," (Dkt. 240-3 at 76:18-79:24 (questioning in *Ecofactor*); Ex. 2 at 103:18-21) to "remote sensor and algorithms for processing data collected by such [remote] sensors." (Dkt. 240-3 at 86:23-89:19 (questioning on *Park Assist*); Ex. 3 at 1. The *AlmondNet* case highlighted in Headwater's MIL (Dkt. 240 at 7-8), where Mr. de la Iglesia wholesale incorporated another expert's report when the other expert had to withdraw from the case, is just another of these examples. Evidence of the broad range of Mr. de la Iglesia's alleged expertise is relevant to where his actual expertise lies. The jury deserves to consider this evidence to form their own opinion as to how much weight to give Mr. de la Iglesia's testimony.

6

Headwater's attempts to mischaracterize evidence of Mr. de la Iglesia's record as violating the CMILs *(id.* at 8) should be rejected. As discussed above, Samsung seeks to introduce Mr. de la Iglesia's record to allow the jury to assess his expertise and credibility. Samsung does not seek to use that evidence to make any characterization of Headwater's counsel, let alone to characterize its counsel "as a rich, large, and successful patent litigation firm who is a serial patent litigator" in violation of CMIL No. 3[1] or as "a patent troll, shakedown artist, pirate, or similar concepts disparaging of its legal representation of patent owners in violation" in violation of CMIL No. 11[2]. Moreover CMIL No. 14's prohibition of "evidence, testimony, or argument regarding the *size of the parties' law firms* or the number of attorneys representing the parties," is not applicable here because the evidence relating to Mr. de la Iglesia's record has no bearing on RAK's size. Finally, Headwater claims that "Samsung's intended questioning of Mr. de la Iglesia is designed to argue that there is something legally improper about RAK filing patent infringement lawsuits or helping its clients enforce their patent rights granted by the patent system*."* Dkt. 240 at 8. It is unclear which of the CMILs, Headwater is attempting to reference, but regardless, Samsung does not seek to make such an argument.

Samsung assures this Court that it will operate within the confines of its CMILs, including CMIL 15, which prohibits "evidence, testimony, or argument regarding *the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.*" Samsung has no intention of "march[ing] through each case number in which

---

[1] Moreover, CMIL No. 3 prohibits "evidence, testimony, or argument concerning *any party's* overall financial size, wealth, or executive compensation," and does not address the wealth of counsel.

[2] CMIL No. 11 is targeted at excluding use of specific disparaging terms, and is not related to a law firm's actions, whether or not those actions are suggestive of behavior consistent with a "non-practicing entity."

7

Mr. de la Iglesia has ever been retained" and eliciting testimony about whether the expert opinion in that case has been deemed unreliable. However, granting Headwater's motion seeking a blanket prohibition on evidence or argument regarding an expert's prior work for, retention by, or affiliation with trial counsel would prevent Samsung from eliciting brief testimony from Mr. de la Iglesia about the various (and broad) subject matters he has claimed to be an expert in, and how his education and experience have allegedly supported such expertise. Such testimony is useful to the jury to determine the weight that should be accorded to Mr. de la Iglesia's opinions.

Thus, Headwater's MIL4 should be denied.

V. **Headwater MIL 5: To Exclude References to Dr. Groehn's Errors in *Headwater I* Where He Reuses the Same Survey in This Case**

Headwater chose to inject *Headwater I* into this case (*Headwater II*) by having its expert, Dr. Andreas Groehn, reuse his pilot study and conjoint survey from *Headwater I*. Ex. 4 (Groehn Tr.) at 46:17-24 (███); 47:2-6 (███); 47:7-11 (███); 47:12-48:22 (███); and 48:23-49:4 (███). While ordinarily CMIL Nos. 13 and 15 preclude introduction of evidence related to a party's other litigation and past criticisms of experts, here, because Headwater itself injected Dr. Groehn's *Headwater I* opinions into this case, Samsung seeks leave of Court to respond with evidence related to that case. Dr. Groehn's *Headwater I* errors are relevant to the reliability of his methodology used ***in this case***, the care with which he applies that methodology in this case, and the extreme fluctuations of his results in this case. Discussion of these issues creates no more confusion than Headwater already introduced by having its expert reuse a study and survey prepared for another case, *Headwater I*, before that expert was even retained for this case. Ex. 4 at 49:5-17. Samsung will not unnecessarily explore details or circumstances of the other litigation and will hew closely to the Court's standing order, but

8

████████████████████████████████████

Samsung must be permitted to fully cross-examine Dr. Groehn before the jury on all relevant evidence reflecting his reliability and credibility. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1378 (Fed. Cir. 2017) (permitting the jury to credit one expert's testimony while rejecting another, because "the jury is permitted to make credibility determinations and believe the witness it considers more trustworthy") (citing *MobileMedia Ideas LLC v. Apple Inc.*, 789 F.3d 1139, 1168 (Fed. Cir. 2015)). In the circumstances here, the prejudice and confusion of evidence about Dr. Groehn's errors in *Headwater I* does not outweigh its relevance. Accordingly, Headwater's MIL 5 should be denied.

Dated: November 25, 2024

Respectfully submitted,

By: /s/ Katherine D. Prescott
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com

Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

11

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335

███████████████████████████
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on November 25, 2024.

/s/ *Katherine D. Prescott*
Katherine D. Prescott

14