# EXHIBIT 7

Matthias A. Kamber (Bar No. 232147)
matthiaskamber@paulhastings.com
Kelsey R. McQuilkin (Bar No. 340288)
kelseymcquilkin@paulhastings.com
PAUL HASTINGS LLP
101 California Street Forty-Eighth Floor
San Francisco, CA.94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Andrea P. Roberts (Bar No. 228128)
andrearoberts@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA.94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

[ADDITIONAL COUNSEL LISTED
ON SIGNATURE PAGE]

*Attorneys for Plaintiff Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>HEADWATER RESEARCH LLC,<br><br>              Defendant. | CASE NO. 5:25-cv-09558<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

CASE NO. _____

Plaintiff Google LLC ("Google") seeks a declaratory judgment of noninfringement of United States Patent Nos. 8,589,541 ("the '541 patent") and 9,215,613 ("the '613 patent") (together, the "Patents-in-Suit") as follows:

## **NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code. Google requests this relief because Defendant Headwater Research LLC ("Headwater") claims that Google products and services infringe the Patents-in-Suit.

2. On information and belief, and based on the discovery taken, Headwater has accused Google devices (e.g., phones, tablets, and wearables) using certain Android features known as Battery Saver, Doze Mode, App Standby, and Data Saver ("Android Features at Issue") of infringing the Patents-in-Suit in lawsuits it filed against Verizon Communications Inc., Cellco Partnership, d/b/a Verizon Wireless, and Verizon Corporate Services Group, Inc. (together, "Verizon"), T-Mobile US, Inc., T-Mobile USA, Inc. and Sprint Corp. (together, "T-Mobile"), and AT&T Inc., AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp. (together, "AT&T"). *Headwater Rsch. LLC v. Cellco P'ship*, No. 2:23-cv-352 (E.D. Tex. July 28, 2023) (hereinafter "Verizon -352 Case")[1]; *Headwater Rsch. LLC v. T-Mobile USA Inc.*, No. 2:23-cv-377 (E.D. Tex. Aug. 21, 2023) (later consolidated with *Headwater Rsch. LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379 (E.D. Tex. Aug. 23, 2023)) (hereinafter "T-Mobile -379 Case") (Amended Complaint filed Sept. 16, 2025; *Headwater Rsch. LLC v. AT&T Servs., Inc.*, No. 2:23-cv-397 (E.D. Tex. Sept. 1, 2023) (hereinafter "AT&T -397 Case") (Amended Complaint filed Sept. 16, 2025)[2]. True and correct copies of Headwater's operative complaints in these cases are attached hereto as Exhibits 1 through 3.

3. Headwater moved to dismiss its allegations of infringement against Google's products in the AT&T -397 Case without prejudice. AT&T -397 Case, No. 2:23-cv-397, Dkt. 332 (E.D.

---

[1] The Verizon -352 Case proceeded through trial earlier this year. No final judgment has yet been entered.

[2] Headwater has since dropped its allegations regarding the '541 patent in the AT&T -397 Case.

Tex. Nov. 4, 2025). On information and belief, Headwater thereby purports to have preserved those infringement allegations against Google.

4.     Google received third-party subpoenas from Headwater for documents and testimony in the Verizon -352 Case, the T-Mobile -379[3] Case, and the AT&T -397 Case.

5.     Headwater's affirmative allegations of direct infringement of the Patents-in-Suit by the Google devices using the Android Features at Issue and its motion to dismiss of Google products from the AT&T -397 Case without prejudice (in contrast to dismissing all other accused products with prejudice) create a justiciable controversy between Google and Headwater. As a result of Headwater's pursuit of claims of infringement of the Patents-in-Suit against Google devices using the relevant Android Features at Issue Google is under reasonable apprehension of suit by Headwater.

6.     Headwater's infringement allegations in the Verizon -352 Case, T-Mobile -379 Case, and the AT&T -397 Case also constitute a threat against Google for an indirect infringement claim. In another litigation involving patents related to the Patents-in-Suit, Headwater has accused Google of "inducing others to infringe the claims of [Headwater's] patent without a license or permission from Headwater." *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-372, Dkt. 1, ¶¶ 58, 70 (W.D. Tex. Aug. 27, 2025) (Exhibit 4). These same assertions, combined with Headwater's accusations against Verizon, T-Mobile, and AT&T and its motion to dismiss Google products from the AT&T -397 Case without prejudice (in contrast to dismissing all other accused products with prejudice) constitute an actual threat of an indirect infringement assertion against Google of the Patents-in-Suit.

