# EXHIBIT 15

<div style="line-height:1.2">

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: 650-893-5070 / Fax: 650-839-5071

*Attorneys for Third Party James Kolotouros,*
*Defendants Samsung Electronics Co.,*
*Ltd. and Samsung Electronics America, Inc.*

</div>

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re SUBPOENA TO JAMES KOLOTOUROS | Case No. 3:24-mc-80255 SVK<br><br>(Originating Case: Headwater Research LLC v. Samsung Elecs. Co., Ltd., E.D. Tex. Case No. 2:23-cv-00103-JRG-RSP)<br><br>**THIRD PARTY JAMES KOLOTOUROS'S AND DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO PLAINTIFF HEADWATER RESEARCH LLC'S MOTION TO COMPEL JAMES KOLOTOUROS'S COMPLIANCE WITH DEPOSITION SUBPOENA IN OTHER CIVIL ACTION**<br><br>Judge: Magistrate Judge Susan Van Keulen |

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Headwater's Inexcusable Failure to Diligently Pursue Discovery Should Not Be Rewarded When At This Late Stage The Testimony's Usability is Unarticulated and Highly Questionable. ..........................................................................................................................2

    B. Mr. Kolotouros's Deposition Would Be Unduly Burdensome Because the Sought Testimony Is Irrelevant and/or Unreasonably Cumulative and Duplicative of Samsung Testimony ............................................4

    C. Headwater's Attempt to Burden a High-Level Executive Without Unique Knowledge And Without Exhausting Other Discovery Methods Should Be Denied. ................................................................................6

    D. Headwater's Alternative Proposed Remedy Is Inappropriate...............................9

    E. Mr. Kolotouros Herein Moves for A Protective Order........................................10

III. CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  282 F.R.D. 259 (N.D. Cal. Apr. 4, 2012) ...................................................................................7

*In re Google Litig.*,
  C 08-03172 RMW (PSG), 2011 U.S. Dist. LEXIS 120905
  (N.D. Cal. Oct. 19, 2011) ........................................................................................................ 7, 8

*In re Google Play Store Antitrust Litig.*,
  664 F.Supp.3d 981 (N.D. Cal. Mar. 28, 2023) ..........................................................................8

*Jones v. Sunbelt Rentals, Inc.*,
  Case No. 22-cv-05954-AMO (PHK), 2023 U.S. Dist. LEXIS 236920 ...............................4, 5

*Mehmet v. PayPal, Inc.*,
  Case No. 5:08 CV 1961, 2009 U.S. Dist. LEXIS 131011
  (N.D. Cal. Apr. 4, 2009) ............................................................................................................7

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
  Case No. C-07-05634 CRB (DMR), 2014 U.S. Dist. LEXIS 29947
  (N.D. Cal. Mar. 6, 2014) ...........................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 26(b)(2)(C) ...........................................................................................................4, 5

Fed. R. Evid. 403 ............................................................................................................................9

I. INTRODUCTION

Third party James Kolotouros, along with the Samsung Defendants in the underlying patent action, respectfully oppose Headwater Research LLC's ("Headwater") motion seeking Mr. Kolotouros's deposition. Mr. Kolotouros is an Executive Vice President at third-party Samsung Research America ("SRA") and was formerly Vice President at Google LLC. First, Headwater's motion is untimely. It was filed one month after the deadline for motions to compel in the underlying case, and trial is set for January 6, 2025. Second, the testimony Headwater seeks from Mr. Kolotouros about commercial agreements between Google and Samsung is unduly burdensome in view of Mr. Kolotouros's seniority and because it is irrelevant to the underlying case and/or unreasonably cumulative and duplicative of depositions of the Samsung Defendants.

Samsung produced the commercial agreements in the underlying case. Even before their production though, since at least November 2023, Headwater had access to public information about these agreements. With two weeks left in fact discovery, in late August 2024, Headwater demanded a Samsung 30(b)(6) witness on these agreements, amended its subpoena to Google to seek Google testimony on these agreements, served a deposition notice on SeungHo Song who was involved in their negotiation, served a deposition notice on Jay Kim who was a signatory to the agreements, and served a subpoena on Mr. Kolotouros. ███████████████████████████████████████████████████████████████████████████████████████ On October 2, 2024, the Eastern District of Texas Court denied Headwater's requests to compel the testimony of Mr. Kim and Mr. Kolotouros. It also denied Headwater's motion to compel documents relating to the negotiation of the agreements.

