# EXHIBIT 28

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § AT&T INC., AT&T SERVICES, INC., § AT&T MOBILITY, LLC, and AT&T § CORP., § § *Defendants*. § | CIVIL ACTION NO. 2:23-CV-397-JRG-RSP (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is the Plaintiff Headwater Research LLC's Motion to Disqualify McKool Smith as Counsel for Defendants (**Dkt. No. 44**). The motion was argued at the June 26, 2025 pretrial conference in this matter. (Dkt. No. 233).

It bears emphasizing that Plaintiff Headwater Research does not allege that it was ever a client of McKool Smith. Rather, the argument is that McKool's representation of Interdigital Inc. during Interdigital's negotiations with Headwater, over a potential acquisition of Headwater's patents, allowed McKool to access privileged and confidential documents and information "relating to the subject matter of this litigation, such as claim charts for the '613 patent asserted here, Headwater's validity and damages theories, potential litigation defenses, and Headwater's business model and litigation strategies." Dkt. No. 44 at 1.

The opinion of the Fifth Circuit in *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, 559 F.2d 250 (5th Cir. 1977) is instructive. Armco had moved to disqualify

plaintiff's counsel, a Mr. Susman. Susman had represented another steel company, Whitlow, in defending against a grand jury investigation of antitrust violations against several steel manufacturers. Those steel companies, including Armco and Whitlow, formed a joint defense group and shared information (although the nature of it was "hotly contested"). The steel companies ultimately entered guilty pleas in the criminal case. Thereafter, Wilson P. Abraham Construction filed suit against Armco, apparently as a victim of the antitrust scheme. Abraham retained Susman, and Armco moved to disqualify on a theory that the Court found persuasive: "in a joint defense of a conspiracy charge, the counsel of each defendant is, in effect, the counsel of all for the purposes of invoking the attorney-client privilege in order to shield mutually shared confidences." *Id.* at 253. However, the Court pointed out that "here there is no presumption that confidential information was exchanged as there was no direct attorney-client relationship." *Id.* Accordingly, the Court remanded for factual findings "as to the content of the information which was exchanged and whether or not the present controversy is substantially related to the prior one." *Id.*

The *Armco Steel* case is instructive because it establishes that the presumption of exchange of confidential information does not apply to a case involving a non-client, such as the instant one. However, the instant case is different in an important aspect. *Armco* found that the joint defense agreement effectively made for shared counsel, such that each defendant would have a legitimate expectation that the shared counsel would not later oppose them on any related matter. In the instant case, Headwater was always aware that Interdigital, and its counsel, could become adverse to it over the very matter being considered, the acquisition of patents. The parties were exploring a business deal, but that

2

deal could, and did, not materialize. Litigation could arise, and both sides could be represented by their current counsel. The agreements, such as the NDA, restrict what the parties, and their counsel, can do with the documents and information exchanged, but they do not create, even "effectively," a relationship giving rise to a conflict of interest that can be asserted in future litigation.

To investigate whether McKool was provided confidential information that is substantially related to the present case, the Court directed Plaintiff at the hearing to produce for *in camera* inspection "a document that you think best demonstrates the substantial relationship between what was made available to McKool during that process that is substantially related to what's going on here." (Dkt. No. 233 at 150). When counsel inquired how many documents to provide, the Court responded "whatever you think makes the point best." Counsel for Plaintiff complied with this request by emailing to the Court seven documents on the following day.

The Court has carefully reviewed the documents submitted *in camera*. Two of them are McKool's analysis of public documents. One is a memo prepared by a different firm about sample damages strategies (which states "we do not represent Headwater and this is not legal advice"). One is a claim chart of the '613 claim 1 against a particular smart phone, just referencing public information. One is a powerpoint presentation of the sort that Headwater would use for potential investors and does not appear to contain confidential information relevant to the current case. One is an agenda that does not identify the patents to be discussed. One, and only one, does appear to contain information that would appear to be privileged and is substantially related to an issue in the current case.

3

Against this backdrop, the Court also considers that the record shows, and the Court finds, that McKool destroyed all Headwater documents after the Interdigital negotiations concluded, and the McKool counsel in the current case were not exposed to such documents even during the Interdigital negotiations.

Considering the caselaw discussed in the briefing and oral arguments, and the facts of this case, the Court finds that disqualification is not justified and the Motion to Disqualify is therefore **DENIED**.

**SIGNED this 25th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE