# EXHIBIT 37

Marc Fenster
mfenster@raklaw.com
Reza Mirzaie
rmirzaie@raklaw.com
Brian Ledahl
bledahl@raklaw.com
Ben Wang
bwang@raklaw.com
Paul Kroeger
pkroeger@raklaw.com
Neil A. Rubin
nrubin@raklaw.com
James S. Tsuei
jtsuei@raklaw.com
Philip Wang
pwang@raklaw.com
Amy Hayden
ahayden@raklaw.com
Jason M. Wietholter
jwietholter@raklaw.com
Kristopher Davis
kdavis@raklaw.com
Dale Chang
dchang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff,*
Headwater Research LLC

RUSS AUGUST & KABAT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | Case No. 5:23-cv-04496 |
| *Plaintiff*, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| MOTOROLA MOBILITY LLC, LENOVO (UNITED STATES) INC., AND LENOVO GROUP LTD., | **Jury Trial Demanded** |
| *Defendants*. | |

1

Plaintiff Headwater Research LLC ("Headwater") hereby files this complaint against Defendants Motorola Mobility LLC, Lenovo (United States) Inc., and Lenovo Group Ltd. (collectively, "Defendants" or "Motorola"), alleging infringement of U.S. Patent Nos. 9,198,076 and 10,749,700. The Accused Instrumentalities are mobile electronic devices, including mobile phones and tablets used, made, offered for sale, sold, and/or imported by Defendants in the United States and supplied by Defendants to customers in the United States.

## BACKGROUND

1. This complaint arises from Defendants' infringement of the following United States patents owned by Headwater, each of which relate to wireless communications technology: United States Patent Nos. 9,198,076 ("the '076 patent"), and 10,749,700 ("the '700 patent"), (collectively, the "Asserted Patents").

2. Dr. Gregory Raleigh—the primary inventor of the Asserted Patents—is a world-renowned scientist, inventor, and entrepreneur, with over 25 years of executive experience in several technology sectors including networking, cloud software, consumer services, wireless and military systems. Dr. Raleigh holds Ph.D. and Masters degrees in Electrical Engineering from Stanford University, and a BS in Electrical Engineering from Cal Poly San Luis Obispo. He is the inventor of over 350 issued U.S. and international patents in several fields including radio systems and components, radar, mobile operating systems, cloud services, IoT, networking, consumer electronics, radiation beam cancer therapy and medical imaging.

3. Dr. Raleigh has a long and distinguished record of significant contributions and advancements in wireless communications technology. His inventions, companies, and products have profoundly and positively impacted virtually every aspect of the mobile device and communications market. In 2005, Dr. Raleigh was named one of the "50 most powerful people in networking" because of his discoveries in wireless communications technology, and his work in multiplying the capacity of a radio link using multiple transmission and receiving antennas to exploit multipath propagation was described as the "most important wireless technology in the works." *See*

RUSS AUGUST & KABAT

1 https://www.networkworld.com/article/2316916/the-50-most-powerful-people-in-
2 networking.html?page=2.

3     4. In 1996, while at Stanford University, Dr. Raleigh presented the first mathematical proof demonstrating that multiple antennas may be used with special signal processing techniques to transmit multiple data streams at the same time and on the same frequency while in the presence of naturally occurring multipath propagation. Dr. Raleigh's work at Stanford has been widely adopted in modern multiple-input and multiple-output ("MIMO") radio communication and implemented in major wireless communication standards including 4G and 5G. *See, e.g.*, https://en.wikipedia.org/wiki/Gregory_Raleigh.

    5. Dr. Raleigh's groundbreaking work solved problems that had existed in wireless communication since the late 1800s and overturned a century of research and practice in the fields of radio science and wireless communication theory. His work revealed that a new class of MIMO signal processing architectures would allow wireless devices to transmit multiple data streams at the same time on the same frequency thereby multiplying the information-carrying capacity of wireless networks.

