# EXHIBIT 38

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-0422-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for Sanctions Under Fed. R. Civ. P. 37(e)(1). (**Dkt. No. 172**.) After a June 27, 2024 hearing on the Motion, the Court **GRANTS** Samsung's Motion as described below.

### I.   BACKGROUND

Headwater was founded in conjunction with another entity, ItsOn, with the intent that they operate in conjunction. (Mot. at 1) Headwater operated as a research and development entity for technology that ItsOn would license and commercialize. (*Id*. at 2) Central to Headwater's Complaint is an allegation that Samsung copied ItsOn's commercialization of the technology practicing the asserted patents.

To defend against these copying allegations, Samsung sought discovery of ItsOn's source code and technical documents. However, ItsOn is no longer a going concern. (Mot. at 3). As of 2018, ItsOn filed bankrupcy and its assets were liquidated into an "Assignment for Benefit of Creditors" (or "ABC") entity. (*Id*.)

Samsung's motion originally rested on the notion that Headwater had an obligation to preserve the source code in light of the present litigation being contemplated at that time. (Dkt.

1

No. 172 at 1). However, Headwater's opposition revealed for the first time that the source code still existed. Samsung's motion then shifted to a theory that Headwater purposefully and improperly withheld relevant discovery.

## II. PROCEDURAL CONTEXT

The Discovery Order in this case requires that "each party shall disclose to every other party the following information … the name, address and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person." (Dkt. No. 56 at 1). The Order also requires production of all documents and electronically stored information "in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses." (Dkt. No. 56 at 3). This Court's local rules further provide that "relevant to any party's claim or defense" includes "information that is likely to have an influence on or affect the outcome of a claim or defense." CV-26 (d)(3). The Discovery Order further imposes a duty to supplement "**immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true." (Dkt. No. 56 at 7.)

Here, it is undisputed that Headwater failed to disclose the current location and existence of the ItsOn source code until it filed its opposition to this motion for sanctions. It is likewise undisputed that Headwater and Headwater's counsel knew of its existence and location. Headwater counsel Mr. Reza Mirzaie prepared a declaration that he had personally been in communication with Bernie Murphy, a representative of Sherwood Partners (manager of the ABC entity) who confirmed the current existence and accessibility of the ItsOn source code as of February 2023.[1]

---

[1] Murphy advised Mirzaie by email on February 13, *2023*, "We still have the assets backed up on our servers which was confirmed by our IT manager late last week. Let me know if there is interest here." (Dkt. No. 190-1).

(Dkt. No. 190 at ¶4-6; Dkt. No. 190-1.) Neither Bernie Murphy nor Sherwood Partners were ever included in Headwater's disclosures or discovery responses. Instead, Mr. Mirzaie warned Murphy in August 2023 that "a subpoena had been issued to the defunct ItsOn, Inc. entity, and that Samsung might also serve a subpoena on Sherwood Partners or ItsOn ABC." (Dkt. No. 190 at 3). The following month, on September 7, 2023, Mr. Mirzaie's partner, James Tsuei, stated in an email to defense counsel that Headwater "agreed to accept service of the subpoena [on ItsOn] because *it is, and continues to be, our understanding* that the only documents of ItsOn, Inc. which remain from its wrap-up are those which our firm produced on August 16." (Id. emphasis supplied). Those "only documents" were the Bankruptcy Court orders assigning the assets of ItsOn to the ABC entity.

The Discovery Order does not depend upon a request from an adversary to create the duty to disclose relevant persons and documents described above. Nonetheless, it is undisputable that Samsung repeatedly requested the technical documentation and source code underlying ItsOn.

Headwater argues that it told Samsung where to find the ItsOn source code. (Opp. at 8.) Headwater points to its production of documents demonstrating that all assets of ItsOn were transferred through liquidation to the ABC entity in 2018 as well as deposition testimony disclosing the same. (*Id*.) Headwater blames Samsung for failing to subpoena the ABC entity and instead seeking discovery from Headwater itself and the defunct ItsOn.

Headwater further argues the source code is not relevant. Headwater argues that its copying contention is based on an internal Samsung email stating that Samsung sought to reverse engineer the ItsOn APK. (*Id*. at 15). Headwater contends this APK, which has already been produced, is the relevant code and Samsung can defend against the copying allegation with just that. (*Id*.)

