# EXHIBIT 40

**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

HEADWATER RESEARCH LLC

       *Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

       *Defendants*.

Case No. 2:22-CV-00422-JRG-RSP

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## RE NOTICE, <mark>MARKING,</mark> AND PRE-SUIT DAMAGES

**PUBLIC VERSION**

# TABLE OF CONTENTS

I.    STATEMENT OF ISSUE.................................................................... 2

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ................................. 2

    A.    Headwater Failed to Give Actual Notice Before This Lawsuit ............................ 2

    B.    Sprint Failed to Mark Millions of Licensed Phones Incorporating Headwater's Licensed Technology ........................................................................... 4

    C.    Headwater's Website with Alleged "Virtual Marking".................................. 8

        1.    ItsOn Marking Website Does Not Associate Patents with Particular Products.............................................................................. 8

        2.    ItsOn Failed to Add Patents to Its Marking Website in a Timely Fashion ............................................................................... 9

    D.    Headwater Failed to Respond to Samsung's *Arctic Cat* Notice ..................... 10

III.  GOVERNING LAW........................................................................... 11

IV.  ARGUMENT .................................................................................. 13

    A.    Headwater Did Not Provide Actual Pre-Suit Notice of the Asserted Patents....... 13

    B.    Headwater Cannot Show It Complied with the Marking Statute to Give Constructive Notice ..................................................................... 14

        1.    Headwater's Licensee Sprint Sold Millions of Unmarked Phones........... 14

        2.    The Alleged ItsOn Marking On Its Website Was Defective ................... 17

        3.    Headwater Delayed Adding Patents to the ItsOn Marking Website......... 18

    C.    Headwater Did Not Respond to or Rebut Samsung's *Arctic Cat* Notice ............. 19

    D.    Headwater's Failure to Comply with Section 287 Limits Pre-Suit Damages ...... 19

V.   CONCLUSION................................................................................ 21

**PUBLIC VERSION**

## TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*American Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)........................................................12, 16, 18

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994).....................................................................11

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)....................................................................................11

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).......................................................... *passim*

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020)...................................................................16

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)....................................................................................11

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987).................................................................17

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996)...................................................................12

*Mfg. Resources Int'l Inc. v. Civiq Smartscapes, LLC*,
   397 F. Supp. 3d 560 (D. Del. 2019)..........................................................12

*Morales v. Dep't of the Army*,
   947 F.2d 766 (5th Cir. 1991) .....................................................................15

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017).................................................................12

*Smith v. BH Management Services, LLC*,
   2017 WL 5127238 .....................................................................................15

*Team Worldwide Corp. v. Acad., Ltd*,
   No. 219-CV-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021).....12, 13, 14, 18

*Team Worldwide Corporation v. Academy, Ltd.*,
   2021 WL 1985688 (E.D. Tex. May 18, 2021)...........................................13

*VLSI Tech. LLC v. Intel Corp.*,
   No. 1:19-CV-977-ADA, 2021 WL 2773013 (W.D. Tex. Apr. 12, 2021) ...............12

ii

*In re Yarn Processing Patent Validity Litig. (No. II)*,
602 F. Supp. 159 (W.D.N.C. 1984) ..................................................................17

**Statutes**

35 U.S.C. § 287 ..................................................................................... *passim*

America Invents Act ..........................................................................8, 17

**Other Authorities**

Fed. R. Civ. P. 56(a) ........................................................................11

Fed. R. Civ. P. 30(b)(1) .......................................................................3

Fed. R. Civ. P. 30(b)(6) ......................................................... *passim*

Fed. R. Civ. P. 33(d) ......................................................................9, 18

**PUBLIC VERSION**

## EXHIBIT INDEX & NOTES

| Exhibit | Description |
|---|---|
| 1 | Excerpts from the Corrected Expert Report of Mr. David Kennedy, dated April 22, 2024 |
| 2 | Excerpts from Plaintiff Headwater Research LLC's Objections and Responses to Defendants' First Set of Requests For Admission (Nos. 1-2), dated August 10, 2023 |
| 3 | Excerpts from the Deposition of Gregory Raleigh, taken March 7, 2024 |
| 4 | Excerpts from Exhibit 1 from the Deposition of Gregory Raleigh |
| 5 | Email string dated February 22, 2024 |
| 6 | Excerpts from the Deposition of Gregory Raleigh, taken November 15, 2023 |
| 7 | Excerpts from the Deposition of James Harris, taken November 27, 2023 |
| 8 | Excerpts from Dkt. 42, Second Amended Complaint, dated March 13, 2023 |
| 9 | Excerpts from the Deposition of David Johnson, taken February 21, 2024 |
| 10 | Excerpts from Expert Report of Dr. Richard D. Wesel, dated March 29, 2024 |
| 11 | Excerpts from Expert Report of Erik de la Iglesia, dated April 19, 2024 |
| 12 | Excerpts from the Deposition of Erik de la Iglesia (rough), taken May 2, 2024 |
| 13 | Excerpts from HW_00009218-68 |
| 14 | Exhibit 12 from the Deposition of David Johnson |
| 15 | Excerpts from the Deposition of James Lavine, taken January 31, 2024 |
| 16 | Excerpts from the Deposition of James Fitzgerald, taken January 23, 2024 |
| 17 | Exhibit 10 from the Deposition of David Johnson |
| 18 | Exhibit 11 from the Deposition of David Johnson |
| 19 | Excerpts from the Deposition of Hannah Sifuentes, taken March 15,2024 |
| 20 | HW_00020006 |
| 21 | Exhibits 23-24 from the Deposition of Gregory Raleigh |
| 22 | Excerpts from Headwater Objections and Responses to Defendants' Third Set of Interrogatories (Nos. 14-17), dated August 11, 2023 |
| 23 | Exhibits 34-35 from the Deposition of Gregory Raleigh |
| 24 | Excerpts from U.S. Patent 9,137,701 |
| 25 | Excerpts from SAM-HW00226450-512 |
| 26 | Excerpts from Headwater Seventh Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-12), dated March 15, 2024 |
| 27 | Excerpts from U.S. Patent 9,143,976 |
| 28 | Excerpts from U.S. Patent 9,271,184 |
| 29 | Excerpts from U.S. Patent 9,277,433 |
| 30 | Excerpts from U.S. Patent 9,277,445 |
| 31 | Excerpts from U.S. Patent 9,521,578 |
| 32 | Excerpts from U.S. Patent 9,609,544 |
| 33 | June 20, 2023 letter from Kodish to Fenster |
| 34 | Excerpts from Headwater First Supplemental Objections and Responses to Defendants' Second Set of Requests For Admission (Nos. 3-40), dated April 2, 2024 |

**PUBLIC VERSION**

\*        Emphasis added unless otherwise noted.

\*\*      Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\*     In this brief, "Headwater" or "HW" refers to Plaintiff and its purported predecessors.

\*\*\*\*    In this brief, "UMF" refers to Undisputed Material Fact.

**PUBLIC VERSION**

The damages expert of Plaintiff Headwater Research LLC ("Headwater" or "HW"), Mr. Kennedy, calculates damages through trial beginning six years before this lawsuit was filed (*e.g.*, from October 26, 2016), and alternatively calculates damages beginning from the date this suit was filed. Ex. 1 (4-22-24 Kennedy report) ¶¶ 378 & 379. The result of his calculation is staggering. He says in his latest report that Samsung owes Headwater damages through trial in an amount at the low end of ███████████ and at the high end of ███████████ (numbers that were "corrected" from his prior report from ███████████). Leaving aside for the purposes of this motion the factual and legal flaws in Mr. Kennedy's utterly erroneous, ████████ dollar money grab, the accounting of alleged damages prior to the lawsuit is unsustainable because of Headwater's failure to mark or give notice of infringement as required by 35 U.S.C. § 287, resulting in a limitation on pre-suit damages for three independent reasons.

First, Headwater never gave Samsung pre-suit notice that a specific product somehow infringed a specific patent, which is indisputably required under controlling law. Without such notice, any sale of Headwater licensed products in the U.S. must be marked with its patent numbers or all pre-suit damages are forfeited. It is undisputed that **millions** of "post-paid" phones were sold and operating in the U.S. that Headwater admits are patent-practicing licensed products, and none of these phones were marked with any patent numbers. This should end the matter, leaving the filing date of the lawsuit (or the amended complaints filed there after adding patents) as the appropriate date for any alleged damages accrual.

Second, Headwater seeks to save its pre-suit damages case with an argument that it provided "virtual marking" through a website that identified some (but not all) patents at issue, but this assertion fails. The "post-paid" Sprint products never included a link to this website, which makes an argument on virtual marking unsustainable. Beyond that, the website did not meet the

**PUBLIC VERSION**

statutory requirement of associating particular products with particular patents, and Headwater failed to add many of the asserted patents to its website in a timely fashion or, in some cases, at all.

Finally, as Headwater strains to gin up evidentiary questions about the marking issue, it is critical to keep in mind that *the burden is on Headwater* to come forward with the arguments and evidence to rebut the failure to mark under *Arctic Cat*. The law is clear that once Samsung gave Headwater notice under *Artic Cat,* the burden shifts to Headwater to show that marking was actually accomplished. Indeed, rather than come forward with cogent evidence and argument, Headwater was either unwilling or unable to respond to Samsung's *Arctic Cat* notice, which speaks volumes about the merits of this issue.

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully move for partial summary judgment that Headwater has failed to comply with 35 U.S.C. § 287 and thus Headwater cannot claim pre-suit damages.

# I.    STATEMENT OF ISSUE

Whether Headwater's failure to comply with 35 U.S.C. § 287 limits its recovery of pre-suit damages?

# II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

## A.    Headwater Failed to Give Actual Notice Before This Lawsuit

1.    ███████████████████████████████████████████████████████

███████████████████████████." Ex. 2 (HW Resp. to RFA 2).

2.    Headwater's founder and lead inventor Dr. Gregory Raleigh was Headwater's Rule 30(b)(6) designee for the topics of notice and marking. Ex. 3 (3-7-24 Raleigh Rule 30(b)(6) Dep. Tr.) at 10:6-12; Ex. 4 (Rule 30(b)(6) Notice) (3-7-24 Raleigh Rule 30(b)(6) Dep. Ex. 1) at topics

47-49, 54-56. Headwater also agreed to designate Dr. Raleigh's 11-15-23 Rule 30(b)(1) deposition as Rule 30(b)(6) testimony, retroactively. *See* Ex. 5 (email string).

3. Dr. Raleigh is not aware of Headwater providing notice to Samsung "███████

████████████████████████████████████████████" before this lawsuit. Ex. 3 (3-7-24 Raleigh Rule 30(b)(6) Dep. Tr.) at 131:24-132:8 ("██████████████████████████

████████████████████████████████████████████████████

████████████████████████"); *see also* Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 187:10-190:5 ("███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████.").

4. ████████████████████████████████████████████

███████████████ Ex. 7 (Harris Dep. Tr.) at 134:13-135:13.

5. No document produced in this case shows Headwater alleging that a specific Samsung product infringes a specific Headwater patent number before the original Complaint.

6. Headwater's original Complaint against Samsung is dated October 26, 2022 and asserts only U.S. patents 9,137,701; 9,271,184; and 9,521,578. Dkt. 1 at 1.

7. Headwater added U.S. patents 9,277,445 and 11,405,224 to this lawsuit in its First Amended Complaint, dated November 30, 2022. Dkt. 9 at 1.

8. Headwater added U.S. patents 9,143,976; 9,277,433; 9,609,544; and 10,237,773 to this lawsuit in its Second Amended Complaint, dated March 13, 2023. Ex. 8 (Dkt. 42) at 1. However, these patents were also part of a separate, withdrawn case, 2:22-cv-00467, that Headwater filed on December 6, 2022.

3

9.      In March 2024, Headwater withdrew the '773 patent from the case.

**B.      <mark>Sprint Failed to Mark Millions of Licensed Phones Incorporating Headwater's Licensed Technology</mark>**

10.     Dr. Raleigh is the "primary inventor of the Asserted Patents" and the founder of Headwater. Ex. 8 (Dkt. 42) ¶¶ 2, 10.

11.     In 2008, Dr. Raleigh also founded ItsOn Inc., "which [according to Headwater] licensed Headwater's intellectual property and implemented Headwater's technology into software and services." Ex. 8 (Dkt. 42) ¶ 14; *see also* Dkt. 134 (Raleigh Decl. re privilege) ¶ 5.

12.     Dr. Raleigh served as CEO of ItsOn through approximately 2016. Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 135:3-12.

13.     "[T]he parties agreed that ItsOn and Headwater shared many of the same employees, board members, and office space and on occasion certain individuals would do Headwater business from ItsOn email addresses inadvertently." Dkt. 198 (discovery order) at 3-4; *see also* Dkt. 134 (Raleigh Decl. re privilege) ¶ 6.

14.     "████████████████████████████████████████████." *Id.* at 4.

15.     David Johnson joined ItsOn in August 2009 as CFO and COO. Ex. 9 (Johnson Dep. Tr.) at 51:15-20. He remained at ItsOn until it dissolved at the end of 2017. *Id.* at 55:14-17.

16.     During that same time period, Mr. Johnson also served as contract CFO for Headwater. *Id.* at 55:18-57:5.

17.     According to Mr. Johnson, ████████████████████████████████ ███████████████████████████." *Id.* at 52:5-6.

18.     Mr. Johnson further testified that ████████████████████████████ ████████████████████████ *Id.* at 74:22-75:10.

19.     Headwater alleges that "[i]n 2013, ItsOn and Sprint began implementing use cases of Headwater's technologies in connection with Sprint's network, including roaming controls, background controls, data offloading, family device management, as well as on-demand data purchasing functionalities.  Each of these features make use of technologies developed by Headwater and protected by patents issued to Headwater."  Ex. 8 (Dkt. 42) ¶ 19.

20.     According to Headwater, "ItsOn software implementing Headwater's patented inventions was installed on numerous end-user wireless devices sold by Sprint."  *Id.* ¶ 21.

21.     Headwater alleges "[b]y the end of 2015, millions of Sprint devices (including Samsung devices) were running the ItsOn application, which included Headwater's intellectual property."  *Id.* ¶ 27.

22.     Headwater alleges that "ItsOn and Sprint continued to work together into 2016 to implement Headwater's patented technologies into Sprint devices."  *Id.* ¶ 38.

23.     Headwater's expert on infringement issues in this case, Dr. Wesel, states "███████████████████████████████████████████████████████████████████████████████████████████████████████."  Ex. 10 (Wesel Opening Report) ¶ 43.

24.     Headwater's expert on validity issues in this case, Mr. de la Iglesia, states "███████████████████████████████████████████████████████████████████████████████████████████████████████."  Ex. 11 (de la Iglesia Rebuttal Report) ¶ 1334; *see also* Ex. 12 (5-2-24 de la Iglesia Dep. Tr.) at 95:10-15 (testifying that ███████████████████████████████████████████; *id.* at 96:10-12 ("███████████████████████████████████"); *id.* at 99:12-16 ("███████████████████████████████████

███████████████████████████████████████████████████████████ ").

25. ████████████████████████████████████████████████

██████████████████████████████. Ex. 13 (HW_00009218-68).

26. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████ ████████

██████████████

27.     Sprint sold two types of phones with ItsOn software: pre-paid phones branded Virgin and post-paid phones branded Sprint.  Ex. 9 (Johnson Dep. Tr.) at 130:9-21.

28.     The "████████████████████████████████████████████████

██████████████████████████████. *Id.* at 126:3-7.

29.     ==The Sprint post-paid phones using ItsOn software were "==████████ ==that is, they did== ==not have a Headwater user interface that could display a patent notice.==  *Id.* at 126:17-128:15; Ex. 14 (Johnson Dep. Ex. 12); Ex. 3 (3-7-24 Raleigh Dep. Tr.) at 294:24-296:2; Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 160:8-13; Ex. 15 (Lavine Dep. Tr.) at 170:18-171:2;[1] ==Ex. 16 (Fitzgerald Dep.== ==Tr.) at 51:20-52:2.==[2]

30.     Sprint "████████████" post-paid phones containing ItsOn technology, sold in the United States, with patent numbers.  Ex. 9 (Johnson Dep. Tr.) at 125:12-19.

31.     Headwater asserts that it satisfied the marking requirement of 35 U.S.C. § 287(a) by means of links to a website with the address http://www.itsoninc.com/patent-notices.  Ex. 8

---

[1] Mr. Lavine is the third inventor on the asserted patents.  He was also an ItsOn engineer.  *See* Ex. 15 (Lavine Dep. Tr.) at 9:10-23.
[2] ==Mr. Fitzgerald was also an ItsOn engineer.  *See* Ex. 16 (Fitzgerald Dep. Tr.) at 13:1-17.==

(Dkt. 42) ¶ 28.

32.     ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆." Ex. 3 (3-7-24 Raleigh Rule 30(b)(6) Dep.

Tr.) at 300:12-21.

33.     ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆ Ex. 34 (HW Resp. to RFA 28).

34.     An internal ItsOn email dated February 3, 2015 states "▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" Ex. 17 (Johnson Dep. Ex. 10) at HW_00019893; *see also*

Ex. 9 (Johnson Dep. Tr.) at 124:14-125:19.

35.     An internal ItsOn document ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆." Ex. 18 (Johnson Dep. Ex. 11); *see also*

Ex. 9 (Johnson Dep. Tr.) at 123:18-124:12; Ex. 19 (Sifuentes Dep. Tr.) at 120:15-23 (same, from

Sprint witness).

36.     ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆ Ex. 9 (Johnson Dep. Tr.) at 128:13-15.

37.     ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at

184:11-185:1.

38.     ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ *Id.* at 183:11-15.



39. ItsOn never ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 183:16-22.

40. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
*Id.* at 183:23-25.

41. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Ex. 20 (HW_00020006).

## C. Headwater's Website with Alleged "Virtual Marking"

### 1. ItsOn Marking Website Does Not Associate Patents with Particular Products

42. Headwater produced two printouts of the ItsOn marking website, dated 6/17/2017 and 12/26/17. *See* Ex. 21 (Raleigh Dep. Exs. 23-24).

43. The ItsOn marking website contains a list of patents and the following text: "ItsOn services and devices are protected by patents in the U.S. and elsewhere. This notice is provided to satisfy the virtual patent marking provisions of various jurisdictions, including the virtual patent marking provisions of 35 U.S.C. A§ 287 [sic] as amended by the America Invents Act. The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the following U.S. Patents:" *Id.*

44. The text quoted in the previous paragraph does not associate particular patents with particular products, especially since there were multiple ItsOn versions and releases, and the website does not say "all" products or "all" patents. *See* Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 146:1-20; Ex. 22 (HW Resp. to Interrogatory 15) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 12 (5-2-24 de la Iglesia Dep. Tr.) at 111:19-20 (HW expert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

45. Samsung produced additional copies of the ItsOn marking website from the Wayback Machine. *E.g.*, Ex. 23 (Raleigh Dep. Exs. 34-35). Again, the ItsOn marking website does

not associate particular patents with particular products.

        **2.**        **ItsOn Failed to Add Patents to Its Marking Website in a Timely Fashion**

46.     U.S. Patent 9,137,701 (Ex. 24) issued on September 15, 2015. According to the Wayback Machine printouts produced by Samsung, the '701 patent did not appear on Headwater's marking page until July 3, 2016, a delay of 9.5 months. *See* Ex. 25 at SAM-HW00226456.

47.     However, Dr. Raleigh testified ███████████████████████████████ ████████████████████. Ex. 3 (3-7-24 Raleigh 30(b)(6) Dep. Tr.) at 283:12-284:6, 289:18-290:8, 291:25-292:16.

48.     ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████. *See* Ex. 21 at HW_00010165.

49.     ████████████████████████████████████████████ ████████████████. *See* Ex. 26 (2024-03-15 HW 7th Supp Obj. and Resp. to Samsung 1st Set of Interrogatories) at 78 (███████████████████████████████████).

50.     The number of units sold during Headwater's periods of delay can be seen in Ex. 20 (HW_00020006). ██████████████████████████████████████ ████████████████████████████████████████████ ███████████.

51.     U.S. Patent 9,143,976 (Ex. 27) issued on September 22, 2015. According to the Wayback Machine printouts produced by Samsung, the '976 patent did not appear on Headwater's marking page until July 3, 2016, a delay of 9.5 months. *See* Ex. 25 at SAM-HW00226456.

52.     If only the versions of the ItsOn marking website produced by Headwater are considered, ████████████████████████████████████████████

██████████. *See* Ex. 21 at HW_00010165.

53.     U.S. Patent 9,271,184 (Ex. 28) issued on February 23, 2016. According to the Wayback Machine printouts produced by Samsung, the '184 patent did not appear on Headwater's marking page until July 3, 2016, a delay of 4.5 months. *See* Ex. 25 at SAM-HW00226456.

54.     If only the versions of the ItsOn marking website produced by Headwater are considered, ██████████████████████████████████████████████████████████████████ ████████████. *See* Ex. 21 at HW_00010165.

55.     U.S. Patent 9,277,433 (Ex. 29) issued on March 1, 2016. It never appeared on the ItsOn marking website. *See* Ex. 21.

56.     U.S. Patent 9,277,445 (Ex. 30) issued on March 1, 2016. It never appeared on the ItsOn marking website. *See* Ex. 21.

57.     U.S. Patent 9,521,578 (Ex. 31) issued on December 13, 2016. It never appeared on the ItsOn marking website. *See* Ex. 21.

58.     U.S. Patent 9,609,544 (Ex. 32) issued on March 21, 2017. According to the Wayback Machine printouts produced by Samsung, the '544 patent did not appear on Headwater's marking page until April 21, 2017, a delay of 1 month. *See* Ex. 25 at SAM-HW00226452.

59.     If only the versions of the ItsOn marking website produced by Headwater are considered, ██████████████████████████████████████████████████████████████████ ██████████ *See* Ex. 21 at HW_00010166.

### D.     Headwater Failed to Respond to Samsung's *Arctic Cat* Notice

60.     On June 20, 2023, Samsung counsel sent Headwater counsel a letter giving notice under *Arctic Cat*. Ex. 33 (6/20/23 letter from Kodish to Fenster). This letter detailed the marking deficiencies identified in the present motion, including Sprint's failure to mark Sprint-branded phones incorporating licensed ItsOn software, the failure of ItsOn marking website to associate

particular products with particular patents, and Headwater's failure to add patents to the ItsOn marking website in a timely fashion. *Id.* Headwater did not respond to this letter.

61. Samsung's Amended Answer dated December 1, 2023 contains additional detail regarding Headwater's failure to mark. *See* Dkt. 78 at 25-27.

## III. GOVERNING LAW

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, in order to avoid summary judgment, Headwater must present enough evidence for the factfinder to reasonably find in its favor. *Anderson*, 477 U.S. at 252.

To obtain pre-suit damages, Headwater bears the burden to demonstrate that it either provided actual notice of infringement or, alternatively, provided constructive notice via compliance with the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

A patentee may benefit from constructive notice by complying with the marking statute. The patentee bears the ultimate burden to prove it complied with Section 287(a), once the alleged infringer comes forth with an initial articulation of "the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. The accused infringer's burden is a

11

"low bar." *Id.* They "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases).

Section 287(a) permits limited virtual marking in the form of an Internet posting, but this has very specific requirements: sellers of patented products must "***fix[] thereon*** the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet," and ***that posting*** must "***associate[]*** the patented article with the number of the patent." 35 U.S.C. § 287(a). "In the event of failure so to mark, no damages shall be recovered" until actual notice is given, such as by filing a lawsuit. *Id.* "Thus, a mere direction to an Internet website that simply lists patents— without mentioning [or] associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021) (citing *Mfg. Resources Int'l Inc. v. Civiq Smartscapes, LLC*, 397 F. Supp. 3d 560, 578 (D. Del. 2019)).

Finally, Section 287(a) requires "consistent and continuous" marking. *See American Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (precluding "recovery of damages [] for infringement for any time prior to compliance with the marking or actual notice requirements of the statute" because marking must be "consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute"); *Team Worldwide Corp. v. Acad.*,

*Ltd*, No. 219-CV-00092-JRG-RSP, 2021 WL 1854302, at *2 ("the Federal Circuit strictly interpreted § 287 to make clear that once a patentee (or its licensee) is non-compliant with § 287, recovery of damages is limited to either the period after marking resumes or after the alleged infringer has been given actual notice"; recommending summary judgment of no pre-suit damages) (E.D. Tex. May 10, 2021), *adopted by district court*, *Team Worldwide Corporation v. Academy, Ltd.*, 2021 WL 1985688 (E.D. Tex. May 18, 2021).

## IV. ARGUMENT

The Court should reject Headwater's pre-suit damages theories because Headwater has not and cannot establish that it gave Samsung actual notice of any alleged infringement, and Headwater's licensee also failed to mark licensed products sold during the relevant timeframe.

### A. Headwater Did Not Provide Actual Pre-Suit Notice of the Asserted Patents

There is no genuine dispute of material fact that Headwater failed to give Samsung actual pre-suit notice of infringement. Headwater failed to provide any evidence of actual notice of infringement, despite having the burden to do so. *Arctic Cat I*, 876 F.3d at 1366.



Ex. 2 (HW Resp. to RFA 2); UMF 1. Through Dr. Raleigh's Rule 30(b)(6) deposition testimony, [REDACTED]

[REDACTED] Ex. 3 (3-7-24 Raleigh Rule 30(b)(6) Dep. Tr.) at 131:24-132:8; Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 187:10-190:5; UMF 3; *see also* UMF 4-9.

[REDACTED] "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative

communication of a ***specific charge of infringement*** by a ***specific accused product*** or device." *Team Worldwide*, 2021 WL 1854302, at *3 (quoting *Amsted*, 24 F.3d at 187). There is no evidence that Headwater provided a ***specific charge of infringement*** by a ***specific accused product*** or device.[3]

The Court should enter summary judgment that Headwater did not provide actual notice of infringement prior to allegations of infringement for each of the asserted patents in Headwater's various complaints.

### B. Headwater Cannot Show It Complied with the Marking Statute to Give Constructive Notice

Headwater has not carried its burden to show that Samsung had constructive notice of the asserted patents for at least three reasons: (1) Headwater's licensee sold millions of unmarked, purportedly patented products; (2) the ItsOn marking website failed to associate particular products with particular patents; and (3) Headwater delayed adding patents to the ItsOn marking website (and failed to add some patents at all).

#### 1. Headwater's Licensee Sprint Sold Millions of Unmarked Phones

Headwater licensed its patents for alleged use in the software products of a company called ItsOn, which shared many of Headwater's same officers, including lead inventor Dr. Raleigh as CEO and David Johnson as CFO. *E.g.*, Ex. 8 (Dkt. 42) ¶ 14 (Headwater inventor and founder Dr. Raleigh "founded ItsOn Inc., which licensed Headwater's intellectual property and implemented Headwater's technology into software and services."); Dkt. 134 (Raleigh Decl. re privilege) ¶ 6;

---

[3] 

**PUBLIC VERSION**

Ex. 9 (Johnson Dep. Tr.) at 51:15-20, 55:14-17, 55:18-57:5 (Mr. Johnson served as CFO of both companies); *id.* at 52:5-6 (" ███████████████████████████████████████

██████████████████████████████ *see also* UMF 10-17.

Headwater alleges that the ItsOn software practiced Headwater's patents and was licensed to Sprint. Ex. 8 (Dkt. 42) ¶ 19 ("In 2013, ItsOn and Sprint began implementing use cases of Headwater's technologies in connection with Sprint's network, including roaming controls, background controls, data offloading, family device management, as well as on-demand data purchasing functionalities. Each of these features make use of technologies developed by Headwater and ***protected by patents*** issued to Headwater."); *id.* ¶ 21 ("ItsOn software implementing Headwater's ***patented*** inventions was installed on numerous end-user wireless devices sold by Sprint."); *id.* ¶ 38 ("ItsOn and Sprint continued to work together into 2016 to implement Headwater's ***patented*** technologies into Sprint devices."); *see also* Dkt. 134 (Raleigh Decl. re privilege) ¶ 5.

Headwater is bound by its pleadings. *Smith v. BH Management Services, LLC*, 2017 WL 5127238, at fn. 7 (E.D. Tex. Sep. 26, 2017) ("This statement in Plaintiff's Original Complaint, which Plaintiff has not amended, serves as a judicial admission."); *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them."). But Headwater's statements do not stop there. *See also* Ex. 9 (Johnson Dep. Tr.) at 74:22-75:10 (" ██████████████████████████

████████████████████ "); Ex. 10 (Wesel Opening Report) ¶ 43 ("█████████████████

███████████████████████████████████████████████████████████████████████

████████████████████ "); Ex. 11 (de la Iglesia Rebuttal Report) ¶ 1334 (same); *see also* Ex. 12 (5-2-24 de la Iglesia Dep. Tr.) at 95:10-15, 96:10-12, 99:12-16; *see also* UMF 18-24.

Sprint in turn sold millions of phones in the U.S. with ItsOn software installed. *E.g.*, Ex. 8 (Dkt. 42) ¶ 27 ("By the end of 2015, millions of Sprint devices (including Samsung devices) were running the ItsOn application, which included Headwater's intellectual property."); Ex. 20 (HW_00020006) (████████████████████████); Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 237:14-238:2 (same). However, ████████████████████████████████

████████████████████████████████████████████████████████

████. *E.g.*, Ex. 9 (Johnson Dep. Tr.) 126:3-7 ("█████████████████████

████); Ex. 3 (3-7-24 Raleigh Rule 30(b)(6) Dep. Tr.) at 300:12-21 (████████████████

████████████████████████████████████████████); *see also* UMF 27-37. This is more than enough evidence to establish Headwater did not "consistently mark substantially all of its patented products." *American Medical*, 6 F.3d at 1534-35 (finding no compliance with marking statute where 1,939 units were unmarked, that is, where "more than a de minimis number of devices was shipped without any patent marking").

In addition, Headwater failed to provide evidence that Sprint was even ***required*** to mark patented products. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ Ex. 13 (HW_00009218-68) at HW_00009254. However, ItsOn did not include a user interface in the post-paid Sprint phones—they were called "████████—so there was no patent notice for Sprint to "remove." Ex. 9 (Johnson Dep. Tr) at 126:17-128:15; Ex. 14 (Johnson Dep. Ex. 12); *see also* Ex. 3 (3-7-24 Raleigh Dep. Tr.) at 294:24-296:2; Ex. 15 (Lavine Dep. Tr.) at 170:18-171:2; UMF 25-26, 29, 38-41. This fact is likewise dispositive of Headwater's failure to make reasonable efforts to ensure compliance with statutory marking requirements. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d

860, 864-66 (Fed. Cir. 2020) ("*Arctic Cat II*") (finding that the patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking); *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (finding plaintiff failed to comply with § 287 because the plaintiff's "licenses did not require its licensees to mark the [practicing] product and there was no evidence that any product ever bore a patent marking"); *In re Yarn Processing Patent Validity Litig. (No. II)*, 602 F. Supp. 159, 169 (W.D.N.C. 1984) (finding patentee's failure to include license provision requiring its licensees to mark precluded damages until patentee gave actual notice).

### 2. The Alleged ItsOn Marking On Its Website Was Defective

Headwater asserts that it satisfied the marking requirement of 35 U.S.C. § 287(a) by means of links to a website with the address http://www.itsoninc.com/patent-notices. Ex. 8 (Dkt. 42) ¶ 28. However, the ItsOn marking website contains a list of patents and the following text: "ItsOn services and devices are protected by patents in the U.S. and elsewhere. This notice is provided to satisfy the virtual patent marking provisions of various jurisdictions, including the virtual patent marking provisions of 35 U.S.C. A§ 287 [sic] as amended by the America Invents Act. The ItsOn service, and the devices that provide the ItsOn service, embody technology claimed in the follow-ing U.S. Patents:" *E.g.*, Ex. 21 (Raleigh Dep. Exs. 23-24); *see also* UMF 31, 42-43. This text does not associate particular patents with particular products, especially since there were multiple ItsOn versions and releases, and the website does not say "all" products or "all" patents. *See* Ex. 6 (11-15-23 Raleigh Dep. Tr.) at 146:1-20; Ex. 22 (HW Resp. to Interrogatory 15) (▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮); Ex. 12 (5-2-24 de la Iglesia Dep. Tr.) at 111:19-20 (▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮"); UMF 44.

Websites like Headwater's do not comply with Section 287(a), which requires the website to "associate[] the patented article with the number of the patent." 35 U.S.C. § 287(a). "[A] mere

direction to an Internet website that simply lists patents—without mentioning [or] associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law." *VLSI*, 2021 WL 2773013, at *3; *Mfg. Resources,* 397 F. Supp. 3d at 578.

Thus, even if millions of Sprint phones had actually included a link to Headwater's website, that website still would not have given adequate notice.

### 3. Headwater Delayed Adding Patents to the ItsOn Marking Website

Headwater also failed to add many of its patents to the ItsOn marking website in a timely fashion and also failed to add some asserted patents at all. For example, U.S. Patent 9,137,701 (Ex. 24) issued on September 15, 2015. According to the Wayback Machine printouts produced by Samsung, the '701 patent did not appear on ItsOn's marking page until July 3, 2016, a delay of 9.5 months. *See* Ex. 25 at SAM-HW00226456. However, Dr. Raleigh testified ███████████ ███████████████████████████████████████████████. Ex. 3 (3-7-24 Raleigh 30(b)(6) Dep. Tr.) at 283:12-284:6, 289:18-290:8, 291:25-292:16. If only the versions of Headwater's marking website produced by Headwater are considered, █████████████████████████ ███████████████████████████. *See* Ex. 21 at HW_00010165; *see also* UMF 46-59. Many of the other asserted patents, including the '976 patent, present similar issues, as summarized in Section D below. And again, Headwater relied upon the ItsOn marking website that it produced as evidence of marking under Rule 33(d). *See* Ex. 26 (2024-03-15 HW 7th Supp Obj. and Resp. to Samsung 1st Set of Interrogatories) at 78 (citing HW_00010163-HW_00010166 as evidence under Rule 33(d)).

These delays are inconsistent with Headwater's burden to prove "consistent and continuous" marking. *American Medical*, 6 F.3d at 1537; *Team Worldwide*, 2021 WL 1854302, at *2 ("recovery of damages is limited to either the period after marking resumes or after the alleged infringer has been given actual notice"). The Court should limit pre-suit damages as also detailed

in Section D below.

### C. Headwater Did Not Respond to or Rebut Samsung's *Arctic Cat* Notice

Under the *Arctic Cat* framework, once Samsung identified unmarked products, Headwater had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat I*, 876 F.3d at 1366. Here, Samsung sent Headwater a letter, on June 20, 2023, identifying the Sprint/ItsOn products that were licensed but not marked. Ex. 33; UMF 60. This letter more than satisfied the "low bar" needed to "put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat I*, 876 F.3d at 1368. Headwater then had the burden to prove it did mark, or that these products were not otherwise subject to the marking requirement. However, Headwater did not respond and thus failed to satisfy its burden of proof on marking.

### D. Headwater's Failure to Comply with Section 287 Limits Pre-Suit Damages

Despite Headwater's failure of proof, its damages expert, Mr. Kennedy, calculates damages beginning six years before this lawsuit was filed, that is, from October 26, 2016. Ex. 1 (4-22-24 Kennedy report) ¶ 378. Alternatively, he calculates damages beginning from the date suit was filed, October 26, 2022. *Id.* ¶ 379.

The Court should preclude *all* pre-suit damages for *all* asserted patents, except the '224 patent,[4] because of the unmarked Sprint phones, Headwater's defective ItsOn marking website, and Headwater's failure to rebut Samsung's *Arctic Cat* notice.

In the alternative, if the Court does not preclude pre-suit damages altogether for these patents, the following table summarizes limitations on pre-suit damages arising from Headwater's

---

[4] Samsung does not seek to limit pre-suit damages based for U.S. patent 11,405,224 since that patent did not issue until August 2, 2022, long after ItsOn went out of business.

failure to add patents to the ItsOn marking website in a timely fashion (or at all).  The Court need

not reach this issue if it precludes all pre-suit damages for the reasons explained above.  In the

chart below, the delay period is sometimes stated in the alternative based on which version of the

ItsOn marking website the Court accepts: the one produced by Headwater (longer delay) or the

one produced by Samsung that Dr. Raleigh testified is unreliable (shorter delay):

| Patent | Issue Date | ItsOn Website Post | Complaint Filed | Limitation on Damages |
|---|---|---|---|---|
| 9,137,701 | 9/15/15 | 7/3/16 or 6/17/17 | 10/26/22 | 9.5 or 21 months of failed marking, no damages before proof patent appeared on website (either 7/3/16 or 6/17/17) |
| 9,143,976 | 9/22/15 | 7/3/16 or 6/17/17 | 12/6/22 | 9.5 or 21 months of failed marking, no damages before proof patent appeared on website (either 7/3/16 or 6/17/17) |
| 9,271,184 | 2/23/16 | 7/3/16 or 6/17/17 | 10/26/22 | 4.5 or 16 months of failed marking, no damages before proof patent appeared on website (either 7/3/16 or 6/17/17) |
| 9,277,433 | 3/1/16 | Never | 12/6/22 | No damages before 3/13/23 complaint |
| 9,277,445 | 3/1/16 | Never | 11/30/22 | No damages before 11/30/22 complaint |
| 9,521,578 | 12/13/16 | Never | 10/26/22 | No damages before 10/26/22 complaint |
| 9,609,544 | 3/21/17 | 4/21/17 or 6/17/17 | 12/6/22 | 1 or 4 months of failed marking, no damages before proof patent appeared on website (either 4/21/17 or 6/17/17) |
| 11,405,224 | 8/2/22 | Never | 11/30/22 | No damages before patent issued on 8/2/22 |

Because Headwater failed to comply with the requirements of 35 U.S.C. § 287, it may not recover damages for these pre-suit periods.[5]

## V.     CONCLUSION

Samsung requests that the Court grant summary judgment that Headwater failed to comply with 35 U.S.C. § 287(a) and that its pre-suit damages are thus limited as detailed above.

Dated: May 10, 2024                          Respectfully submitted,

By:   /s/ Thad C. Kodish
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

---

[5] Headwater may argue the '578 and '544 patents issued after ItsOn received its last revenue from Sprint for post-paid phones in May 2016.  *See* Ex. 20 (HW_00020006).  However, phones are typically sold at retail months or years after the last sale by a manufacturer.  Since Samsung raised the '578 and '544 patents in its *Arctic Cat* notice, Ex. 33 at 3, the burden falls on Headwater to prove that no licensed phones were sold at retail after these patents issued.  Certainly, products using ItsOn software were still being used during the delay time periods.

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
Sara Fish
sfish@fr.com
GA Bar No. 873853
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Grant Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
Jon Hyland
jhyland@hilgersgraben.com
Texas Bar No. 24046131
Theodore Kwong
tkwong@hilgersgraben.com
Texas Bar No. 4087871
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: 469-751-2819
**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 10, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish