# EXHIBIT 41

1 | Leeron G. Kalay (CA 233579)
2 | kalay@fr.com
3 | FISH & RICHARDSON P.C.
4 | 500 Arguello Street, Suite 400
  | Redwood City, CA 94063
  | Tel: (650) 839-5070

5 | Thad C. Kodish (*pro hac vice forthcoming*)
6 | tkodish@fr.com
  | FISH & RICHARDSON P.C.
7 | 1180 Peachtree Street, NE, 21st Floor
  | Atlanta, GA 30309
8 | Tel: (404) 892-5005

9 | Attorneys for Defendants
10 | SAMSUNG ELECTRONIC CO., LTD and
   | SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| In re SUBPOENA to Krista Jacobsen | Misc. Case No.: 3:25-mc-80104-JD |
|---|---|
| | (Originating Case: *Headwater Research LLC v. Samsung Elec. Co., Ltd., et al.*, E.D. Tex. Case No. 2:23-cv-00641-JRG-RSP) |
| | **(1) DEFENDANTS' OPPOSITION TO KRISTA JACOBSEN'S MOTION TO QUASH SAMSUNG'S SUBPOENA** |
| | **(2) DEFENDANTS' NOTICE OF NON-OPPOSITION TO KRISTA JACOBSEN'S MOTION TO TRANSFER THIS PROCEEDING TO THE EASTERN DISTRICT OF TEXAS PURSUANT TO FED. R. CIV. P. 45(f)** |
| | DATE:  TBD<br>TIME:  10:00 a.m.<br>JUDGE: Hon James Donato |

**■■■■■■■■■■ PURSUANT TO PROTECTIVE ORDER IN**
***HEADWATER RESEARCH LLC V. SAMSUNG ELEC. CO., LTD., ET AL.***
**E.D. TEX. CASE NO. 2:23-cv-00641-JRG-RSP**

**■■ REDACTED DOCUMENT SOUGHT TO BE SEALED**

SAMSUNG'S OPPOSITION TO JACOBSEN'S
MOTION TO QUASH SAMSUNG'S SUBPOENA
Case No. 3:25-mc-80104-JD

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF RELEVANT FACTS ............................................................................1

    A. Who is Ms. Jacobsen? .................................................................................................1

    B. Headwater's Serial Litigation Against Samsung in EDTX .........................................2

    C. The Present Underlying Case in EDTX (the -641 Case) ............................................3

III. LEGAL STANDARDS ........................................................................................................6

IV. ARGUMENT .......................................................................................................................7

    A. Samsung Seeks Relevant Deposition Testimony .........................................................7

        1. Testimony is Relevant to Samsung's Inequitable Conduct Defense ......................7

        2. Testimony is Relevant to Samsung's (Pending) Inventorship Defense .................8

        3. Ms. Jacobsen's Contrary Claim is Wrong .............................................................9

    B. Ms. Jacobsen Cannot Avoid Deposition by Claiming Everything She Knows is Protected ..................................................................................................................10

    C. Burden ........................................................................................................................11

        1. Samsung's Inequitable Conduct Defense .............................................................11

        2. Samsung's Pending Improper Inventorship Defense ...........................................13

        3. Alleged Harassment .............................................................................................13

V. SAMSUNG DOES NOT OPPOSE MS. JACOBSEN'S TRANSFER REQUEST ...........15

VI. CONCLUSION ..................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcon Labs, Inc. v. Pharmacia Corp.*,
   225 F. Supp. 2d 340 (S.D.N.Y. 2002) .................................................................................. 8

*and Appvion, Inc. v. P.H. Glatfelter Co.*,
   2015 WL 2374514 (E.D. Wis. May 15, 2015) ..................................................................... 14

*Bales v. Quest USA Corp.*,
   No. 1:18-MC-00222-RM, 2019 WL 1454696 (D. Colo. Apr. 2, 2019) ............................ 9, 13

*Cave Consulting Grp., Inc. v. OptumInsight, Inc.*,
   No. 15-CV-03424-JD, 2016 WL 7475820 (N.D. Cal. Dec. 29, 2016) ................................ 11

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
   No. 6:07-CV-559, 2009 WL 7401969 (E.D. Tex. Apr. 24, 2009) ......................................... 7

*Doe v. Kaiser Found. Health Plan, Inc.*,
   No. 23-CV-02865-EMC-PHK, 2023 WL 8714880 (N.D. Cal. Dec. 17, 2023) ....................... 6

*Dueppen v. Guardant Health, Inc.*,
   No. 23-MC-216-GBW, 2023 WL 6621362 (D. Del. Oct. 11, 2023) ................................... 10

*Ed Tobergte Assocs. Co. v. Russell Brands, LLC*,
   259 F.R.D. 550 (D. Kan. 2009) ............................................................................................ 8

*Environ Prods., Inc. v. Total Containment, Inc.*,
   No. CIV. A. 95-4467, 1996 WL 494132 (E.D. Pa. Aug. 22, 1996) ...................................... 8

*Games2U, Inc. v. Game Truck Licensing, LLC*,
   No. MC-13-00053-PHX-GMS, 2013 WL 4046655 (D. Ariz. Aug. 9, 2013)
   ............................................................................................................................ 9, 11, 12, 13

*Genal Strap, Inc. v. Dar*,
   No. CV-2004-1691(SJ)(MDG), 2006 WL 525794 (E.D.N.Y. Mar. 3, 2006) ........................ 8

*Hager v. Ariosa Diagnostics, Inc.*,
   No. 23-MC-80261-LB, 2023 WL 8654388 (N.D. Cal. Dec. 14, 2023) ..................... 6, 7, 8, 12

*Headwater Research LLC v. Samsung Elec. Co., Ltd., et al.*,
   E.D. Tex. Case No 2:23-cv-00641, Dkt. 76-9 ................................................................... 5, 6

*Helget v. Fitbit, Inc.*,
   No. 21-MC-91150-FDS, 2021 WL 1737300 (D. Mass. May 3, 2021) .................................. 8

*In re Insogna*,
   No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. Jan. 3, 2020) ............. 7, 9, 10, 13

*Iyer v. Nexus Pharms., Inc.*,
 No. 22-CV-2868, 2023 WL 3040604 (D.D.C. Apr. 21, 2023) ............................................... 8

*Kenall Mfg. v. Cooper Lighting, LLC*,
 2020 WL 4015324 (N.D. Ill. July 16, 2020) ...................................................................... 14

*In re: Krista Jacobsen*,
 No. 5:24-mc-80012-VKD ................................................................................................. 11

*In re: Krista Jacobsen*,
 No. 5:24-mc-80012-VKD, Dkt. No. 1 ................................................................................. 3

*In re: Krista Jacobsen*,
 No. 5:24-mc-80012-VKD, Dkt. No. 10-4 (Feb. 16, 2024) ................................................... 3

*Mondis Tech. Ltd. v. LG Elecs., Inc.*,
 No. 15-CV-4431-SRC-CLW, 2017 WL 4155121 (D.N.J. Sept. 19, 2017)
 .................................................................................................................... 7, 10, 11, 13

*Moser as Tr. of Tango Transp., LLC v. Navistar Int'l Corp.*,
 No. 4:17-CV-00598, 2019 WL 763487 (E.D. Tex. Feb. 20, 2019) ............................ 7, 10, 13

*Petka v. Mylan Pharms., Inc.*,
 No. 16-MC-80196-MEJ, 2016 WL 6947589 (N.D. Cal. Nov. 28, 2016) .............................. 13

*Polaris PowerLED Techs., L.L.C. v. Samsung*,
 2019 WL 1399927 (E.D. Tex. Mar. 28, 2019) ................................................................... 14

*Providence Title Co. v. Truly Title, Inc.*,
 No. 4:21-CV-147-SDJ, 2022 WL 19976454 (E.D. Tex. May 13, 2022) .............................. 7

**Statutes**

35 U.S.C. § 102 ................................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 45 ........................................................................................... 1, 6, 7, 15

Fed. R. Civ. P. 26 ................................................................................................. 6, 7, 9

Federal Rule of Evidence 401 ............................................................................................ 7

## I. INTRODUCTION

Samsung's request is unremarkable: the deposition of prosecution counsel who was previously deposed for only one hour in a separate case regarding other patents. In response, Ms. Jacobsen claims Samsung's subpoena is pure harassment, ignoring the wealth of case law recognizing that prosecution counsel is routinely deposed in cases where, as here, inequitable conduct and/or improper inventorship are alleged.

Discovery in the underlying matter closed last Friday, May 16, 2025. To move this issue forward and further accommodate Ms. Jacobsen, Samsung clarifies/agrees that it:

- Is not seeking any further documents, based on Ms. Jacobsen's representation that she has (i) produced all non-privileged documents and ESI in her possession, custody, or control, and (ii) properly logged all those that she withholds. Thus the only remaining issue is her deposition.
- Will limit her deposition to three hours.
- Will conduct her deposition remotely.
- Will limit her deposition as much as possible to the inequitable conduct and improper inventorship allegations.

As to Ms. Jacobsen's transfer request under Rule 45(f), Samsung does not oppose.

Samsung therefore respectfully requests that the Court deny Ms. Jacobsen's Motion to Quash (Dkt. 1, "Mot.").

## II. STATEMENT OF RELEVANT FACTS

### A. Who is Ms. Jacobsen?

Ms. Jacobsen has had various legal and business roles at (and financial interests in) Headwater between 2011 and today.

- From 2011 to 2014, Ms. Jacobsen was: (1) Headwater's "head counsel" (Ex. A); a member of "Headwater's Oversight Board" (Ex. B; Dkt. 1-5 at 24:25-25:9); and (3) the " ███████████████████████████ Ex. B.[1]

---

[1] "Headwater Partners I" and "Headwater Partners II" preceded Plaintiff "Headwater Research."

1

SAMSUNG'S OPPOSITION TO JACOBSEN'S
MOTION TO QUASH SAMSUNG'S SUBPOENA
Case No. 3:25-mc-80104-JD

[REDACTED]

- From 2014-2016, Ms. Jacobsen was Headwater's outside counsel. Ex. C; Dkt. 1-5 (Ex. 3 to Mot. to Quash) at 30:16-32:14.

- Headwater's initial disclosures state that Ms. Jacobsen is knowledgeable regarding "[c]onception, reduction to practice, design, and development of the patents-in-suit." Ex. D. Headwater's counsel represents Ms. Jacobsen. *Id.*

| Krista Jacobsen* | Conception, reduction to practice, design, and development of the patents-in-suit. |

- Ms. Jacobsen participated in the prosecution of at least two currently asserted patents. *See* Sect. II.C., *infra*.

- Finally, Ms. Jacobsen was (and remains) a shareholder in Headwater. Dkt. 1-5 (Ex. 3 to Mot. to Quash) at 32:20-33:13; 57:24-58:6.

**B.     Headwater's Serial Litigation Against Samsung in EDTX**

In October 2023, Headwater the first of five patent infringement lawsuits against Samsung in the East District of Texas. Each lawsuit asserts different patents.

In the first such lawsuit (Headwater 1, -422 Case), Headwater accused Samsung of infringing several patents. As part of the lawsuit, Samsung subpoenaed Ms. Jacobsen as a prosecuting attorney and the person listed on Headwater's initial disclosures as knowledgeable about conception, reduction to practice, design, and development of the patents-in-suit.

As part of that subpoena, Ms. Jacobsen served a privilege log on September 13, 2023. This log withheld approximately 580 patent prosecution documents as only work product (***not*** privileged), which is indisputably improper (as a seasoned patent attorney like Ms. Jacobsen was well-aware).[2] Even were she not aware, Samsung spent the next 5 months asking Ms. Jacobsen to either correct her log or produce the documents (which, as logged, were being improperly withheld). *In re: Krista Jacobsen*, No. 5:24-mc-80012-VKD, Dkt. No. 10-4 at 4-7 (Feb. 16, 2024). Her discovery failures in the -422 case (months of ignoring Samsung's emails and meet and confer requests; failing to provide any basis for withholding the patent prosecution documents as work product) are undisputed and well documented. *Id. See also id.,* Dkt. No. 1 at Sect. II (Jan. 19, 2024). Indeed, it was not until February 2024, as part of her Opposition to Samsung's enforcement motion, that Ms. Jacobsen ***added*** privilege as a basis for withholding all ~580 patent prosecution related documents (withheld for more than 5 months solely as work product), and then recast the "principal" dispute between the parties as whether these documents were "privileged." *Id*., Dkt. No. 8 at 2-3.

It is this issue—privilege applicability/waiver—on which the trial court later ruled, ultimately finding Ms. Jacobsen's failure to timely assert privilege did not waive her client's (Headwater's) privilege. *See generally* Dkt. 1-3. The proceedings also resulted in Ms. Jacobsen being ordered to produce many documents that she had previously withheld as privileged/work product protected. *Id.* at 45:20-21 (The Court: "I'll just rule now that [documents withheld in buckets numbered] 6, 7, and 8 are not protected by the attorney-client privilege").

After the subpoena's resolution, Samsung deposed Ms. Jacobson on May 21, 2024. The deposition—targeted and narrow, respecting her third-party status—lasted about an hour. *See* Dkt. 1-5.

C.    **The Present Underlying Case in EDTX (the -641 Case)**

In the present case, Headwater claims, *inter alia,* that Samsung infringes the '110 and '811 Patents.[3] Both patents were filed and issued while Ms. Jacobsen was Headwater's "head counsel"

---

[2] *In re: Krista Jacobsen*, No. 5:24-mc-80012-VKD, Dkt. No. 1 at Sect. III.D (Jan. 19, 2024).
[3] While the parties have agreed in principal that Headwater will drop the '811 patent, Headwater still asserts the '811 patent as of the date of this filing.

and the "███████████████████████████████████".[4] Ms. Jacobsen prosecuted both patents and is listed on each patent's face as the attorney. Headwater did not assert either the '811 or '110 Patent in its prior cases against Samsung. Ms. Jacobsen was therefore not asked questions about these patents at her prior one-hour deposition in in the -422 Case.

[Image of US Patent No. 8,588,110 B2, dated Nov. 19, 2013, titled "VERIFIABLE DEVICE ASSISTED SERVICE USAGE BILLING WITH INTEGRATED ACCOUNTING, MEDIATION ACCOUNTING, AND MULTI-ACCOUNT", Inventor Gregory G. Raleigh, Assignee Headwater Partners I LLC, Appl. No. 13/615,217, Filed Sep. 13, 2012, Attorney Krista S. Jacobsen]

[Image of US Patent No. 8,639,811 B2, dated Jan. 28, 2014, titled "AUTOMATED DEVICE PROVISIONING AND ACTIVATION", Applicant Headwater Partners I LLC, Inventor Gregory G. Raleigh, Appl. No. 13/742,312, Filed Jan. 15, 2013, Attorney Krista S. Jacobsen]

In the present case, Samsung's defenses include **Inequitable Conduct and Infectious Unenforceability** under pre-AIA 35 U.S.C. § 102 and/or 103. Dkt. 58 (First Amend. Answer) at 21-30. This defense alleges that Headwater (1) purposely failed to disclose prior art systems and references, including at least Android 1.0, to the patent examiner during prosecution of the '110 Patent, and (2) did so with specific intent to deceive the USPTO. Android 1.0, which is part of

---

[4] The '110 Patent was filed in September 2012 and issued in November 2013. The '811 Patent was filed in January 2013 and issued in January 2014.

the Android Open Source Project (AOSP), was released in September 2008 before the '110 and '811 Patents' asserted priority date of January 28, 2009. Deposition testimony revealed that employees of Headwater and ItsOn[5], including Gregory Raleigh[6], the named inventor of the '110 and '811 Patents, regularly worked with Android software and developed software on top of the open-source code. Despite Headwater's knowledge of the AOSP, including Android 1.0, it did not disclose this prior art system during prosecution of the '110 and '811 Patents. Additionally, deposition testimony from the second case (Headwater 2, -103 Case) revealed that Dr. Raleigh was not receptive to prior art searches and would reprimand at least one employee[7] for finding prior art.

While Ms. Jacobsen was asked some questions related to inequitable conduct during her prior deposition, no questions were asked about the '811 or 110 Patents in particular, as they were not asserted. Further, since Ms. Jacobsen's prior one-hour deposition, there has been nearly one year of additional discovery and hours of trial and hearing testimony, including depositions of ItsOn engineers (who testified about, *inter alia,* facts relevant to Samsung's inequitable conduct defense and their relevant work with Dr. Raleigh). *E.g.*, Vien-Phuong Nguyen[8] (deposed February 7, 2025) and Jeffrey Green[9] (deposed February 22, 2025).

Samsung also asserts **Improper Inventorship** as a defense in the present case. *Headwater Research LLC v. Samsung Elec. Co., Ltd., et al.*, E.D. Tex. Case No 2:23-cv-00641, Dkt. 76-9 (Proposed Second Amend. Answer) at 39-41. On March 10, 2025, Samsung filed its motion for leave to amend its answer to add an improper inventorship defense based on the February 2025 deposition testimonies of several former ItsOn and Headwater employees, which revealed that one of more of

---

[5] ItsOn was an American software company that liquidated in 2018. Gregory Raleigh founded ItsOn and served as CEO. All the named inventors on all four asserted patents in this case ('110 Patent, '811 Patent, U.S. Patent No. 9,179,359, and U.S. Patent No. 9,647,918) were employees of ItsOn when each of the claimed inventions were developed.
[6] Samsung will take the deposition of Gregory Raleigh, the sole named inventor for the '110 and '811 Patents, on May 23, 2025. This deposition was originally scheduled for May 2, 2025, but Dr. Raleigh canceled due to illness.
[7] Cory S. Modlin, a former employee of Headwater, testified to this on September 19, 2024. Mr. Modlin worked with Ms. Jacobsen while employed at Headwater.
[8] Vien-Phuong Nguyen is a named co-inventor of another asserted patent (the '918 Patent), a former ItsOn software engineer, and a colleague of Gregory Raleigh.
[9] Jeffrey Green is a named co-inventor of the asserted '918 Patent, former ItsOn SVP, and a colleague of Gregory Raleigh.

the Asserted Patents fail to list the correct inventors. *Id.*, Dkt. 76. Probable omitted inventors include, *inter alia*: Sharon Strelitz; Nathan Hunsperger; James Fitzgerald; and Justin James.[10]

Given Samsung's defenses, Ms. Jacobsen's roles at Headwater, her involvement in prosecution of the previously-unasserted patents, and Headwater's disclosure of Ms. Jacobsen as knowledgeable about the prosecution of these patents, Samsung properly and duly served Ms. Jacobsen with a subpoena on April 7, 2025 to testify and produce documents. Dkt. 1-6. In response, Ms. Jacobsen's counsel said Ms. Jacobsen would not appear for a deposition because she sat for a one-hour deposition in the -422 Case, and any further deposition would be harassment. Ex. E (at April 10, April 28, and May 6 emails from Mr. Tsuei). After email exchanges (between April 9 and May 7, 2025) and a meet and confer (on May 7, 2025), Ms. Jacobsen's counsel:

- served formal objections to Samsung's subpoena (on May 7, 2025);
- "confirm[ed] Ms. Jacobsen is not willing to sit for a deposition" (Ex. E);

> Ashley and Samsung team,
>
> Thanks for conferring at 12 p.m. Pacific. We've discussed internally and with Ms. Jacobsen and confirm Ms. Jacobsen is not willing to sit for a deposition. When you move to compel Ms. Jacobsen, you can put her down as opposed. As for the venue in which Samsung files its motion to compel, we believe it should be filed in NDCal. as required by FRCP 45(d). If Samsung files in EDTX, we expect to lodge an objection that such filing violates Rule 45, but would not seek to dismiss it based on venue or transfer it to NDCal.

- told Samsung that it would oppose Samsung's motion enforce the subpoena and filed the present motion to quash/transfer (negating a motion to enforce). *Id.*

### III. LEGAL STANDARDS

A party may serve a subpoena commanding a nonparty to "attend a deposition" and to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1). "Under Rule 45, the scope of discovery sought from third parties is generally commensurate with the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure." *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC-PHK, 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023). *Hager v. Ariosa*

---

[10] Headwater opposed the motion as allegedly futile. *Headwater Research LLC v. Samsung Elec. Co., Ltd., et al.*, E.D. Tex. Case No 2:23-cv-00641, Dkt. 76 at 7. This motion is pending. *Id.*, Dkts. 76, 89, 90, 104.

*Diagnostics, Inc.*, No. 23-MC-80261-LB, 2023 WL 8654388, at *2 (N.D. Cal. Dec. 14, 2023) ("The scope of discovery is the same under Rule 45."). Rule 26 permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance has an "'extremely low' bar . . . at the discovery stage—lower than the already low bar for relevance under Federal Rule of Evidence 401." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2022 WL 19976454, at *3 (E.D. Tex. May 13, 2022).

"The movant bears the burden of persuasion in a motion to quash a subpoena." *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15-CV-4431-SRC-CLW, 2017 WL 4155121, at *2 (D.N.J. Sept. 19, 2017);[11] *Hager*, 2023 WL 8654388, at *2 ("Generally, the party moving to quash bears the burden of persuasion.") (quoting *GreenCycle Paint, Inc. v. PaintCare, Inc.,* No. 15-CV-04059-MEJ, 2018 WL 1399865*,* at *3 (N.D. Cal. Mar. 19, 2018)). If the subpoena seeks discovery beyond that permitted by Rule 26 (*i.e.*, not relevant to an asserted claim or defense), "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden," the Court may quash or modify it upon a timely motion. Fed. R. Civ. P. 45(d)(3).[12]

## IV. ARGUMENT

### A. Samsung Seeks Relevant Deposition Testimony

#### 1. Testimony is Relevant to Samsung's Inequitable Conduct Defense

"Multiple jurisdictions recognize that mental impressions of prosecuting patent attorneys are not only relevant, but possibly crucial, to an inequitable conduct defense." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.,* No. 6:07-CV-559, 2009 WL 7401969, at *2 (E.D. Tex. Apr. 24, 2009); *see*

---

[11] *Aff'd*, No. CV 15-4431 (SRC), 2017 WL 5495523 (D.N.J. Nov. 15, 2017).

[12] The *Shelton* factors do not apply here, where prosecution counsel "is not trial or litigation counsel in the underlying case." *In re Insogna,* No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *3 (S.D. Cal. Jan. 3, 2020). *See also Moser as Tr. of Tango Transp., LLC v. Navistar Int'l Corp.,* No. 4:17-CV-00598, 2019 WL 763487, at *2 (E.D. Tex. Feb. 20, 2019) ("*Shelton* does not apply" where subpoenaed third party was defendant's in-house counsel but not trial counsel).

*also Helget v. Fitbit, Inc.,* No. 21-MC-91150-FDS, 2021 WL 1737300, at *2 (D. Mass. May 3, 2021) ("Because an inequitable conduct defense requires its proponent to establish specific intent to deceive, courts often allow the deposition of patent prosecution counsel where inequitable conduct is claimed."); *Iyer v. Nexus Pharms., Inc.,* No. 22-CV-2868, 2023 WL 3040604, at *7 (D.D.C. Apr. 21, 2023) ("[T]here is a sizable body of patent law recognizing the right to depose patent prosecutors, even if trial attorneys as well…where inequitable conduct is alleged in patent case.") (quotations omitted).

Ms. Jacobsen's testimony is relevant to Samsung's inequitable conduct defense. *Hager*, 2023 WL 8654388, at *3 (N.D. Cal. Dec. 14, 2023) ("Her testimony as patent prosecution counsel is relevant" to defendant's "inequitable conduct" defense.) Her mental impressions and knowledge regarding prosecution of asserted patents cannot be obtained from another source, including any decisions to omit disclosures of AOSP or Android 1.0 to the patent examiner despite Dr. Raleigh's knowledge of this key prior art system, or whether, despite Raleigh's knowledge, Ms. Jacobsen was not made aware of AOSP or Android 1.0. *Alcon Labs, Inc. v. Pharmacia Corp.,* 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) ("[T]he prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct in a patent infringement action."). *Ed Tobergte Assocs. Co. v. Russell Brands, LLC,* 259 F.R.D. 550, 555 (D. Kan. 2009) ("[T]he mental impressions and knowledge of the attorney who prosecuted the patent application cannot otherwise be obtained from other discovery sources."). *Environ Prods., Inc. v. Total Containment, Inc.,* No. CIV. A. 95-4467, 1996 WL 494132, at *4 (E.D. Pa. Aug. 22, 1996) (attorney's "mental impressions relevant to [inequitable conduct] can only be discovered directly from him"). *Hager v. Ariosa Diagnostics, Inc*., No. 23-MC-80261-LB, 2023 WL 8654388, at *2 (N.D. Cal. Dec. 14, 2023).

### 2. Testimony is Relevant to Samsung's (Pending) Inventorship Defense

As with inequitable conduct, "prosecution counsel[] is the only source of information concerning his [or her] knowledge of other inventors and his [or her] mental impressions concerning the inventorship of the patents." *Genal Strap, Inc. v. Dar*, No. CV-2004-1691(SJ)(MDG), 2006 WL 525794, at *2 (E.D.N.Y. Mar. 3, 2006); *see also Alcon Lab'ys, Inc. v. Pharmacia Corp.,* 225 F. Supp. 2d 340, 343 (S.D.N.Y. 2002) (finding prosecution counsel whose "name [was] the only one that

appear[ed] on the face of the patent as an attorney," was the "only source" and "the best source" of "information concerning the prosecution history and inventorship" of the asserted patent).

Thus, as with inequitable conduct, Ms. Jacobsen's testimony is relevant to Samsung's pending improper inventorship defense. *See* Sect. IV.A.I, *supra* (collecting cases).

### 3. Ms. Jacobsen's Contrary Claim is Wrong

Ms. Jacobsen's claim that "subpoenas for testimony from patent prosecution counsel about their patent prosecution activity for a client are disfavored; and a request for enforcement must be supported by a particularized showing of need and importance" is wrong. Mot. at 8. The three cases on which Ms. Jacobsen relies— *In re Insogna*, *Games2U,* and *Bales*— all confirm as much. *Id.*

(1)   *In re Insogna* states the opposite of what Ms. Jacobsen claims: "Understandably, in cases where inequitable conduct is alleged, courts are more willing to permit depositions of opposing counsel, since their intent and mental state during the patent prosecution are directly at issue." *In re Insogna*, 2020 WL 85487, at *10. In *In re Insogna*, the Court granted motions to quash as to (a) **trial** counsel (applying the *Shelton* factors, which do not apply here) and (b) prosecution counsel as to testimony about the "doctrine of equivalents," which, unlike inequitable conduct and inventorship, does not implicate prosecution counsel's unique mental impressions and knowledge of the asserted patents' prosecution history and inventorship. *Id.* at *9-11.

(2)   *Games2U* also states the opposite of what Ms. Jacobsen claims: "[C]ourts allow the deposition of patent prosecution counsel where . . . a defense of inequitable conduct raised by the defendant which places at issue the knowledge and state of mind of the opposing party's patent counsel." *Games2U, Inc. v. Game Truck Licensing, LLC,* No. MC-13-00053-PHX-GMS, 2013 WL 4046655, at *8 (D. Ariz. Aug. 9, 2013). In *Games2U*, the Court granted a motion to quash where the (counterclaim) defendant "had not yet alleged [an inequitable conduct] defense." *Id.* at *9.

(3)   In *Bales*, the Court granted a motion to quash where there was no "claim or defense relating to the co-inventors is at issue in the underlying litigation"–*i.e.,* there was no relevant claim or defense, as required by Rule 26. *Bales v. Quest USA Corp.*, No. 1:18-MC-00222-RM, 2019 WL 1454696, at *2 (D. Colo. Apr. 2, 2019). Not so here, where Samsung alleges inequitable conduct and improper inventorship (pending). *Bales* also applied the *Shelton* factors, which do not apply here.

*See In re Insogna*, 2020 WL 85487, at *3 (S.D. Cal. Jan. 3, 2020); *Moser*, 2019 WL 763487, at *2 (E.D. Tex. Feb. 20, 2019).

### B. Ms. Jacobsen Cannot Avoid Deposition by Claiming Everything She Knows is Protected

Ms. Jacobsen claims the subpoena must be quashed because a "deposition about the 'why,' 'what' and 'when' of specific prior art that was (or was not) disclosed to the Patent Office by Headwater immediately and inexorably butts up against attorney-client privilege and opinion work product" and thus she does not possess any non-privileged information. Mot. at 9, 5 (demanding specificity of what possible "non-privileged information Ms. Jacobsen could provide"). Again, she is wrong, as the wealth of authority recognizes.

*First,* Ms. Jacobsen's "generalized allegations of attorney-client privilege are insufficient to prevent the deposition." *Dueppen v. Guardant Health, Inc.,* No. 23-MC-216-GBW, 2023 WL 6621362, at *2 (D. Del. Oct. 11, 2023) (denying third party prosecution counsel's motion to quash defendant's subpoena seeking information regarding defendant's improper inventorship and unclean hands counterclaims). Just "asserting her lack of non-privileged or non-protected information is not dispositive of the issue of whether she should be subject to a deposition," since "in general an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, and must submit to a deposition so that her lack of knowledge may be tested and any claimed privilege placed on the record." *Id.* (quotations and citations omitted). Rather:

> [In inequitable conduct cases] where the mental impressions of the prosecuting patent attorney are not only relevant, but possibly crucial . . . the court will allow the deposition [of prosecution counsel] with the possibility of the attorney claiming privilege with respect to certain questions. Courts have found that a blanket prohibition on a deposition is inappropriate, especially considering that patent prosecutors are regularly deposed in subsequent patent litigation. Excusing a witness from being deposed at all requires the court to rule in a vacuum that every question to be asked will seek to elicit privileged information as such courts have found that absent extraordinary circumstances, an order prohibiting the taking of a deposition altogether would likely be in error.

*Mondis*, 2017 WL 4155121, at *4 (internal citations, quotations omitted) (denying motion to quash deposition subpoena of prosecution counsel, who was also trial counsel, where subpoena sought counsel's testimony as to inequitable conduct allegations). "If certain questions are asked that are

privileged, [Ms. Jacobsen] will be free to object." *Id.* But her general claim that all her testimony would be protected is insufficient to excuse her deposition.

*Second,* and for completeness and clarity as to Ms. Jacobsen's general assertion of work product as to patent prosecution (considering prior motion practice), "there is a general consensus among courts that the work product doctrine does not apply to patent prosecution work because patent prosecution is not an adversarial, litigation-type proceeding, but a wholly *ex parte* proceeding before the PTO." *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-CV-03424-JD, 2016 WL 7475820, at *10 (N.D. Cal. Dec. 29, 2016) (collecting cases) (quotations omitted). Ms. Jacobsen is well-aware of this consensus because, as documented above (and in *In re: Krista Jacobsen*, No. 5:24-mc-80012-VKD), she admittedly improperly maintained work product objections for prosecution materials. A generalized claim of work product here is improper, especially as a justification to quash a deposition of prosecution counsel where inequitable conduct and improper inventorship are alleged.

*Third,* Ms. Jacobsen (again) mistakenly relies on *Games2U*. As noted above, *Games2U* recognizes that "courts allow the deposition of patent prosecution counsel where . . . a defense of inequitable conduct raised by the defendant which places at issue the knowledge and state of mind of the opposing party's patent counsel." *Games2U,* 2013 WL 4046655, at *8. But in *Games2U,* the (counterclaim) defendant had not yet alleged an inequitable conduct defense (*id.* at *9) and thus "on balance there [was] not sufficient benefit from the deposition to outweigh the burden on [prosecution counsel] and the risk of encountering privilege issues." As detailed above, such is not the case here.

Samsung, of course, does not seek privileged information. Prosecution attorneys are routinely deposed regarding their non-privileged, unique mental impressions and knowledge of the asserted patents' prosecution history and inventorship. *See* Sect. IV.A (collecting cases).

**C.     Burden**

   1. <u>Samsung's Inequitable Conduct Defense</u>

As to inequitable conduct, Ms. Jacobsen offers two arguments as to why the subpoena is burdensome.

*First*, Ms. Jacobsen claims her prior one-hour deposition in a separate case on separate patents with separate allegations satisfies all her discovery obligations as a subpoenaed third party in this (and

possibly future) cases, and any further deposition would be an undue burden. Mot. at 8-10. Ms. Jacobsen cites no case law standing for this position. And that is unsurprising, given that it would punish defendants who have no control over plaintiffs' decisions to file serial cases asserting different patents and raising new issues. Samsung cannot control Headwater's choices as to when it asserts what patents against whom. Headwater has chosen to serially assert a variety of patents over many cases, and Samsung has the right to defend itself.

On this point, *Hager* is instructive. No. 23-MC-80261-LB, 2023 WL 8654388, at *2 (N.D. Cal. Dec. 14, 2023). In *Hager*, the defendants alleged inequitable conduct and subpoenaed prosecution counsel. The plaintiff had also sued several other defendants for allegedly infringing the patents-in-suit. In one such case, a different defendant—represented by the firm representing the defendants in the *Hager* case—also asserted inequitable conduct. *Id.* Prosecution counsel sat for a seven-hour deposition in that case, where she testified that "did not remember the prosecution of the patents because it occurred so long ago." *Id*. In *Hager,* she argued that she did not want to sit for another deposition because it was "unnecessary and cumulative (because she does not know and because the defendants-respondents have deposed those who allegedly do)." *Id.* The Court denied her motion to quash, noting that "[t]he defendants-respondents agreed to limit their deposition to two hours" and "agreed to hold the deposition at a time and place that is convenient for" prosecution counsel. *Id.*

Ms. Jacobsen was Headwater's prosecution counsel, ████████████, is the named prosecuting attorney on at least two asserted patents, and is named in Headwater's initial disclosures. She was previously deposed for only about one hour. There has been more than a year of discovery, trial testimony, and hearing testimony in this and other Headwater cases on which Samsung is permitted to rely to depose Ms. Jacobsen. It is not too burdensome to ask her to sit for a limited deposition on issues relating to inequitable conduct.

*Second,* relying on the *Games2U* case, Ms. Jacobson argues Samsung must first show that information sought from her testimony "is not available from other sources." Mot. at 9-10. Ms. Jacobson is wrong. As noted, *Games2U* recognizes that courts allow the deposition of prosecution counsel where inequitable conduct is a defense, which was **not** the case in *Games2U*

(where there was no asserted inequitable conduct defense). *Games2U*, 2013 WL 4046655 at *8-9. Rather, Samsung need not "exhaust every available option before requesting the deposition of" Ms. Jacobsen where Samsung has alleged inequitable conduct. *Mondis*, 2017 WL 4155121, at *3 (denying motion to quash deposition subpoena of prosecution counsel, who was also trial counsel, where subpoena sought counsel's testimony as to inequitable conduct allegations).

2.  <u>Samsung's Pending Improper Inventorship Defense</u>

As to improper inventorship, Ms. Jacobsen offers two arguments as to why the subpoena is burdensome.

*First*, Ms. Jacobson argues that since Samsung's inventorship defense is pending, it cannot "serve as a hook to compel" Ms. Jacobsen's deposition. Mot. at 10. Where, as here, a defense is subject to a pending motion for leave to amend an answer, this Court has found that the "most prudent" course of action is to "await the trial court's ruling on the motion for leave to amend before permitting the sought-after discovery." *Petka v. Mylan Pharms., Inc.*, No. 16-MC-80196-MEJ, 2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016). To that end, to move this issue to resolution, and consistent with Samsung's prior positions (negating the need to serve two subpoenas and seek another deposition should the Court grant Samsung's motion for leave to amend), Samsung agrees the deposition should occur after the trial court's ruling on Samsung's motion for leave to amend.

*Second*, relying on the *Bales* case, Ms. Jacobson argues Samsung must first show her testimony "is needed" and cannot be obtained through "other means." Ms. Jacobsen is wrong. *First,* this Colorado case applied the *Shelton* factors, which, as discussed above, are not applicable here. *Insogna,* 2020 WL 85487, at *3; *Moser,* 2019 WL 763487, at *2. And even if did they apply, Samsung need not "exhaust every available option before requesting the deposition of" Ms. Jacobsen. *Mondis*, 2017 WL 4155121, at *3. *Second,* as noted above, in *Bales* no "claim or defense relating to the co-inventors [wa]s at issue in the underlying litigation"–*i.e.,* there was no relevant claim or defense. That is not the case here, where Samsung has sought leave to amend its complaint to add improper inventorship.

3.  <u>Alleged Harassment</u>

Ms. Jacobsen's focus on Samsung alleged harassment does not withstand scrutiny.

*First,* Ms. Jacobsen claims Samsung's efforts to obtain discovery from "Headwater's employees and former employees" is harassment. Mot. at 5-6. Headwater has only two employees (an office manager and Dr. Raleigh) and ItsOn went bankrupt in 2018. Therefore, virtually every person listed on Headwater's initial disclosures or otherwise learned of during discovery is necessarily a former employee. Further, Headwater's allegations stem from activities occurring more than a decade ago, some as far back as 2008. With time passed and memories faded, Samsung must do its best to put together the facts surrounding these old events, especially considering the significant volume of ItsOn ESI missing (spoliation motion is pending in underlying matter).[13]

*Second,* Headwater incorrectly casts the events surrounding Ms. Jacobsen's -422 subpoena as harassing, in which she allegedly did nothing wrong and was vindicated by the trial court. *See* Mot. at 1 (claiming Samsung's prior motion to enforce "was denied in substance in its entirety" and "[h]aving failed once, Samsung" is trying again). This characterization is wrong. Ms. Jacobsen spent months flouting basic discovery and professional requirements, ignoring repeated requests for meetings and attempted resolution, only to do an about-face in response to Samsung's motion to enforce the -422 subpoena. This record is amply documented and cannot credibly be disputed. *See* Sect. II.B, *supra.* Samsung is surprised that Ms. Jacobsen is trying to leverage her past behavior to mar Samsung and excuse a further deposition. She should not be allowed to do so.

In reality, it appears that Ms. Jacobsen is looking to make these cases go away because of some animosity between her and Headwater, as her counsel testified:

/ / /

/ / /

/ / /

---

[13] Headwater takes particular issue with Samsung's motion to compel discovery to support its Real Party in Interest defense. Headwater omits that: (i) Headwater had ***already agreed*** to produce Kagan's personal email and offer Kagan for a deposition based on his role at Headwater; and (ii) ***every case*** on which Headwater relied was a case in which the trial court had granted the discovery that Samsung sought (production of specific, sometimes redacted, agreements between entities to determine real party in interest). *See Polaris PowerLED Techs., L.L.C. v. Samsung,* 2019 WL 1399927 (E.D. Tex. Mar. 28, 2019), *Kenall Mfg. v. Cooper Lighting, LLC,* 2020 WL 4015324, at *5 (N.D. Ill. July 16, 2020), *and Appvion, Inc. v. P.H. Glatfelter Co.,* 2015 WL 2374514, at *2 (E.D. Wis. May 15, 2015). While the Court ultimately denied the motion, it was not to harass.

> 8   This is -- so Ms. Jacobsen was in-house counsel at
> 9   Headwater. She did handle patent prosecution, but she was
> 10  general counsel -- in-house counsel as well.
> 11      So in response to this very broad subpoena, we
> 12  reached out to Ms. Jacobsen. Ms. Jacobsen is no longer
> 13  with the company. Frankly, left on not the best terms.
> 14  She doesn't want to be involved here. And so while she is
> 15  our client, we have -- we have had relatively limited
> 16  access to her. What she provided to us was her laptop.

Dkt. 1-3 at 24:12-16. While unfortunate, her strife with Headwater does not mean she can avoid testifying, given her well-documented roles, relevant information, and Samsung's asserted defenses.

## V. SAMSUNG DOES NOT OPPOSE MS. JACOBSEN'S TRANSFER REQUEST

Samsung does not oppose Ms. Jacobsen's request to transfer to the Eastern District of Texas per Rule 45(f).

## VI. CONCLUSION

For the reasons stated therein, Samsung respectfully requests that the deciding court (whether in N.D. Cal. or E.D. Tex.) (i) order a three-hour deposition of Ms. Jacobsen, and (ii) deny Ms. Jacobsen's request for fees.

Dated: May 21, 2025　　　　　　　　　　　FISH & RICHARDSON P.C.

By: /s/ Leeron G. Kalay
　　Leeron G. Kalay

Attorneys for Defendants
SAMSUNG ELECTRONIC CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.