# EXHIBIT 61

08/08/2012  20:14   16506108051                    WOODSIDE FUND    RECEIVED        PAGE   02/03
                                                                CENTRAL FAX CENTER
                                                                AUG 0 8 2012

PTO/SB/80 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(b).

I hereby appoint:

☑ Practitioners associated with the Customer Number:     | 107265

**OR**

☐ Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | | Name | Registration Number |
|------|--------|--|------|--------|
|      |        |  |      |        |
|      |        |  |      |        |
|      |        |  |      |        |
|      |        |  |      |        |

as attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned *only* to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(b).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(b) to:

☑ The address associated with Customer Number:     | 107265

**OR**

☐ Firm or Individual Name

| Address |  |  |  |
|---------|--|--|--|
| City    |  | State |  | Zip |
| Country |  |  |  |
| Telephone |  | Email |  |

**Assignee Name and Address:**

Headwater Partners I LLC
350 Marine Parkway, Suite 300
Redwood City, CA 94065 U.S.A.

A copy of this form, together with a statement under 37 CFR 3.73(b) (Form PTO/SB/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(b) may be completed by one of the practitioners appointed in this form if the appointed practitioner is authorized to act on behalf of the assignee, and must identify the application in which this Power of Attorney is to be filed.

**SIGNATURE of Assignee of Record**
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature |  | Date | July 5, 2012 |
|-----------|--|------|--------------|
| Name | Gregory G. Raleigh | Telephone | 650-517-2781 |
| Title | Manager |  |  |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

08/08/2012  20:14  16506108051          WOODSIDE FUND          PAGE  03/03

RECEIVED
CENTRAL FAX CENTER

AUG 0 8 2012

PTO/SB/96 (08-08)
Approved for use through 09/30/2009. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner: Gregory G. Raleigh

Application No./Patent No.: 12/380,771          Filed/Issue Date: March 2, 2009

Entitled: Verifiable Service Billing for Intermediate Networking Devices

Headwater Partners I LLC _____, a    limited liability company _____
(Name of Assignee)                                  (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. [✓]  the assignee of the entire right, title, and interest; or

2. [ ]  an assignee of less than the entire right, title and interest
        (The extent (by percentage) of its ownership interest is _____ %)

in the patent application/patent identified above by virtue of either:

A. [✓]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in
        the United States Patent and Trademark Office at Reel __022799__, Frame __0660__, or for which a
        copy therefore is attached.

OR

B. [ ]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: _____    To: _____

      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   2. From: _____    To: _____

      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   3. From: _____    To: _____

      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

[ ]  Additional documents in the chain of title are listed on a supplemental sheet.

[✓]  As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was,
     or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

     [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in
     accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

_____          August 8, 2012
Signature                                  Date

Krista S. Jacobsen, Reg. No. 59,374        650-517-2798
Printed or Typed Name                      Telephone Number

Attorney of Record
_____
Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to
process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including
gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time
you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S.
Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner
for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PATENT
Docket No. 26WV-160287

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Confirmation No. 5591 |
| Gregory G. RALEIGH | Examiner: Iqbal Zaidi |
| Application No.: 12/380,771 | Group Art Unit: 2464 |
| Filed: March 2, 2009 | |
| For: VERIFIABLE SERVICE BILLING FOR INTERMEDIATE NETWORKING DEVICES | |

## **AMENDMENT AND RESPONSE**

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is in response to the office action mailed on September 1, 2010, the deadline for response ending on March 1, 2011 with the enclosed three-months extension of time. The following amendments and remarks are respectfully submitted:

**Listing of Claims** begins on page 2.

**Remarks** start at page 11.

U.S. Serial No. 12/380,771                                  Attorney Docket No.: 26WV-160287

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings of claims in the application:

**Listing of Claims:**

Without prejudice or surrender of any subject matter, please amend the claims as follows:

1-22.   (Canceled)

23.     (New)  A first end point device comprising:

an access network modem configured to communicate data over at least one access network;

a local area network modem configured to communicate data with one or more additional end point devices over a local area network;

a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to implement a network access forwarding service; and

a service processor configured to:

detect an event associated with the access network forwarding service;

present a notification message to a user of the first end point device in response to the event, the notification message including an offer to activate the access network forwarding service;

receive a user response for activating the access network forwarding service; and

provide the user response to an activation server as part of enabling the access network forwarding service for the first end point device.

24.     (New)  The first end point device of claim 23, wherein the user response includes user preferences for the access network forwarding service.

25.     (New)  The first end point device of claim 23, wherein the user response is received as input into a display window associated with the notification message.

U.S. Serial No. 12/380,771                          Attorney Docket No.: 26WV-160287

26.    (New)  The first end point device of claim 23, wherein the detecting an event includes intercepting a request to perform access network forwarding.

27.    (New)  The first end point device of claim 23, wherein the detecting an event includes detecting user interest in using the access network forwarding service.

28.    (New)  The first end point device of claim 23, wherein content of the notification message is received from the activation server.

29.    (New)  The first end point device of claim 23, wherein the service processor is further configured to:

receive a service profile including one or more access network forwarding settings from the activation server;

update the access network forwarding policy with one or more access network forwarding settings to enable the forwarding agent to forward the data.

30.    (New)  The first end point device of claim 29, wherein the one or more access network forwarding settings specify which access network route or traffic redirection is to be used by the forwarding agent when attempting to forward traffic between the one or more additional end point devices and the access network.

31.    (New)  The first end point device of claim 29, wherein the forwarding agent is configured to adjust the access network forwarding service based on a network congestion state.

32.    (New)  The first end point device of claim 29, wherein the forwarding agent is configured to adjust the access network forwarding service based on a time of day.

33.    (New)  The first end point device of claim 29, wherein the one or more access network forwarding settings include one or more restrictions on the access network forwarding service

34.    (New)  The first end point device of claim 33, wherein based on an access network forwarding setting, the forwarding agent is configured to restrict providing a forwarding connection of the network access forwarding service to a maximum number of additional end

U.S. Serial No. 12/380,771                                    Attorney Docket No.: 26WV-160287

point devices, wherein the forwarding connection connects the one or more additional end point devices to the access network via the forwarding agent.

35.     (New)  The first end point device of claim 34, wherein the forwarding agent includes a policy implementation agent configured to forward data in the first end point device's communications stack, and a firewall agent configured to pass or redirect data to one or more specific access network routing paths according to the access network forwarding policy.

36.     (New)  The first end point device of claim 33, wherein based on an access network forwarding setting, the forwarding agent is configured to restrict data associated with certain network destinations from being forwarded.

37.     (New)  The first end point device of claim 36, wherein the network destinations that are restricted are determined by a parental control policy stored on the first end point device.

38.     (New)  The first end point device of claim 33, wherein based on an access network forwarding setting, the forwarding agent is configured to restrict a certain data content type from being forwarded.

39.     (New)  The first end point device of claim 33, wherein the service processor is further configured to determine a network traffic classification for the data, and wherein the one or more restrictions include restrictions that vary depending on the network traffic classification of the data.

40.     (New)  The first end point device of claim 33, wherein based on an access network forwarding setting, the forwarding agent is configured to restrict a usage of a forwarding connection of the network access forwarding service, wherein the forwarding connection connects the one or more additional end point devices to the access network via the forwarding agent.

41.     (New)  The first end point device of claim 40, wherein a restriction is on an aggregate usage of the forwarding connection, and wherein the aggregate usage limit applies to a total usage for all additional end point devices.

U.S. Serial No. 12/380,771                          Attorney Docket No.: 26WV-160287

42.     (New)  The first end point device of claim 40, wherein a restriction is on a data rate of usage of the forwarding connection.

43.     (New)  The first end point device of claim 29, wherein the service processor is further configured to facilitate enabling the access network forwarding service on at least two access networks, and wherein the one or more access network forwarding settings include at least one setting that is different for different access networks.

44.     (New)  The first end point device of claim 43, wherein the different access networks include a home access network and a roaming access network, and wherein the access network forwarding settings used to implement the access network forwarding service are dependent on whether the first end point device is connected to the home access network or the roaming access network.

45.     (New)  The first end point device of claim 29, wherein the service profile includes a forwarding service notification to be provided by the service processor to the user of the first end point device or a user of an additional end point device during use of the access network forwarding service.

46.     (New)  The first end point device of claim 45, wherein the forwarding service notification informs the user of an amount of usage of the access network forwarding service usage, a rate of usage of the access network forwarding service usage, that the access network forwarding service is being used on a particular access network, that a service usage restriction is in place for the forwarding service, that the access network forwarding service is available, or that the access network forwarding service is not available.

47.     (New)  The first end point device of claim 45, wherein the forwarding service notification provides the user with an option to purchase additional access network forwarding service.

48.     (New)  The first end point device of claim 23, wherein the local area network modem provides a connection via at least one of Bluetooth, Wi-Fi, or USB, and wherein the access network modem provides a connection via at least one 2G, 3G, or 4G wireless network.

U.S. Serial No. 12/380,771                          Attorney Docket No.: 26WV-160287

49.    (New)  A network system for activating an access network forwarding service for a first end point device, the first end point device including an access network modem configured to communicate data over at least one access network, a local area network modem configured to communicate data with one or more additional end point devices over a local area network, a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to implement a network access forwarding service, and a service processor configured to send one or more messages including a user response for activating the access network forwarding service to the network system, the network system comprising:

      one or more activation servers configured to:

            receive the one or more messages from the service processor of the first end point device, the one or more messages including the user response;

            perform an activation sequence in response to receiving the user response from the service processor; and

            provision at least one of the first end point device and one or more network elements to allow the access network forwarding service to be provided on the first end point device.

50.    (New)  The network system of claim 49, wherein the one or more messages includes credentials specific to the first end point device, and wherein the activation sequence is specific to the credentials.

51.    (New)  The network system of claim 49, wherein a first activation server is configured to re-route the first end point device to a second activation server based on a credential received from the first end point device or based on a query-response sequence.

52.    (New)  The network system of claim 49, wherein the one or more activation servers are further configured to provision the first end point device by transmitting software for updating the service processor of the first end point device.

53.    (New)  The network system of claim 49, wherein the one or more activation servers are operated by a virtual service provider, and wherein the virtual service provider bills a user of the

U.S. Serial No. 12/380,771                          Attorney Docket No.: 26WV-160287

first end point device for the access network forwarding service and provides a payment to a provider of the access network.

54.     (New)  The network system of claim 49, further comprising:

a service controller configured to:

    obtain a service profile including one or more access network forwarding settings for the access network forwarding policy, and

    send at least one of the access network forwarding settings to each of the network elements as part of the provisioning, wherein the one or more network elements include at least one of an authentication and authorization server, a billing system, and one or more gateways.

55.     (New)  The network system of claim 54, wherein the service controller is further configured to assign the forwarded data to one or more specific access network routing paths.

56.     (New)  The network system of claim 49, further comprising:

a service controller configured to:

    obtain a service profile including one or more access network forwarding settings for the access network forwarding policy; and

    transmit the one or more access network forwarding settings to at least one selected from the group consisting of the first end point device and at least one of the one or more network elements.

57.     (New)  The network system of claim 56,  wherein at least one of the access network forwarding settings configures the forwarding agent to begin providing the forwarding of the data.

58.     (New)  The network system of claim 56, wherein at least one of the access network forwarding settings is a function of a network congestion state.

59.     (New)  The network system of claim 56, wherein at least one of the access network forwarding settings is a function of a time of day.

60.     (New)  The network system of claim 56, wherein at least one of the access network forwarding settings specifies which access network route or traffic redirection is to be used by

U.S. Serial No. 12/380,771                    Attorney Docket No.: 26WV-160287

the first end point device when attempting to forward traffic between the one or more additional end point devices and the access network.

61.    (New)  The network system of claim 56,  wherein the one or more access network forwarding settings include one or more restrictions on the access network forwarding service.

62.    (New)  The network system of claim 61, wherein a restriction restricts data associated with certain network destinations from the access network forwarding service.

63.    (New)  The network system of claim 62, wherein the network destinations that are restricted are determined by a parental control policy.

64.    (New)  The network system of claim 61, wherein the one or more restrictions include restrictions that vary depending on a network traffic classification of the data.

65.    (New)  The network system of claim 61, wherein a restriction is on a usage of a forwarding connection of the access network forwarding service, wherein the forwarding connection connects the one or more additional end point devices to the access network via the forwarding agent.

66.    (New)  The network system of claim 56, wherein the one or more access network forwarding settings include at least one setting that is different for different access networks, each providing a access network forwarding service.

67.    (New)  The network system of claim 49, further comprising:
a service controller configured to provide a forwarding service notification to the first end point device or to an additional end point device during use of the access network forwarding service.

68.    (New)  The network system of claim 67, wherein the forwarding service notification informs the user of an amount of usage of the access network forwarding service usage, a rate of usage of the access network forwarding service usage, that the access network forwarding service is being used on a particular access network, that a service usage restriction is in place for the forwarding service, that the access network forwarding service is available or that the access network forwarding service is not available.

U.S. Serial No. 12/380,771                    Attorney Docket No.: 26WV-160287

69.    (New)  The network system of claim 56, wherein a restriction restricts a forwarding connection of the network access forwarding service to a maximum number of additional end point devices, wherein the forwarding connection connects the one or more additional end point devices to the access network via the forwarding agent.

70.    (New)  A method comprising:

receiving, at a service design system, first service plan elements of a first service plan for using an access network forwarding service, the access network forwarding service to be used by a first end point device, the first end point device including an access network modem configured to communicate data over at least one access network, and a local area network modem configured to communicate data with one or more additional end point devices over a local area network;

generating an access network forwarding policy based on the first service plan elements, the access network forwarding policy defining a state of a forwarding connection, wherein the forwarding connection is configured to communicate the data between the one or more additional end point devices and the access network via the local area network modem and the access network modem, wherein the first service plan elements include one or more access network forwarding settings that define one or more restrictions on the access network forwarding service;

associating the first end point device with the first service plan;

translating the access network forwarding policy to first instructions; and

providing the first instructions to one or more policy implementation agents, the one or more policy implementation agents capable of implementing the access network forwarding policy for the first end point device.

71.    (New)  The method of claim 70, wherein a restriction restricts use of the forwarding connection of the network access forwarding service to a maximum number of additional end point devices.

72.    (New)  The method of claim 70, wherein a restriction restricts data associated with certain network destinations from the access network forwarding service.

U.S. Serial No. 12/380,771                    Attorney Docket No.: 26WV-160287

73.    (New)  The method of claim 71, wherein the network destinations that are restricted are determined by a parental control policy.

74.    (New)  The method of claim 70, wherein the one or more restrictions include restrictions that vary depending on a network traffic classification of the data.

75.    (New)  The method of claim 70, wherein a restriction is on a usage of a forwarding connection of the access network forwarding service, wherein the forwarding connection connects the one or more additional end point devices to the access network via the forwarding agent.

76.    The method of claim 70, wherein the one or more policy implementation agents include the first end point device.

77.    (New)  A first end point device comprising:
       an access network modem configured to communicate data over at least one access network;
       a local area network modem configured to communicate data with one or more additional end point devices over a local area network;
       a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to implement a network access forwarding service; and
       a service processor configured to:
              detect an event associated with the access network forwarding service; and
              present a notification message to a user of the first end point device in response to the event, the notification message including an indication that the access network forwarding service is unavailable.

U.S. Serial No. 12/380,771                      Attorney Docket No.: 26WV-160287

# REMARKS

Claim 1-22 were pending and rejected.  Claim 1-22 are being cancelled.  Claims 23-77 are being added.  Claims 23-77 are now pending.   No new matter is being added. Reconsideration is respectfully requested.

### Claim Rejections – 35 U.S.C. §101

In section 4, the Examiner rejected claim 21 as directed to nonstatutory subject matter. Claim 21 is being cancelled.  The rejection is now moot.

### Double Patenting

In sections 5 and 6, the Examiner provisionally rejected claims 1-8 and 21-22 on the ground of non-statutory obviousness-type double patenting over claims 1-8 and 18-19 of a co-pending application No. 12/380,769.  Claims 1-8 and 21-22 are being cancelled.  The rejection is now moot.

### Claim Rejections – 35 U.S.C. §102 and §103

In sections 6 and 7, the Examiner rejected claims 1-4, 9-11 and 21-22 under 35 U.S.C. §102(e) as being anticipated by Varadhan.  Claims 1-4, 9-11 and 21-22 are being cancelled.  The rejection is now moot.

### Claim Rejections – 35 U.S.C. §102 and §103

In sections 8 and 9, the Examiner rejected claims 5-8 under 35 U.S.C. §103 as obvious over Varadhan in view of Necka.  Claims 5-8 are being cancelled.  The rejection is now moot.

In section 10, the Examiner claims 9 and 13-20 under 35 U.S.C. §103 as obvious over Varadhan in view of Ansari.  Claims 9 and 13-20 are being cancelled.  The rejection is now moot.

U.S. Serial No. 12/380,771                        Attorney Docket No.: 26WV-160287

*New Claims*

Applicant is adding new claims 23-74.  No new matter is being added.

Claim 23 recites "A first end point device comprising:  an access network modem configured to communicate data over at least one access network; a local area network modem configured to communicate data with one or more additional end point devices over a local area network; a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to implement a network access forwarding service; and a service processor configured to: detect an event associated with the access network forwarding service; present a notification message to a user of the first end point device in response to the event, the notification message including an offer to activate the access network forwarding service; receive a user response for activating the access network forwarding service; and provide the user response to an activation server as part of enabling the access network forwarding service for the first end point device."  None of Varadhan, Necka or Ansari describe "a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to implement a network access forwarding service" or "a service processor configured to: detect an event associated with the access network forwarding service; present a notification message to a user of the first end point device in response to the event, the notification message including an offer to activate the access network forwarding service; receive a user response for activating the access network forwarding service; and provide the user response to an activation server as part of enabling the access network forwarding service for the first end point device."  Accordingly, Applicant respectfully submits that claims 23-48 are patentable for at least these reasons.

Claim 49 recites "A network system for activating an access network forwarding service for a first end point device, the first end point device including an access network modem configured to communicate data over at least one access network, a local area network modem configured to communicate data with one or more additional end point devices over a local area network, a forwarding agent configured to forward the data between the access network modem and the local area network modem according to an access network forwarding policy to

implement a network access forwarding service, and a service processor configured to send one or more messages including a user response for activating the access network forwarding service to the network system, the network system comprising: one or more activation servers configured to: receive the one or more messages from the service processor of the first end point device, the one or more messages including the user response; perform an activation sequence in response to receiving the user response from the service processor; and provision at least one of the first end point device and one or more network elements to allow the access network forwarding service to be provided on the first end point device." None of Varadhan, Necka or Ansari describe "one or more activation servers configured to: receive the one or more messages from the service processor of the first end point device, the one or more messages including the user response; perform an activation sequence in response to receiving the user response from the service processor; and provision at least one of the first end point device and one or more network elements to allow the access network forwarding service to be provided on the first end point device." Accordingly, Applicant respectfully submits that claims 49-69 are patentable for at least these reasons.

Claim 70 recites "A method comprising: receiving, at a service design system, first service plan elements of a first service plan for using an access network forwarding service, the access network forwarding service to be used by a first end point device, the first end point device including an access network modem configured to communicate data over at least one access network, and a local area network modem configured to communicate data with one or more additional end point devices over a local area network; generating an access network forwarding policy based on the first service plan elements, the access network forwarding policy defining a state of a forwarding connection, wherein the forwarding connection is configured to communicate the data between the one or more additional end point devices and the access network via the local area network modem and the access network modem, wherein the first service plan elements include one or more restrictions on the access network forwarding service; associating the first end point device with the first service plan; translating the access network forwarding policy to first instructions; and providing the first instructions to one or more policy implementation agents, the one or more policy implementation agents capable of implementing the access network forwarding policy for the first end point device." None of Varadhan, Necka

U.S. Serial No. 12/380,771                    Attorney Docket No.: 26WV-160287

or Ansari describe "generating an access network forwarding policy based on the first service plan elements... wherein the first service plan elements include one or more restrictions on the access network forwarding service" or "providing the first instructions to one or more policy implementation agents, the one or more policy implementation agents capable of implementing the access network forwarding policy for the first end point device." Accordingly, Applicant respectfully submits that claims 70-76 is patentable for at least these reasons.

Claim 77 recites "." None of Varadhan, Necka or Ansari describe "." Accordingly, Applicant respectfully submits that claim 77 is patentable for at least these reasons.

Support for claim 23 is found at least in paragraphs [00112], [00207], [00226], [00417], [00466], [00467], and [00472]. Support for claim 24 is found at least in paragraphs [0076], [0081], [0094], [00226], [00232], and [00343]. Support for claim 25 is found at least in paragraph [00417]. Support for claim 26 is found at least in paragraph [00212]. Support for claim 27 is found at least in paragraphs [00212] and [00219]. Support for claim 28 is found at least in paragraph [00212]. Support for claim 29 is found at least in paragraphs [00377], [00490], and [00491. Support for claim 30 is found at least in paragraphs [00156] – [00158], [00197], [00268], [00490], [00541], and [00544]. Support for claim 31 is found at least in paragraph [00213]. Support for claim 32 is found at least in paragraphs [00205], [00213], and [00280]. Support for claim 33 is found at least in paragraph [00520]. Support for claim 34 is found at least in paragraph [00520], [00528], and [00545]. Support for claim 35 is found at least in paragraphs [00109], [00153] – [00157], [00231], [00257], [00364], and [00467]. Support for claim 36 is found at least in paragraphs [0090], [00109], [00188], [00231], and [00257]. Support for claim 37 is found at least in paragraph [0090]. Support for claim 38 is found at least in paragraphs [0075], [00203], [00221], and [00229]. Support for claim 39 is found at least in paragraphs [0075] and [0086]. Support for claim 40 is found at least in paragraph [00520]. Support for claim 41 is found at least in paragraph [00520]. Support for claim 42 is found at least in paragraphs [00207], [00221], and [00520]. Support for claim 43 is found at least in paragraph [00508]. Support for claim 44 is found at least in paragraph [00508]. Support for claim 45 is found at least in paragraphs [0075], [0081], and [00525]. Support for claim 46 is found at least in paragraphs [0086], [0094], [00115], [00162], [00193], [00212], [00213], [00232], [00243], [00244], [00245], [00248], [00252], [00298], [00521], and [00533]. Support

U.S. Serial No. 12/380,771                          Attorney Docket No.: 26WV-160287

for claim 47 is found at least in paragraphs paragraph [00425] and [00438]. Support for claim 48 is found at least in paragraphs [0012] and [00135]. Support for claim 49 is found at least in paragraphs [00112], [00207], [00226], [00417], [00466], [00467], and [00472]. Support for claim 50 is found at least in paragraph [00467]. Support for claim 51 is found at least in paragraphs [00477] and [00490]. Support for claim 52 is found at least in paragraph [00497]. Support for claim 53 is found at least in paragraph [00131]. Support for claim 54 is found at least in paragraphs paragraph [00458], [00467], [00487] - [00489] and [00491]. Support for claim 55 is found at least in paragraphs [00156] - [00158], [00197], [00268], [00490], [00541], and [00544]. Support for claim 56 is found at least in paragraphs [00162], [00279], [00292], [00297], [00467], [00487] - [00489], and [00494]. Support for claim 57 is found at least in paragraphs [00162], [00279], [00292], and [00297]. Support for claim 58 is found at least in paragraph [00213]. Support for claim 59 is found at least in paragraphs [00205]. Support for claim 60 is found at least in paragraphs [00156] - [00158], [00197], [00268], [00490], [00541], and [00544]. Support for claim 61 is found at least in paragraph [00520]. Support for claim 62 is found at least in paragraphs [00109], [00188], [00231], and [00257]. Support for claim 63 is found at least in paragraph [0090]. Support for claim 64 is found at least in paragraphs [0075] and [0086]. Support for claim 65 is found at least in paragraph [00520]. Support for claim 66 is found at least in paragraphs [00508]. Support for claim 67 is found at least in paragraphs [0075], [0081], and [00525]. Support for claim 68 is found at least in paragraphs [0086], [0094], [00115], [00162], [00193], [00212], [00213], [00232], [00243], [00244], [00245], [00248], [00252], [00298], [00521], and [00533]. Support for claim 69 is found at least in paragraphs [0094], [00207], and [00211]. Support for claim 70 is found at least in paragraphs [00112], [00207], [00226], [00417], [00466], [00467], and [00472], and [00520]. Support for claim 71 is found at least in paragraphs [0094], [00207], and [00211]. Support for claim 72 is found at least in paragraphs [0090], [00109], [00188], [00231], and [00257]. Support for claim 73 is found at least in paragraph [0090]. Support for claim 74 is found at least in paragraphs [0075] and [0086]. Support for claim 75 is found at least in paragraph [00520]. Support for claim 76 is found at least in paragraphs [00157], [00215], and [00226].

U.S. Serial No. 12/380,771                         Attorney Docket No.: 26WV-160287

## CONCLUSION

If the Examiner has any questions or needs any additional information, the Examiner is invited to contact the undersigned.

Respectfully submitted,

Date: February 28, 2011              By: _____

Marc A. Sockol
Reg. No. 40,823
Customer Number 69849
Sheppard Mullin Richter & Hampton LLP
390 Lytton Avenue
Palo Alto, CA  94301
Telephone:  (650) 815-2600

<u>CERTIFICATE OF ELECTRONIC TRANSMISSION</u>

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being filed electronically via EFS-Web and addressed to MS Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313 on:

Date:  February 28, 2011      By: _____
                                   Valerie Cohen

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Inventor: | Gregory G. Raleigh | Examiner: | Not Assigned |
|---|---|---|---|
| Application No.: | 12/380,771 | Art Unit: | 2416 |
| Filed: | March 2, 2009 | Docket No.: | RALEP017 |
| Title: | VERIFIABLE SERVICE BILLING FOR INTERMEDIATE NETWORKING DEVICES | | |



CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in a prepaid envelope addressed to: Mail Stop Missing Parts, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on:

_5/26_ , 2009.

Veronica Pula

## PRELIMINARY AMENDMENT A

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

    Prior to the examination of the application on the merits, please amend the application as follows:

## AMENDMENTS TO THE DRAWINGS

The attached sheets of drawings include Figures 22A through 22B.   Figures 22A through 22B submitted herewith correspond to originally filed Figure 22.  These sheets, which include Figures 22A through 22B, replace the original sheet which includes Figure 22.

The attached sheets of drawings include Figures 26A through 26H.   Figures 26A through 26H submitted herewith correspond to originally filed Figure 26A through 26E.  These sheets, which include Figures 26Athrough 26H, replace the original sheets which include Figure 26A through 26E.

The attached sheets of drawings include Figures 27A through 27P.   Figures 27A through 27P submitted herewith correspond to originally filed Figure 27A through 27G.  These sheets, which include Figures 27A through 27P, replace the original sheets which include Figure 27A through 26G.

The attached sheets of drawings include Figures 28A through 28E.   Figures 28A through 28E submitted herewith correspond to originally filed Figure 28A through 28C.  These sheets, which include Figures 28A through 28E, replace the original sheets which include Figure 28A through 28C.

The attached sheets of drawings include Figures 42A through 42J.   Figures 42A through 42J submitted herewith correspond to originally filed Figure 42A through 42F.  These sheets, which include Figures 42A through 42J, replace the original sheets which include Figure 42A through 42F.

## REMARKS

The Specification has been amended to include the serial number for a provisional patent application to which this application claims priority and to correct typographical/clerical errors. The Specification has also been amended to correspond to the formal figures being filed herewith, in which, for example, certain figures providing various tables required additional pages to satisfy requirements for formal drawings. No new matter has been added.

If at any time the Examiner believes that an interview would be helpful, please contact the undersigned.

Respectfully submitted,

Dated: _5 - 26 - 2009_

Michael J. Schallop
Registration No. 44,319
V   408-207-4762
F   408-973-2595

VAN PELT, YI & JAMES LLP
10050 N. Foothill Blvd., Suite 200
Cupertino, CA 95014

Application Serial No. 12/380,771
Attorney Docket No. RALEP017                    8

17607
030209
U.S. PTO

## UTILITY PATENT APPLICATION TRANSMITTAL

(New Nonprovisional Applications Under 37 CFR § 1.53(b))

| Attorney Docket No. |
| RALEP017 |

### TO THE COMMISSIONER FOR PATENTS:

Transmitted herewith is the patent application of ( ) application identifier or (X) first named inventor, Gregory G. Raleigh, entitled VERIFIABLE SERVICE BILLING FOR INTERMEDIATE NETWORKING DEVICES, for a(n):

(X)   Original Patent Application.

( )   Continuing Application (prior application not abandoned):
    ( )   Continuation    ( )   Divisional    ( )   Continuation-in-part (CIP)
    of prior Application No. _____, filed _____.

( )   Please add after the title of the application "This is a
    ( )   Continuation    ( )   Divisional    ( )   Continuation-in-part (CIP)
    of Application No. _____, filed _____, which is hereby incorporated by reference."

(X)   This application claims the benefit of U.S. Provisional Application No. 61/206,354 (Attorney Docket No. RALEP001+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed January 28, 2009, U.S. Provisional Patent Application No. 61/206,944 (Attorney Docket No. RALEP002+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed February 4, 2009, U.S. Provisional Application No. 61/207,393 (Attorney Docket No. RALEP003+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed February 10, 2009, and U.S. Provisional Patent Application No. _____ (Attorney Docket No. RALEP004+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed on February 13, 2009, which are incorporated herein by reference for all purposes.

Enclosed are:
(X)   Specification; 2 44 Total Pages.    (X)   Drawing(s); 84 Total Sheets.
( )   Oath or Declaration:
    ( )   A Newly Executed Combined Declaration and Power of Attorney:
        ( )   Signed.    ( )   Unsigned.    ( )   Partially Signed.
    ( )   A Copy from a Prior Application for Continuation/Divisional (37 CFR § 1.63(d)).
        ( )   Signed Statement Deleting Inventor(s) Named in the Prior Application.  (37 CFR § 163(d)(2)).
( )   Power of Attorney.    (X)   Return Receipt Postcard.
( )   Associate Power of Attorney.    ( )   A Check in the amount of $_____ for the Filing Fee.
( )   Preliminary Amendment.    ( )   Information Disclosure Statement and Form PTO-1449.
( )   A Duplicate Copy of this Form for Processing Fee Against Deposit Account.
( )   A Certified Copy of Priority Documents (if foreign priority is claimed).
( )   Statement(s) of Status as a Small Entity.
( )   Statement(s) of Status as a Small Entity Filed in Prior Application, Status Still Proper and Desired.
(X)   Non Publication Request.
( )   Other: _____

### PLEASE DO NOT CHARGE THE FILING FEE AT THIS TIME.

Respectfully submitted,

By: _Michael J. Schallop_

Michael J. Schallop, Reg. No. 44,319

Date: March 2, 2009

Correspondence Address:

Customer No. 21912
Van Pelt, Yi & James LLP
10050 N. Foothill Blvd.
Suite 200
Cupertino, CA 95014
Telephone: 408-973-2585
Fax: 408-973-2595

I hereby certify that this is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR § 1.10 on the date indicated below and is addressed to:

Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

By: _____

Typed Name: Stephanie Valenzuela

Express Mail Label No.: EM347861730US

Date of Deposit: March 2, 2009