# EXHIBIT 63

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Examiner: SALL, El Hadji Malick |
| Raleigh | |
| Serial No.: 12/380,773 | Art Unit: 2457 |
| Filed: March 2, 2009 | Conf. No.: 5719 |
| Title: Verifiable Service Policy Implementation for Intermediate Networking Devices | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## AMENDMENT AND RESPONSE

Madam:

In response to the Office Action dated July 11, 2013, the deadline for response being November 12, 2013 with the enclosed request for a one-month extension of time, please amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2.

**Amendments to the Claims** begin on page 3.

**Remarks** begin on page 16.

PATENT

<u>AMENDMENTS TO THE SPECIFICATION</u>

**In the Abstract:**

Please replace the abstract with the following re-written abstract:

-- A first end-user device comprising one or more modems enabling the first end-user device to communicate with a network system over a first network and with one or more other end-user devices over a second network, the first network comprising a wireless access network, and at least one processor configured to provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system, implement a first service policy for assisting in control of the first traffic, implement a second service policy for assisting in control of second traffic associated with access by the first end-user device to a service over the first network, wherein the second service policy differs from the first service policy, and monitor or identify successful use or attempted use of the forwarding service. --

PATENT

## AMENDMENTS TO THE CLAIMS

Without prejudice and without surrender of any subject matter, please amend the claims as follows:

1-78.   Canceled.

79.  (Currently amended)  A first end-user device capable of operating as an intermediate networking device, the first end-user device comprising:

**one or more modems enabling the first end-user device to communicate with a network system over a first network and with one or more other end-user devices over a second network, the first network comprising a wireless access network;**

at least one processor configured to **execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to**:

**provide a forwarding service to the** ~~act as a service intermediary or intermediate connection between a first network and~~ one or more other end-user devices**, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system,**[[;]]

implement a first service policy**, the first service policy** ~~set~~ for assisting in control of the **first traffic,** ~~use of a first service set on the first network, the first service policy set including one or more first service policies associated with the first end-user device or the one or more other end-user devices, the first service set including one or more first network services used by the first end-user device or the one or more other end-user devices; and~~

**implement a second service policy, the second service policy for assisting in control of second traffic, the second traffic associated with access by the first end-user device to one or more services over the first network, wherein the second service policy differs from the first service policy, and**

monitor **or identify successful** use or attempted use of the **forwarding service** ~~first service set based on the first service policy set~~; and

memory coupled to the at least one processor and configured to provide the at least one processor with **the one or more** instructions.

80. (Currently amended)  The first end-user device of claim 79, wherein the first service policy ~~set~~ assists in controlling whether the first end-user device is authorized to **provide the forwarding service to the one or more other end-user devices** ~~operate as the intermediate networking device~~.

81. (Canceled)

82. (Currently amended)  The first end-user device of claim 79, wherein the first network **comprises** ~~includes one of~~ a 2G **network**, **a** 3G **network**, **a** 4G **network,** or **a** Wi-Fi network.

83. (Currently amended)  The first end-user device of claim 79, wherein the **second network comprises a** ~~first end-user device connects to the other end-user devices using one or more of the following connection types:~~ Wi-Fi **network**, **a** Bluetooth **network**, **a** USB **network**, **an** Ethernet **network**, **a** FireWire **network**, **or a** near field communication **network**.

84. (Currently amended)  The first end-user device of claim 79, wherein**, when executed by** the at least one processor**, the one or more instructions** ~~is~~ further **cause the at least one processor** ~~configured~~ to ~~perform one or more of~~:

　　identify one or more network types over which the first end-user device is authorized to act as the intermediate networking device~~;~~

　　~~identify one or more particular networks, network identifiers, access point identifiers or base station identifiers over which the first end-user device is authorized to act as the intermediate networking device;~~

　　~~identify one or more geographic locations or regions in which the intermediate networking device forwarding service is to be active or modified;~~

　　~~identify one or more time windows during which the first end-user device is authorized to act as the intermediate networking device;~~

　　~~identify one or more network congestion levels during which the first end-user device is authorized to act as the intermediate networking device;~~



~~identify one or more quality of service classes for which the first end-user device is authorized to act as the intermediate networking device;~~

~~identify one or more network destinations for which the first end-user device is authorized to act as the intermediate networking device;~~

~~identify one or more applications for which the first end-user device is authorized to act as the intermediate networking device;~~

~~identify one or more other end-user devices for which the first end-user device is authorized to act as the intermediate networking device;~~

~~identify a limit on the number of other end-user devices for which the first end-user device is authorized to act as the intermediate networking forwarding service; and~~

~~identify one or more traffic types for which the first end-user device is authorized to act as the intermediate networking device, the one or more traffic types including one or more of content type, file type, protocol type, class of service, transaction type, and level of quality of service~~.

85. (Currently amended)  The first end-user device of claim 79, wherein**, when executed by** the at least one processor**, the one or more instructions is** ~~further~~ **cause the at least one processor** ~~configured~~ to set **a** traffic speed.

86. (Currently amended)  The first end-user device of claim 79, wherein**, when executed by** the at least one processor**, the one or more instructions is** ~~further~~ **cause the at least one processor** ~~configured~~ to notify a user when the first end-user device is authorized to **provide the forwarding service** ~~act as the intermediate networking device~~.

87. (Currently amended)  The first end-user device of claim 79, wherein**, when executed by** the at least one processor**, the one or more instructions is** ~~further~~ **cause the at least one processor** ~~configured~~ to notify a user **whether** ~~when~~ the first end-user device is authorized to **provide the forwarding service when the first network comprises** ~~act as the intermediate networking device over~~ a roaming network.

PATENT

88. (Currently amended)  The first end-user device of claim 79, wherein ~~the at least one processor is further configured to implement a different intermediate networking device service characteristic in accordance with~~ the first service policy **is set** based on whether the first **network comprises** ~~end-user device is connected to~~ a home network or a roaming network.

89. (Currently amended)  The first end-user device of claim 79, wherein **provide the forwarding service to the one or more other end-user devices comprises:**

        ~~the at least one processor is configured to implement a different intermediate networking device service characteristic in accordance with the first service policy set based on identification information of~~ a **first device** ~~particular one~~ of the one or more other end-user devices or ~~identification information of~~ a particular user of **the first** ~~a particular one of the one or more other end-user~~ device~~[[s]]~~**,**

        **based on the identification of the first device or the particular user of the first device, provide the forwarding service with a first characteristic to the first device, and**

        **provide the forwarding service with a second characteristic to a second device of the one or more other end-user devices**.

90. (Currently amended)  The first end-user device of claim 79, ~~further comprising a device agent, and~~ wherein**, when executed by the at least one processor, the one or more instructions further cause the at least one processor** ~~the device agent is configured~~ to notify a user when one of the one or more other end-user devices attempts to **use** or succeeds in **using the forwarding service** ~~connecting to the first end user device~~.

91. (Currently amended)  The first end-user device of claim 79, wherein**, when executed by the at least one processor, the one or more instructions further cause the at least one processor to** ~~the first end-user device can monitor service usage and can~~ modify a ~~predetermined~~ policy setting **based on the monitored or identified successful use or attempted use of the forwarding service** ~~when the service usage meets a predetermined condition~~.

PATENT

92.  (Currently amended)  The first end-user device of claim 79, **wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:** ~~further comprising~~

**obtain** ~~collecting~~ a ~~plurality of~~ service usage measurement~~[[s]]~~ **providing an indication of usage of the forwarding service by** ~~for~~ the one or more other end-user devices ~~use of the first service set on the first network;  and~~

~~evaluating the plurality of service usage measurements based on the first service policy set~~.

93.  (Currently amended)  A computer program product embodied in a non-transitory computer readable storage medium and comprising computer instructions for **causing one or more processors of a first end-user device to**:

~~enabling a first end-user device capable of operating as an intermediate networking device to operate as a service intermediary or to~~ provide **a forwarding service to** ~~an intermediate connection between a first network and~~ one or more **other** end-user devices **communicatively coupled to the first end-user device over a first network, the forwarding service for forwarding first traffic between the one or more other end-user devices and a network system communicatively coupled to the first end-user device over a second network, the second network comprising a wireless access network**;

implement~~[[ing]]~~ a first service policy**, the first service policy** ~~set~~ for assisting in control of the **first traffic** ~~use of a first service set on the first network, the first service policy set including one or more first service policies associated with the first end-user device or the one or more other end-user devices, the first service set including one or more first network services used by the first end-user device or the one or more other end-user devices~~; **and**

**implement a second service policy, the second service policy for assisting in control of second traffic, the second traffic associated with access by the first end-user device to one or more services over the second network, wherein the second service policy differs from the first service policy; and**

monitor~~[[ing]]~~ **or identify successful** use or attempted use of the **forwarding** ~~first~~ service ~~set based on the first service policy set~~.

94.  (Currently amended)  A method performed by a first end-user device capable of operating as an intermediate networking device, the method comprising:

~~enabling a first end-user device to operate as a service intermediary or to provide~~ **providing a forwarding service to** ~~an intermediate connection between a first network and~~ one or more **other** end-user devices **communicatively coupled to the first end-user device over a first network, the forwarding service for forwarding first traffic between the one or more other end-user devices and a network system communicatively coupled to the first end-user device over a second network, the second network comprising a wireless access network**;

implementing a first service policy**, the first service policy** ~~set~~ for assisting in control of the **first traffic** ~~use of a first service set on the first network, the first service policy set including one or more first service policies associated with the first end-user device or the one or more other end-user devices, the first service set including one or more first network services used by the first end-user device or the one or more other end-user devices~~; **and**

**implementing a second service policy, the second service policy for assisting in control of second traffic, the second traffic associated with access to the first end-user device to one or more services over the second network, wherein the second service policy differs from the first service policy; and**

monitoring **or identifying successful** use or attempted use of the **forwarding** ~~first~~ service ~~set based on the first service policy set~~.

95.  (New)  The first end-user device of claim 79, wherein the first network comprises a cellular network and the second network comprises a Wi-Fi network.

96.  (New)  The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

detect a network connection change by the first end-user device, and

in response to detecting the network connection change by the first end-user device, modify at least an aspect of the first service policy or at least an aspect of the second service policy.

97. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on a geographic location of the first end-user device.

98. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on a time of day or a time period.

99. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on a network capacity or congestion.

100. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on a quality of service.

101. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on a type of the first network or the second network.

102. (New) The first end-user device of claim 79, wherein the first service policy or the second service policy is based on an aspect of a hardware element that provides the first network or the second network.

103. (New) The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

    identify one or more network destinations for which the first end-user device is authorized to provide the forwarding service.

104. (New) The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

    identify one or more applications for which the first end-user device is authorized to provide the forwarding service.

105. (New) The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

identify the one or more other end-user devices.

106.  (New)  The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

limit a number of the one or more other end-user devices authorized to use the forwarding service.

107.  (New)  The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:
identify a traffic type, an application type, a service type, or a content type for which the first end-user device is authorized to provide the forwarding service.

108.  (New)  The first end-user device of claim 79, wherein implement the first service policy comprises throttle or restrict the first traffic.

109.  (New)  The first end-user device of claim 79, wherein implement the first service policy comprises impose a limit on the first traffic or establish an allowance for the first traffic.

110.  (New)  The first end-user device of claim 79, wherein the first service policy is based on a limit or allowance, the limit limiting at least an aspect of usage of the forwarding service, the allowance allowing a specified amount of the forwarding service.

111.  (New)  The first end-user device of claim 110, wherein the limit or allowance is based on a user preference.

112.  (New)  The first end-user device of claim 110, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to:

determine, based on the monitored or identified successful use or attempted use of the forwarding service, that the usage of the forwarding service has reached the limit or allowance, and

based on the determination that the usage of the forwarding service has reached the limit or allowance, modify the first service policy to throttle or restrict the first traffic.

113.  (New)  The first end-user device of claim 110, wherein the second service policy is not based on the limit or allowance.

114.  (New)  The first end-user device of claim 110, wherein the limit or allowance is a first limit or allowance, and wherein the second service policy is based on a second limit or allowance.

115.  (New)  The first end-user device of claim 79, wherein implement the first service policy comprises limit a number of the one or more other end-user devices allowed to use the forwarding service.

116.  (New)  The first end-user device of claim 79, wherein the first service policy comprises a first control policy, and wherein the second service policy comprises a second control policy.

117.  (New)  The first end-user device of claim 79, wherein:

implement the first service policy comprises apply a first control to the first traffic, and

implement the second service policy comprises apply a second control to the second traffic.

118.  (New)  The first end-user device of claim 79, wherein:

implement the first service policy comprises apply a first control to the first traffic, and

implement the second service policy comprises do not apply the first control to the second traffic.

119.  (New)  The first end-user device of claim 79, wherein:

implement the first service policy comprises direct the first traffic to a first virtual or logical channel, and

implement the second service policy comprises direct the second traffic to a second virtual or logical channel.

120.  (New)  The first end-user device of claim 79, wherein:

implement the first service policy comprises direct the first traffic to a first end-point or server, and

implement the second service policy comprises direct the second traffic to a second end-point or server.

121.  (New)  The first end-user device of claim 79, wherein implement the first service policy comprises send information to at least a portion of the one or more other end-user devices, the information for assisting the at least a portion of the one or more other end-user devices to control their usage of the forwarding service.

122.  (New)  The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to cause information to be sent to the network system, the information comprising a measure of usage of the forwarding service.

123.  (New)  The first end-user device of claim 79, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to cause information to be sent to the network system, the information being associated with usage of the forwarding service.

124.  (New)  The first end-user device of claim 79, wherein the first service policy or the second service policy is dependent on whether the first network comprises a roaming network.

125.  (New)  The first end-user device of claim 79, wherein the first service policy is dependent on whether the second network comprises a roaming network.

126.  (New)  The first end-user device of claim 79, wherein the first service policy or the second service policy is dependent on whether the first network is associated with a cost.

127.  (New)  The first end-user device of claim 79, wherein the first service policy is dependent on whether the second network is associated with a cost.

128.  (New)  The first end-user device of claim 79, wherein the first network comprises a roaming network, and wherein implement the first service policy comprises restrict or block the first traffic.

129.  (New)  The first end-user device of claim 79, wherein an aspect of the second service policy differs from the aspect of the first service policy when the first network comprises a roaming network.

130.  (New)  The first end-user device of claim 79, wherein an aspect of the second service policy differs from the aspect of the first service policy when the first network is associated with a cost.

131.  (New)  The first end-user device of claim 79, further comprising a user interface, and wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to cause a notification to be presented through the user interface.

132.  (New)  The first end-user device of claim 131, wherein the notification is based on the monitored or identified successful use or attempted use of the forwarding service or of the one or more services.

133.  (New)  The first end-user device of claim 131, wherein the notification comprises a warning.

134.  (New)  The first end-user device of claim 131, wherein the notification comprises information about an offer or an option.

135.  (New)  The first end-user device of claim 131, wherein the notification comprises an offer to enable or activate the forwarding service.

136. (New)  The first end-user device of claim 131, wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to obtain a response to the notification.

137. (New)  The first end-user device of claim 136, wherein the response to the notification comprises an acknowledgment.

138. (New)  The first end-user device of claim 136, wherein the response to the notification comprises an indication of a response to an offer.

139. (New)  The first end-user device of claim 136, wherein the response to the notification comprises an indication of a selection of an option.

140. (New)  The first end-user device of claim 136, wherein the response to the notification comprises a directive to enable or activate the forwarding service.

141. (New)  The first end-user device of claim 79, further comprising a user interface, and wherein, when executed by the at least one processor, the one or more instructions further cause the at least one processor to obtain a user input through the user interface.

142. (New)  The first end-user device of claim 141, wherein the user input comprises an acknowledgment.

143. (New)  The first end-user device of claim 141, wherein the user input comprises an indication of an intention to activate or select a service offer or a service plan.

144. (New)  The first end-user device of claim 141, wherein the user input comprises a directive to enable or activate the forwarding service.

145.  (New)  The first end-user device of claim 141, wherein the user input comprises a directive to change at least an aspect of the first service policy or the second service policy.

146.  (New)  The first end-user device of claim 141, wherein the user input comprises a directive to change at least an aspect of the first service policy independently of the second service policy.

147.  (New)  The first end-user device of claim 141, wherein the user input comprises a directive to change at least an aspect of the second service policy independently of the first service policy.

148.  (New)  The first end-user device of claim 141, wherein the user input comprises an indication of a limit on a number of the one or more other end-user devices authorized to use the forwarding service.

PATENT

## REMARKS

Claims 79-94 are pending and stand rejected by the Office Action dated July 11, 2013. Claims 1-78 were previously withdrawn.

In section 2, the Office Action provisionally rejects claims 79-94 on the ground of nonstatutory double patenting as being unpatentable over claims 1, 54-58, and 60-75 of copending Application No. 12/380,774 ("the '774 Application").

In section 3, the Office Action rejects claims 79-94 under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent Publication No. 2008/0005285 by Robinson *et al*. (hereinafter, "Robinson").

Applicant is amending claims 79, 80, and 82-94. Applicant is canceling claim 81. Applicant is adding claims 95-148. No new matter is being added.

Applicant respectfully requests reconsideration.

Claim Rejections – Double Patenting

In section 2, the Office Action provisionally rejects claims 79-94 on the ground of nonstatutory double patenting as being unpatentable over claims 1, 54-58, and 60-75 of the '774 Application. The Office Action states that although the claims at issue are not identical, they are not patentably distinct from each other because, according to the Office Action, claim 79 of the instant application is anticipated by claim 1 of the '774 Application.

Although Applicant disagrees with the determination that claim 79 is not patentably distinct from claim 1 of the '774 application, in the interest of advancing prosecution without terminal disclaimer submission, Applicant has amended claim 79 as set forth above and has also amended the claims of the '774 application, further distinguishing the subject claims. Accordingly, Applicant submits that amended claim 79 is patentably distinct from all claims of the '774 application, and Applicant respectfully requests withdrawal of the double patenting rejection.

Claim Rejections – 35 U.S.C. § 102

In section 3, the Office Action rejects claims 79-94 under 35 U.S.C. § 102(b) as being unpatentable over Robinson.

Overview of Robinson

Robinson discloses a system and method for a self-scaling generic policy tracking system that includes a policy key 210, which resides on a client 132, and a policy server 110, which is remote from the client. Robinson at Abstract, ll. 1-4; ¶ [0032], ll. 1-3, 14-18; FIG. 1. The policy key is for scanning the client for a configuration, assessing a policy compliance based on the configuration, and reporting a policy state to the policy server. *Id.* at ¶ [0042], ll. 8-10. The policy key scans the client to determine, for example, whether an anti-virus program is installed. *Id.* at ¶ [0042], ll. 13-15. The policy key scans the client for at least one file, at least one executing process, or at least one registry key and registry key value to determine whether the anti-virus program is installed. *Id.* at ¶ [0042], ll. 15-18. A configuration of the client can determine whether the anti-virus program is installed, where the configuration is a known directory path where the anti-virus program is generally installed, or a location of where the process is executing, or a version of the program. *Id.* at ¶ [0043], ll. 1-10. Based on the scan, the policy key 210 can assign a policy state of "pass" or "fail," or "true" or "false," to report policy compliance to the policy server. *Id.* at ¶ [0043], ll. 10-15; ¶ [0044], ll. 3-5.

Based on the policy state sent by policy key 210, policy server 110 determines what policies should be enforced and configures network access to the client based on the policy state sent by the policy key. *Id.* at Abstract, ll. 6-9; ¶ [0052], ll. 26-30. The policy server 110 can direct a non-compliant client to a remediation service, which can present a web page to a non-compliant user for informing the user as to what software needs to be downloaded or installed to be compliant with one or more policies. *Id.* at ¶ [0034], ll. 1-7. The remediation server can also present window-based pop-up blocks, send e-mail messages, or send faxes to noncompliant users. *Id.* at ¶ [0034], ll. 7-9. The policy key 210 on the client can also block network access. *Id.* at ¶ [0054], ll. 1-4; ¶ [0060], ll. 1-4. The policy server may send a command to the policy key 210 to present a web page to the client 132 to inform the client that the client is not policy-

compliant and to present at least one component that needs to be installed to restore network access. *Id.* at ¶ [0041], ll. 11-14.

<u>Claim 79</u>

In rejecting claim 79, the Office Action states that Robinson discloses an end-user device capable of operating as an intermediate networking device because, at paragraph [0032] and FIG. 1, Robinson discloses that clients 132 can be a computer, a phone, or a mobile communication device. The Office Action further states that Robinson discloses the first end-user device comprising a processor because, at paragraph [0024], Robinson discloses that software is executed by the devices. The Office Action further states that Robinson discloses that the processor is configured to act as a service intermediary or intermediate connection between the first network and one or more other end-user devices because, at paragraph [0032] and FIG. 1, Robinson discloses router 125 and LAN 130. The Office Action further states that Robinson discloses that the processor is configured to implement a first service policy set for assisting in control of the use of a first service on the first network because, at paragraph [0009], Robinson discloses determining whether network access should be granted to the at least one client based on the policy state in view and that the system can include a policy key on at least one client for scanning the at least one client for at least one configuration assessing at least one policy compliance based on the configuration.

The Office Action further states that Robinson discloses the first service policy set including one or more service policies because, at paragraph [0038], Robinson discloses that the policy key 210 can configure the client's network access. The Office Action further states that Robinson discloses that the one or more service policies are associated with either the end- user device or a particular one of the one or more other end-user devices because, at paragraph [0039] and FIG. 3, Robinson discloses that the policy key 210 can be installed on an individual node, which can be an endpoint device such as the client 132. The Office Action further states that Robinson discloses monitor use or attempted use of the first service based on the first service policy set because, at the abstract, Robinson discloses a policy key (210) on a client (132) for scanning the client for at least one configuration. The Office Action further states that Robinson discloses memory coupled to the processor and configured to provide the processor with

PATENT

instructions because, at paragraph [0025], Robinson discloses firmware or embedded hardware, such as a ROM storing instructions.

Applicant is amending claim 79 to recite:

A first end-user device capable of operating as an intermediate networking device, the first end-user device comprising:

one or more modems enabling the first end-user device to communicate with a network system over a first network and with one or more other end-user devices over a second network, the first network comprising a wireless access network;

at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to:

provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system,

implement a first service policy, the first service policy for assisting in control of the first traffic,

implement a second service policy, the second service policy for assisting in control of second traffic, the second traffic associated with access by the first end-user device to one or more services over the first network, wherein the second service policy differs from the first service policy, and

monitor or identify successful use or attempted use of the forwarding service; and

memory coupled to the at least one processor and configured to provide the at least one processor with the one or more instructions.

The amendments to claim 79 are supported at least by paragraphs [0069], [0075], [0081], [00189], [00203], [00229], [00255], [00257], [00274], [00333], [00512], [00513], and [00528].

Applicant respectfully submits that claim 79, as amended, is patentable over Robinson at least because Robinson does not disclose at least "a first end-user device capable of operating as an intermediate networking device," "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to:

provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system," "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to . . . implement a first service policy, the first service policy for assisting in control of the first traffic," or "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to . . . monitor or identify successful use or attempted use of the forwarding service."

### "a first end-user device capable of operating as an intermediate networking device"

Applicant respectfully submits that Robinson does not disclose a first end-user device capable of operating as an intermediate networking device. The Office Action states that the client devices of Robinson are end-user devices, but the Office Action does not identify where Robinson discloses that a client device is capable of operating as an intermediate networking device. Indeed, in support of the recitation in the prior version of claim 79 of "the processor is configured to act as a service intermediary or intermediate connection between the first network and one or more other end-user devices," the Office Action identifies router 125 and LAN 130, neither of which is a client 132 or even an end-user device. Applicant respectfully submits that Robinson nowhere discloses a client device or any other end-user device capable of operating as an intermediate networking device. For at least this reason, Applicant respectfully submits that claim 79 is patentable over Robinson.

### "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to: provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system"

Applicant respectfully submits that Robinson does not disclose a first end-user device comprising at least one processor configured to execute one or more instructions that, when

executed by the at least one processor, cause the at least one processor to provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system, because Robinson does not disclose any end-user device that provides a forwarding service to other end-user devices. As noted above, the Office Action asserts that client 132 is the first end-user device. But Robinson does not disclose that any client 132 forwards traffic on behalf of any other client 132 or other device, or that such forwarding is provided as a service to other clients 132 or devices. Although Figure 1 suggests that the clients 132 may be able to communicate with each other through LAN 130, Robinson does not illustrate or describe that a first client 132, in communication with a second client 132 over LAN 130, forwards data from the second client 132. Figure 1 illustrates, and Robinson describes, that all clients 132 are connected directly to a single network (LAN 130), and that the policy keys 210 on the clients 132 communicate directly with the policy server 110 over this single network. Robinson does not describe—anywhere— that a client 132 requires the assistance of another client 132 to communicate with policy server 110. Moreover, in the configuration of Figure 1, which is the only figure illustrating multiple clients 132, forwarding by a first client 132 of the traffic of a second client 132 would be unnecessary and wasteful of the resources of LAN 130, given that each client 132 has its own direct connection to LAN 130 and therefore does not need to rely on any other client to forward its traffic. Thus, Applicant respectfully submits that Robinson fails to disclose at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to: provide a forwarding service to the one or more other end-user devices, the forwarding service for forwarding first traffic between the one or more other end-user devices and the network system. For at least this reason, Applicant respectfully submits that claim 79 is patentable over Robinson.

> "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to . . . implement a first service policy, the first service policy for assisting in control of the first traffic"

Applicant respectfully submits that Robinson does not disclose at least one processor configured to execute one or more instructions that, when executed by the at least one processor,

PATENT

cause the at least one processor to implement a first service policy for assisting in control of the first traffic at least because Robinson does not disclose the first traffic as recited in claim 79. As explained above, the first end-user device does not forward any traffic between the one or more other end-user devices and the network system. Therefore, it follows that the first end-user device likewise does not implement a first service policy, the first service policy for assisting in control of the first traffic. For at least this reason, Applicant respectfully submits that claim 79 is patentable over Robinson.

> "at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to . . . monitor or identify successful use or attempted use of the forwarding service"

Applicant respectfully submits that Robinson does not disclose at least one processor configured to execute one or more instructions that, when executed by the at least one processor, cause the at least one processor to monitor or identify successful use or attempted use of the forwarding service at least because Robinson does not disclose an end-user device that provides a forwarding service as recited in claim 79. Because Robinson does not disclose an end-user device that provides a forwarding service, it follows that Robinson cannot disclose an end-user device that monitors or identifies successful use or attempted use of such forwarding service. For at least this reason, Applicant respectfully submits that claim 79 is patentable over Robinson.

Claims 93 and 94

In section 3, the Office Action rejects claims 93 and 94 for the same reasons it rejects claim 79. Applicant has amended claims 93 and 94 to reflect the amendments to claim 79. Because claim 79 is patentable over Robinson, claims 93 and 94 are also patentable over Robinson for at least the same reasons that claim 79 is patentable over Robinson.

Claims 80, 82-92, and 95-148

Claims 80, 82-92, and 95-148 depend, directly or indirectly, from claim 79 and are therefore patentable over Robinson for at least the same reasons that claim 79 is patentable over Robinson.

Support for New Claims

Applicant is adding claims 95-148.  Claim 95 is supported at least by ¶ [00513].  Claim 96 is supported at least by ¶¶ [00211] and [00281].  Claim 97 is supported at least by ¶ [00189].  Claim 98 is supported at least by ¶¶ [00205] and [00267].  Claim 99 is supported at least by ¶¶ [00205] and [00213].  Claim 100 is supported at least by ¶¶ [00208], [00215], and [00518].  Claims 101 and 102 are supported at least by ¶ [00213].  Claim 103 is supported at least by ¶¶ [0075], [00229], and [00541].  Claim 104 is supported at least by ¶¶ [0075], [00229], and [00541].  Claim 105 is supported at least by ¶¶ [00520], [00528], and [00529].  Claim 106 is supported at least by ¶¶ [00520], [00528], and [00545].  Claim 107 is supported at least by ¶ [00518].  Claim 108 is supported at least by ¶¶ [00204], [00255], [00334], [00337], [00341], and [00520].  Claims 109 and 110 are supported at least by ¶¶ [00521] and [00523].

Claim 111 is supported at least by ¶¶ [00204], [00233] [00521], and [00526].  Claim 112 is supported at least by ¶¶ [00204], [00207], and [00520].  Claim 113 is supported at least by ¶¶ [0086], [00203], [00204], [00229], and [00231].  Claim 114 is supported at least by ¶¶ [0086], [00109], and [00293].  Claim 115 is supported at least by ¶¶ [00520], [00528], and [00545].  Claims 116-118 are supported at least by ¶¶ [0075], [0086], [00204], [00229], and [00255].  Claim 119 is supported at least by ¶¶ [0092], [00336], [00364], [00477], [00493], [00532], [00541], and [00544].  Claim 120 is supported at least by ¶¶ [0092], [00109], [00336], [00364], [00477], [00493], [00532], [00541], and [00544].

Claim 121 is supported at least by ¶¶ [00532], [00534], [00542], and [00541].  Claim 122 is supported at least by ¶¶ [00513], [00514], [00522], and [00531].  Claim 123 is supported at least by ¶¶ [00522], [00531], and [00537].  Claims 124 and 125 are supported at least by ¶¶ [00115], [00116], [00162], [00243], and [00245].  Claims 126 and 127 are supported at least by ¶¶ [00115], [00130], [00233], [00243], [00245], and [00251].  Claim 128 is supported at least by ¶¶ [00115], [00210], [00217], [00229], [00231], and [00255].  Claim 129 is supported at least by ¶¶ [00115], [00162], [00210], and [00255].  Claim 130 is supported at least by ¶¶ [00115], [00210], [00211], [00219], and [00255].

Claim 131 is supported at least by ¶¶ [00232], [00251], [00252], and [00521].  Claim 132 is supported at least by ¶¶ [00109], [00219], [00232], [00238], [00243], [00251], [00252],

PATENT

[00512], [00521], and [00534]. Claim 133 is supported at least by ¶¶ [00193], [00251], [00254], and [00512]. Claim 134 is supported at least by ¶¶ [00232], [00386], [00387], [00393], [00424], and [00425]. Claim 135 is supported at least by ¶¶ [00207], [00232], [00254], [00255], and [00461]. Claim 136 is supported at least by ¶¶ [00161], [00219], [00232], [00233], [00238], [00252], [00307], [00308], and [00385]. Claim 137 is supported at least by ¶¶ [00238], [00307], and [00308]. Claim 138 is supported at least by ¶¶ [00157], [00212], [00255], [00282], [00386], [00387], and [00393]. Claim 139 is supported at least by ¶¶ [00232] and [00252]. Claim 140 is supported at least by ¶¶ [00207], [00232], [00254], and [00255].

Claim 141 is supported at least by ¶¶ [00232], [00251], [00254], [00255], and [00274]. Claim 142 is supported at least by ¶¶ [00109], [00238], and [00274]. Claim 143 is supported at least by ¶¶ [00232] and [00254]. Claim 144 is supported at least by ¶¶ [00207], [00232], [00254], and [00255]. Claims 145-147 are supported at least by ¶¶ [00232], [00238], [00252], [00254], and [00255]. Claim 148 is supported at least by ¶¶ [00520], [00528], and [00545].

PATENT

<u>CONCLUSION</u>

Applicant respectfully requests entry of these amendments as provided herein. The application is believed to be in condition for allowance, and a Notice of Allowance is hereby respectfully requested. If the Examiner has any questions or needs any additional information, the Examiner is invited to contact the undersigned.

The Commissioner is authorized to charge any fee deficiency or credit any overpayment to Deposit Account 50-5876.

Respectfully submitted,

Date: __November 12, 2013__          By: _____

Krista S. Jacobsen
Reg. No. 59,374
Head Counsel
Headwater Partners I LLC
350 Marine Parkway, Suite 300
Redwood Shores, CA 94065
(650) 517-2798

<u>CERTIFICATE OF ELECTRONIC TRANSMISSION</u>

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being filed electronically via EFS-Web addressed to the Commissioner for Patents on:

Date: Nov. 12, 2013      By: _____
                              Ann Taylor

08/08/2012  20:15    16506108051

WOODSIDE P... RECEIVED
CENTRAL FAX CENTER

AUG 0 8 2012

PAGE  02/03

PTO/SB/80 (11-08)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(b).

I hereby appoint:

[✓] Practitioners associated with the Customer Number:     | 107265 |

OR

[ ] Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

as attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(b).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(b) to:

[✓] The address associated with Customer Number:     | 107265 |

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City |  | State |  | Zip | |
| Country | |
| Telephone |  | Email | |

Assignee Name and Address:

Headwater Partners I LLC
350 Marine Parkway, Suite 300
Redwood City, CA 94065 U.S.A.

A copy of this form, together with a statement under 37 CFR 3.73(b) (Form PTO/SB/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(b) may be completed by one of the practitioners appointed in this form if the appointed practitioner is authorized to act on behalf of the assignee, and must identify the application in which this Power of Attorney is to be filed.

### SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature | *(signature)* | Date | July 5, 2012 |
|---|---|---|---|
| Name | Gregory G. Raleigh | Telephone | 650-517-2781 |
| Title | Manager | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

08/08/2012  20:15    16506108051                    WOODSIDE FUND    RECEIVED CENTRAL FAX CENTER    PAGE  03/03

AUG 0 8 2012

PTO/SB/96 (08-08)
Approved for use through 09/30/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner:  Gregory G. Raleigh

Application No./Patent No.:  12/380,773            Filed/Issue Date:  March 2, 2009

Entitled:  Verifiable Service Policy Implementation for Intermediate Networking Devices

Headwater Partners I LLC _____ , a  limited liability company _____
(Name of Assignee)                                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1.  ☑  the assignee of the entire right, title, and interest; or

2.  ☐  an assignee of less than the entire right, title and interest
        (The extent (by percentage) of its ownership interest is _____ %)

in the patent application/patent identified above by virtue of either:

A.  ☑  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in
        the United States Patent and Trademark Office at Reel  022799 _____ , Frame  0823 _____ , or for which a
        copy therefore is attached.

OR

B.  ☐  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

    1.  From: _____    To: _____

        The document was recorded in the United States Patent and Trademark Office at
        Reel _____ , Frame _____ or for which a copy thereof is attached.

    2.  From: _____    To: _____

        The document was recorded in the United States Patent and Trademark Office at
        Reel _____ , Frame _____ or for which a copy thereof is attached.

    3.  From: _____    To: _____

        The document was recorded in the United States Patent and Trademark Office at
        Reel _____ , Frame _____ or for which a copy thereof is attached.

    ☐  Additional documents in the chain of title are listed on a supplemental sheet.

☑  As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was,
    or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

    [NOTE:  A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in
    accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

_____            August 8, 2012
                Signature                                    Date

Krista S. Jacobsen, Reg. No. 59,374            650-517-2798
        Printed or Typed Name                        Telephone Number

Attorney of Record
                Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to
process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including
gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time
you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S.
Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner
for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PATENT
Docket No.: 26WV-160496 [RALEP018]

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | Examiner: Dohm Chankong |
| Gregory G. RALEIGH | |
| Serial No.: 12/380,773 | Art Unit: 2452 |
| Filed: March 2, 2009 | Confirmation No.: 5719 |

Title: VERIFIABLE SERVICE POLICY IMPLEMENTATION FOR INTERMEDIATE NETWORKING DEVICES

## AMENDMENT WITH RCE

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated September 12, 2011, the deadline for response ending on March 12, 2012 with the enclosed request for a three-month extension of time and RCE, please amend the above-identified application as follows and consider the following remarks.

U.S. Serial No.: 12/380,773                    Docket No.: 26WV-160496 [RALEP018]

## REMARKS

Claims 1-18 and 33-78 were pending and rejected. Claims 1-78 are being canceled. Claims 79-94 are being added. Claims 79-94 are now pending. Reconsideration is respectfully requested.

The Examiner asserted that claims 1-18 as amended and claims 33-78 as added were directed to an invention independent or distinct from the invention of the claims as originally filed and examined. Accordingly, Applicant is canceling claims 1-18 and 33-78, and intends to pursue them in continuations/divisions. Applicant is adding new claims 79-94. New claims 79-94 effectively resurrect claims 1, 19 and 20 of the original independent claims, with certain amendments to clarify the invention and to address the rejections presented in the first office action. Claims 80-92 depend from claim 79, and thus are necessarily part of the invention of claim 79.

For convenience, Applicant provides the following redlined versions of claims 79, 93 and 94 to show the amendments made relative to the original claims 1, 20 and 19, respectively.

79.    (New) A <u>first end-user device capable of operating as an intermediate networking device, the first end-user device</u> ~~system~~ comprising:

at <u>least one</u> processor ~~of an intermediate networking device~~ configured to:

act as a service intermediary or intermediate connection between a first network and one or more <u>other end-user</u> ~~communications~~ devices;

implement a first service policy set for assisting <u>in</u> control of the ~~intermediate networking device~~ use of a first service set on the first network, the first service policy set including one or more first service policies associated with the <u>first end-user</u> ~~intermediate networking~~ device or the one or more <u>other end-user</u> ~~communications~~ devices ~~connected to the intermediate networking device~~, the first service set <u>including</u> ~~being~~ one or more first network services used by the <u>first end-user</u> ~~intermediate networking~~ device or the one or more <u>other end-user</u> ~~communications~~ devices; and

monitor use ~~or attempted use~~ of the first service set based on the first service policy set; and

[[a]] memory ~~of the intermediate networking device~~ coupled to the at least one processor and configured to provide the at least one processor with instructions~~,~~

~~wherein the implementation of the first service policy set is verified.~~

93.    (New)  A ~~computer program product, the~~ computer program product ~~being~~ embodied in a non-transitory computer readable storage medium and comprising computer instructions for:

enabling a first end-user device capable of operating as an intermediate networking device to operate as ~~providing~~ a service intermediary or to provide an intermediate connection between a first network and one or more end-user ~~communications~~ devices;

implementing a first service policy set for assisting in control of the ~~intermediate networking device~~ use of a first service set on the first network, the first service policy set including one or more first service policies associated with the first end-user ~~intermediate networking~~ device or the one or more other end-user ~~communications~~ devices ~~connected to the intermediate networking device~~, the first service set including ~~being~~ one or more first network services used by the first end-user ~~intermediate networking~~ device or the one or more other end-user ~~communications~~ devices; and

monitoring use or attempted use of the first service set based on the first service policy set~~, wherein the implementation of the first service policy set is verified~~.

94.    (New)  A method performed by a first end-user device capable of operating as an intermediate networking device, the method comprising:

enabling a first end-user device to operate as ~~providing~~ a service intermediary or to provide an intermediate connection between a first network and one or more end-user ~~communications~~ devices;

U.S. Serial No.: 12/380,773                     Docket No.: 26WV-160496 [RALEP018]

implementing a first service policy set for assisting ~~in~~ control of the ~~intermediate networking device~~ use of a first service set on the first network, the first service policy set including one or more first service policies associated with the first end-user ~~intermediate networking~~ device or the one or more other end-user ~~communications~~ devices ~~connected to the intermediate networking device~~, the first service set including ~~being~~ one or more first network services used by the first end-user ~~intermediate networking~~ device or the one or more other end-user ~~communications~~ devices; and

monitoring use or attempted use of the first service set based on the first service policy set, ~~wherein the implementation of the first service policy set is verified~~.

As can be readily seen, Applicant is amending claim 79 to narrow the "system" to an end-user device capable of operating as an intermediate networking device and to narrow the communications devices to other end-user devices. Applicant is also amending claim 79 to specify that one or more processors can perform the listed functions. Further, Applicant is amending claim 79 to specify that the first service policy set may be verified or not. Claims 93 and 94 are being amended similarly. Applicant respectfully submits that these amendments do not materially alter the focus of the original claims, and thus maintain the claims within the scope of the invention elected by original presentation.

Referring to the first office action dated February 3, 2011, we provide the following comments:

In section IIA, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-12 and 14-20 over claims 1-19 of co-pending application No. 12/380,769. Applicant canceled these claims and added new claims 79-94. Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section IIB, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-8 over claims 1-8 of co-pending application No. 12/380,774. Applicant

U.S. Serial No.: 12/380,773                    Docket No.: 26WV-160496 [RALEP018]

canceled these claims and added new claims 79-94. Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section IIC, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-8, 19 and 20 over claims 1-8, 21 and 22 of co-pending application No. 12/380,771. Applicant canceled these claims and added new claims 79-94. Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section III, the Examiner rejected claim 20 under 35 USC § 101 as directed to nonstatutory subject matter. Claim 20 is being canceled. Claim 93 is being added. Applicant responds to the rejection with regard to new claim 93. Claim 93 includes the limitation "non-transitory." Accordingly, Applicant respectfully submits that the rejection of claim 20 is not applicable to new claim 93.

In section IV, the Examiner rejected claims 1-8, 13, 19-27, 29 and 31 under 35 USC § 102(b) as anticipated by *Klinker*. Claims 1-8, 13, 19-27, 29 and 31 are being canceled. Claims 79, 93 and 94 are being added. Applicant respectfully responds to the rejection with regard to new claims 79, 93 and 94. *Klinker* teaches a router that routes data over multiple networks. *Klinker* does not teach an end-user device capable of operating as an intermediate networking device, as recited in claims 79, 93 and 94. Accordingly, Applicant respectfully submit that the rejection is not applicable to new claims 79, 93 or 94.

In section V(A), the Examiner rejected claims 9-12, 14-18 and 28 under 35 USC § 103 over *Kinker* in view of *Pandya*. The Examiner noted that *Kinker* does not teach that the agents can be located on a communications device like a client computer. The Examiner then asserted that *Pandya* teaches such a feature. *Pandya* discloses a centrally located and controlled policy that controls multiple agents and control units. See paragraphs [0046] and [0073], and FIG. 4. *Pandya* does not teach an end-user device capable of operating as an intermediate networking device, as recited in claim 79, 93 and 94. Accordingly, Applicant respectfully submit that the rejection is not applicable to new claims 79, 93 or 94.

U.S. Serial No.: 12/380,773                    Docket No.: 26WV-160496 [RALEP018]

In section V(B), the Examiner rejected claims 30 and 32 under 35 USC § 103 as obvious over *Klinker* in view of *Anderholm*. The Examiner noted that *Klinker* does not teach encrypting usage reports. The Examiner then asserted that *Anderholm* teaches such a feature. *Anderholm* does not teach an end-user device capable of operating as an intermediate networking device, as recited in claim 79, 93 and 94. Accordingly, Applicant respectfully submit that the rejection is not applicable to new claims 79, 93 or 94.

Support for the amendments to claim 79 can be found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159]], [00186], [00311], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527]], [00528], [00531], [00532], [00533], [00535], [00536], [00540], [00541], and [00542], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A,  29B, and 29C. Support for claim 80 as amended is found at least in paragraphs [0081], [0082], [00101], [00155], [00161], [00162], [00514], [00530], [00534], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 81 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00156], and [00513] – [00516]. Support for claim 82 is found at least in paragraphs [00144], [00145], [00151], [00156], [00157], [00158], [00515], and [00516]. Support for claim 83 is found at least in paragraphs [00135], [00136], [00144], [00145], [00151], [00156], [00157], [00158], [00515], and [00516]. Support for claim 84 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00155], [00204], [00207], [00213], [00219], [00236], [00244], [00245], [00274]], [00255], [00341], [00372], [00513], [00514], [00515], [00516], [00518], [00520], [00545], and FIG. 27A. Support for claim 85 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00155], [00204], [00207], [00213], [00219], [00236], [00244], [00245], [00274]], [00255], [00341], [00372], [00513], [00514], [00515], [00516], [00518], [00520], [00545], and FIG. 27A. Support for claim 86 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251]. Support for claim 87 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251], and FIG. 26D. Support for claim 88 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251], and FIG. 26D. Support for claim 89 is found at least in paragraphs [00513], [00517], [00518], [00520], [00521], [00522], [00523], [00528], [00529], [00530], and [00545]. Support

for claim 90 is found at least in paragraphs [00525], [00526], [00532], [00534], and [00545]. Support for claim 91 is found at least in paragraphs [00222], [00223], [00228], [00238], [00359], [00279], [00188], [00431], [00434], [00435], [00513], [00514], [00515], and [00516], and FIG. 27C. Support for claim 92 is found at least in original claim 21. Support for the amendments to claim 93 can be found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159]], [00186], [00311], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527]], [00528], [00531], [00532], [00533], [00535], [00536], [00540], [00541], and [00542], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A, 29B, and 29C. Support for the amendments to claim 94 can be found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159]], [00186], [00311], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527]], [00528], [00531], [00532], [00533], [00535], [00536], [00540], [00541], and [00542], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A, 29B, and 29C. Applicant respectfully submits that no new matter is being added.

U.S. Serial No.: 12/380,773                    Docket No.: 26WV-160496 [RALEP018]

If the Examiner has any questions or needs any additional information, the Examiner is invited to contact the undersigned.

Respectfully submitted,

Date:  March 9, 2012                    By:  _____
                                             Marc A. Sockol
                                             Reg. No. 40,823
                                             Customer Number 69849
                                             Sheppard Mullin Richter & Hampton LLP
                                             379 Lytton Avenue
                                             Palo Alto, CA  94301

CERTIFICATE OF ELECTRONIC TRANSMISSION

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being filed electronically via EFS-Web addressed to the Commissioner for Patents on:

Date: March 9, 2012          By: _____
                                 Valerie Cohen

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In re Application of: | Examiner: |
|---|---|
| Gregory G. Raleigh | Dohm Chankong |
| Serial No.: 12/380,773 | Art Unit: 2452 |
| Filed: March 2, 2009 | |
| Title: Verifiable Service Policy Implementation for Intermediate Networking Devices | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT AND RESPONSE

Sir:

In response to the Office Action dated February 3, 2011, the deadline for response ending on July 3, 2011 with the enclosed request for a two-month extension of time, please amend the above-identified application as follows:

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

**In the Claims:**

1.  (Currently amended)  A system, comprising:

at least one processor of a[[n]] first end user device, the first end user device capable of operating as an intermediate networking device, the at least one processor configured to:

use an intermediate networking device forwarding agent to forward traffic act as a service intermediary or intermediate connection between a first access network and one or more other end user communications devices according to a trusted intermediate networking device forwarding policy to implement an intermediate networking device forwarding service, the trusted intermediate networking device forwarding policy associated with one or more policy settings; and

provide a user interface to a first end user of the first end user device, the user interface capable of receiving a modification request to modify at least one of the one or more policy settings associated with the trusted intermediate networking device forwarding policy implement a first service policy set for assisting control of the intermediate networking device use of a first service set on the first network, the first service policy set including one or more first service policies associated with the intermediate networking device or the one or more communications devices connected to the intermediate networking device, the first service set being one or more first network services used by the intermediate networking device or the one or more communications devices; and

monitor use of the first service set based on the first service policy set; and

[[a]] memory of the intermediate networking device coupled to the at least one processor and configured to provide the at least one processor with instructions[[,]] wherein the implementation of the first service policy set is verified.

2.  (Currently amended)  The system recited in claim 1, wherein the one or more other end user communications devices includes one or more mobile communications devices, and the one or more first network services include one or more Internet based services.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

3.    (Currently amended)  The system recited in claim 1, wherein <u>the at least one processor is</u> <u>configured to communicate a state of the intermediate networking device forwarding service to</u> <u>a network element</u> ~~the one or more communications device include one or more of the~~ ~~following:  a mobile phone, a PDA, an eBook reader, a music device, an entertainment/gaming~~ ~~device, a computer, laptop, a netbook, a home~~ networking ~~system, and a modem or~~ ~~communications device supporting machine to machine communications~~.

4.    (Currently amended)  The system recited in claim 1, wherein <u>the at least one of the one or</u> <u>more policy settings sets whether</u> the intermediate networking <u>device forwarding service is</u> <u>active</u> ~~device communicates, forwards, routes, passes or bridges network communications~~ ~~between the first network and one or more of the communications devices~~.

5.    (Currently amended)  The system recited in claim 1, wherein the <u>first end user</u> ~~intermediate networking~~ device includes a first modem to connect with the <u>access</u> ~~first~~ network and a second modem to connect with the one or more <u>other end user</u> ~~communications~~ devices.

6.    (Currently amended)  The system recited in claim [[1]] <u>5</u>, wherein <u>the first modem and</u> <u>the second modem are configured to operate simultaneously</u> ~~the intermediate networking~~ ~~device includes a first modem to connect with the first network and a second modem to connect~~ ~~with the one or more communications devices, and wherein the first modem communicates~~ ~~using one or more of the following communication protocols:  WiFi, WWAN, Bluetooth,~~ ~~Ziggby, satellite, DSL, and DOCSIS/cable~~.

7.    (Currently amended)  The system recited in claim 1, wherein the <u>first end user device</u> <u>receives a component of the trusted</u> intermediate networking device <u>forwarding policy from a</u> <u>network element</u> ~~includes a first modem to connect with the first network and a second modem~~ ~~to connect with the one or more communications devices, and wherein the second modem~~ ~~communicates using one or more of the following communication protocols:  WiFi, WWAN,~~ ~~Bluetooth, Ziggby, satellite, DSL, and DOCSIS/cable~~.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

8.    (Currently amended)  The system recited in claim 1, wherein the <u>first end user device receives a</u> policy setting instruction from a network element ~~intermediate networking device includes one or more of the following:  a WWAN to WiFi bridge or router, a femto cell, a wired WAN access router or gateway, a DSL modem, a cable modem router, a gateway, a satellite modem router or gateway, a cell phone, a handheld device, and a computer~~.

9.    (Currently amended)  The system recited in claim 1, wherein <u>the</u> ~~a first service processor is located on a~~ first <u>end user</u> ~~communications~~ device <u>receives</u> ~~in communication with~~ the <u>trusted</u> intermediate networking device <u>forwarding policy over a secure channel</u>[[,]] ~~and wherein the service processor implements the first service policy set for assisting control of the intermediate networking device use of the first service set on the first network~~.

10.    (Currently amended)  The system recited in claim 1, wherein <u>the</u> ~~a~~ first ~~portion of a first service processor is located on a first communications~~ <u>end user</u> device <u>includes a service usage monitor configured to detect when the</u> ~~in communication with the~~ intermediate networking device <u>forwarding service might be useful to the user</u>~~, and a second portion of the first service processor is located on the intermediate networking device, and wherein the service processor implements the first service policy set for assisting control of the intermediate networking device use of the first service set on the first network~~.

11.    (Currently amended)  The system recited in claim 1<u>0</u>, wherein <u>the at least one</u> ~~a first portion of a first service~~ processor is <u>configured to provide a user</u> ~~located on a first communications device in communication with the intermediate networking device for service usage monitoring or service usage~~ notification <u>when the service usage monitor detects that</u> ~~assistance or billing assistance, and a second portion of the first service processor is located on~~ the intermediate networking device <u>forwarding service might be useful to the user</u>[[,]] ~~and wherein the service processor implements the first service policy set for assisting control of the intermediate networking device use of the first service set on the first network~~.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

12.   (Currently amended)  The system recited in claim 1, <u>further comprising a device agent</u> <u>configured to determine a status of the at least one of the one or more policy settings</u> ~~wherein a~~ ~~first service processor is located on a first communications device in communication with the~~ ~~intermediate networking device, and a second service processor is located on the intermediate~~ ~~networking device, and wherein the first service processor implements the first service policy~~ ~~set for assisting control of the intermediate networking device use of the first service set on the~~ ~~first network, and the second service processor implements a second service policy set for~~ ~~assisting control of the intermediate networking device use of the first service set on the first~~ ~~network~~.

13.   (Currently amended)  The system recited in claim 1<u>2</u>, wherein the <u>device agent is further</u> <u>configured to communicate the status of the at least one of the one or more of the policy</u> <u>settings to a network element</u> ~~processor of the intermediate networking device is further~~ ~~configured to:~~

~~execute a service processor, wherein the service processor implements a first service~~ ~~policy set for assisting control of the intermediate networking device use of a first service set~~ ~~on a first network, and the service processor is stored on the intermediate networking device~~.

14.   (Currently amended)  The system recited in claim 1, wherein the <u>at least one</u> processor ~~of~~ ~~the intermediate networking device~~ is further configured to <u>allow or disallow the intermediate</u> <u>networking device forwarding service</u>[[:]]

~~verify the implementation of the first service policy using a first service processor~~ ~~located on a first communications device~~.

15.   (Currently amended)  The system recited in claim 1, wherein the <u>at least one</u> processor ~~of~~ ~~the intermediate networking device~~ is further configured to <u>perform one or more of:</u>

<u>set traffic speed;</u>

<u>identify one or more network types over which the intermediate networking device</u> <u>forwarding service is to be active or modified;</u>

<u>identify one or more particular networks, network identifiers, access point identifiers or</u>

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

base station identifiers over which the intermediate networking device forwarding service is to be active or modified;

identify one or more geographic locations or regions in which the intermediate networking device forwarding service is to be active or modified;

identify one or more time windows during which the intermediate networking device forwarding service is to be active or modified;

identify one or more network congestion levels during which the intermediate networking device forwarding service is to be active or modified;

identify one or more quality of service classes for which the intermediate networking device forwarding service is to be active or modified;

identify one or more network destinations for which the intermediate networking device forwarding service is to be active or modified;

identify one or more applications for which the intermediate networking device forwarding service is to be active or modified;

identify one or more other end user devices for which the intermediate networking device forwarding service is to be active or modified;

identify a limit on the number of other end user devices for which the intermediate networking forwarding service is to be active or modified; and

identify one or more traffic types for which the intermediate networking device forwarding service is to be active or modified, the one or more traffic types including one or more of content type, file type, protocol type, class of service, transaction type, and level of quality of service

~~verify the implementation of the first service policy using a first service processor located on a first communications device if more than one user or communications device is communicating with the intermediate networking device.~~

16.    (Currently amended)  The system recited in claim 1, wherein the <u>at least one</u> processor ~~of the intermediate networking device~~ is further configured to <u>notify a user when the intermediate networking device forwarding service is active</u>[[:]]

~~verify the implementation of the first service policy using a first service processor~~

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

~~located on a first communications device; and~~

~~verify an implementation of a second service policy using a second service processor located on a second communications device.~~

17.   (Currently amended)  The system recited in claim 1, wherein the <u>at least one</u> processor ~~of the intermediate networking device~~ is further configured to <u>notify a user when the intermediate networking device forwarding service is active over a roaming network</u>[[:]]
~~collect first service usage information from a first service processor executed on a first communications device to assist the monitored use of the first service~~.

18.   (Currently amended)  The system recited in claim 1, wherein the <u>at least one</u> processor ~~of the intermediate networking device~~ is further configured to <u>implement a different intermediate networking device forwarding service characteristic in accordance with the trusted intermediate networking device forwarding policy based on whether the first end user device is connected to a home network or a roaming network</u>[[:]]
~~collect first service usage information from a first service processor executed on a first communications device to assist the monitored use of the first service if more than one user or communications device is communicating with the intermediate networking device~~.

19-32.   (Canceled)

33.   (New)  The system of claim 1, wherein the at least one processor is configured to implement a different intermediate networking device forwarding service characteristic in accordance with the trusted intermediate networking device forwarding policy based on identification information of a particular other end user device or identification information of a particular user of a particular one of the one or more other end user devices.

34.   (New)  The system of claim 1, further comprising a device agent, and wherein the device agent is configured to notify a user when one of the one or more other end user devices attempts to or succeeds in connecting to the intermediate networking device forwarding service

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

of the first end user device.

35.    (New)  The system of claim 1, wherein the at least one of the one or more policy settings is configured to establish whether one of the one or more other end user devices can use the intermediate networking device forwarding service.

36.    (New)  The system of claim 1, wherein the at least one processor requires an authentication process before allowing modification of the at least one of the one or more policy settings.

37.    (New)  The system of claim 1, wherein the at least one processor is further configured to pass or redirect the traffic to one or more specific access network routing paths according to the trusted intermediate networking device forwarding policy.

38.    (New)  The system of claim 1, wherein the trusted intermediate networking device forwarding policy is established as trusted at least in part by storing the trusted intermediate networking device forwarding policy in an environment secure from user or application modification.

39.    (New)  The system of claim 1, wherein the trusted intermediate networking device forwarding policy is established as trusted at least in part by verifying the trusted intermediate networking device forwarding policy as consistent with a proper intermediate networking device forwarding policy.

40.    (New)  The system of claim 1, wherein the trusted intermediate networking device forwarding policy is established as trusted at least in part by verifying the trusted intermediate networking device forwarding policy as not including unauthorized code.

41.    (New)  The system of claim 1, wherein the trusted intermediate networking device forwarding policy is established as trusted at least in part by receiving the trusted intermediate

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

networking device forwarding policy over a secure link, and verifying the trusted intermediate networking device forwarding policy using a signature, certificate, hash or version configuration.

42.    (New)  The system of claim 1, wherein the trusted intermediate networking device forwarding policy is established as trusted at least in part by examining its execution environment or its storage environment.

43.    (New)  The system of claim 1, wherein the intermediate networking device forwarding agent is trusted.

44.    (New)  The system of claim 43, wherein the intermediate networking device forwarding agent is established as trusted at least in part by storing the intermediate networking device forwarding agent in an environment secure from user or application modification.

45.    (New)  The system of claim 43, wherein the intermediate networking device forwarding agent is established as trusted at least in part by verifying the intermediate networking device forwarding agent as consistent with a proper intermediate networking device forwarding agent.

46.    (New)  The system of claim 43, wherein the intermediate networking device forwarding agent is established as trusted at least in part by verifying the intermediate networking device forwarding agent as not including unauthorized code.

47.    (New)  The system of claim 43, wherein the trusted intermediate networking device forwarding agent is established as trusted at least in part by using a secure loader to verify the trusted intermediate networking device forwarding agent using a signature, certificate, hash or version configuration.

48.    (New)  The system of claim 43, wherein the intermediate networking device forwarding agent is established as trusted at least in part by examining its execution environment or its

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

storage environment.

49.    (New)  The system of claim 1, wherein the one or more policy settings is trusted.

50.    (New)  The system of claim 49, wherein the one or more policy settings is established as trusted at least in part by storing the one or more policy settings in an environment secure from unauthorized tampering.

51.    (New)  The system of claim 49, wherein the one or more policy settings is established as trusted at least in part by verifying the one or more policy settings as not having been tampered with.

52.    (New)  The system of claim 49, wherein the one or more policy settings is established as trusted at least in part by examining its storage environment.

53.    (New)  The system of claim 1, further comprising a network element capable of determining whether the intermediate networking device forwarding service is active on the first end user device.

54.    (New)  The system of claim 53, wherein, when the network element determines that the intermediate networking device forwarding service is active, a billing server updates a billing status to bill the user.

55.    (New)  The system of claim 53, wherein, when the network element determines that the intermediate networking device forwarding service is active and the billing status does not include forwarding service payments, a corrective action is taken.

56.    (New)  The system of claim 1, wherein the first end user device includes capability to connect with one or more of the following network access types: 2G, 3G, 4G, WiFi.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

57.   (New)  The system of claim 1, wherein the first end user device connects to the one or more other end user devices using one or more of the following connection types: WiFi, Bluetooth, USB, Ethernet, FireWire, near field communication.

58.   (New)  The system of claim 1, wherein the first end user device can monitor service usage and can modify a predetermined policy setting when the service usage meets a predetermined condition.

59.   (New)  The system of claim 1, wherein a network element can monitor service usage and can initiate modification of a predetermined policy setting when the service usage meets a predetermined condition.

60.   (New)  A method comprising:

using a first end user device to forward traffic between a first access network and one or more other end user devices according to a trusted intermediate networking device forwarding policy to implement an intermediate networking device forwarding service, the trusted intermediate networking device forwarding policy associated with one or more policy settings; and

providing a user interface to a first end user of the first end user device, the user interface capable of receiving a modification request to modify at least one of the one or more policy settings associated with the intermediate networking device forwarding policy.

61.   (New)  A system comprising:

at least one processor of a network element on an access network, the at least one processor capable of provisioning intermediate networking device forwarding service, the intermediate networking device forwarding service provided by a first end user device on the access network, the first end user device capable of forwarding traffic between the access network and one or more other end user devices according to an intermediate networking device forwarding policy, the first end user device including a user interface capable of receiving user input regarding a change to a policy setting of the intermediate networking

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

device forwarding policy and further including a device agent capable of communicating an instruction corresponding to the user input to the at least one processor, the at least one processor configured to:

receive the instruction from the first end user device;

change the policy setting of the intermediate networking device forwarding policy according to the instruction; and

initiate provisioning of one or more service elements on the access network to implement the change to the policy setting associated with the intermediate networking device forwarding policy.

62.    (New)  The system of claim 61, wherein the instruction includes an instruction to activate or deactivate the intermediate networking device forwarding service.

63.    (New)  The system of claim 61, wherein the one or more service elements includes the first end user device.

64.    (New)  The system of claim 61, wherein the one or more service elements includes the network element.

65.    (New)  The system of claim 61, wherein the at least one processor is further configured to notify a user of the first end user device that activating the intermediate networking service might be helpful.

66.    (New)  The system of claim 61, wherein the one or more service elements includes a billing system configured to modify a billing arrangement of a user of the first end user device for the intermediate networking device forwarding service.

67.    (New)  The system of claim 66, wherein the at least one processor is further configured to determine the policy setting.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

68.    (New)  The system of claim 67, wherein the policy setting sets whether the intermediate networking device forwarding service is active.

69.    (New)  The system of claim 68, wherein the at least one processor is further configured to communicate with the billing system to bill a user for the intermediate networking device forwarding service.

70.    (New)  A method, comprising:

receiving an instruction by a network element on an access network from a first end user device, the first end user device being capable of forwarding traffic between the access network and one or more other end user devices according to an intermediate networking device forwarding policy, the instruction requesting a change to a policy setting associated with the intermediate networking device forwarding policy;

changing the policy setting associated with the intermediate networking device forwarding policy according to the instruction; and

initiating provisioning of one or more service elements on the access network to implement the change to the policy setting associated with the intermediate networking device forwarding policy.

71.    (New)  A first end user device, comprising:

an intermediate networking device agent capable of forwarding traffic between an access network and one or more other end user devices to provide an intermediate networking device forwarding service in accordance with an intermediate networking device forwarding policy, the intermediate networking device forwarding policy associated with policy settings;

a user interface capable of receiving user input regarding a change to one of the policy settings associated with the intermediate networking device forwarding policy; and

a device agent capable of communicating an instruction corresponding to the user input to one or more network elements on the access network, the one or more network elements capable of initiating provisioning of the access network to modify the intermediate networking device forwarding service in accordance with the instruction.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

72.   (New)  The end user device of claim 71, wherein the instruction includes an instruction to activate or deactivate the intermediate networking device forwarding service.

73.   (New)  A method, comprising:

receiving user input regarding a change to a policy setting of an intermediate networking device forwarding policy by an end user device, the end user device having an intermediate networking device agent capable of forwarding traffic between an access network and one or more other end user devices to provide an intermediate networking device forwarding service in accordance with the intermediate networking device forwarding policy;

communicating an instruction corresponding to the user input to one or more network elements on the access network; and

receiving an indication whether the change to the intermediate networking device forwarding service has been implemented.

74.   (New)  The system of claim 1, wherein the user interface is also capable of providing the user with an offer to pay for enabling the intermediate networking device forwarding service, and requiring a user acknowledgement prior to enabling the intermediate networking device forwarding service.

75.   (New)  The system of claim 17, wherein the at least one processor notifies the user of an indication of an intermediate networking device forwarding service payment term.

76.   (New)  The system of claim 75, wherein the user acknowledgement is sent to a network element to indicate user acceptance of the payment term.

77.   (New)  The system of claim 1, wherein the at least one processor is further configured to provide a user interface to at least one of the one or more other end user devices, the user interface configured to provide information regarding a status of the intermediate networking device forwarding service.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

78.    (New)  The system of claim 77, wherein the status information includes one or more of:

forwarding or access network service sign up information or user entry,

forwarding or access network service authentication or secure logon information or user entry,

forwarding service purchase information or user entry,

forwarding service offer information or user entry,

forwarding service policy modification options information or user entry,

forwarding service status,

forwarding service management, and

forwarding service usage reporting.

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

<u>REMARKS</u>

Claims 1-32 were pending and rejected. Claims 1-18 are being amended. Claims 19-32 have been canceled. Claims 33-78 are being added. Claims 1-18 and 33-78 are now pending. Reconsideration is respectfully requested.

In section IIA, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-12 and 14-20 over claims 1-19 of co-pending application No. 12/380,769. Applicant is amending claims 1-12 and 14-18 and has canceled claims 19 and 20. Accordingly, Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section IIB, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-8 over claims 1-8 of co-pending application No. 12/380,774. Applicant is amending claims 1-8. Accordingly, Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section IIC, the Examiner issued a provisional obvious-type double patenting rejection of claims 1-8, 19 and 20 over claims 1-8, 21 and 22 of co-pending application No. 12/380,771. Applicant is amending claims 1-8 and has canceled claims 19 and 20. Accordingly, Applicant respectfully requests that the Examiner reconsider whether the obvious-type double patent rejection is still proper.

In section III, the Examiner rejected claim 20 under 35 USC § 101 as directed to nonstatutory subject matter. Claim 20 is being canceled. Accordingly, Applicant respectfully submits that the rejection of claim 20 is now moot, and respectfully requests that the rejection be withdrawn.

In section IV, the Examiner rejected claims 1-8, 13, 19-27, 29 and 31 under 35 USC § 102(b) as anticipated by Klinker. Klinker does not teach an end user device capable of operating as an intermediate networking device, as recited in claim 1 as amended. Further,

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

Klinker does not teach the at least one processor of a first end user device configured to "use an intermediate networking device forwarding agent to forward traffic between a first access network and one or more other end user devices according to a trusted intermediate networking device forwarding policy to implement an intermediate networking device forwarding service, the trusted intermediate networking device forwarding policy associated with one or more policy settings" or "provide a user interface to a first end user of the first end user device, the user interface capable of receiving a modification request to modify at least one of the one or more policy settings associated with the trusted intermediate networking device forwarding policy."

For at least these reasons, Applicant respectfully submits that claim 1 and claims 2-8 and 13, which depend from claim 1, are patentable for at least these reasons. Applicant respectfully requests that the rejection be withdrawn. Claims 19-27, 29 and 31 are being canceled. Accordingly, Applicant respectfully submits that the rejections of claims 19-27, 29 and 31 are now moot, and respectfully requests that the rejections be withdrawn.

In section V(A), the Examiner rejected claims 9-12, 14-18 and 28 under 35 USC § 103 over Kinker in view of Pandya. The Examiner noted that Kinker does not teach that the agents can be located on a communications device like a client computer. The Examiner then asserted that Pandya teaches such a feature. Pandya discloses a centrally located and controlled policy that controls multiple agents and control units. *See* paragraphs [0046] and [0073], and FIG. 4. Pandya does not teach an end user device capable of operating as an intermediate networking device, as recited in claim 1 as amended. Further, Klinker does not teach the at least one processor of a first end user device configured to "use an intermediate networking device forwarding agent to forward traffic between a first access network and one or more other end user devices according to a trusted intermediate networking device forwarding policy to implement an intermediate networking device forwarding service, the trusted intermediate networking device forwarding policy associated with one or more policy settings" or "provide a user interface to a first end user of the first end user device, the user interface capable of receiving a modification request to modify at least one of the one or more policy settings

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

associated with the trusted intermediate networking device forwarding policy."

For at least these reasons, Applicant respectfully submits that claims 9-12 and 14-18, which depend from claim 1, are patentable for at least these reasons. Applicant respectfully requests that the rejection be withdrawn. Claim 28 is being canceled. Accordingly, Applicant respectfully submits that the rejection of claim 28 is now moot, and respectfully requests that the rejection be withdrawn.

In section V(B), the Examiner rejected claims 30 and 32 under 35 USC § 103 as obvious over Klinker in view of Anderholm. Applicant is canceling claims 30 and 32. Accordingly, Applicant respectfully submits that the rejections of claims 30 and 32 are now moot, and respectfully requests that the rejections be withdrawn.

Support for claim 1 as amended is found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159]], [00186], [00311], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527]], [00528], [00531], [00532], [00533], [00535], [00536], [00540], [00541], and [00542], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A, 29B, and 29C. Support for claim 2 as amended is found at least in paragraphs [00144], [00404], [00514], and [00545]. Support for claim 3 as amended is found at least in paragraphs [00513], [00514], [00516], [00530], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 4 as amended is found at least in paragraphs [0081], [0082], [00101], [00155], [00161], [00162], [00514], [00530], [00534], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 5 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00156], and [00513] – [00516]. Support for claim 6 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00156], and [00513] – [00516]. Support for claim 7 as amended is found at least in paragraphs [00513] – [00516], [00530], [00541], and FIGS. 27A, 27B, and 27E. Support for claim 8 as amended is found at least in paragraphs [00513], [00514], [00516], [00530], [00541], and FIGS. 27A, 27B, and 27E. Support for claim 9 as amended is found at least in paragraphs 00186] and [00311], [00323], [00327], and [00531], and FIG. 29A. Support for

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

claim 10 as amended is found at least in paragraphs [00273], [00513], and [00514], and FIG. 27C. Support for claim 11 as amended is found at least in paragraphs [00525], [00526], [00532], and [00534], and FIG. 27C. Support for claim 12 as amended is found at least in paragraphs [00513], [00514], [00516], [00530], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 13 as amended is found at least in paragraphs [00513], [00514], [00516], [00530], and [00541], and FIGS. 27B, and 27E. Support for claim 14 as amended is found at least in paragraphs [00161], [00162], [0081], [0082], [00155], and [00534], and FIG. 27A. Support for claim 15 as amended is found at least in paragraphs [00151], [00152], [00153], [00154], [00155], [00204], [00207], [00213], [00219], [00236], [00244], [00245], [00274]], [00255], [00341], [00372], [00513], [00514], [00515], [00516], [00518], [00520], [00545], and FIG. 27A. Support for claim 16 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251]. Support for claim 17 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251], and FIG. 26D. Support for claim 18 as amended is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251], and FIG. 26D. Support for claim 33 is found at least in paragraphs [00513], [00517], [00518], [00520], [00521], [00522], [00523], [00528], [00529], [00530], and [00545]. Support for claim 34 is found at least in paragraphs [00525], [00526], [00532], [00534], and [00545]. Support for claim 35 is found at least in paragraphs [00525], [00526], [00532], [00534], and [00545]. Support for claim 36 is found at least in paragraphs . [00531], [0081], [0083], [00100], [00194], [00204], [00464], [00521], and [00544]. Support for claim 37 is found at least in paragraphs [00156], [00157], [00158], and [00529]. Support for claim 38 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 39 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 40 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 41 is found at least in paragraphs [00186] and [00311], [00323], [00327], and [00531], and FIGS. 29A, 29B, and 29C. Support for claim 42 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 43 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 44 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 45 is found at least in paragraphs

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

[00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 46 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 47 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 48 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 49 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 50 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 51 is found at least in paragraphs [00186] and [00311], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A, 29B, and 29C. Support for claim 52 is found at least in paragraphs [00186] and [00311], and FIGS. 29A, 29B, and 29C. Support for claim 53 is found at least in paragraphs [00513], [00514], [00516], [00530], [00541], and [00545], and FIGS. 27A, 27B, and 27E. Support for claim 54 is found at least in paragraphs [00242], [00249], [00252], [00253], [00289], [00537], [00539], [00541], [00512], [00514], [00515], [00520], [00529], and [00530], and FIGS. 27B and 27C. Support for claim 55 is found at least in paragraphs [00242], [00249], [00252], [00253], [00289], [00537], [00539], [00541], [00512], [00514], [00515], [00520], [00529], and [00530], and FIGS. 27B and 27C. Support for claim 56 is found at least in paragraphs [00144], [00145], [00151], [00156], [00157], [00158], [00515], and [00516]. Support for claim 57 is found at least in paragraphs [00135], [00136], [00144], [00145]], [00151], [00156], [00157], [00158], [00515], and [00516]. Support for claim 58 is found at least in paragraphs [00222], [00223], [00228], [00238], [00359], [00279], [00188], [00431], [00434], [00435], [00513], [00514], [00515], and [00516], and FIG. 27C. Support for claim 59 is found at least in paragraphs [0095], [00238], [00267], [00274], [00279], [00188], [00429], [00430], [00432], [00434], [00435], [00513], [00514], [00515], and [00516], and FIG. 27C. Support for claim 60 is found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159]], [00186] & [00311], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527], [00528], [00531], [00532], and [00534], and FIGS. 27A, 27B, 27C, 27D, 27E, 29A, 29B, and 29C. Support for claim 61 is found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159], [00186] & [00311], [00517], [00519], [00520], [00521], [00522], [00523], [00525], [00526], [00527], [00528], [00531], [00533], [00534], [00540], [00541], and [00542]. Support for claim 62 is found at

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

least in paragraphs [0081], [0082], [00161], [00162], [00155], and [00534], and FIG. 27A. Support for claim 63 is found at least in paragraphs [00188], [00222], [00223], [00228], [00238], [00279], [00359], [00431], [00434], [00435], [00513], [00514], [00515], [00516], and [00545], and FIG. 27C. Support for claim 64 is found at least in paragraphs [00188], [00222], [00223], [00228], [00238], [00279], [00359], [00431], [00434], [00435], [00513], [00514], [00515], [00516], and [00545], and FIG. 27C. Support for claim 65 is found at least in paragraphs [00162], [00219], [00243], [00244], [00245], [00250], and [00251]. Support for claim 66 is found at least in paragraphs [00242], [00249], [00252], [00253], [00289], [00537], [00539], [00541], [00512], [00514], [00515], [00520], [00529], and [00530], and FIGS. 27B, and 27C. Support for claim 67 is found at least in paragraphs [00513], [00514], [00516], [00530], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 68 is found at least in paragraphs [00513], [00514], [00516], [00530], and [00541], and FIGS. 27A, 27B, and 27E. Support for claim 69 is found at least in paragraphs [00242], [00249], [00252], [00253], [00289], [00537], [00539], [00541], [00512], [00514], [00515], [00520], [00529], and [00530], and FIGS. 27B, 27C. Support for claim 70 is found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527], [00528], [00531], [00532], [00533], [00534], [00540], [00541], and [00542]. Support for claim 71 is found at least in paragraphs 00158], [00159], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527], [00528], [00531], [00532], [00533], [00534], [00540], [00541], and [00542]. Support for claim 72 is found at least in paragraphs [0081], [0082], [00155], [00161], [00162], and [00534], and FIG. 27A. Support for claim 73 is found at least in paragraphs [0086], [00100], [00144], [00151], [00152], [00153], [00154], [00155], [00156], [00157], [00158], [00159], [00517], [00519]], [00520], [00521], [00522], [00523], [00525], [00526], [00527], [00528], [00531], [00532], [00533], [00534], [00540], [00541], and [00542]. Support for claim 74 is found at least in paragraphs [00526] and [00533], and FIGS. 26B and 26C. Support for claim 75 is found at least in paragraphs [00521], [00525], and [00534], and FIGS. 26B and 42C. Support for claim 76 is found at least in paragraphs [00521], [00525], and [00534], and FIGS. 26B and 42C. Support for claim 77 is found at least in paragraphs [00151], [00152], [00153], [00154], [00156], [00513], [00514], [00515], and [00516]. Support for claim

PATENT
Attorney Docket No.: 26WV-160496 [RALEP018]

78 is found at least in paragraphs [00151], [00152], [00153], [00154], [00156], [00513], [00514], [00515], [00516], [00521], [00525], [00532], and [00541], and FIGS. 26B, 27G, and 42D.

If the Examiner has any questions or needs any additional information, the Examiner is invited to contact the undersigned.

Respectfully submitted,

Date: _____June 22, 2011_____    By: _____

Marc A. Sockol
Reg. No. 40,823
Customer Number 69849
Sheppard Mullin Richter & Hampton LLP
390 Lytton Avenue
Palo Alto, CA 94301

<u>CERTIFICATE OF ELECTRONIC TRANSMISSION</u>

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being filed electronically via EFS-Web addressed to the Commissioner for Patents on:

Date: __June 22, 2011__    By: _____
                                            Linda K. Brost

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Inventor: | Gregory G. Raleigh | Examiner: | Not Assigned |
|---|---|---|---|
| Application No.: | 12/380,773 | Art Unit: | 2416 |
| Filed: | March 2, 2009 | Docket No.: | RALEP018 |
| Title: | VERIFIABLE SERVICE POLICY IMPLEMENTATION FOR INTERMEDIATE NETWORKING DEVICES | | |

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in a prepaid envelope addressed to: Mail Stop Missing Parts, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on:

5/26 , 2009.                                    Veronica Pula

## PRELIMINARY AMENDMENT A

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

    Prior to the examination of the application on the merits, please amend the application as follows:

## <u>AMENDMENTS TO THE DRAWINGS</u>

The attached sheets of drawings include Figures 22A through 22B.   Figures 22A through 22B submitted herewith correspond to originally filed Figure 22.  These sheets, which include Figures 22A through 22B, replace the original sheet which includes Figure 22.

The attached sheets of drawings include Figures 26A through 26H.   Figures 26A through 26H submitted herewith correspond to originally filed Figure 26A through 26E.  These sheets, which include Figures 26Athrough 26H, replace the original sheets which include Figure 26A through 26E.

The attached sheets of drawings include Figures 27A through 27P.   Figures 27A through 27P submitted herewith correspond to originally filed Figure 27A through 27G.  These sheets, which include Figures 27A through 27P, replace the original sheets which include Figure 27A through 26G.

The attached sheets of drawings include Figures 28A through 28E.   Figures 28A through 28E submitted herewith correspond to originally filed Figure 28A through 28C.  These sheets, which include Figures 28A through 28E, replace the original sheets which include Figure 28A through 28C.

The attached sheets of drawings include Figures 42A through 42J.   Figures 42A through 42J submitted herewith correspond to originally filed Figure 42A through 42F.  These sheets, which include Figures 42A through 42J, replace the original sheets which include Figure 42A through 42F.

## REMARKS

The Specification has been amended to include the serial number for a provisional patent application to which this application claims priority and to correct typographical/clerical errors. The Specification has also been amended to correspond to the formal figures being filed herewith, in which, for example, certain figures providing various tables required additional pages to satisfy requirements for formal drawings.  No new matter has been added.

If at any time the Examiner believes that an interview would be helpful, please contact the undersigned.

Respectfully submitted,

Dated: _____5 - 2 6 - 2 0 0 9_____

Michael J. Schallop
Registration No. 44,319
V   408-207-4762
F   408-973-2595

VAN PELT, YI & JAMES LLP
10050 N. Foothill Blvd., Suite 200
Cupertino, CA 95014

Application Serial No.   12/380,773

Attorney Docket No.   RALEP018                    8

U.S. PTO
12/380773
03/02/2009

| UTILITY PATENT APPLICATION TRANSMITTAL | Attorney Docket No. |
|---|---|
| (New Nonprovisional Applications Under 37 CFR § 1.53(b)) | RALEP018 |

## TO THE COMMISSIONER FOR PATENTS:

Transmitted herewith is the patent application of ( ) application identifier or (X) first named inventor, Gregory G. Raleigh, entitled VERIFIABLE SERVICE POLICY IMPLEMENTATION FOR INTERMEDIATE NETWORKING DEVICES, for a(n):

(X)    Original Patent Application.

( )    Continuing Application (prior application not abandoned):
      ( )   Continuation      ( )   Divisional       ( )   Continuation-in-part (CIP)
      of prior Application No. _____, filed _____.

( )    Please add after the title of the application "This is a
      ( )   Continuation      ( )   Divisional       ( )   Continuation-in-part (CIP)
      of Application No. _____, filed _____, which is hereby incorporated by reference."

(X)    This application claims the benefit of U.S. Provisional Application No. 61/206,354 (Attorney Docket No. RALEP001+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed January 28, 2009, U.S. Provisional Patent Application No. 61/206,944 (Attorney Docket No. RALEP002+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed February 4, 2009, U.S. Provisional Application No. 61/207,393 (Attorney Docket No. RALEP003+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed February 10, 2009, and U.S. Provisional Patent Application No. _____ (Attorney Docket No. RALEP004+) entitled SERVICES POLICY COMMUNICATION SYSTEM AND METHOD filed on February 13, 2009, which are incorporated herein by reference for all purposes.

Enclosed are:
    (X)    Specification; **2 4 6** Total Pages.     (X)  Drawing(s); __84__ Total Sheets.
    ( )    Oath or Declaration:
        ( )  A Newly Executed Combined Declaration and Power of Attorney:
           ( )  Signed.       ( )  Unsigned.       ( )  Partially Signed.
        ( )  A Copy from a Prior Application for Continuation/Divisional (37 CFR § 1.63(d)).
           ( )  Signed Statement Deleting Inventor(s) Named in the Prior Application. (37 CFR § 163(d)(2)).
    ( )    Power of Attorney.             (X)   Return Receipt Postcard.
    ( )    Associate Power of Attorney.        ( )   A Check in the amount of $_____ for the Filing Fee.
    ( )    Preliminary Amendment.            ( )   Information Disclosure Statement and Form PTO-1449.
    ( )    A Duplicate Copy of this Form for Processing Fee Against Deposit Account.
    ( )    A Certified Copy of Priority Documents (if foreign priority is claimed).
    ( )    Statement(s) of Status as a Small Entity.
    ( )    Statement(s) of Status as a Small Entity Filed in Prior Application, Status Still Proper and Desired.
    (X)    Non Publication Request.
    ( )    Other: _____

### PLEASE DO NOT CHARGE THE FILING FEE AT THIS TIME.

Respectfully submitted,

By: _Michael J. Schallop_
Michael J. Schallop, Reg. No. 44,319

Date: March 2, 2009

Correspondence Address:

Customer No. 21912
Van Pelt, Yi & James LLP
10050 N. Foothill Blvd.
Suite 200
Cupertino, CA 95014
Telephone: 408-973-2585
Fax: 408-973-2595

I hereby certify that this is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR § 1.10 on the date indicated below and is addressed to:

Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

By: _____

Typed Name: Stephanie Valenzuela

Express Mail Label No.: EM347861726US

Date of Deposit: March 2, 2009