UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 7:25-CV-00376-DC-DTG<br><br>**Jury Trial Demanded** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Pursuant to the Court's Order Setting Initial Pretrial Conference (Dkt. 12) and Local Rule CV-16, Plaintiff Headwater Research LLC ("Headwater") and Defendant Google LLC ("Google") submit this Rule 26 Report. The parties are also filing competing proposed scheduling orders along with this report. Headwater's proposed scheduling order is attached as Exhibit A, and Google's proposed scheduling order is attached as Exhibit B. After multiple meet-and-confer efforts, the parties reached agreement on the majority of the schedule, but the proposed schedules differ in two aspects: whether to include the default deadline to amend the complaint, and when to set dates related to the pretrial conference and trial. The parties look forward to arguing for their respective schedules at the case management conference.

In response to the questions presented in the Court's Order Setting Initial Pretrial Conference:

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

    a. There are currently no outstanding jurisdictional issues. Google has moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Dkt. 26. In addition, Google has raised a lack of standing defense and reserves the right to move for judgment on the pleadings if fact discovery subsequently demonstrates that Plaintiff lacks standing, such that the Court lacks subject matter jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

    a. There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims in this case?**

    a. Headwater asserts infringement of U.S. Patent Nos. 8,023,425; 8,631,102; and 8,799,451 ("Asserted Patents").

    b. In response to Headwater's complaint, Google asserted the following defenses:

        1. Non-infringement of the Asserted Patents;
        2. Invalidity of the Asserted Patents;
        3. Failure to state a claim upon which relief may be granted;
        4. Claims barred by estoppel, disclaimer, & waiver;
        5. Limitations on patent damages under 35 U.S.C. §§ 286, 287, and/or 288;
        6. Lack of irreparable harm to support any injunctive relief;
        7. Claims barred by express, implied license, exhaustion, & preclusion;
        8. Claims barred by prosecution history estoppel;
        9. Claims barred by lack of standing by Plaintiff;
        10. Action of others barring liability against Google;
        11. Lack of causation to show cognizable damages;
        12. No exceptional case under 35 U.S.C. § 285;
        13. No willful infringement under 35 U.S.C. § 284;
        14. Limitations on damages due to failure to mark products.

    c. Google has also moved for partial dismissal of the case under Federal Rule 12(b)(6) for failure to state a claim for direct, willful, indirect, and contributory infringement of the Asserted Patents on November 10, 2025. Dkt. 17. The Court granted the parties' joint motion to extend Headwater's opposition deadline to December 8, 2025.

Dkt. 23. On December 8, 2025, Headwater filed a First Amended Complaint ("FAC"). Google's response to the FAC is not yet due.

- **Google's Position:** Google maintains that Headwater's amended complaint was untimely under Rule 15 of the Federal Rules of Civil Procedure and Local Rules. *See also* Dkt. 21 (agreeing to an extension of time to file an opposition to Google's motion to dismiss, not an amended complaint); *see also AuthWallet, LLC v. Amarillo National Bank*, 24-cv-00064-DC, Dkt. 27 at 3 (striking second amended complaint where plaintiff failed to request leave or defendant's consent). This is one instance where Headwater has discarded the applicable procedural rules without leave or justification. To avoid burdening the Court at this stage, Google would not oppose a motion for leave to amend under Rule 15. Google trusts and expects, however, that Headwater will comply with all applicable rules and procedural requirements going forward. Under *PacSec3*, on which Headwater relies, Judge Albright allowed only "good-faith amendments." Google repeatedly asked Headwater why "justice so requires" its amendments, as required by FRCP 15 and has stated that it would not oppose a motion for leave to amend, but Headwater provided no basis to ignore Rule 15 except to cite the OGP which was not in effect when Headwater filed the amended complaint.

- **Headwater's Position:** Headwater's amendment is timely under the Court's Order (Dkt. 23) extending the opposition deadline and Midland OGP page 8, which permits amendments until 16 weeks after fact discovery by default and states that "A motion is not required." Thus, it is timely

under Fed. R. Civ. P. 15(a)(2) because the Court gave standing leave to amend. Headwater has explained to Google's local counsel that the on-point case *PacSec3, LLC v. BlackBerry Corp.*, No. 6:22-cv-00128-ADA, Dkt. 38 (W.D. Tex. Oct. 4, 2024) resolved this exact issue. Headwater explained that Google's case *AuthWallet, LLC v. Amarillo National Bank*, No. 7:24-cv-00064-DC, Dkt. 27 at 3 (W.D. Tex. Feb. 25, 2025) striking an amendment is distinguished because the notorious Bill Ramey "offers no argument as to why its Second Amended Complaint should not be struck," so *AuthWallet* stands for nothing more than granting an unopposed motion to strike. Headwater explained that an amendment mooting a motion to dismiss as authorized by the OGP without need for a motion is inherently good cause. Google is manufacturing a pointless and unreasonable assertion that Headwater is late by proposing to strike the default deadline for amendments in Google's scheduling proposal despite the OGP and clear caselaw. Headwater's Amended Complaint is operative, and Google's Motion to Dismiss is moot.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

    a. At this early stage in the case, the parties have not yet agreed or stipulated to any facts in this case or any element in the causes of action. The parties will meet and confer on any stipulations that may expedite resolution of the case (e.g., authenticity of the patents and file history).

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

a. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

- The parties agree disclosures should be made under the Judge Counts's OGP and according to the parties agreed scheduling order.

b. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

- Discovery is needed at least with respect to whether Plaintiff has standing; claim construction; the technical development, design, manufacture, operation, and use of the Accused Instrumentalities and relevant components; prior art; financial, marketing, sales, benefits, and use information related to the Accused Instrumentalities and relevant components, documents related to the *Georgia Pacific* factors; whether Headwater practices the patents; Defendant's knowledge of the patents and actions taken in light of that knowledge; and Google's defenses.

- Discovery should be conducted according to the parties' agreed scheduling order. The Parties expect discovery to be phased into fact and expert discovery, with claim construction discovery taking place within the Parties' schedule for claim construction pursuant to the accompanying proposed schedule, and with venue discovery to occur per the OGP. The parties will meet and confer regarding any extensions to venue discovery, if appropriate.

- Unless otherwise agreed to by the parties, the parties will abide by the discovery limits set in the Court's Order Governing Proceedings.

c. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

- None at this time. The Parties are meeting and conferring in an effort to jointly draft and submit to the Court a proposed stipulated order governing the discovery and preservation of electronically stored information (ESI).

d. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

- The parties will meet and confer regarding ESI and anticipate filing a protective order addressing FRE 502.

e. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

- The parties do not request any change in the limitations on discovery at this time. Discovery should be conducted according to the parties' agreed scheduling order and by the discovery limits set in the Court's Order Governing Proceedings.

f. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

- Headwater requests the Court enter its order regarding the procedure for submission of discovery disputes by email, as stated in the Standing Order

Governing Proceedings 4.4 for patent cases pending in the Waco Division.

6. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    a. Discovery has not yet commenced in this case. The parties propose conducting discovery according to the proposed scheduling order. As discussed above, the Parties anticipate conducting claim construction-related discovery prior to the *Markman* hearing, as permitted by the Standing Order, and completing fact discovery before expert discovery.

7. **What, if any discovery disputes exist?**

    a. None at this time.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    a. The parties anticipate filing a proposed Protective Order addressing FRE 502.

9. **Have the parties discussed mediation?**

    a. The parties will continue to meet and confer regarding settlement and mediation.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

    a. Google has moved to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Dkt. 26. Headwater has yet to file its opposition. Google has requested a hearing on this motion.

    b. Google filed a 12(b)(6) Partial Motion to Dismiss. Dkt. 17. As discussed above, the Court granted the parties' joint motion to extend Headwater's opposition deadline to December 8, 2025. Dkt. 23. On December 8, 2025, Headwater filed an FAC.

        • **Google's Position:** Headwater's amended complaint was untimely under

    Rule 15 of the Federal Rules of Civil Procedure and Local Rules. *See also* Dkt. 21 (agreeing to an extension of time to file an opposition to Google's motion to dismiss, not an amended complaint); *see also AuthWallet, LLC v. Amarillo National Bank*, 24-cv-00064-DC, Dkt. 27 at 3 (striking second amended complaint where plaintiff failed to request leave or defendant's consent). This is one more instance where Headwater has discarded the applicable procedural rules without leave or justification. To avoid burdening the Court at this stage, Google would not oppose a motion for leave to amend under Rule 15. Google trusts and expects, however, that Headwater will comply with all applicable rules and procedural requirements going forward. Under *PacSec3*, on which Headwater relies, Judge Albright allowed only "good-faith amendments." Google repeatedly asked Headwater why "justice so requires" its amendments, as required by FRCP 15 and has stated that it would not oppose a motion for leave to amend, but Headwater provided no basis to ignore Rule 15 except to cite the OGP which was not in effect when Headwater filed the amended complaint. Google's response to the FAC is not yet due.

- **Headwater's Position:** Headwater's amendment is timely under the Court's Order (Dkt. 23) extending the opposition deadline and Midland OGP page 8, which permits amendments until 16 weeks after fact discovery by default and states that "A motion is not required." Thus, it is timely under Fed. R. Civ. P. 15(a)(2) because the Court gave standing leave to amend. Headwater has explained to Google's local counsel that the on-point

case *PacSec3, LLC v. BlackBerry Corp.*, No. 6:22-cv-00128-ADA (W.D. Tex. Oct. 4, 2024) resolved this exact issue. Headwater explained that Google's case *AuthWallet, LLC v. Amarillo National Bank*, No. 7:24-cv-00064-DC, Dkt. 27 at 3 (W.D. Tex. Feb. 25, 2025) striking an amendment is distinguished because the notorious Bill Ramey "offers no argument as to why its Second Amended Complaint should not be struck," so *AuthWallet* stands for nothing more than granting an unopposed motion to strike. Headwater explained that an amendment mooting a motion to dismiss as authorized by the OGP without need for a motion is inherently good cause. Google is manufacturing a pointless and unreasonable assertion that Headwater is late by proposing to strike the default deadline for amendments in Google's scheduling proposal despite the OGP and clear caselaw. Headwater's Amended Complaint is operative, and Google's Motion to Dismiss is moot.

11. **Other Issues**

   a. **Appendix N:** The Parties provide the following responses to the remaining default standard questions from Appendix N not addressed above.

   - **Question 5. Are there any legal issues in this case that can be narrowed by agreement or by motion?** There are currently no legal issues in this case that can be narrowed by agreement.

   - **Question 14. Are there any other scheduling or discovery items requiring the court's attention?** There are currently no other scheduling or discovery items requiring the Court's attention.

b. **Technical Advisor**: Headwater requests the appointment of a technical advisor given the complex technology at issue in this case.

Dated: December 11, 2025

/s/ Peter Tong
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,**

Jointly submitted,

/s/ Nathaniel St. Clair, II
Nathaniel St. Clair, II
Texas State Bar No. 24071564
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel:  (214) 953-5948
Tax: (214) 953-5822
nstclair@jw.com

Matthias A. Kamber
Cal. Bar No. 232147
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: ( 415) 856-7000
Facsimile: (415) 856-7100

Andrea P. Roberts
Cal. Bar No. 228128
andrearoberts@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Ariell N. Bratton
Cal. Bar No. 317587
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

*Counsel for Google LLC*

**Headwater Research LLC**

## **CERTIFICATE OF SERVICE**

      I certify that on December 11, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

                                              */s/ Peter Tong*
                                              Peter Tong