# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § | |
| *Plaintiff*, | § § | Case No. 7:25-cv-00376-DC-DTG |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § | ORAL ARGUMENT REQUESTED |
| *Defendant*. | § § | |

## GOOGLE'S RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT

### TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................... 1

II.     LEGAL STANDARD ..................................................................................... 3

III.    ARGUMENT ................................................................................................. 4

    A.    The Court Should Dismiss Headwater's Claims of Infringement by
        Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment
        Systems. ............................................................................................. 4

    B.    The Court Should Dismiss Headwater's Claims Of Pre-Suit Willful And
        Indirect Infringement Of The Asserted Patents. ..................................... 9

        1.    The Court should dismiss Headwater's claims of willful and
            indirect infringement of the asserted patents prior to April 15, 2025
            based on alleged knowledge based on complaints filed against
            other entities. ........................................................................... 9

        2.    Headwater has not plausibly alleged Google had pre-suit
            knowledge of the asserted patents and infringement of the asserted
            patents between April 15, 2025 and July 2025. ...................... 10

        3.    No reasonable inference can be drawn that Google knew of the
            asserted patents because of alleged knowledge of unasserted
            patents. .................................................................................... 13

        4.    Headwater has not plausibly alleged Google knew of alleged
            infringement of the asserted patents based on alleged knowledge of
            unasserted patents. .................................................................. 15

        5.    Headwater has not plausibly alleged willful blindness of the
            asserted patents. ...................................................................... 17

    C.    The Court Should Dismiss Headwater's Claims of Contributory
        Infringement of the Asserted Patents. .................................................. 18

IV.     CONCLUSION ............................................................................................ 19

-i-

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Apeldyn Corp. v. AU Optronics Corp.*,
    831 F. Supp. 2d 817 (D. Del. 2011), *aff'd*, 522 Fed. App'x 912 (Fed. Cir.
    2013) ................................................................................................................15

*Apollo Fin., LLC v. Cisco Sys., Inc.*,
    190 F. Supp. 3d 939 (C.D. Cal. 2016) ...........................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................3, 4, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................3

*Bench Walk Lighting LLC v. LG Innotek Co.*,
    530 F. Supp. 3d 468 (D. Del. 2021)), *report and recommendation adopted*,
    530 F. Supp. 3d 468 (D. Del. 2021)...............................................................12

*BillJCo, LLC v. Apple Inc.*,
    583 F. Supp. 3d 769 (W.D. Tex. 2022).................................................4, 12, 18

*Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*,
    998 F.3d 1320 (Fed. Cir. 2021)........................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ..........................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015).....................................................................................3, 9

*CTD Networks, LLC v. Amazon.com, Inc.*,
    688 F. Supp. 3d 436 (W.D. Tex. 2023).....................................................10, 15

*CTD Networks, LLC v. Google, LLC*,
    688 F. Supp. 3d 490 (W.D. Tex. 2023), *appeal dismissed*, No. 2023-2428,
    2024 WL 2587917 (Fed. Cir. May 24, 2024) ..................................................4

*Dali Wireless Inc. v Corning Optical Commc'ns LLC*,
    638 F. Supp. 3d 1088 (N.D. Cal. 2022) ....................................................10, 15

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...........9

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Entropic Commc'ns, LLC v. Comcast Corp.*,
    702 F. Supp. 3d 954 (C.D. Cal. 2023) ................................................................... 11

*Flypsi, Inc. v. Google LLC*,
    No. 6:22-cv-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ...................... 14, 15

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010).................................................................................. 4, 18

*Glob. -Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)................................................................................................ *passim*

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)....................................................................................................... 4

*Hydrafacial LLC v. Medicreations LLC*,
    768 F. Supp. 3d 1129 (D. Nev. 2025).......................................................................... 16

*ImagineAR, Inc. v. Niantic, Inc.*,
    No. 1:24-cv-01252-JDW, 2025 WL 2592261 (D. Del. Sep. 8, 2025) ..................... 16

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
    920 F.3d 890 (5th Cir. 2019) .................................................................................... 3

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019),
    *report and recommendation adopted*, 2019 WL 1979866 (E.D. Tex. May 3,
    2019) ........................................................................................................................ 14

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ..................... 18

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
    No. 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)................... 16, 17

*Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*,
    No. SA CV 24-00415 JVS-JDE, 2024 WL 4800498 (C.D. Cal. Sep. 27, 2024).................... 16

*Lemko Corp. v. Microsoft Corp.*,
    No. 3:22-cv-363-L-BT, 2024 WL 3798217 (N.D. Tex. July 29, 2024), *report
    and recommendation adopted*, No. 3:22-cv-363-L, 2024 WL 3806350 (N.D.
    Tex. Aug. 13, 2024) ................................................................................................. 17

*Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*,
    No. 3:16-cv-263 RLM-MGG, 2018 WL 345767 (N.D. Ind. Jan. 10, 2018) .......................... 16

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) .....................................16

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
    571 U.S. 191 (2014)....................................................................................................................18

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)................................14

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)........................................................................................17

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
    No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ......................10, 15

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
    No. 6:20-cv-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................14

*Norris v. Hearst Tr.*,
    500 F.3d 454 (5th Cir. 2007) ...................................................................................................11

*Princeton Digit. Image Corp. v. Ubisoft Ent. SA*,
    No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017).......................................15

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sep. 24, 2013)...........................16, 17

*Sanofi, LLC v. Watson Lab'ys. Inc.*,
    875 F.3d 636 (Fed. Cir. 2017)....................................................................................................3

*Script Sec. Sols. LLC v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016).....................................................................................17

*SoftView LLC v. Apple Inc.*,
    No. 10–389–LPS, 2012 WL 3061027 (D. Del. Jul. 26, 2012)................................................11

*Teradyne, Inc. v. Astronics Test Sys., Inc.*,
    No. CV 20-2713-GW-SHKx, 2020 WL 8173024 (C.D. Cal. Nov. 6, 2020)..........................12

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
    No. 2:23-CV-00059-JRG, 2024 WL 1117930 (E.D. Tex. Mar. 14, 2024).............................15

*Trevino v. City of Pleasanton*,
    No. 5-18-CV-00688-DAE-RBF, 2019 WL 1793360 (W.D. Tex. Apr. 23,
    2019) ........................................................................................................................................11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Vasudevan Software, Inc. v. TIBCO Inc.*,
No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ......................................15

*Vervain, LLC v. Micron Tech., Inc.*,
No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ...................................9

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
336 F.3d 375 (5th Cir. 2003) ................................................................11

**Statutes**

35 U.S.C. § 271(b) ............................................................................1, 3, 9

35 U.S.C. § 271(c) ............................................................................ *passim*

35 U.S.C. § 284 ...............................................................................1, 4, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).......................................................................1, 3

Fed. R. Civ. P. 15 ..............................................................................1

Fed. R. Civ. P. 15(a) ...........................................................................1

## I.     INTRODUCTION

Google filed its first motion to dismiss on November 10, 2025. ECF No. 17. In response, Headwater improperly filed a first amended complaint ("FAC") on December 8, 2025. ECF No. 29.[1] But the handful of unsupported allegations Headwater added in the FAC fail to cure deficiencies Google raised in its first motion. Specifically, Headwater fails to state a claim against Google for (1) infringement of U.S. Patent Nos. 8,023,425 ("the '425 patent"), 8,631,102 ("the '102 patent"), and 8,799,451 ("the '451 patent") (collectively, "the asserted patents") by wearables, laptops, Internet-of-Things ("IoT") devices, M2M devices, and vehicle infotainment systems; (2) pre-suit indirect infringement of the asserted patents under 35 U.S.C. § 271(b) or (c) and enhanced damages for willful infringement of the asserted patents under 35 U.S.C. § 284 of the asserted patents; and (3) contributory infringement under 35 U.S.C. § 271(c) because there are substantial noninfringing uses.[2]

First, this Court should dismiss Headwater's claims that wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems infringe the asserted patents because Headwater fails to state a claim. Headwater fails to plausibly allege that each of these types of devices infringe

---

[1] Headwater filed its FAC after the deadline in Fed. R. Civ. P. 15(a). Headwater did not seek, and Google did not agree to, an extension of time for Headwater to amend its complaint. Nor did Headwater seek leave of Court to file the FAC after the deadline to do so. ECF Nos. 21, 23; Fed. R. Civ. P. 15; CV-15(a). Google advised Headwater that it would not oppose a motion for leave to amend under Rule 15 (ECF No. 30 at 3), but Headwater still has not sought leave of court.

[2] In another case against Google, Headwater recently argued based on a single out-of-district decision that the Court does not have the authority to dismiss Headwater's willful infringement claims pursuant to Rule 12(b)(6). Notice of Supplemental Authority, *Headwater Rsch. LLC v. Google LLC*, Case No. 7:25-cv-00231-DC-DTG, ECF No. 47 (W.D. Tex. 2025). This ignores the ample authority from this District and others addressing willfulness allegations pursuant to Rule 12(b)(6). Headwater argued that this Court should "follow Delaware" "to prevent a flood of motions to dismiss pre-suit claims of willfulness under the inevitable flood of permutations of pre-suit facts." *Id.* The only "flood" here is caused by Headwater, which filed 60 lawsuits this year relying on copy-and-paste willfulness allegations against dozens of defendants.

any of the asserted patents. Beyond using these terms in passing in its claim charts, Headwater does not plausibly allege how each of these different types of devices practice all elements of any claim of the asserted patents.

Second, this Court should dismiss Headwater's indirect infringement and willful infringement claims as to the asserted patents because Headwater continues to fail to sufficiently allege that Google had both knowledge of the asserted patents *and* knowledge that the asserted patents are infringed. Headwater does not plausibly allege that Google was aware of the asserted patents, let alone infringement of them. Although Headwater alleges it served complaints in prior litigations alleging infringement of the asserted patents by different entities, those complaints failed to provide notice to Google that the Accused Instrumentalities allegedly infringe the asserted patents. Indeed, they did not reference Google and mentioned Android only in passing. Headwater's only other factual allegations regarding knowledge relate to knowledge of other, related patents, which is insufficient. The Court should therefore dismiss Headwater's claims of willful and indirect infringement before July 2025 because Headwater fails to state a plausible claim for willful and indirect infringement before that date. At the very least, the Court should dismiss Headwater's claims of willful and indirect infringement of the asserted patents prior to April 15, 2025, because Headwater makes no allegation that Google knew of the asserted patents before then.

Third, for contributory infringement, it is Headwater's burden to prove that the Accused Instrumentalities are not a "commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Headwater sets out no plausible allegation of this element of contributory infringement in its FAC. For this reason alone, the Court should dismiss Headwater's claims for contributory infringement of the asserted patents.

## II.    LEGAL STANDARD

To overcome a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must have "state[d] a claim to relief that is plausible on its face" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's inquiry is generally "limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken . . . ." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

To state a claim for indirect infringement under § 271(b), a plaintiff must plausibly allege that the defendant knew the asserted patent existed and knew of infringement of the patent. *Glob. -Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) ("Induced infringement under 35 U.S.C. § 271(b) requires proof of underlying direct infringement, as well as proof that (1) 'the defendant knew of the patent . . . .'" (quoting *Sanofi, LLC v. Watson Lab'ys. Inc.*, 875 F.3d 636, 643 (Fed. Cir. 2017)). Alternatively, a plaintiff can state a § 271(b) claim "under the doctrine of willful blindness," which requires plausible allegations that the defendant (1) "subjectively believe[d] that there [was] a high probability that a fact exist[ed]" and (2) "t[ook] deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances*, 563 U.S. at 766, 769.

Indirect infringement under § 271(c) also requires knowledge of the asserted patent and knowledge of infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like

3

induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Additionally, "[t]o establish contributory infringement, [Headwater] must show . . . that the [accused instrumentalities have] no substantial noninfringing uses . . . ." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)).

Similarly, willful infringement concerns the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Therefore, to obtain enhanced damages for willful patent infringement pursuant to § 284, a plaintiff must plausibly allege that a defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022) (citations omitted). "Mere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *Id.* at 777; *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023), *appeal dismissed*, No. 2023-2428, 2024 WL 2587917 (Fed. Cir. May 24, 2024).

## III.    ARGUMENT

### A.    The Court Should Dismiss Headwater's Claims of Infringement by Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment Systems.

Headwater's claims of infringement by wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems (including Google Chromebooks, Google Pixel Watches, and Fitbits) should be dismissed because Headwater fails to plausibly allege how these devices infringe any of the asserted patents. At best, Headwater's FAC contains only passing references to these devices and conclusory statements, which are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

The FAC mentions "phones, tablets, watches, and smart devices" only once in passing as examples of "Accused Devices." ECF No. 29, FAC, ¶ 31. The FAC itself does not explain how these "Accused Devices" allegedly infringe any of the asserted patents. And nowhere does the FAC mention other wearables, laptops, IoT devices, M2M devices, or vehicle infotainment systems. The FAC uses the phrase "Accused Instrumentalities," but does so inconsistently and incoherently. FAC, ¶¶ 26-27. It refers to a grab bag of different Google products and services (e.g., Pixel smartphones, Google Fi wireless service, "other mobile phones, tablets, wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems," Fi network elements, and "client-side logic including Fi app and Fi configuration on Android") but fails to articulate an identifiable relationship between them or the Asserted Patents. FAC, ¶ 26. It then asserts "each" of the categories of Accused Instrumentalities (but identifying only a subset of the previously identified products and services) is "designed, configured, and intended to be tethered to, paired with, or otherwise connected to a first mobile device such as a Pixel smartphone" that provides a forwarding service, and when used this way, infringes the Asserted Patents. FAC, ¶ 27. It is indiscernible from these conclusory allegations which products and/or services allegedly practice all of the elements of any asserted claim and how they purportedly do so.

The claim charts attached to Headwater's FAC do little to clarify or support Headwater's allegations. The claim charts identify "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" as part of the "Accused Instrumentalities" but then barely address any of these devices within the charts. Headwater fails to identify any supposedly accused products with specificity, let alone explain how they each practice all elements of an asserted claim of the asserted patents. Simply identifying an allegedly infringing product and parroting the elements of an infringement claim in this manner is not enough specificity to sufficiently state a claim. *Apollo*

*Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016). But that is precisely what Headwater has done.

Exhibit 4 to the FAC (ECF No. 29-4) typifies the deficiencies that exist throughout the charts, as explained in greater detail below. For example, the chart states that the "devices described by Google's website below . . . constitute a first end user device." ECF No. 29-4 at 1. It then makes conclusory statements under the claim preamble about Chromebooks, watches, IoT and M2M devices, and cars, and lists several generic URLs related to each product. The chart states that Chromebooks are a first end point device, but does not explain how or what part of the cited webpage allegedly demonstrates this. ECF No. 29-4 at 7-8. For the other products, the chart does not even allege that they are first end point devices (e.g., "Android automotive OS enables automakers to connect mobile devices to their vehicles"; "Google IoT and M2M machines require a tethering capable android phone or tablet in order to activate the devices."). *See, e.g.*, ECF No. 29-4 at 9-13. The chart likewise fails for the other products to provide any explanation for citations or direction to supposedly relevant parts of the webpages. It does not point to any specific products on the webpages apart from merely mentioning Google's Nest, Home, and Pixel Watch products in general. *See, e.g.*, ECF No. 29-4 at 9-13. Similar deficiencies permeate all of the charts, and it is unclear from the unexplained citations which products Headwater alleges perform which limitations.

More specifically with respect to Exhibit 4 (the '425 patent), for a small subset of claim elements, Headwater cites a few repetitive screenshots of webpages related to Chromebooks, "laptops," watches, or vehicles without explanation. ECF No. 29-4 at 3-4, 8-11, 13, 15, 19, 28-31, 33, 36, 80, 84. Indeed, "watch" never appears in the body of the chart outside the few URLs or screenshots, and "Chromebook" and "laptop" appear only twice. ECF No. 29-4 at 7, 18, 28, 31.

No screenshots or URLs related to watches are included for at least claim elements [1d] or [1d1-4] or related to Chromebooks for at least claim elements [1d] or [1d1-6] of the '425 patent. *See* ECF No. 29-4. The only explanation provided related to Chromebooks are two identical conclusory statements alleging that "Google Chromebooks are first end point devices used as wi-fi hotspots." ECF No. 29-4 at 7, 28. The only other related exposition is a conclusory statement that appears only once: "For example, phones, tablets, wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems are additional end point devices with which the first end point device is configured to communicate over the network." ECF No. 29-4 at 31. Headwater's allegations for vehicles are even more scant. After the first page, where the charts reference "vehicle infotainment systems" as an Accused Instrumentality and include a generic vehicle-related URL without explanation, cars are mentioned in only two limitations, including the preamble. *Id.* Indeed, the preamble and limitation [1b] include the same three URLs and screenshots related to vehicles, two of which relate to Android Automotive OS generally, and all of which are cited without explanation. ECF No. 29-4 at 9-11, 29-31. The only explanation related to cars or vehicles is identical sentences stating that "Android automotive OS enables automakers to connect mobile devices to their vehicles," and the conclusory statement that they, among other generic categories of devices, "are additional end point devices with which the first end point device is configured to communicate over the network." ECF No. 29-4 at 9, 29, 31. And IoT and M2M devices—which are not defined anywhere in the FAC or charts—are only mentioned in the purported definition of the Accused Instrumentalities and two limitations. *See* ECF No. 29-4. As with vehicles, the preamble and limitation [1b] include two URLs and screenshots related to Google Nest, Home, and Pixel Watch products that are unexplained. ECF No. 29-4 at 12-13, 31-33. The only related exposition is two identical statements that "Google IoT and M2M machines

require a tethering capable android phone or tablet in order to activate the devices," and the conclusory statement that they are among the devices that allegedly "are additional end point devices with which the first end point device is configured to communicate over the network." ECF No. 29-4 at 12, 31.

It is a similar story for the other two asserted patents (ECF Nos. 29-5 and 29-6); aside from identifying "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" as Accused Instrumentalities on the face of the charts, the only other references to these devices are a handful of repetitive, unexplained webpage screenshots, and threadbare statements and conclusory assertions. *See* ECF No. 29-5 at 1, 3-4, 7-13, 15, 20, 33, 35-43; ECF No. 29-6 at 1, 3-4, 9, 18-25, 27-28, 33, 51, 53, 59, 72-77. There are no screenshots or URLs related to watches for at least claim elements [1d], [1e], or [1e1-3] of the '102 patent; related to Chromebooks for claim elements [1d], [1e], or [1e1-3] of the '102 patent; related to vehicles for claim elements [1a], [1b], [1d], [1e], or [1e1-3] of the '102 patent; related to Chromebooks, watches, or vehicles for claim elements [1d], [1e], or [1f] of the '451 patent; related to "laptops" for claim elements [1a], [1d], [1e], or [1e1-3] of the '102 patent; related to "laptops" for claim elements [1d], [1e], or [1f] of the '451 patent; or related to any other wearables, IoT devices, or M2M devices for claim elements [1a], [1b], [1d], [1e], or [1e1-3] of the '102 patent or claim elements [1a], [1d], [1e], or [1f] of the '451 patent. *See* ECF Nos. 29-5, 29-6.

Absent from the FAC and claim charts is any purported evidence showing *how* "wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems" practice any (let alone, every) element of any claim of the asserted patents. To sufficiently state a claim for infringement, however, Headwater's "complaint must support its entitlement to relief with "factual content," not just conclusory allegations that [Chromebooks, watches, and cars] meet every claim limitation."

*Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021)); *see also De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *7 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss patent infringement claims where complaint was devoid of "<u>any</u> description as to how the accused instrumentality infringe[d] [the patent claims]"). Headwater has not adequately pleaded infringement by Google Chromebooks, watches, and vehicles, and its infringement claims regarding these devices should therefore be dismissed.

**B.     The Court Should Dismiss Headwater's Claims Of Pre-Suit Willful And Indirect Infringement Of The Asserted Patents.**

Headwater's claims for pre-suit indirect infringement under §§ 271(b) or (c), and for enhanced damages under § 284 must be dismissed because Headwater fails to plausibly allege that Google knew of the asserted patents or any infringement of them before the filing of this case. *See Glob.-Tech Appliances*, 563 U.S. at 765–66; *Commil*, 575 U.S. at 639.

**1.     The Court should dismiss Headwater's claims of willful and indirect infringement of the asserted patents prior to April 15, 2025 based on alleged knowledge based on complaints filed against other entities.**

The Court should dismiss Headwater's claims of willful and indirect infringement ***before*** April 15, 2025—the earliest date that Headwater contends Google learned of the asserted patents.[3] FAC, ¶¶ 18-24. Headwater's basis for alleged pre-suit knowledge of the asserted patents by Google is Headwater's assertions of the same patents in prior litigations against different entities. *Id*. Headwater asserts that "[o]n information and belief, Google has had knowledge of the [asserted]

---

[3] Headwater alleges that the asserted patents "were also asserted against T-Mobile in Case No. 2:25-cv-00359- JRG-RSP ('359 Case'), and against AT&T in Case No. 2:25-cv-00428-JRG-RSP ('428 Case') in February 2025." FAC, ¶ 18. But Headwater does not allege that Google had knowledge of the asserted patents or any alleged infringement thereof as of the service dates of the complaints in the 359 or 428 cases. *Id.* Moreover, the complaints in the 359 and 428 cases appear to have been served on April 9, 2025, and April 24, 2025, respectively—not in February. 359 Case, ECF No. 4; 428 Case, ECF No. 4.

patents since at least April 2025 when Headwater served its complaint against Verizon in Case No. 2:25-cv-00391-JRG-RSP ('391 Case')." *Id.* ¶ 18. Because Headwater makes no allegation that Google learned of the asserted patents, or any alleged infringement of the asserted patents by Google before that date, Headwater's willful and indirect infringement claims for the asserted patents are restricted to after April 15, 2025. *Id.* ¶¶ 17–26. Headwater thus fails to raise plausible willful and indirect infringement claims of the asserted patents before April 15, 2025. *Iqbal*, 556 U.S. at 678.

> **2.      Headwater has not plausibly alleged Google had pre-suit knowledge of the asserted patents and infringement of the asserted patents between April 15, 2025 and July 2025.**

Headwater's pre-suit indirect and willfulness claims from April to July 2025 should be dismissed because Headwater does not plausibly allege that Google *knew or should have known that it **infringed** the asserted patents* as of the April 15, 2025 service of the complaint in the 391 Case. Both forms of indirect infringement (induced and contributory), and willfulness, require knowledge of the patents-in-suit *and* knowledge of infringement. *Glob.-Tech Appliances*, 563 U.S. at 766; 35 U.S.C. §271(c); *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 447 (W.D. Tex. 2023); *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021); *Dali Wireless Inc. v Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1098–1100 (N.D. Cal. 2022). Headwater still has not adequately pleaded that Google had prior knowledge of *Google's* infringement of the asserted patents, via Headwater's prior complaints.

Google was not a party to the 391, 359, or 428 Cases (collectively, the "Carrier Cases"). Rather, in those cases, Headwater sued Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. (collectively, "Verizon"), T-Mobile USA, Inc. and Sprint LLC (collectively, "T-Mobile"), and AT&T Inc, AT&T Services, Inc., AT&T Mobility, LLC, and

AT&T Corp. (collectively, "AT&T") (collectively, the "Carriers"), respectively, alleging infringement of the '425, '102, and '451 patents. Headwater alleges that "one or more of the Carriers shared the 391 Complaint and claim charts with Google in the April 2025 timeframe" but provides no support for this allegation. FAC, ¶ 18. Regardless, an unrelated case with unrelated parties does not provide knowledge of the asserted patents and/or infringement, even assuming Headwater's unsupported allegation of sharing is true. *See, e.g.*, *Entropic Commc'ns, LLC v. Comcast Corp.*, 702 F. Supp. 3d 954, 965–66 (C.D. Cal. 2023) (granting a motion to dismiss a willful infringement claim based on prior assertion of the same patent against a different entity, even where there were "communications" between the prior and current defendants); *cf. SoftView LLC v. Apple Inc.*, No. 10–389–LPS, 2012 WL 3061027, at *5–6 (D. Del. Jul. 26, 2012) (denying a motion to dismiss willful infringement claims, but noting it was a "close call" and the relationship between the prior defendant and current defendant alone would have been insufficient absent the other allegations).

Headwater's allegation is further untenable upon a closer look at the complaints in the Carrier Cases, of which this Court should take judicial notice.[4] Headwater's complaints in the Carrier Cases did not reference Google or Google devices at all. Android was not even mentioned in the 391 and 428 Case complaints, and was mentioned only in passing in the 359 Case complaint.

---

[4] Courts within this district routinely take judicial notice of public records, including complaints in other litigations, at the motion to dismiss stage. *See, e.g.*, *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (finding that it is "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Trevino v. City of Pleasanton*, No. 5-18-CV-00688-DAE-RBF, 2019 WL 1793360, at *4 (W.D. Tex. Apr. 23, 2019) (taking judicial notice of filings in other proceedings because they "are matters of public record, and there is no dispute as to their authenticity"). So too should this Court. Moreover, by relying on the complaints in the 391, 359, and 428 Cases in the FAC in this case, it was "incorporated in the complaint" and may thus be considered in deciding a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).

*See* 391 Case, ECF No. 1; 428 Case, ECF No. 1; 359 Case, ECF No. 1, ¶ 19. The charts in these cases similarly reference Google and Android devices only in passing. *See* 391 Case, ECF Nos. 1-4, 1-5, 1-6; 359 Case, ECF Nos. 1-4, 1-5, 1-6; 428 Case, ECF Nos. 1-4, 1-5, 1-6. Instead, Headwater's charts in those cases were focused on Apple and Samsung Galaxy phones and tablets. 391 Case, ECF No. 1-4 at 1; ECF No. 1-5 at 1; ECF No. 1-6 at 1; 359 Case, ECF No. 1-4 at 1; ECF No. 1-5 at 1; ECF No. 1-6 at 1; 428 Case, ECF No. 1-4 at 1; ECF No. 1-5 at 1; ECF No. 1-6 at 1. Importantly, these complaints accused the *Carriers*, not Google, of infringement and the charts did not allege any Google or Android device or service met every limitation of any claim. Headwater does not allege otherwise. Thus, even assuming any of the Carriers shared the complaints and charts from any of the Carrier Cases "in the April 2025 timeframe," as Headwater alleges, FAC, ¶ 18, the barebones allegations and offhand references to Android in those documents were not sufficient to provide Google knowledge of potential infringement by the Accused Instrumentalities in the April 2025 timeframe. *See, e.g.*, *BillJCo*, 583 F. Supp. 3d at 777 (finding that, even where the plaintiff was sent a pre-suit notice letter, the allegations failed to provide the necessary knowledge of infringement); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 492 (D. Del. 2021) (finding insufficient a letter that did not identify most of the accused products or how the defendant allegedly infringed), *report and recommendation adopted*, 530 F. Supp. 3d 468, 477–78 (D. Del. 2021); *Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. CV 20-2713-GW-SHKx, 2020 WL 8173024, at *3 (C.D. Cal. Nov. 6, 2020) (finding insufficient a letter that did not identify any specific product that plaintiff contended infringed the asserted patent).[5]

---

[5] Headwater alleges that Google has been coordinating generally with the Carriers and Samsung in connection with Headwater's litigation campaign. FAC, ¶ 21-24. Headwater, however, includes cases in which the asserted patents were not at issue. *Id.* Indeed, despite listing case names, alleging

Headwater's allegations with regards to July 2025, when Headwater alleges it served its initial infringement contentions in the Carrier Cases, also fail.[6] FAC, ¶ 19. The allegation that Headwater served infringement contentions on the *Carriers* in cases in which Headwater alleged infringement by the *Carriers* does not mean those infringement contentions—even if shared with Google in the same timeframe, as Headwater baselessly alleges, *id.* ¶ 20—provided notice to *Google* that the *Google* Accused Instrumentalities infringed the asserted patents. Further, Headwater fails to attach or otherwise provide the infringement contentions from the Carrier Cases, undermining the notion that they could have provided notice to Google of Google's alleged infringement of the asserted patents such that Headwater plausibly pleaded Google's knowledge of infringement as of the date of those infringement contentions. Accordingly, Headwater has failed to show any basis that Google had knowledge of Google's alleged infringement of the '425, '102, and '451 patents before Headwater filed this lawsuit.[7]

### 3. No reasonable inference can be drawn that Google knew of the asserted patents because of alleged knowledge of unasserted patents.

Headwater's other basis for alleging Google had pre-suit knowledge of the asserted patents is that Google was allegedly aware of "patents in the same family" as the asserted patents. FAC, ¶¶ 39, 51, 63. Headwater alleges that "the ItsOn software included a patent marking notice which listed patents in the same family" as the asserted patents, and that "family members" of the asserted

---

that Google witnesses testified in trials, and that Google was aware of jury verdicts, Headwater does not allege that the asserted patents were at issue in those cases. *Id.* Headwater's unsupported allegations of Google's awareness of other cases do not support claims of knowledge of infringement of the asserted patents in this case.

[6] Google reserves the right to argue that these contentions likewise did not provide notice of infringement by the Accused Instrumentalities.

[7] At the very least, Headwater does not allege it served its infringement contentions on the Carriers until July 2025. Because Headwater thus does not plausibly allege indirect or willful infringement of the '425, '102, and '451 patents prior to the service of those contentions, any claims for indirect or willful infringement prior to July 2025 should be dismissed.

patents were cited by "patents assigned to Google." *Id.* Headwater does not explicitly allege that this provided Google with knowledge of the asserted patents or any infringement thereof. *Id.* Thus, these allegations are insufficient to show pre-suit knowledge of the asserted patents. *See Flypsi, Inc. v. Google LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022).

As an initial matter, and as explained in Google's motion to dismiss Headwater's original complaint (ECF No. 17 at 7-9), these allegations are so vague and conclusory that they preclude any investigation by Google into their merits. Nevertheless, Headwater continues to fail to identify which family members Google supposedly had notice of through the ItsOn patent marking notice or citation in patents assigned to Google and which patents those were. Even assuming Headwater's unsupported allegations are true, they fail to allege *when* any "patents in the same family" were added to the ItsOn patent marking notice or were supposedly cited by patents assigned to Google—let alone when those mystery patents were even assigned to Google. Regardless, it is undisputed that none of these mystery family members are asserted against Google in this case or any other proceeding.

Even if Google had pre-suit knowledge of these unasserted mystery patents, as Google showed in its motion to dismiss Headwater's original complaint (ECF No. 17 at 7-9), Headwater has not shown Google had pre-suit knowledge of the ***asserted patents***. Although Headwater has pleaded that these mystery patents are related to the asserted patents, FAC, ¶¶ 39, 51, 63, knowledge of patent family members is not enough. *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018); *see also Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-cv-00507-ADA, 2023 WL 5426743, at *3–4 (W.D. Tex. June 27, 2023); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019), *report and recommendation adopted*, 2019

WL 1979866 (E.D. Tex. May 3, 2019); *Flypsi*, 2022 WL 3593053, at *5; *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 817, 831 (D. Del. 2011), *aff'd*, 522 Fed. App'x 912 (Fed. Cir. 2013); *Princeton Digit. Image Corp. v. Ubisoft Ent. SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017); *Vasudevan Software, Inc. v. TIBCO Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012); *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024). Headwater's amended complaint fails to cure this deficiency.

Thus, Headwater's bare allegation that Google had knowledge of the asserted patents based on purported knowledge of patent family members is insufficient to plausibly allege willful infringement.

### 4. Headwater has not plausibly alleged Google knew of alleged infringement of the asserted patents based on alleged knowledge of unasserted patents.

Even if Headwater adequately pleaded that its knowledge of other patents somehow meant Google knew of the *asserted patents*, it has not adequately pleaded that Google had that prior knowledge of *infringement*, as is required for indirect and willful infringement, via alleged knowledge of related patents. *Glob.-Tech Appliances*, 563 U.S. at 766; 35 U.S.C. §271(c); *CTD Networks*, 688 F. Supp. 3d at 447; *Monolithic Power Sys.*, 2021 WL 3931910, at *5; *Dali Wireless*, 638 F. Supp. 3d at 1098–1100.

Headwater's bare assertion that Google has had knowledge or was willfully blind of the asserted patents and alleged infringement "at least because the ItsOn software included a patent marking notice which listed patents in the same family as the [asserted patents]," FAC, ¶¶ 39, 51, 63, is unsupported by any facts, does not identify when or how Google supposedly "had knowledge or was willfully blind . . . of the infringing nature of the Accused Instrumentalities." *Id*. The mere

alleged knowledge of other, related patents by Google does not lead to an inference that Google had any knowledge it *infringed* entirely *different patents*.

Even had Headwater's ItsOn marking notices listed *the asserted* patents—and Headwater does not allege that they did—it would not suffice to allege knowledge of infringement by the defendant for indirect or willful infringement. *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021); *Hydrafacial LLC v. Medicreations LLC*, 768 F. Supp. 3d 1129, 1137 (D. Nev. 2025); *Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-cv-263 RLM-MGG, 2018 WL 345767, at *2 n.2 (N.D. Ind. Jan. 10, 2018); *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *2 (N.D. Cal. Sep. 24, 2013). Google raised this issue in its motion to dismiss Headwater's original complaint (ECF No. 17 at 10-11), but Headwater did not cure this deficiency.

Similarly, as Google argued in its prior motion to dismiss (ECF No. 17 at 11-12), to the extent the Court finds that Headwater sufficiently alleged knowledge of the asserted patents based on "patents assigned to Google [citing] family members of the [asserted patents]," FAC, ¶¶ 39, 51, 63, such allegations are insufficient to allege knowledge of *infringement* of the asserted patents. *See, e.g.*, *ImagineAR, Inc. v. Niantic, Inc.*, No. 1:24-cv-01252-JDW, 2025 WL 2592261, at *8–9 (D. Del. Sep. 8, 2025); *Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*, No. SA CV 24-00415 JVS-JDE, 2024 WL 4800498, at *3–4 (C.D. Cal. Sep. 27, 2024); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *5 (N.D. Cal. Oct. 7, 2021).

Thus, even assuming that Google had knowledge of the asserted patents through alleged knowledge of related patents, Headwater's bare allegation that Google knew that the Accused Instrumentalities infringed the asserted patents is insufficient to plausibly allege willful infringement.

### 5.    Headwater has not plausibly alleged willful blindness of the asserted patents.

The Court should also dismiss Headwater's indirect and willful infringement of the asserted patents because its allegations of willful blindness are even more conclusory than its allegations of pre-suit knowledge. Headwater offers only the baseless accusation that Google "has had knowledge of or has been willfully blind to" the asserted patents. FAC, ¶¶ 39, 51, 63; *see also id.* ¶¶ 41, 53, 65. Nowhere in the FAC does Headwater "identify . . . *affirmative actions* taken by [Google] to avoid gaining actual knowledge of the [asserted patents]." *Kirsch*, 2021 WL 4555802, at *2 (citing *Script Sec. Sols. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937–38 (E.D. Tex. 2016) and *Glob.-Tech Appliances*, 563 U.S. at 769–71) (emphasis added). Although Headwater attempted to remedy this deficiency by speculating that "Google turned a blind eye to infringement when" the Carriers were accused of infringement (FAC, ¶ 20), this is insufficient because the bare allegation that another party was sued in another litigation is not enough to impute knowledge through willful blindness. *See Radware, Ltd.*, 2013 WL 5373305, at *3 (discussing *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 233 (D. Del. 2012)). Without such factual allegations, the Court cannot draw any inference that Google was willfully blind to the asserted patents.

Further, no reasonable inference can be drawn from Headwater's allegations about "efficient infringement." FAC, ¶ 20. Headwater speculates, on information and belief, that Google "should have recognized" that products accused in the Carrier Cases allegedly "consist of Google's devices and/or operating systems and services"—not even that any Accused Instrumentalities were accused of infringing in those cases—but nevertheless determined that it would be more cost effective to infringe. *Id.* Not only is none of this supported by any facts (*Lemko Corp. v. Microsoft Corp.*, No. 3:22-cv-363-L-BT, 2024 WL 3798217, at *6 (N.D. Tex. July 29, 2024), *report and*

*recommendation adopted*, No. 3:22-cv-363-L, 2024 WL 3806350 (N.D. Tex. Aug. 13, 2024)), but Google could not have performed this cost-benefit analysis without an understanding of whether and how Headwater claims the **Google** Accused Instrumentalities, not the **Carriers'** Accused Instrumentalities, infringe the Asserted Patents. Moreover, "efficient infringement" is not a legally recognized doctrine, but rather a business strategy, and Headwater has pleaded no facts or allegations that Google practices such a policy.

      **C.**    **The Court Should Dismiss Headwater's Claims of Contributory Infringement of the Asserted Patents.**

      "To establish contributory infringement, [Headwater] must show . . . that the [accused instrumentalities have] no substantial noninfringing uses . . . ." *Fujitsu*, 620 F.3d at 1326 (citing 35 U.S.C. § 271(c)). This is Headwater's burden. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014). In Headwater's initial complaint, it made only conclusory, passing allegations that "Google knowingly and intentionally induces and contributes to infringement." ECF No. 1, ¶¶ 30, 42, 54; *see also* FAC, ¶¶ 39, 51, 63. Even after amending, Headwater offers nothing more than a boilerplate allegation for each of the asserted patents that "[t]he Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial noninfringing uses." FAC, ¶¶ 39, 51, 63. Such a "'threadbare recital' of one of the elements of a contributory infringement claim" is legally insufficient, and courts in this District routinely dismiss such claims on this basis. *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *BillJCo*, 583 F. Supp. 3d at 782. Such an allegation is meritless because the accused service and devices provide internet service and also make phone calls, which are substantial noninfringing uses. Indeed, Google identified these as substantial noninfringing uses in its motion to dismiss Headwater's original complaint, ECF No. 17 at 13, but Headwater does not address this in its FAC, instead asserting a deficient, boilerplate allegation.

18

*See generally* FAC. This warrants dismissal of Headwater's entire pre-suit and post-suit claims of contributory infringement under § 271(c).

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court dismiss, with prejudice[8]:

- Headwater's claims of infringement of the asserted patents by wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems;

- Headwater's claims for pre-suit indirect and willful infringement of the asserted patents; and

- Headwater's pre- and post-suit claims of contributory infringement under § 271(c) for the asserted patents.

---

[8] A dismissal with prejudice is appropriate because Headwater already tried and failed to amend its complaint to adequately plead these claims, demonstrating the lack of facts and evidence to support such allegations. Indeed, Headwater has repeated essentially the same allegations across all of its cases, so it has already had multiple attempts to adequately plead its case and failed.

DATED: December 22, 2025

JACKSON WALKER LLP

    Nathaniel St. Clair, II
    Tex. State Bar No. 24071564
    nstclair@jw.com
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    Telephone: (214) 953-6000
    Facsimile: (214) 953-5822

Respectfully Submitted,

PAUL HASTINGS LLP

By: */s/ Robert W. Unikel*
    Robert W. Unikel
    Ill. Bar No. 6216974
    robertunikel@paulhastings.com
    71 South Wacker Drive, Suite 4500
    Chicago, IL 60606
    Telephone: (312) 499-6000
    Facsimile: (312) 499-6100

    Matthias A. Kamber
    Cal. Bar No. 232147
    matthiaskamber@paulhastings.com
    101 California Street, 48th Floor
    San Francisco, CA 94111
    Telephone: (415) 856-7000
    Facsimile: (415) 856-7100

    Andrea P. Roberts
    Cal. Bar No. 228128
    andrearoberts@paulhastings.com
    1117 S. California Avenue
    Palo Alto, CA 94304
    Telephone: (650) 320-1800
    Facsimile: (650) 320-1900

    Robert R. Laurenzi
    NY Bar No. 3024676
    robertlaurenzi@paulhastings.com
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 319-4090

    Ariell N. Bratton
    Cal. Bar No. 317587
    ariellbratton@paulhastings.com
    4655 Executive Drive, Suite 350
    San Diego, CA 92121
    Telephone: (858) 458-3000
    Facsimile: (858) 458-3005

    *Attorneys for Defendant*
    *GOOGLE LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on December 22, 2025, all counsel of record who have appeared in this case were served with a copy of the foregoing document via the Court's CM/ECF system.

*/s/ Robert W. Unikel*
Robert W. Unikel