7.     There is a real, immediate, and substantial controversy between Google and Headwater because Headwater has sued Google in eight different lawsuits, seven of which were recently filed on August 27, 2025:

- On May 16, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent Nos. 9,615,192 ("the '192 patent") and 10,321,320 ("the '320

---

[3] Served in *Headwater Research LLC v. T-Mobile USA Inc.*, No. 2:23-cv-379, which was consolidated with the T-Mobile -377 Case. The cases were consolidated on November 2, 2023, and the -379 Case was designated as the lead case.

patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-231, Dkt. 1, ¶ 31 (W.D. Tex. May 16, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent No. 9,198,117 ("the '117 patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-367, Dkt. 1, ¶ 28 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 9,609,510 ("the '510 patent"), 11,096,055 ("the '055 patent"), 11,405,429 ("the '429 patent"), 8,639,935 ("the '935 patent"), 11,966,464 ("the '464 patent"), 11,985,155 ("the '155 patent"), and 9,973,930 ("the '930 patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-369 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed the U.S. Patent Nos. 9,277,445 ("the '445 patent"), 9,609,544 ("the '544 patent"), and 9,179,359 ("the '359 patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-372 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent No. 9,647,918 ("the '918 patent"), and U.S. Patent No. 8,666,364. *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-374 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent No. 9,143,976 ("the '976 patent") . *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-380 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 8,023,425 ("'425 patent"), 8,631,102 ("'102 patent") and 8,799,451 ("'451 patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-376 (W.D. Tex. Aug. 27, 2025);

- On August 27, 2025, Headwater sued Google, alleging Google infringed U.S. Patent Nos. 8,635,335 ("the '335 patent"), 10,791,471 ("the '471 patent"), and 10,237,757 ("the '757 patent"). *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-378 (W.D. Tex. Aug. 27, 2025).

8.   Headwater also asserted the patents mentioned in paragraph 7 in cases filed against other companies:

- On March 10, 2023, Headwater sued Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together, "Samsung") alleging Samsung infringed the '192 patent and the '117 patent—both related to the Patents-in-Suit. *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-cv-103, Dkt. 1 (E.D. Tex. Mar. 10, 2023) ("Samsung -103 Case");

- On April 3, 2024, Headwater sued Samsung alleging infringement of the '510 patent, the '055 patent, and the '429 patent. *Headwater Rsch. LLC v.*

*Samsung Elecs. Co.*, No. 2:24-cv-228, Dkt. 1 (E.D. Tex. Apr. 3, 2024) ("Samsung -228 Case");

- In a first amended complaint on November 30, 2022, Headwater asserted the '445 patent against Samsung. *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-cv-422, Dkt. 9 (E.D. Tex. Nov. 30, 2022) ("Samsung -422 Case"). In a second amended complaint, Headwater added the '544 patent. Samsung -422 Case, Dkt. 42 (Mar. 13, 2023). On December 29, 2023, Headwater asserted the '359 patent against Samsung. *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-cv-641, Dkt. 1 (E.D. Tex. Dec. 29, 2023) ("Samsung -641 Case");

- On December 29, 2023, Headwater asserted the '918 patent against Samsung. Samsung -641 Case.

- On March 13, 2023, Headwater added an infringement allegation of the '976 patent against Samsung in a second amended complaint. Samsung -422 Case, Dkt. 42.

- On February 6, 2025, Headwater sued Verizon alleging infringement of, among other patents, the '935 patent, the '464 patent, the '155 patent, and the '930 patent. *Headwater Rsch. LLC v. Cellco P'ship*, No. 2:25-cv-156 (E.D. Tex. Feb. 6, 2025). On February 10, 2025 and February 18, 2025, Headwater sued T-Mobile and AT&T on the same patents, respectively. *Headwater Rsch. LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-164 (E.D. Tex. Feb. 10, 2025); *Headwater Rsch. LLC v. AT&T Servs., Inc.*, No. 2:25-cv-215 (E.D. Tex. Feb. 18, 2025);

- On April 8, 2025, Headwater sued T-Mobile alleging infringement of the '425 patent, '102 patent, and '451 patent. *Headwater Rsch. LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-359 (E.D. Tex. Apr. 8, 2025). On April 15, 2025 and April 23, 2025, Headwater sued Verizon and AT&T on the same patents, respectively. *Headwater Rsch. LLC v. Cellco P'ship.*, No. 2:25-cv-391 (E.D. Tex. Apr. 15, 2025); *Headwater Rsch. LLC v. AT&T Servs., Inc.*, No. 2:25-cv-428 (E.D. Tex. Apr. 23, 2025);

- On May 2, 2025, Headwater sued Verizon, T-Mobile, and AT&T alleging infringement of the '335 patent, the '471 patent, and the '757 patent. *Headwater Rsch. LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-462 (E.D. Tex. May 2, 2025); *Headwater Rsch. LLC v. Cellco P'ship.*, No. 2:25-cv-463 (E.D. Tex. May 2, 2025); *Headwater Rsch. LLC v. AT&T Servs., Inc.*, No. 2:25-cv-464 (E.D. Tex. May 2, 2025).

9. On June 4, 2024, Google, along with Cellco Partnership d/b/a Verizon Wireless, Verizon Corporate Services Group Inc., T-Mobile USA, Inc., Sprint LLC f/k/a Sprint Corp., AT&T Services, Inc., AT&T Mobility LLC, and AT&T Enterprises LLC, petitioned for *inter partes* review of the '541 patent in three proceedings: IPR2024-00942, IPR2024-00943,

and IPR2024-00944. On September 17, 2024, in its Patent Owner Preliminary Response in IPR2024-00944, Headwater disclaimed claims 1, 24-25, 27-40, 61-62, 65-78, 80-82, 84-90, 153-154, and 172-174 of the '541 patent. On October 1, 2025, in IPR2024-00942 and IPR2024-00943, the U.S. Patent and Trademark Office Patent Trial and Appeal Board found claims 2–23, 26, 41–60, 63, 64, 91–152, and 155–171 of the '541 patent to be unpatentable.

## **THE PARTIES**

10. Google is a subsidiary of Alphabet Inc. and a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

11. On information and belief, Headwater purports to be a Texas limited liability company with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

## **JURISDICTION AND VENUE**

12. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because Google and Headwater are citizens of different states, and the value of the controversy exceeds $75,000.00.

13. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Headwater accused Google devices using the Android Features at Issue of infringing the Patents-in-Suit in lawsuits against Verizon, T-Mobile, and AT&T, which Google denies.

14. This Court has personal jurisdiction over Headwater because it has engaged in actions in the Northern District of California ("NDCA") that have established sufficient minimum contacts. Further, the exercise of personal jurisdiction based on Headwater's contacts does not offend traditional notions of fairness and substantial justice.

15.    Headwater has availed itself of the NDCA to enforce its patent rights, including patents related to the Patents-in-Suit. On August 30, 2023, Headwater sued Motorola Mobility LLC, Lenovo (United States) Inc., and Lenovo Group Ltd. (together, "Motorola") in the NDCA alleging infringement of U.S. Patent Nos. 9,198,076 and 10,749,700, both related to the Patents-in-Suit. *Headwater Rsch. LLC v. Motorola Mobility LLC*, No. 4:23-cv-4496 (N.D. Cal. Aug. 30, 2023) (Exhibit 5). In addition, in the -4496 case, Headwater identified two of the Android Features at Issue, Doze Mode and App Standby, as accused Android features.

16.    Headwater has also availed itself of the NDCA to enforce its patent rights by seeking discovery from NDCA residents to support its case in other patent infringement lawsuits. For example, Headwater has served subpoenas on Google in support of patent infringement allegations for the two Patents-in-Suit, namely, the T-Mobile -397 Case and *Headwater Research LLC v. AT&T Services, Inc.*, No. 2:23-cv-398, (E.D. Tex. Sept. 1, 2023). Moreover, in support of patent infringement allegations for patents related to the Patents-in-Suit, Headwater served subpoenas on NDCA residents Hugo Barra and Google in the Samsung -422 Case. Headwater further subpoenaed Google in other patent suits unrelated to the Patents-in-Suit in the Samsung -641 Case and the Samsung -103 Case.

17.    The '541 patent issued from U.S. Patent Application No. 13/134,028 ("the '028 Application"), filed on May 25, 2011. The named inventors are Gregory Raleigh, Alireza Raissinia, and James Lavine.

18.    The '541 patent claims priority to U.S. Provisional Application No. 61/348,022, filed on May 25, 2010; U.S. Provisional Application No. 61/381,159, filed on Sept. 9, 2010; U.S. Provisional Application No. 61/381,162, filed on Sept. 9, 2010; U.S. Provisional Application No. 61/384,456, filed on Sept. 20, 2010; U.S. Provisional Application No. 61/389,547, filed on Oct. 4, 2010; U.S. Provisional Application No. 61/385,020, filed on Sept. 21, 2010; U.S. Provisional Application No. 61/387,243, filed on Sept. 28, 2010; U.S. Provisional Application No. 61/387,247, filed on Sept. 28, 2010; U.S. Provisional Application No. 61/407,358, filed on Oct. 27, 2010; U.S. Provisional Application No. 61/418,507, filed on Dec. 1, 2010; U.S. Provisional Application No. 61/418,509, filed on

Dec. 1, 2010; U.S. Provisional Application No. 61/420,727, filed on Dec. 7, 2010; U.S. Provisional Application No. 61/422,565, filed on Dec. 13, 2010; U.S. Provisional Application No. 61/422,572, filed on Dec. 13, 2010; U.S. Provisional Application No. 61/422,574; filed on Dec. 13, 2010, U.S. Provisional Application No. 61/435,564; filed on Jan. 24, 2011; U.S. Provisional Application No. 61/472,606, filed on Apr. 6, 2011; U.S. Provisional Application No. 61/252,151, filed on Oct. 15, 2009; U.S. Provisional Application No. 61/252,153, filed on Oct. 15, 2009; U.S. Provisional Application No. 61/206,354, filed on Jan. 28, 2009; U.S. Provisional Application No. 61/206,944, filed on Feb. 4, 2009; U.S. Provisional Application No. 61/207,393, filed on Feb. 10, 2009; U.S. Provisional Application No. 61/207,739, filed on Feb. 13, 2009; U.S. Provisional Application No. 61/270,353, filed on Jul. 6, 2009; U.S. Provisional Application No. 61/264,126, filed on Nov. 24, 2009; U.S. Provisional Application No. 61/275,208, filed on Aug. 25, 2009; U.S. Provisional Application No. 61/237,753, filed on Aug. 28, 2009; and U.S. Provisional Application No. 61/264,120, filed on Nov. 24, 2009

19. The '613 patent issued from U.S. Patent Application No. 14/685,511 ("the '511 Application"), filed on April 13, 2015. The named inventors are Gregory Raleigh, Alireza Raissinia, and James Lavine.

20. The '511 Application is a continuation of application No. 14/082,040, filed on Nov. 15, 2013, which is a division of application No. 13/134,028, filed on May 25, 2011, now the '541 patent. Because of this, the '613 patent claims priority to the same applications as the '541 patent.

21. The '028 Application was filed and initially prosecuted by Marc Sockol of Sheppard Mullin Richter & Hampton LLP, at the time of filing based in Palo Alto, California and now located in Menlo Park, California. During prosecution, Sheppard Mullin withdrew and was replaced by Krista Jacobsen, an attorney employed by Headwater Partners I LLC, with a mailing address in Redwood Shores, California.

22. The '511 Application was filed and prosecuted by James Harris, an attorney employed by Headwater Partners I LLC, also with a mailing address in Redwood Shores, California.

23. Gregory Raleigh is a named inventor of the Patents-in-Suit. His residence as listed on the '028 Application and the '511 Application at the time of filing was Woodside, California. This is shown on the face of the Patents-in-Suit.

24. Alireza Raissinia is a named inventor of the Patents-in-Suit. Her residence as listed on the '028 Application and the '511 Application at the time of filing was Monte Serno, California. This is shown on the face of the Patents-in-Suit.

25. James Lavine is a named inventor of the Patents-in-Suit. His residence as listed on the '028 Application was Mill Valley, California, at the time of filing, and later changed to Corte Madera, California. On the '511 Application, his residence at the time of filing was Corte Madera, California. The face of the Patents-in-Suit reflects his residency in Corte Madera, California.

26. The named inventors executed an agreement to assign the '028 Application to Headwater Partners I, LLC on August 16, 2011. The assignment is recorded at the USPTO at reel 026771, frame 0395. The assignment agreement shows Headwater Partners I, LLC as having a place of business in Redwood Shores, California. This is also reflected on the face of the '541 patent.

27. The named inventors executed an agreement to assign the '511 Application to Headwater Partners I, LLC on August 16, 2011. The assignment is recorded at the USPTO at reel 035403, frame 0490. The assignment agreement shows Headwater Partners I, LLC as having a place of business in Redwood Shores, California. The face of the '613 patent lists the address of Headwater Partners I, LLC as Redwood City, California.

28. On information and belief, Headwater Partners I LLC merged with Headwater Management LLC to form the Defendant Headwater on December 29, 2016. The certificate of merger is recorded at the USPTO at reel 041248, frame 0777.

29. Headwater used the law firm Russ August & Kabat, based in Los Angeles, California to enforce its purported rights in the Patents-in-Suit in the Verizon -352 Case, the T-Mobile -379 Case and the AT&T -397 Case.

CASE NO. _____     -9-     GOOGLE'S COMPLAINT FOR
DECLARATORY JUDGMENT

30.  Headwater claims that in 2008, Dr. Raleigh founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology. Ex. 2 (T-Mobile -379 Case Amended Complaint) ¶ 14; Ex. 3 (AT&T -397 Case Amended Complaint) ¶ 14. On information and belief, at the time of its formation ItsOn Inc. was based in Woodside California and later moved its principal executive office and principal business office to Redwood City, California. Headwater has alleged that ItsOn technology can be used to practice the Patents-in-Suit. Ex. 2 (T-Mobile -379 Case Amended Complaint) ¶ 39; Ex. 3 (AT&T -397 Case Amended Complaint) ¶ 31.

31.  In Headwater's complaint in the T-Mobile -379 Case and the AT&T -397 Case asserting infringement of the Patents in Suit, Headwater claims that in the 2013-2016 timeframe, ItsOn was implementing the Patents-in-Suit. Ex. 2 (T-Mobile -379 Case Amended Complaint) ¶ 20. Ex. 3 (AT&T -397 Case Amended Complaint) ¶ 69. During this time period both Headwater and ItsOn were located in the NDCA.

32.  Venue is proper in this District under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to Google's claim occurred in this District, and because Headwater is subject to personal jurisdiction here.

33.  An immediate, real, and justiciable controversy exists between Google and Headwater as to whether Google is infringing or has infringed the Patents-in-Suit.

## INTRADISTRICT ASSIGNMENT

34.  Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## GOOGLE DEVELOPED THE ACCUSED ANDROID SOFTWARE AND PRIOR ART

35.  Google was founded in 1998 and has a mission to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies.

36.  Google is headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

37.  Google created SyncAdapter and SyncManager as part of Android v. 1.0, which was released in September 2008, and again in Android v. 1.6, which was released in September

1      2009. Google later created the Android Features at Issue primarily in the NDCA. Today,

2      the relevant Android teams are still primarily based out of Google's offices in the NDCA.

3   38.    Because documents about Google's products and services, including technical documents

4      and source code, are created and maintained by the employees working on those products

5      and services, such documents for the Android Features at Issue are primarily created and

6      maintained in the NDCA.

7             **HEADWATER WAS FOUNDED IN CALIFORNIA BY DR. RALEIGH**

8   39.    On information and belief, Dr. Raleigh formed Headwater Partners I LLC in 2008. Dr.

9      Raleigh simultaneously founded Headwater's sister company, ItsOn Inc., in 2008 to license

10     and productize Headwater's patented technology. On information and belief, these were the

11     first of many NDCA-based predecessor entities to Defendant Headwater.

12   40.    On information and belief, in 2016, Dr. Raleigh merged Headwater Partners I LLC with

13     Headwater Management LLC (another company Raleigh founded) to form the Defendant

14     Headwater.

15   41.    On information and belief, although Headwater purports to maintain an office in Tyler,

16     Texas, Dr. Raleigh currently resides in and, on information and belief, operates Headwater

17     out of Incline Village, Nevada, a town in the Lake Tahoe area directly bordering California.

18   42.    On information and belief, ItsOn filed bankruptcy, and its assets were liquidated into an

19     "Assignment for Benefit of Creditors" entity ("ItsOn-ABC"), managed by Sherwood

20     Partners. Headwater has confirmed in other patent litigation that these assets still exist in

21     the possession of ItsOn-ABC. On information and belief, ItsOn-ABC is based in Mountain

22     View, California and Sherwood Partners is based in Santa Clara, California (both in the

23     NDCA). On information and belief, Dr. Raleigh was a long-time resident of Woodside,

24     California, located in the NDCA. On information and belief, Dr. Raleigh still owns property

25     in the NDCA.

26         **HEADWATER PURPORTEDLY DEVELOPS PATENTS IN THE NDCA**

27   43.    As explained in paragraphs 17 to 20 above, the '541 patent issued from the '028 Application

28     and the '613 patent issued from the '511 Application. Both applications were filed by or

prosecuted by NDCA-based firms or patent attorneys with NDCA mailing addresses. All three named inventors were based in the NDCA per the '028 Application, the '511 Application, and the face page of both Patents-in-Suit. Gregory Raleigh purportedly invented the subject matter of these patent applications while he was based in the NDCA. Both the '028 Application and the '511 Application were assigned to Headwater Partners I, LLC while it was based in the NDCA.

44. Additionally, on information and belief, while Headwater was based in the NDCA, it worked together with ItsOn, also based in the NDCA, who allegedly practiced the Patents-in-Suit. Ex. 2 (T-Mobile -379 Case Amended Complaint) ¶ 20.

**GOOGLE DOES NOT INFRINGE THE PATENTS-IN-SUIT**

45. Google devices using the Android Features at Issue do not directly or indirectly infringe any claim of the Patents-in-Suit, literally or under the Doctrine of Equivalents.

46. No third party infringes any claim of the Patents-in-Suit by using Google devices operating the Android Features at Issue. Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Google devices running the Android Features at Issue are not designed for use in any combination that infringes any claim of the Patents-in-Suit. To the contrary, the devices have substantial uses that do not infringe any claim of the Patents-in-Suit.

**COUNT I**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '541 PATENT**

47. Google restates and incorporates by reference the allegations in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Headwater claims to own all rights, title, and interest in and under the '541 patent. The '541 patent is titled "Device-Assisted Services for Protecting Network Capacity." It issued on November 19, 2013, from the '028 Application, filed on May 25, 2011. The '541 patent lists Gregory Raleigh, Alireza Raissinia, and James Lavine as inventors and Headwater Partners I LLC as the original sole assignee. A true and correct copy of the '541 patent is attached hereto as Exhibit 6.

49.     Google does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '541 patent that Headwater has not disclaimed. For example, Claim 79 of the '541 patent depends from Claim 1. Claim 1 of the '541 patent recites: "A non-transitory computer-readable storage medium storing machine-executable instructions that, when executed by one or more processors of a wireless end-user device, cause the one or more processors to: identify a service usage activity of the wireless end-user device, the service usage activity being associated with a first software component of a plurality of software components on the wireless end-user device, the service usage activity comprising one or more prospective or successful communications over a wireless network; determine whether the service usage activity comprises a background activity; determine at least an aspect of a policy based on a user input obtained through a user interface of the wireless end-user device or based on information from a network element, the policy to be applied if the service usage activity is the background activity, the policy at least for controlling the service usage activity; and if it is determined that the service usage activity is the background activity, apply the policy." Claim 79 of the '541 patent recites: "The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting a stack application programming interface (API) level or application messaging layer request." Google does not infringe Claim 79 of the '541 patent at least because Google devices that use the Android Features at Issue do not meet or embody at least the following limitations as used in the claimed inventions: "identify a service usage activity of the wireless end-user device, the service usage activity being associated with a first software component of a plurality of software components on the wireless end-user device, the service usage activity comprising one or more prospective or successful communications over a wireless network; determine whether the service usage activity comprises a background activity; determine at least an aspect of a policy based on a user input obtained through a user interface of the wireless end-user device or based on information from a network element, the policy to be applied if the service usage activity is

1   the background activity, the policy at least for controlling the service usage activity; and if

2   it is determined that the service usage activity is the background activity, apply the policy."

3   50.   Google, including the Google devices that use the Android Features at Issue, has not, and

4         does not, infringe any claims of the '541 patent either directly, contributorily, or by

5         inducement, literally or under the doctrine of equivalents. Google does not induce

6         infringement of any claims of the '541 patent for at least the reasons stated above with

7         respect to no underlying direct infringement of the claims of the '541 patent, and because

8         Google has not acted with specific intent necessary for induced infringement. Google does

9         not contributorily infringe any claims of the '541 patent for at least the reasons stated above

10        with respect to no underlying direct infringement of the claims of the '541 patent, and

11        because Google has not acted with specific knowledge of infringement.

12  51.   A substantial, immediate, and real controversy therefore exists between Google and

13        Headwater regarding whether Google infringes the '541 patent. A judicial declaration is

14        appropriate and necessary to determine the parties' respective rights regarding the '541

15        patent.

16  52.   Google seeks a judgment declaring that Google does not directly or indirectly infringe any

17        claim of the '541 patent.

18                                          **COUNT II**

19        **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '613 PATENT**

20  53.   Google restates and incorporates by reference the allegations in paragraphs 1 through 52 of

21        this Complaint as if fully set forth herein.

22  54.   Headwater claims to own all rights, title, and interest in and under the '613 patent. The '613

23        patent is titled "Wireless End-User Device with Differential Traffic Control Policy List

24        Having Limited User Control." It issued on December 15, 2015, from the '511 Application,

25        filed on April 13, 2015. The '613 patent lists Gregory Raleigh, Alireza Raissinia, and James

26        Lavine as inventors and Headwater Partners I LLC as the original sole assignee. A true and

27        correct copy of the '613 patent is attached hereto as Exhibit 7.

28

55. Google does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '613 patent. For example, Claim 1 of the '613 patent recites: "A wireless end-user device, comprising: a wireless wide area network (WWAN) modem to communicate data for Internet service activities between the device and at least one WWAN, when configured for and connected to the WWAN; a wireless local area network (WLAN) modem to communicate data for Internet service activities between the device and at least one WLAN, when configured for and connected to the WLAN; a non-transient memory to store a differential traffic control policy list distinguishing between a first one or more applications resident on the device and a second one or more applications and/or services resident on the device, and a differential traffic control policy applicable to at least some Internet service activities by or on behalf of the first one or more applications; an interface to allow a user to augment the differential traffic control policy for the first one or more applications but not for the second one or more applications and/or services; and one or more processors configured to classify a wireless network to which the device currently connects in order to communicate data for Internet service activities as at least one of a plurality of network types that the device can connect with, classify whether a particular application capable of both interacting with the user in a user interface foreground of the device, and at least some Internet service activities when not interacting with the user in the device user interface foreground, is interacting with the user in the device user interface foreground, and selectively allow or deny one or more Internet service activities by or on behalf of the particular application based on whether or not the particular application is one of the first one or more applications, the differential traffic control policy, including any applicable user augmentation of the differential traffic control policy, and the classifications performed by the one or more processors." Further, Claim 12 of the '613 patent recites: "The wireless end-user device of claim 1, the one or more processors further configured to receive an update to at least a portion of the differential traffic control policy list from a network element." Google does not infringe Claim 12 of the '613 patent (which depends from claim 1) at least because Google devices that use the Android Features at Issue do not

1    meet or embody at least the following limitations as used in the claimed inventions: "a
2    differential traffic control policy applicable to at least some Internet service activities by or
3    on behalf of the first one or more applications;" "an interface to allow a user to augment the
4    differential traffic control policy for the first one or more applications but not for the second
5    one or more applications and/or services;" "classify a wireless network to which the device
6    currently connects in order to communicate data for Internet service activities as at least one
7    of a plurality of network types that the device can connect with;" "classify whether a
8    particular application capable of both interacting with the user in a user interface foreground
9    of the device, and at least some Internet service activities when not interacting with the user
10   in the device user interface foreground, is interacting with the user in the device user
11   interface foreground;" and "receive an update to at least a portion of the differential traffic
12   control policy list from a network element."

13   56.  Google, including the Google devices that use the Android Features at Issue, has not, and
14   does not, infringe any claims of the '613 patent either directly, contributorily, or by
15   inducement, literally or under the doctrine of equivalents. Google does not induce
16   infringement of any claims of the '613 patent for at least the reasons stated above with
17   respect to no underlying direct infringement of the claims of the '613 patent, and because
18   Google has not acted with specific intent necessary for induced infringement. Google does
19   not contributorily infringe any claims of the '613 patent for at least the reasons stated above
20   with respect to no underlying direct infringement of the claims of the '613 patent, and
21   because Google has not acted with specific knowledge of infringement.

22   57.  A substantial, immediate, and real controversy therefore exists between Google and
23   Headwater regarding whether Google infringes the '613 patent. A judicial declaration is
24   appropriate and necessary to determine the parties' respective rights regarding the '613
25   patent.

26   58.  Google seeks a judgment declaring that Google does not directly or indirectly infringe any
27   claim of the '613 patent.

28

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows;

      A.     A declaration that Google does not directly infringe the Patents-in-Suit, either literally or under the Doctrine of Equivalents;

      B.     A declaration that Google does not induce infringement of the Patents-in-Suit;

      C.     A declaration that Google does not contributorily infringe on the Patents-in-Suit;

      D.     A declaration that judgment be entered in favor of Google and against Headwater on Google's claims;

      E.     A finding that this is an exceptional case under 35 U.S.C. § 285;

      F.     An award to Google of its costs and attorneys' fees in connection with this action;

      G.     Such further and additional relief as the Court deems just, equitable, and proper.

1   DATED:  November 5, 2025          PAUL HASTINGS LLP

2                                 Respectfully submitted,

3                                 By:  */s/ Matthias A. Kamber*

4                                     Matthias A. Kamber
                                     matthiaskamber@paulhastings.com
                                     Kelsey R. McQuilkin

5                                     kelseymcquilkin@paulhastings.com
                                     101 California Street Forty-Eighth Floor

6                                     San Francisco, CA.94111
                                     Telephone: (415) 856-7000

7                                     Facsimile: (415) 856-7100

8                                   Andrea P. Roberts
                                     andrearoberts@paulhastings.com

9                                   1117 S. California Avenue
                                     Palo Alto, CA.94304

10                                  Telephone: (650) 320-1800
                                   Facsimile: (650) 320-1900

11

12                                  Robert W. Unikel
                                  (*pro hac vice forthcoming*)

13                                  robertunikel@paulhastings.com
                                  71 South Wacker Drive, Forty-Fifth Floor
                                   Chicago, IL 60606

14                                  Telephone: (312) 499-6000
                                  Facsimile: (312) 499-6100

15

16                                  Robert R. Laurenzi
                                  (*pro hac vice forthcoming*)

17                                  robertlaurenzi@paulhastings.com
                                  200 Park Avenue

18                                  New York, NY 10166
                                  Telephone:  (212) 318-6000

19                                  Facsimile:  (212) 319-4090

20                                  Ariell N. Bratton
                                  ariellbratton@paulhastings.com

21                                  4655 Executive Drive, Suite 350
                                  San Diego, CA  92121

22                                  Telephone: (858) 458-3000
                                  Facsimile: (858) 458-3005

23                                  Stephanie N. Adamakos

24                                  (*pro hac vice forthcoming*)
                                  stephanieadamakos@paulhastings.com

25                                  2050 M Street NW
                                  Washington, DC  20036

26                                  Telephone: (202) 551-1700
                                  Facsimile: (202) 551-1705

27                              *Attorneys for Plaintiff Google LLC*

28

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.


DATED:  November 5, 2025                    PAUL HASTINGS LLP


                                           By:  */s/ Matthias A. Kamber*
                                                 Matthias A. Kamber

                                                 *Attorney for Plaintiff Google LLC*