After those denials and after the close of fact discovery and exchange of expert reports, Headwater asks this Court for a do-over. Its request should be denied because it is untimely and because the sought testimony of this Apex witness, is unduly burdensome because—even if relevant, it is unreasonably cumulative and duplicative.

1 KOLOTOUROS'S AND SAMSUNG'S OPPOSITION
TO PLAINTIFF HEADWATER RESEARCH LLC'S
MOTION TO COMPEL
Case No. 3:24-mc-80255-SVK

## II. ARGUMENT

### A. Headwater's Inexcusable Failure to Diligently Pursue Discovery Should Not Be Rewarded When At This Late Stage The Testimony's Usability is Unarticulated and Highly Questionable.

Headwater's motion should be denied as untimely given that it will not be resolved until after the close of expert discovery, summary judgment briefing, and pretrial briefing. The deadline for motions to compel in the underlying patent action was September 10, 2024—a deadline set to allow for orderly pretrial activity leading to trial on January 6, 2025. At the close of fact discovery in the underlying patent action, Headwater moved to compel certain witnesses knowledgeable about the Google-Samsung agreements, but it did not initiate this action until October 10, 2024, after the Eastern District of Texas partially denied that motion. This timing is too late given the remainder of the case schedule.

Although fact discovery opened in 2023, and despite Mr. Kolotouros's alleged relevance to this case being discovered "[b]ased on public information" (Dkt. 1 at 5) dating back to at least November 2023 (Dkt. 1-8), Headwater waited until the eve of the close of fact discovery to pursue discovery on the Google-Samsung agreements, including from Mr. Kolotouros. Headwater served Mr. Kolotouros's subpoena on August 28, 2024, demanding a deposition on September 9. Dkt. 1-3. As of August 28, fact discovery was scheduled to close on September 10 (after Samsung had already agreed to Headwater's request for an extension from August 16). Ex. 1 at 4. Even with a further last-minute extension, fact discovery in the underlying patent action closed on September 20, but the deadline to file fact discovery-related motions remained September 10. Ex. 2 at 4.

On September 18, 2024, Headwater moved for leave to file a motion to compel deposition testimony about the Google-Samsung agreements out of time. Specifically, Headwater sought to compel further Samsung corporate testimony on the agreements, and the testimony of Jay Kim, who had been involved in their negotiation. *See* Ex. 3. During the October 2 hearing on that motion, Headwater additionally requested Mr. Kolotouros's deposition and documents related to the negotiations of the agreement. Ex. 4. The Eastern District of Texas Court denied Headwater's motion to compel the depositions of Mr. Kim and Mr. Kolotouros, as well as negotiation

documents related to the agreements. Ex. 5 at 19:17-23, 20:11-15, 28:19-23, 30:17-31:4. With respect to Mr. Kolotouros, the Eastern District of Texas Court did not compel his deposition because that Court found it did not have authority to do so. *Id.* at 19:5-20:16.

Headwater did not diligently pursue Mr. Kolotouros's deposition. It knew that the Eastern District of Texas lacked authority to compel his deposition. Headwater's counsel stated to the Eastern District of Texas Court that while Headwater knew it needed a miscellaneous action in the Northern District of California to pursue Mr. Kolotouros's deposition, it had chosen not to initiate one because Headwater knew it would be discussing related issues before the Eastern District of Texas. *Id.* at 16:20-17:2, 19:5-13, 19:21-20:1, 20:10-12. These representations evidence Headwater's lack of diligence. Headwater could have brought this action at the same time it moved on related issues in the Eastern District of Texas. Instead, it chose to raise this issue first with the Eastern District of Texas, and then when the Eastern District of Texas refused relief because it lacked authority, on October 10, Headwater filed this action. But October 10 was too late.

Even excusing Headwater's general delay in serving the subpoena until the extended end of fact discovery, if Headwater legitimately needed Mr. Kolotouros's testimony, it should have initiated this action long ago. At this point, the parties have served opening expert reports (September 26), served rebuttal expert reports (October 14), completed damages expert depositions (October 24), and filed summary judgment and Daubert motions (October 25). Ex. 2 at 3-4. Headwater's belated institution of this miscellaneous action is procedurally incompatible with the underlying action. Pretrial disclosures are due November 6, 2024. Ex. 6. The pretrial conference is December 2, 2024, with jury selection on January 6, 2025. *Id.* Headwater's reply in this miscellaneous action is due November 13, 2024, after pretrial disclosures. Dkt. 3. Headwater cannot explain how any testimony obtained from this miscellaneous action could be used in the underlying action at this late stage. Headwater has not sought permission from the Eastern District of Texas Court to admit Mr. Kolotouros's testimony after the close of discovery if this Motion were granted nor requested an extension of the deadlines set in the underlying case to accommodate any such testimony. Does Headwater plan to demand that the parties serve

supplemental opening and rebuttal expert reports (and have all experts re-sit for supplemental depositions), move for leave to file new dispositive motions (and all corresponding responsive filings), amend pretrial disclosures, and then subsequently re-raise issues that would have been otherwise discussed at the pretrial conference? Interjecting new fact discovery at this stage would disrupt the schedule set by the Court in the underlying patent case, is unrealistic given that case schedule, and is, in part, why Samsung previously refused to extend the deadline for motions to compel in the underlying matter beyond September 10, 2024.

Headwater's inexcusable delay and failure to diligently pursue discovery has led to its last-ditch attempt to obtain Mr. Kolotouros's testimony, despite there being no reasonable expectation of admissibility of that testimony given the case schedule. *See* Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the … extent of discovery … if it determines that: … (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *see also Jones v. Sunbelt Rentals, Inc.*, Case No. 22-cv-05954-AMO (PHK), 2023 U.S. Dist. LEXIS 236920, at *4-7 (N.D. Cal. Nov. 16, 2023 (collecting cases). Indeed, without a realistic path to using Mr. Kolotouros's testimony in the underlying patent case, requiring this testimony would be unduly burdensome. Headwater's miscellaneous action to compel Mr. Kolotouros's testimony should be denied on these grounds alone.

### B. Mr. Kolotouros's Deposition Would Be Unduly Burdensome Because the Sought Testimony Is Irrelevant and/or Unreasonably Cumulative and Duplicative of Samsung Testimony

The deposition of third-party Mr. Kolotouros is unduly burdensome because any relevant testimony he might offer about the Google-Samsung agreements has already been obtained from discovery of the Samsung Defendants. Headwater seeks to question Mr. Kolotouros on a Mobile Application Distribution Agreement ("MADA") and a Revenue Share Agreement ("RSA") between Samsung and Google. Dkt. 1 at 7-8. Samsung maintains that these commercial (not patent) agreements are irrelevant to the underlying patent case.

4 KOLOTOUROS'S AND SAMSUNG'S OPPOSITION
TO PLAINTIFF HEADWATER RESEARCH LLC'S
MOTION TO COMPEL
Case No. 3:24-mc-80255-SVK

Case 7:25-cv-00378-DC Document 75-15 Filed 10/30/25 Page 9 of 14
Case 3:24-mc-80255-SVK Document 25-1 Filed 10/22/25 Page 9 of 15

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  ███████████████████████████████████████████████████████████
2  ███████████████████████████████████████

3  Regardless, Samsung already provided a 30(b)(6) witness on these exact agreements. Specifically, Headwater has deposed SeungHo Song, Director of Strategy Partnership ████ ████████████████████████████████████, twice in both his individual and 30(b)(6) capacity on these very agreements. Ex. 7 at 33:14-23; Prescott Decl. ¶ 2. Further testimony on these agreements from Mr. Kolotouros would be duplicative and must be prohibited. *See* Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules … if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative"); *see, e.g., Sunbelt Rentals, Inc.*, 2023 U.S. Dist. LEXIS 236920, at *13 (refusing to grant additional depositions of "[a]ny and all of … fourteen first responders" where Sunbelt provided no argument as to why this would not be duplicative). In fact, the Court in the Eastern District of Texas denied Headwater's motion to compel a deposition of the signatory of many of these agreements (Jay Kim). Ex. 5 at 30:19-21. The request for Mr. Kolotouros's deposition should be similarly denied.

Headwater's assertion that Mr. Kolotouros's testimony is unique from Mr. Song's because "Mr. Kolotouros'[] knowledge about the Samsung-Google negotiations is not the same as the knowledge of Samsung employees who were part of those negotiations, … because Mr. Kolotouros represented Google in the negotiations, giving him a different perspective" (Dkt. 1 at 8) ignores that, even assuming the terms of the final agreements are relevant, the negotiation history is irrelevant. Google's perspective on the Samsung-Google negotiations is irrelevant at least for the simple reason that Google is not a party to the underlying action. Headwater's claim that Mr. Kolotouros's publicly available testimony "indicates how Samsung and Google valued software that uses the accused FCM push notification technology" and thus bears on "the issue of damages in the 103 Action" reinforces this irrelevance. *Id.* How **Google**, a third-party to the underlying case, valued any software is irrelevant to the hypothetical negotiation between **Samsung and Headwater** about Headwater's patents that form the basis for Headwater's damages

███████████████████████████████████████████

1  claim because Google is not a party to that hypothetical negotiation. Headwater has not cited any
2  support for its argument that Google's approach to allegedly valuing accused functionalities in its
3  negotiations with Samsung on Google's suite of applications bears on Samsung's damages to
4  Headwater. Tellingly, Headwater subpoenaed third-party Google seeking testimony on these
5  agreements, but abandoned that topic after Google objected. Ex. 8; Ex. 9 at Topic No. 8; Ex. 10.
6      Moreover, on October 2, 2024 (before Headwater initiated this action), the Eastern District
7  of Texas denied Headwater's request for further discovery into the negotiation of the Google-
8  Samsung agreements. Specifically, that Court denied Headwater's motion to compel production
9  of any Google-Samsung negotiation documents, stating, ███████████████████████████
10 ████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████
12 Ex. 5 at 30:24-31:2. The same applies to Mr. Kolotouros's knowledge of such negotiations. As
13 the intended topic of the deposition of Mr. Kolotouros is the negotiation of complex agreements
14 between Google and Samsung, negotiations which involved advice of counsel, the deposition
15 would likely be inundated with his privilege obligation to his former employer, Google LLC.
16 Moreover, without any of the negotiation documents reflecting the decade-long history of these
17 negotiations, there are few, if any, documents that would be useful as exhibits outside of the final
18 agreements on which there has already been extensive party discovery. Like the Eastern District
19 of Texas Court's reasoning in denying Headwater's request for the negotiation documents, given
20 that discovery in the underlying action is now closed and Headwater was able to serve its damages
21 report without Mr. Kolotouros's testimony, and that Headwater's damages expert's calculations
22 do not make use of the agreements (Prescott Decl. ¶ 3), any need for Mr. Kolotouros's testimony
23 is far outweighed by the burden.

    **C.    Headwater's Attempt to Burden a High-Level Executive Without Unique Knowledge And Without Exhausting Other Discovery Methods Should Be Denied.**

The undue burden of a deposition on Mr. Kolotouros is compounded by the fact that he is Executive Vice President at third-party SRA, his relevant knowledge is duplicative of that of other

witnesses, and Headwater did not exhaust other less intrusive discovery methods. This District has held that "[w]hen a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have 'observed that such discovery creates a tremendous potential for abuse or harassment.'" *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. Apr. 4, 2012) (citing *Celerity, Inc. v. Ultra Clean Holding, Inc.*, C 05-4374MMC (JL), 2007 U.S. Dist. LEXIS 8295, at *8 (N.D. Cal. Jan. 25, 2007)). Courts, therefore, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition. *Id.* at 262 (citing Fed. R. Civ. P. 26(c)(1)). In deciding if an apex deposition should be permitted, this District considers "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* at 263 (citing *In re Google Litig.*, C 08-03172 RMW (PSG), 2011 U.S. Dist. LEXIS 120905, at *10 (N.D. Cal. Oct. 19, 2011)).

Here, Mr. Kolotouros is the Executive Vice President, Partnerships at third-party SRA. Prescott Decl. ¶ 4. Because Mr. Kolotouros is a high-level executive at SRA, "if there are other witnesses who could testify to [] those facts from a similar vantage point, there is more reason to question whether the deposition is being sought for abusive rather than appropriate fact-finding purposes." *In re Transpacific Passenger Air Transp. Antitrust Litig.*, Case No. C-07-05634 CRB (DMR), 2014 U.S. Dist. LEXIS 29947, at *19 (N.D. Cal. Mar. 6, 2014); *see also In re Google Litig.*, 2011 U.S. Dist. LEXIS 120905, at *10 (denying deposition of an Apex deponent unless topics could be identified that ***only*** that apex deponent could address); *Mehmet v. PayPal, Inc.*, Case No. 5:08 CV 1961, 2009 U.S. Dist. LEXIS 131011, at *4-7 (N.D. Cal. Apr. 4, 2009) (finding Vice President of Legal Services and General Counsel to be an Apex witness). And, as discussed above, any arguably relevant knowledge is likely duplicative of the extensive testimony about the Google-Samsung agreements already provided by Mr. Song.

Moreover, even if Google's perspective on negotiations was relevant (which it is not for the reasons explained above), Headwater did not exhaust other less intrusive discovery methods

7 KOLOTOUROS'S AND SAMSUNG'S OPPOSITION
TO PLAINTIFF HEADWATER RESEARCH LLC'S
MOTION TO COMPEL
Case No. 3:24-mc-80255-SVK

of obtaining that perspective. Headwater claims it is interested in Mr. Kolotouros's testimony to understand how his former employer "Google valued software that uses the accused FCM push notification technology." Dkt. 1 at 8. Mr. Kolotouros was far from the only Google representative involved in such negotiations. The publicly available version of one of the RSAs alone identifies several others, any of which might have provided Google's perspective. Ex. 11 (identifying at least Christopher Li, Jinyoung Beik, Kate Lee, Richard Lee, Marie Mackey, and Jamie Rosenberg). Yet, Headwater did not attempt to pursue discovery from Google on this subject beyond issuing a subpoena that it later abandoned. Instead, Headwater chose to target a former Google employee who is now an executive at third-party SRA. Headwater cannot establish that Mr. Kolotouros has "unique first-hand, non-repetitive knowledge," even as it pertains to the Google perspective, because it did not exhaust discovery of Google or other Google representatives who would likewise be able to offer such perspective. *See In re Google Litig.*, 2011 U.S. Dist. LEXIS 120905, at *10. The fact that Mr. Kolotouros testified in antitrust litigation related to the Google Play Store and Google Search does not establish that his knowledge is unique from that of other Google representatives. Indeed, numerous Google employees have testified or been identified in those antitrust matters. *See* Dkt. 1-6; Dkt. 1-7; Ex. 11; *see also In re Google Play Store Antitrust Litig.*, 664 F.Supp.3d 981, 982 (N.D. Cal. Mar. 28, 2023) (noting Jamie Rosenberg's testimony before the Court).

Headwater's delay aside, this Court should deny a deposition of Mr. Kolotouros, SRA's Executive Vice President, Partnerships, based on the Apex doctrine. Any relevant testimony he could offer is likely cumulative of Samsung 30(b)(6) designee Mr. Song, who has already been deposed twice on the Google-Samsung agreements. And any unique "Google perspective" he has is irrelevant or could have been obtained through less-intrusive means such as a 30(b)(6) deposition of Google that Headwater noticed but never took. Compelling Mr. Kolotouros's deposition would only reward Headwater for failing to pursue less-intrusive means. Here, on these particular facts, the Apex doctrine alone should protect Mr. Kolotouros from deposition.

1    **D.     Headwater's Alternative Proposed Remedy Is Inappropriate**

Headwater suggests, in the alternative to compelling Mr. Kolotouros's deposition, that this Court order his public testimony in the Google antitrust trials to be deemed his testimony in the underlying patent case between Headwater and Samsung. This request is improper and should be denied.

First, Headwater cites no support for its argument that this Court can order "as a contempt sanction that Mr. Kolotouros's public testimony in the antitrust trials … be deemed as his testimony in the 103 Action." Dkt. 1 at 9. Indeed, while this Court has the authority to decide if Mr. Kolotouros should be compelled to sit for a deposition, the Court in the underlying case remains responsible for admissibility determinations in that case (even if the underlying case's procedural schedule permitted such an admission). This is true even for testimony arising from deponents that are within the jurisdiction of the Eastern District of Texas, such as the parties' 30(b)(6) designees. In fact, any ruling by this Court to admit the testimony in the antitrust litigation would be incompatible with the Standing Order on Motions *in Limine* in the underlying action that explicitly prohibits the admission of such testimony. Ex. 13 (MIL No. 13: "The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations…."). Headwater has yet to explain how Mr. Kolotouros's testimony in the antitrust cases would be admissible in the underlying patent case solely by a ruling issued by this Court.

Second, Mr. Kolotouros's testimony in the antitrust matters relating to Google Search and Google Play Store is irrelevant to the underlying patent action between Headwater and Samsung entities. Ex. 14. Mr. Kolotouros's testimony in those matters did not relate to the narrow push notification functionality Headwater accuses of infringement here. *See generally* Dkt. 1-8, 1-9, 1-10. Moreover, the admission of testimony from Google antitrust matters would be highly prejudicial to Samsung and would invite a trial within a trial about the antitrust allegations. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, … [or] misleading the jury").

### E. Mr. Kolotouros Herein Moves for A Protective Order

Mr. Kolotouros timely responded to the subpoena, objecting to the deposition and the identified topics, including due to confidentiality and privilege obligations to Google, his status as an Apex witness, and the undue burden to him because of the cumulative (and irrelevant) nature of his testimony, among other objections. Dkt. 1-4. Mr. Kolotouros did not then move for a protective order or to quash the subpoena because of the surrounding and ongoing discovery negotiations, including about depositions of other witnesses knowledgeable about the same agreements. When the subpoena was served on August 28, Mr. Kolotouros's counsel also received notices of depositions for Mr. Song and Mr. Kim to address the same set of Google-Samsung agreements. Ex. 12; Ex. 15. Mr. Kolotouros's counsel was further aware that Headwater was also seeking corporate testimony on those agreements from both Samsung and third-party Google (Ex. 9, Topic No. 8). *see* Dkt. 1-4. The relevance of the underlying agreements was also a pending dispute in the underlying case. Ex. 5 at 30:8-12. During negotiations, Headwater's counsel expressed some willingness to withdraw deposition notices to avoid duplicative testimony. Prescott Decl. ¶ 5. Then, at the hearing on October 2, 2024 hearing on the motion to compel in the underlying action, Headwater requested Mr. Kolotouros's testimony in addition to Mr. Song's, Mr. Kim's, and a Samsung 30(b)(6) witness. After the Eastern District of Texas Court denied that request and now that Headwater has made an untimely attempt to enforce this subpoena in the Northern District of California, Mr. Kolotouros herein moves for a protective order, for all the reasons stated above and in view of his confidentiality and privilege obligations to third-party Google. Mr. Kolotouros respectfully requests that this Court prohibit this duplicative and harassing deposition.

### III. CONCLUSION

Mr. Kolotouros, along with the Samsung Defendants in the underlying patent action, respectfully request that Headwater's motion to compel the deposition of Mr. Kolotouros or, in the alternative, to admit Mr. Kolotouros's testimony in unrelated antitrust litigation, be DENIED.

Dated: October 30, 2024    FISH & RICHARDSON P.C.

    /s/ Katherine D. Prescott
Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: 650-893-5070 / Fax: 650-839-5071

*Attorneys for Third Party James Kolotouros,
Defendants Samsung Electronics Co.,
Ltd. and Samsung Electronics America, Inc.*