    6. Based on his discoveries, Dr. Raleigh co-founded Clarity Wireless to develop smart antenna products incorporating the advances of his MIMO signal processing architecture, and obtained patents now used in 4G and 5G cellular and Wi-Fi standards. Field trials of the smart antennas developed by Clarity Wireless demonstrated performance significantly above anything else contemplated at the time and continue to set standards for multipath broadband wireless access links. Shortly after those field trials, Cisco acquired Clarity in 1998 and hired Dr. Raleigh to continue to commercialize these technologies.

    7. After leaving Cisco, Dr. Raleigh founded Airgo Networks to develop the world's first MIMO wireless chipsets, networking software, reference design systems and commercial OEM products. Airgo Networks's chipset products significantly improved the speed and reliability of Wi-Fi, leading to the adoption of its technology as the core of Wi-Fi radio standards since 2006, and adoption of the chipsets into products sold across the globe. In 2006, Qualcomm acquired Airgo

3

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496

RUSS AUGUST & KABAT

1 Networks and hired Dr. Raleigh to continue to commercialize these technologies. The Airgo team at
2 Qualcomm spearheaded the creation of Wi-Fi standards and developed the first Qualcomm Wi-Fi
3 chips for cell phones.

4     8. Dr. Raleigh's innovations at Clarity Wireless, Cisco, Airgo Networks, and Qualcomm,
5 resulted in the widespread adoption of his technologies in a multitude of cellular and Wi-Fi standards,
6 such as LTE, WiMAX, 802.11n, 802.11ac (Wi-Fi 5), as well as 802.11ax (Wi-Fi 6).

7     9. After successfully founding and selling Clarity Wireless and Airgo Networks to Cisco
8 and Qualcomm, respectively, Dr. Raleigh shifted his focus from solving radio-centric problems to
9 solving problems in how wireless services are provided to consumers. Dr. Raleigh foresaw significant
10 data demand problems presented by the advent and adoption of smartphones. He sought to solve these
11 data demand problems by improving end-user wireless devices and the services that support them.

12     10. In 2008, Dr. Raleigh formed Headwater to develop mobile operating systems and
13 cloud technology, which today, underpin the mobile phone and app industries. The patents in this
14 action describe and claim some of the extraordinary inventions developed by Dr. Raleigh and the
15 Headwater team.

16     11. Smartphones and other mobile devices have become ubiquitous and inseparable
17 components of our daily lives, allowing us to make and receive phone calls, get notifications,
18 download music, upload photos, stream entertainment, transact business, exchange ideas, and keep us
19 connected to our family and friends whether they are down the hall or around the globe. Users can get
20 email, install apps, and browse the internet from these tiny devices by making use of data connectivity
21 services. These devices accomplish these amazing feats by exchanging staggering amounts of data
22 over the internet using wireless and cellular networks, relying on ubiquitous data connectivity to keep
23 users up-to-date and connected.

24     12. Since 2011, mobile device data demand has exploded—increasing by almost 400%—
25 with each user consuming approximately 11.5 gigabytes of data per month. In the aggregate, this
26 equates to approximately 90 exabytes of data consumption per month. *See, e.g.*,
27 https://www.ericsson.com/en/reports-and-papers/mobility-report/mobility-

RUSS AUGUST & KABAT

visualizer?f=9&ft=2&r=1&t=11,12,13,14,15,16,17&s=4&u=3&y=2011,2027&c=3. For context: a single exabyte of data is equivalent to one billion gigabytes of data. Said another way, if one gigabyte is the size of the Earth, then an exabyte is the size of the sun. *See, e.g.*, https://www.backblaze.com/blog/what-is-an-exabyte/.

13. And mobile device data demand shows no sign of slowing down. Between now and 2027, mobile data demand is projected to increase more than three-fold, from 90 exabytes per month to a staggering 282 exabytes per month, with each user consuming an average of 41 gigabytes of data each and every month. *See, e.g.*, https://www.ericsson.com/en/reports-and-papers/mobility-report/mobility-calculator?up=2&bp=1&v=0&c=2; https://www.ericsson.com/en/reports-and-papers/mobility-report/mobility-visualizer?f=9&ft=2&r=1&t=11,12,13,14,15,16,17&s=4&u=3&y=2011,2027&c=3.



5

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496



14. Also in 2008, Dr. Raleigh founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology into software and services that expanded cellular service plan offerings and improved device and data management capabilities. The tools and technologies delivered by ItsOn allowed carriers to implement Headwater's technologies in end-user devices—such as mobile phones and tablets—opening up new business models while also providing greater flexibility to carriers and device manufacturers, allowing them to reduce costs while simultaneously improving their devices and services.

15. The Headwater technologies disclosed in the Asserted Patents laid the groundwork for many of the infringing features and functionalities that help device manufacturers, wireless carriers, and customers reduce data usage and network congestion, extend battery life by decreasing power consumption, and enable users to stay connected.

## THE PARTIES

16. Plaintiff Headwater was formed in 2011 and has been in continued existence and operation since that time. Headwater is a Texas limited liability company organized under the laws of Texas, with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

6

17. Headwater is the owner of U.S. Patent No. 9,198,076, entitled "Wireless end-user device with power-control-state-based wireless network access policy for background applications," which issued on November 24, 2015. A copy of the '076 patent is attached to this complaint as Exhibit 1.

18. Headwater is the owner of U.S. Patent No. 10,749,700, entitled "Device-assisted services for protecting network capacity," which issued on August 18, 2020. A copy of the '700 patent is attached to this complaint as Exhibit 2.

19. On information and belief, Defendant Motorola Mobility LLC is a limited liability company organized and existing under the laws of the State of Delaware and registered to do business in California. Motorola may be served through its registered agent, C T Corporation System, at 330 N. Brand Boulevard, Suite 700, Glendale, California 91203. On information and belief, Defendant Motorola Mobility LLC maintains offices at 3325 Scott Boulevard, Santa Clara, California 95054. Further, on information and belief, Defendant Motorola Mobility LLC maintains offices at 1000 Enterprise Way Sunnyvale, CA 94089. On information and belief, Motorola is indirectly a wholly-owned subsidiary of Lenovo Group, Ltd.

20. On information and belief, Defendant Lenovo (United States) Inc. is a wholly owned subsidiary of Lenovo Group Ltd. and is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1009 Think Place, Building One, Morrisville, North Carolina 27560. On information and belief, Defendant Lenovo (United States) Inc. maintains offices at 3325 Scott Boulevard, Santa Clara, California 95054.

21. On information and belief, Defendant Lenovo Group Ltd. is organized under the laws of the People's Republic of China, with its key operations center at Lenovo HQ East, Building 1, No. 10 Courtyard Xibeiwang East Road, Haidian District, Beijing 100094 and with a registered office at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China.

22. On information and belief, Defendant Motorola Mobility LLC, a subsidiary of Lenovo Group Limited, is involved in the development and sale of hardware and software relating to mobile products, such as smartphones. The Accused Instrumentalities are mobile electronic devices, including

1 mobile phones and tablets used, offered for sale, sold, and/or imported by Defendants in the United
2 States.

3   23. Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained
4 herein are asserted against the Defendants jointly, severally, or in the alternative, arise, at least in part,
5 out of the same series of transactions or occurrences relating to Defendants' manufacture, use, sale,
6 offer for sale, and importation of the same Accused Products. On information and belief, Defendants
7 are part of the same corporate family of companies, and the infringement allegations arise, at least in
8 part, from Defendants' collective activities with respect to Defendants' Accused Products. Questions
9 of fact common to Defendants will arise in the action, including questions relating to the structure and
10 operation of the Accused Products and Defendants' infringing acts.

11 <center>**JURISDICTION AND VENUE**</center>

12   24. This action arises under the patent laws of the United States, Title 35 of the United
13 States Code.

14   25. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
15 1338(a).

16   26. This Court has personal jurisdiction over Defendants in this action because Defendants
17 have committed acts of infringement within this District giving rise to this action, have a regular and
18 established place of business in this District, and have established minimum contacts with this forum
19 such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play
20 and substantial justice. Defendants, directly and/or through subsidiaries or intermediaries, conducts its
21 business extensively throughout Illinois, by shipping, distributing, offering for sale, selling, and
22 advertising its products and/or services in Illinois, regularly do business or solicit business, engage in
23 other persistent courses of conduct, and/or derive substantial revenue from products and/or services
24 provided to individuals in Illinois, and commit acts of infringement of Headwater's patents in this
25 District by, among other things, making, using, importing, offering to sell, and selling products that
26 infringe the asserted patents, including without limitation the Defendants tablets and phones accused
27 of infringement in this case.

28

RUSS AUGUST & KABAT

1   27.     Defendants, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in Illinois. These products and/or services have been and continue to be purchased and used in Illinois.

28.     Venue as to Motorola Mobility LLC and Lenovo (United States) Inc. is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

29.     Defendant Motorola Mobility LLC maintains offices at 3325 Scott Boulevard, Santa Clara, California 95054.

30.     Defendant Motorola Mobility LLC maintains offices at 1000 Enterprise Way Sunnyvale, CA 94089.

31.     Defendant Lenovo (United States) Inc. maintains offices at 3325 Scott Boulevard, Santa Clara, California 95054.

32.     On information and belief, Motorola Mobility LLC and Lenovo (United States) Inc. have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

33.     Venue as to Lenovo Group Ltd. is proper in this District under 28 U.S.C. §§ 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

34.     Defendant Lenovo Group Ltd. is a foreign corporation organized under the laws of China, with a principal place of business in China.

**COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '076 PATENT**

35.     Headwater incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

36.     On November 24, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 9,198,076, entitled "Wireless end-user device with power-control-state-based wireless network access policy for background applications." Ex. 1.

9

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496

37. Headwater is the owner of the '076 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

38. The written description of the '076 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

39. Headwater and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '076 patent, and Headwater is entitled to damages for Defendants' past infringement.

40. Defendants have directly infringed (literally and equivalently) and induced others to infringe the '076 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '076 patent and by inducing others to infringe the claims of the '076 patent without a license or permission from Headwater, such as for example instructing users of the Accused Instrumentalities to perform the patented methods of the '076 patent.

41. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States. The Accused Instrumentalities are, for example, mobile electronic devices, including mobile phones and tablets.

42. For example, attached as Exhibit 3 is a chart setting forth a description of Defendants' infringement claim 1 of the '076 patent.

43. Defendants also knowingly and intentionally induce and contribute to infringement of the '076 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

44. Defendants communicated with Headwater and ItsOn personnel beginning at least as early as 2009, discussing potential business arrangements, as well as the integration of ItsOn software technologies. Through these meetings, Defendants learned of Headwater's patented technologies, including pending applications and issued patents.

10

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496

Case 7:25-cv-00376-DC-RCW Document 25-3 Filed 08/25/25 Page 12 of 16
Case 4:23-cv-04496-KAW Document 1 Filed 08/31/23 Page 12 of 15

45. Despite this knowledge, Defendants have continued to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '076 patent. Defendants have done so knowing and intending that their customers will commit these infringing acts. Defendants also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of Headwater's patent, thereby specifically intending for and inducing its customers to infringe the '076 patent through the customers' normal and customary use of the Accused Instrumentalities.

46. Defendants have infringed multiple claims of the '076 patent, including independent claim 1. By way of example only, the normal and customary use of the mobile phones and tablets made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the '076 patent, as in the description set forth in Exhibit 3, which Headwater provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

47. Defendants have known how the Accused Instrumentalities are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to their customers, would constitute willful infringement of the '076 patent. Those products imported into and sold within the United States include, without limitation, Motorola tablets and phones.

48. Defendants have induced, and continue to induce, infringement of the '076 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions to its customers; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

49. Headwater has been damaged by Defendant's infringement of the '076 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '700 PATENT**

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496

50. Headwater incorporates by reference each of the allegations in the above paragraphs and further alleges as follows:

51. On August 18, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,749,700, entitled "Device-assisted services for protecting network capacity." Ex. 2.

52. Headwater is the owner of the '700 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

53. The written description of the '700 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

54. Headwater and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '700 patent, and Headwater is entitled to damages for Defendants' past infringement.

55. Defendants have directly infringed (literally and equivalently) and induced others to infringe the '700 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '700 patent and by inducing others to infringe the claims of the '700 patent without a license or permission from Headwater, such as for example instructing users of the Accused Instrumentalities to perform the patented methods of the '700 patent.

56. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States. The Accused Instrumentalities are, for example, mobile electronic devices, including mobile phones and tablets.

57. For example, attached as Exhibit 4 is a chart setting forth a description of Defendants' infringement claim 1 of the '700 patent.

58. Defendants also knowingly and intentionally induce and contribute to infringement of the '700 patent in violation of 35 U.S.C. §§ 271(b) and 271(c).

59. Defendants communicated with Headwater and ItsOn personnel beginning at least as early as 2009, discussing potential business arrangements, as well as the integration of ItsOn software technologies. Through these meetings, Defendants learned of Headwater's patented technologies, including pending applications and issued patents.

60. Despite this knowledge, Defendants have continued to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '700 patent. Defendants have done so knowing and intending that their customers will commit these infringing acts. Defendants also continued to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of Headwater's patent, thereby specifically intending for and inducing its customers to infringe the '700 patent through the customers' normal and customary use of the Accused Instrumentalities.

61. Defendants have infringed multiple claims of the '700 patent, including independent claim 1. By way of example only, the normal and customary use of the mobile phones and tablets made, used, sold, offered for sale and/or imported by Defendants infringes an exemplary claim of the '700 patent, as in the description set forth in Exhibit 4, which Headwater provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

62. Defendants have known how the Accused Instrumentalities are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to their customers, would constitute willful infringement of the '700 patent. Those products imported into and sold within the United States include, without limitation, Motorola tablets and phones.

63. Defendants have induced, and continue to induce, infringement of the '700 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions to its customers; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

13

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 5:23-cv-04496

64. Headwater has been damaged by Defendant's infringement of the '700 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## RELIEF REQUESTED

WHEREFORE, Headwater prays for the following relief:

A. A judgment in favor of Headwater that Defendants have infringed the Asserted Patents, and that the Asserted Patents are valid and enforceable;

B. A judgment and order requiring Defendants to pay Headwater past and future damages arising out of Defendants' infringement of the Asserted Patents in an amount no less than a reasonable royalty, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

D. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Headwater, including, without limitation, pre-judgment and post-judgment interest;

E. A judgement that Defendants' infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284

F. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Headwater' reasonable attorney's fees and costs; and

G. Any and all other relief to which Headwater may be entitled.

## DEMAND FOR JURY TRIAL

Headwater, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: August 30, 2023

Respectfully submitted,

By: */s/ Marc Fenster*
Marc Fenster

Marc Fenster (CA State Bar No. 181067)

14

Email: mfenster@raklaw.com
Reza Mirzaie (CA State Bar No. 246953)
Email: rmirzaie@raklaw.com
Brian Ledahl (CA State Bar No. 186579)
Email: bledahl@raklaw.com
Ben Wang (CA State Bar No. 228712)
Email: bwang@raklaw.com

Paul Kroeger (CA State Bar No. 229074)
Email: pkroeger@raklaw.com
Neil A. Rubin (CA State Bar No. 250761)
Email: nrubin@raklaw.com
James S. Tsuei (CA State Bar No. 285530)
Email: jtsuei@raklaw.com
Philip Wang (CA State Bar No. 262239)
Email: pwang@raklaw.com
Amy Hayden (CA State Bar No. 287026)
Email: ahayden@raklaw.com
Jason M. Wietholter (CA State Bar No. 337139)
Email: jwietholter@raklaw.com
Kristopher Davis (CA State Bar No. 329627)
Email: kdavis@raklaw.com
Dale Chang (CA State Bar No. 248657)
Email: dchang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff,*
Headwater Research LLC