Samsung contends that Headwater failed to disclose the existence of the source code and

3

instead chose to suggest that it no longer existed. (Reply at 2.) Samsung points out that Headwater's counsel, James Tsuei, stated in the email discussed above that all remaining ItsOn documents had been produced. Samsung contends this is misleading in light of Headwater's knowledge that the source code still existed and where it could be obtained. (*Id.*)

Samsung further argues that while the APK has been produced, Headwater's unilateral decision not to disclose the location and existence of the source code and technical documents limits Samsung's defenses. Samsung contends that because it is the source code that a human can read and interpret, not the APK, the source code would better enable Samsung to defend against the copying claim.

### III. ANALYSIS

The Court finds that Headwater violated its discovery obligations by refusing to disclose the locations *and existence* of the ItsOn source code, or Sherwood Partners and relevant individuals such as Bernie Murphy. First, the ItsOn source code is relevant to Headwater's copying claim. While Headwater bases its copying allegations on reverse engineering of an APK, a fundamental difference between how Samsung's and ItsOn's source code are designed would tend to disprove copying just as similarities would tend to prove it. Because the ItsOn source code would tend to prove or disprove Headwater's claim of copying, it is relevant to the claim and related information should have been disclosed. Headwater's initial disclosures under the discovery order (which were served well after the January-February 2023 emails between counsel and Sherwood Partners) should have identified the ABC entity, Bernie Murphy, and Sherwood Partners.

Second, the Court finds that Headwater did not appropriately disclose the location *and existence* of the ItsOn source code and other technical documentation. Headwater's contention that it satisfied its discovery burden here by producing a document that detailed the 2018 liquidation

4

of ItsOn is incorrect. Headwater knew through frequent correspondence and acceptance of Samsung's ItsOn subpoena that Samsung was actively seeking the ItsOn source code and technical documents and did not believe they still existed within the ABC entity. Samsung's belief that the source code did not exist with the ABC entity is justified here. The transfer was a liquidation meant to generate funds for ItsOn's creditors, not to preserve evidence, and six years before. This suggests that the source code would have been disposed of, not that it would have been preserved. Further, Headwater itself suggested that the source code no longer existed when responding to Samsung's ItsOn subpoena.

Under Rule 37(c)(1)[2] the Court may impose a variety of sanctions for such a failure including exclusion of the evidence, fees, an instruction to the jury, or even terminating sanctions. At the hearing, the Court asked the parties what sanctions might be appropriate if the Court were to find Headwater violated its discovery obligations. Samsung requested terminating sanctions or, if not, an order preventing Headwater from maintaining its copying claim and an instruction to the jury that Headwater violated its discovery obligations. Headwater suggested that its copying allegation be restricted to just mention of the APK and not the source code. Samsung objected to Headwater's suggested sanction as no sanction at all as Headwater had never prepared to make mention of source code and so nothing would change with the imposition of that as a sanction.

The Court finds that Plaintiff and its counsel committed an egregious violation of the Discovery Order. Knowing that your adversary is repeatedly seeking documents (especially documents created by your client), knowing where those are (especially when knowing the name of the person possessing the document, who tells you he is willing and able to produce them), yet telling your adversary that what you've already given them is all that there are, is indefensible.

---

[2] These same sanctions are also available under Rule 37(b) for failure to obey a discovery order.

The Court finds that the most appropriate sanction here is to strike Headwater's copying claim regarding ItsOn and to preclude Headwater from maintaining any such allegation in this case. This sanction is tied directly to Headwater's intentional violation and the potential relevance of the source code and technical documents. By refusing to disclose the existence and location of the source code Headwater deprived Samsung of a material defense to the allegation of copying. As Samsung's endeavors to locate the ItsOn source code were not merely token attempts to create a fulsome record but a targeted search for specific, relevant evidence, the Court is convinced of the need for a significant sanction.

In contrast, Headwater's suggested sanction is meaningless. Headwater had not disclosed the source code or developed any arguments regarding it. As such there would be no impact on Headwater's case by cabining its copying allegations as suggested.

## IV. FEES

Rule 37(b)(2)(C) provides that "instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court orders that Plaintiff shall pay the attorney's fees reasonably occasioned by Samsung for the briefing and hearing of the motion for sanctions. Defendants' counsel is ordered to provide evidence of its fees and expenses to Plaintiff's counsel, and then meet and confer toward the goal of reaching a reasonable agreement. Given the closeness of the trial, the Court will not expect this to be accomplished until after the trial. Accordingly, within 30 days of the verdict Defendant shall file a motion to fix fees unless the parties have resolved the issue between themselves.

V.  **CONCLUSION**

As explained above, the Court **GRANTS** Samsung's Motion for Sanctions and **ORDERS** that Headwater's allegations of copying ItsOn are stricken and Headwater is precluded from raising them further in this case.

**SIGNED this 2nd day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE