**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 7:25-cv-00376-DC-DTG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**GOOGLE'S REPLY IN SUPPORT OF ITS**
**RULE 12(B)(6) MOTION FOR PARTIAL DISMISSAL**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ...................................................................................................... 1

    A.    Headwater's Claims of Infringement by Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment Systems Should Be Dismissed............. 1

    B.    The Court Should Dismiss Headwater's Claims of Pre-Suit Willful and Indirect Infringement of the Asserted Patent. ........................................................... 4

        1.    Contrary to Headwater's arguments, Google's motion for partial dismissal is permitted under Rule 12(b)(6)................................. 4

        2.    Headwater does not allege pre-suit knowledge before April 15, 2025................................................................................................... 6

        3.    Headwater does not adequately allege pre-suit knowledge between April and July 2025.................................................................... 6

        4.    Headwater's arguments regarding patent monitoring are a red herring. .......................................................................................... 7

        5.    Headwater's willful blindness allegations are conclusory and insufficient as a matter of law. ................................................... 8

    C.    Headwater Fails to Allege Sufficient Facts to Support Its Claims of Contributory Infringement of the Asserted Patent. ................................................. 9

III.    CONCLUSION.................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Altair Instruments, Inc. v. Walmart, Inc.*,
No. 2:18-cv-09461-R-FFM, 2019 WL 7166060 (C.D. Cal. Sept. 25, 2019)............................9

*Ancora Techs., Inc. v. Lenovo Grp. Ltd.*,
No. 1:19-CV-01712-CFC, 2020 WL 4530718 (D. Del. Aug. 6, 2020) ....................................3

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
638 F. Supp. 3d 721 (W.D. Tex. Oct. 31, 2022).......................................................................7

*AuthWallet, LLC v. Fiserv, Inc.*,
No. MO:24-CV-00063-DC, 2025 U.S. Dist. LEXIS 36505 (W.D. Tex. Feb.
28, 2025) ...................................................................................................................................3

*Bellotte v. Austin*,
No. 5:24-cv-0876-JKP, 2025 WL 2109962 (W.D. Tex. July 28, 2025)...................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012).......................................................................................3, 9, 10

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022).....................................................................................7

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................3

*Cepeda v. Emerald Corr. Mgmt. LLC*,
No. EP-18-CV-150-PRM, 2018 WL 4999973 (W.D. Tex. Aug. 28, 2018)..............................5

*Delta Elecs., Inc. v. Vicor Corp.*,
724 F. Supp. 3d 645 (W.D. Tex. 2024)......................................................................................7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018).................................................................................................3

*Energy Coal S.P.A. v. Citgo Petroleum Corp.*,
836 F.3d 457 (5th Cir. 2016) ....................................................................................................2

*Hydrafacial LLC v. Medicreations LLC*,
768 F. Supp. 3d 1129 (D. Nev. 2025).......................................................................................4

*Jamison v. Fluor Fed. Sols., LLC*,
No. 3:16-cv-0441-S, 2019 WL 460304 (N.D. Tex. Feb. 6, 2019)..........................................10

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013)................................................................3

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
    No. 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021).................8

*Kruger v. Lely N. Am., Inc.*,
    518 F. Supp. 3d 1281 (D. Minn. 2021)....................................................5

*LifeNet Health v. LifeCell Corp.*,
    837 F.3d 1316 (Fed. Cir. 2016)...............................................................3

*Marsh v. Lottery.com, Inc.*,
    No. 1:23-CV-880-RP, 2024 WL 4327461 (W.D. Tex. Aug. 28, 2024) ...................5

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*,
    No. 14-874-SLR-SRF, 2015 WL 4036951 (D. Del. July 1, 2015) (Opp. ) ..............9

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
    No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ...........7

*Netlist, Inc. v. Micro Tech., Inc.*,
    No. 2:22-cv-203-JRG-RSP, 2024 WL 402182 (E.D. Tex. Jan. 11, 2024) ..............7

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13–02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013)................9

*Roe v. United States*,
    839 F. App'x 836 (5th Cir. 2020) ..........................................................10

*Soverain Software LLC v. Oracle Corp.*,
    Nos. 6:12-CV-141, et al, 2014 WL 12619817 (E.D. Tex. Mar. 21, 2014)............10

*Triple S Farms LLC v. DeLaval Inc.*,
    No. 22-cv-1924, 2023 WL 2333410 (D. Minn. Mar. 2, 2023) .................................5

*Voip-Pal.com, Inc. v. Facebook, Inc.*,
    No. 6:21-CV-00665-ADA, 2022 WL 1394550 (W.D. Tex. May 3, 2022) ..............8

*Whitaker v. Livingston*,
    732 F.3d 465 (5th Cir. 2013) ................................................................10

*Wright v. Bd. of Comm'rs of Cap. Area Transit Sys.*,
    551 F. Supp. 3d 607 (M.D. La. 2021).........................................................5

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 4, 5

## I.    INTRODUCTION

Headwater's Opposition does not remedy the pleading deficiencies Google identified in its motion for partial dismissal of the First Amended Complaint ("FAC"). ECF No. 34 ("Mot."). First, Headwater fails to show how the FAC plausibly states a claim that several products infringe the Asserted Patents. Headwater tries to evade dismissal by misconstruing Google's Motion as arguing Headwater needed to provide more evidence for its allegations to suffice. To the contrary, Google's argument is that the FAC fails to sufficiently plead how these devices allegedly infringe.

Second, Headwater largely ignores Google's arguments that it failed to plausibly allege willful and indirect infringement prior to April 15, 2025, and July 2025. Headwater bases its allegations Google knew of the Asserted Patents and its alleged infringement primarily from the April 15, 2025 complaint in *Headwater Research LLC v. Cellco Partnership, d/b/a Verizon Wireless et al*, No. 2:25-cv-00391-JRG-RSP (E.D. Tex.) ("391 Case"). Those allegations do not support a reasonable inference that *Google*—a non-party in that case—had the requisite knowledge for willful and indirect infringement before July 2025 at the earliest, let alone before April 2025. Moreover, Headwater is wrong that Rule 12(b)(6) does not permit date-based dismissal of claims.

Third, Headwater's willful and indirect infringement claims should be dismissed because the FAC fails to plead (1) any affirmative, deliberate actions by Google to avoid learning of any alleged infringement, and (2) facts supporting an inference of no substantial non-infringing uses.

## II.    ARGUMENT

### A.    Headwater's Claims of Infringement by Wearables, Laptops, IoT devices, M2M devices, and Vehicle Infotainment Systems Should Be Dismissed.

The FAC does not plead sufficient facts to allege that wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems infringe the Asserted Patents. As Google argued in its Motion, the FAC refers to a grab bag of Accused Instrumentalities but fails to articulate how

each meets every limitation of any asserted claim. Mot. at 5. Although Headwater attempts to clarify its infringement theory (ECF No. 42 ("Opp.") at 5-6), this is not disclosed in the FAC. *Energy Coal S.P.A. v. Citgo Petroleum Corp.*, 836 F.3d 457, 462 n.4 (5th Cir. 2016) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.").

The FAC's inconsistencies show it does not disclose a coherent theory of infringement for each Accused Instrumentality. In one paragraph, the FAC states the Accused Instrumentalities include phones, tablets, wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems on the Google Fi network, as well as the Google Fi network and its constituent parts. FAC ¶ 26. The next paragraph refers to "*each of the categories* of Accused Instrumentalities," suggesting it includes *all* of them, but then lists only tablets, laptops, wearables, IoT/M2M devices, and vehicle infotainment systems. *Id.* ¶ 27 (emphasis added). The FAC alleges that this subgroup, which does not include phones and Google Fi, are the *second devices* that are "designed, configured, and intended" to be tethered to a "*first mobile device* such as a Pixel smartphone." *Id.* (emphasis added). The claim charts, however, are inconsistent; they identify tablets, wearables, laptops, IoT/M2M devices, and vehicles (in addition to phones and Google Fi) in the preambles claiming the *first* end user devices and one later limitation for the other end user devices. *See* ECF No. 29-4 at 1-13, 18-33; ECF No. 29-5 at 1-13, 33-43; ECF No. 29-6 at 1-24, 47-77.

The Opposition further exposes these inconsistencies. Headwater argues that certain features and services of Google Fi and devices on the Google Fi network "are accused," but does not explain how. Opp. at 5. Headwater next argues that any devices in the categories including "*smartphones*, laptops, wearables, IoT/M2M, [and] vehicle infotainment [systems]," are "designed, configured, and intended" to be tethered to another device *from among the same categories* that provides the forwarding service. *Id.* (emphasis added). Then, to justify its failure

to provide any evidence for certain product categories for multiple claim limitations, Headwater argues that no supporting evidence is necessary because those devices only satisfy the "one or more other devices" (or "additional end point devices") limitations, and are not meant to be the device providing the forward service. Opp. at 7; *see also* Mot. at 7-8. Thus, Headwater argues that all device categories can be *either* the forwarding device *or* the tethered device *and*—in direct contradiction—that only some device categories are alleged to be the forwarding device and some the tethered device. Although the law does not require "plead[ing] infringement on an element-by-element basis," Headwater's cited authority makes clear that if "allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-54 (Fed. Cir. 2021); *see also Ancora Techs., Inc. v. Lenovo Grp. Ltd.*, No. 1:19-CV-01712-CFC, 2020 WL 4530718, at *1 (D. Del. Aug. 6, 2020).

Indeed, Headwater concedes that it did not provide *any* evidence for certain limitations for Chromebooks and watches, and does not deny the same is true of laptops, IoT/M2M devices, and vehicles. Opp at 7; Mot. at 7-8. Those product categories thus cannot directly infringe the claims. *AuthWallet, LLC v. Fiserv, Inc.*, No. MO:24-CV-00063-DC, 2025 U.S. Dist. LEXIS 36505, at *3 (W.D. Tex. Feb. 28, 2025); *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016).

Headwater's cited cases are unavailing. They presume consistent and coherent infringement allegations, which do not exist here. None relax the requirement that an accused product must practice every limitation to infringe a device claim. *K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018); *In re Bill of Lading Transmission & Processing Sys. Patent*

*Litig.*, 681 F.3d 1323 (Fed. Cir. 2012). Headwater does not dispute that its FAC provides no evidence that multiple accused product categories practice certain limitations, and its Opposition admits it does not allege those categories infringe those limitations because they "are *not limitations about the tethered device at all*." Opp. at 7.[1] Because Headwater failed to coherently plead that wearables, laptops, IoT devices, M2M devices, and vehicle infotainment systems allegedly infringe the Asserted Patents, this Court should dismiss Headwater's claims as to those products.

**B.    The Court Should Dismiss Headwater's Claims of Pre-Suit Willful and Indirect Infringement of the Asserted Patent.**

**1.    Contrary to Headwater's arguments, Google's motion for partial dismissal is permitted under Rule 12(b)(6).**

Google moved to dismiss Headwater's claims of willful and indirect infringement prior to April 15, 2025, and July 2025 because Headwater did not plead facts sufficient to show Google's knowledge of infringement of the Asserted Patents prior to those dates. Headwater wrongly suggests that this is impermissible because Rule 12(b)(6) does not permit date-based dismissal of claims. Opp. at 9–11. But Rule 12(b)(6) imposes no such limitation. Google bases its request on the dates of alleged notice pleaded in the FAC. Because the alleged events on those dates do not provide notice, Google moves for dismissal of Headwater's indirect and willful infringement claims as to the time-period for which Headwater fails to plead sufficient notice. Courts have granted similar motions for partial dismissal of pre-notice claims. *See, e.g., Hydrafacial LLC v. Medicreations LLC*, 768 F. Supp. 3d 1129, 1137 (D. Nev. 2025) (dismissing willful and indirect infringement claims for actions taken before the date accused infringer received demand letter).

---

[1] Headwater also suggests its allegations are sufficient because the FAC includes charts that are long. Opp. at 3 n. 2 ("over 200 pages of supporting claim charts"), 4 ("over the course of 86, 76, and 112 pages, respectively"), 6 ("played out over 276 pages"). But this is immaterial where, as here, neither they nor the FAC articulate a coherent theory of infringement.

Further, courts routinely dismiss claims for lack of notice prior to the filing of a complaint for the same reason—*i.e.*, because the plaintiff failed to allege notice of infringement before the filing of a lawsuit. Indeed, Headwater concedes that courts in this Circuit bifurcate willfulness and indirect infringement claims into pre-suit and post-suit conduct. Opp. at 10. There is nothing inherently different in Google's requested relief: dismissal of willful and indirect infringement claims for the time-period for which knowledge was insufficiently pleaded.

Headwater's cited authority is inapposite. In *Bellotte v. Austin*, the defendant sought to foreclose certain damages as unavailable. No. 5:24-cv-0876-JKP, 2025 WL 2109962, at *6 (W.D. Tex. July 28, 2025). The court declined to dismiss such damages in part because "Rule 12(b)(6) concerns dismissing claims, not remedies stemming from a properly alleged claim." *Id.* at *6–7. Google does not seek dismissal of *remedies*—Google moves to dismiss *claims*. Headwater's two other cases also involve damages, not claims for relief. *Triple S Farms LLC v. DeLaval Inc.*, No. 22-cv-1924 (KMM/DTS), 2023 WL 2333410, at *9 (D. Minn. Mar. 2, 2023); *Kruger v. Lely N. Am., Inc.*, 518 F. Supp. 3d 1281, 1292 (D. Minn. 2021).

Headwater's assertion it will obtain evidence of pre-suit knowledge from discovery "is contrary to well-settled Supreme Court and Fifth Circuit jurisprudence," which has long affirmed "a plaintiff cannot engage in discovery in an attempt to obtain facts that support a currently baseless claim." *Wright v. Bd. of Comm'rs of Cap. Area Transit Sys.*, 551 F. Supp. 3d 607, 616 (M.D. La. 2021). Headwater cannot cure its deficient pleading by speculating on what discovery will reveal. *Cepeda v. Emerald Corr. Mgmt. LLC*, No. EP-18-CV-150-PRM, 2018 WL 4999973, at *4 (W.D. Tex. Aug. 28, 2018) ("[T]he Court rejects Plaintiff's claim that she can withstand a motion to dismiss based upon her hope that further facts may be uncovered during discovery."); *Marsh v. Lottery.com, Inc.*, No. 1:23-CV-880-RP, 2024 WL 4327461, at *7 n.7 (W.D. Tex. Aug. 28, 2024).

### 2. Headwater does not allege pre-suit knowledge before April 15, 2025.

At a minimum, this Court should dismiss Headwater's claims of willful and indirect infringement before April 15, 2025, because Headwater did not plead facts sufficient to show Google's knowledge of infringement of the Asserted Patents prior to that date. Mot. at 9–10. Headwater does not dispute this. Its only response is that the Court may not split its claim and dismiss part of it with respect to this period only. As explained above, Headwater is wrong.

### 3. Headwater does not adequately allege pre-suit knowledge between April and July 2025

Headwater insists that its April 15, 2025 Complaint in the 391 Case against *Verizon* put Google on notice of *Google's* alleged infringement of the Asserted Patents.[2] Opp. at 12, 14–16. Headwater, however, fails to meaningfully engage with Google's arguments explaining why the 391 Case Complaint cannot plausibly support such an allegation. Headwater does not dispute that: (1) Google was not a party to that case, (2) the complaint did not reference Google, Google devices, or Android, (3)  the complaint did not accuse Google of infringement, or (4) the charts did not allege any Google or Android device or service met every limitation of any claim.

Instead, Headwater attempts to recast this pleading deficiency as a "disputed fact" that is inappropriate for resolution at the pleading stage. Opp. at 15–16. The contents of the 391 Case Complaint and its claim charts are matters of public record, were put at issue by Headwater in the FAC, and Google requested this Court take judicial notice of them.[3] Thus, the Court may consider whether those materials support Headwater's allegation that Google had knowledge of alleged

---

[2] Headwater alleges that the Asserted Patents were asserted against T-Mobile and AT&T, but does *not* allege that Google knew of alleged infringement based on those cases. *See* Mot. at 9 n.3. Those cases did not provide notice of alleged infringement for the same reasons the 391 Case did not.

[3] Headwater did not oppose Google's request for judicial notice and does not respond to Google's cited authority supporting that the Court may take judicial notice of public records like the complaints on which Headwater relies in its FAC, at the motion to dismiss stage. Mot. at 11 n.4.

infringement of the Asserted Patents. They do not. Without knowledge of alleged infringement, Google's knowledge of the Asserted Patents cannot establish willful or indirect infringement. *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. Oct. 31, 2022); *Netlist, Inc. v. Micro Tech., Inc.*, No. 2:22-cv-203-JRG-RSP, 2024 WL 402182, at *4 (E.D. Tex. Jan. 11, 2024); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022); *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 651, n.18 (W.D. Tex. 2024). Accordingly, the FAC does not plausibly allege that Google had pre-suit knowledge of infringement until, at the earliest, when infringement contentions were served in the 391 Case in July 2025.

### 4.      Headwater's arguments regarding patent monitoring are a red herring.

Headwater argues that Google ignores its allegations of pre-suit patent monitoring. Opp. at 12–14. Not true. The FAC mentions "ongoing monitoring" in the context of verdicts that *different* entities infringed *different* patents. *See* FAC, ¶¶ 23–24. Despite Headwater listing case names, alleging that Google witnesses testified in trials, and that Google was aware of jury verdicts, it does not allege that the Asserted Patents were at issue in those cases. Mot. at 12 n.5. It cannot. Further, alleged knowledge of unasserted patents cannot show knowledge of the Asserted Patents or potential infringement. Mot. at 12 n.5, 13–16. Headwater cites no authority that alleging patent portfolio monitoring alone is sufficient. Nor could such a position be squared with the law, which requires both knowledge of the patent *and* of infringement. *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (rejecting argument that "knowledge of the asserted patents leads to a plausible inference that they knew their conduct amounted to infringement").[4]

---

[4] Headwater does not dispute that its allegations of (1) a patent marking notice listing patents in the same family and (2) family members of the Asserted Patents being cited in patents assigned to Google are insufficient to plausibly allege pre-suit knowledge of infringement. *See* Mot. at 13–15.

*Voip-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-CV-00665-ADA, 2022 WL 1394550 (W.D. Tex. May 3, 2022), is distinguishable. There, the plaintiff alleged that it sent the defendants a pre-suit letter identifying the asserted patents, and there was prior litigation between *those parties*. *Id.* at *1–2. The plaintiff alleged that these facts led to patent monitoring by defendants, and defendants analyzed the asserted patents to learn of infringement. *Id.* Here, Headwater does not allege it sent a pre-suit letter to Google. Instead, it argues that a complaint and infringement contentions in a case against *a different entity* are "[l]ike the notice letters in *Voip-Pal*" sent directly to the defendants. Opp. at 12. Headwater cites "ongoing litigation" to liken this case to *Voip-Pal*, but the ongoing litigation in *Voip-Pal* was between the parties to the action, not *different* entities. 2022 WL 1394550 at *1–2.[5] *Voip-Pal* simply does not apply.

### 5.    Headwater's willful blindness allegations are conclusory and insufficient as a matter of law.

Headwater fails to identify any allegation of an "*affirmative actions* taken by [Google] to avoid gaining actual knowledge of the [asserted patents]." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (emphasis added). Headwater instead asks the Court to credit its inference that Google must or should have recognized that accused products consist of Google's devices and/or operating systems and services based on the Complaint and infringement contentions from the Carrier Cases. Opp. at 17. But as stated above, the 391 Case Complaint does not plausibly support Headwater's inference. Even a cursory review shows it lacks sufficient clarity to put Google on notice that its tethering functionalities accused here were accused of infringement in the 391 Case. *See generally*

---

[5] Headwater also bases its pre-suit patent monitoring allegations on Google's business relationships with the Carriers, *post-suit* filing of declaratory judgment actions, and a Samsung IPR not identified in the FAC that involved a different patent. Opp. at 12. *Voip-Pal* does not stand for such inferences and Headwater cites no other authority in support.

391 Case, ECF Nos. 1, 1-4, 1-5, 1-6. Headwater does not sufficiently plead willful blindness until, at the earliest, July 2025, when it allegedly served infringement contentions in the Carrier Cases.

Moreover, that certain Carriers were accused of infringement is not enough to impute knowledge to Google. *See Altair Instruments, Inc. v. Walmart, Inc.*, No. 2:18-cv-09461-R-FFM, 2019 WL 7166060, at *2 (C.D. Cal. Sept. 25, 2019) (willful infringement claim based on plaintiff's prior litigation success in cases against similar devices would be futile because "Defendant's ongoing sales of the allegedly infringing products . . . is consistent with Defendant's position that the products do not infringe Plaintiff's patents"); *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13–02021-RMW, 2013 WL 5373305, at *3 (N.D. Cal. Sept. 24, 2013). Even if Headwater adequately pleaded any *Carriers* were somehow aware they or even Google may infringe the Asserted Patents, that does not mean Headwater adequately pleaded *Google* was aware of potential infringement.

### C.    Headwater Fails to Allege Sufficient Facts to Support Its Claims of Contributory Infringement of the Asserted Patent.

Headwater's Opposition does not salvage its contributory infringement claims and instead rests on the incorrect premise that it is not required "to plead negative facts." Opp. at 18. Courts in this District reject that position, holding boilerplate allegations that the accused instrumentalities are not suitable for substantial non-infringing uses are legally insufficient at the motion to dismiss stage. *See* Mot. at 18. Headwater neither distinguishes nor acknowledges this authority. It also fails to cite any case holding that such conclusory allegations can survive a motion to dismiss.

Headwater's reliance on *Merck Sharp & Dohme Corp. v. Teva Pharmaceuticals USA, Inc.*, No. 14-874-SLR-SRF, 2015 WL 4036951 (D. Del. July 1, 2015) (Opp. at 19), mischaracterizes the Federal Circuit authority on which that decision purports to rely. The Federal Circuit in *Bill of Lading* did not hold that a plaintiff may render a contributory infringement claim plausible by affirmatively pleading, in conclusory fashion, the absence of substantial non-infringing uses unless

the pleadings "undermine" that allegation. 681 F.3d 1323. Rather, the Federal Circuit affirmed dismissal because the pleadings demonstrated that the accused products had substantial non-infringing uses. *Id.* at 1339. The Federal Circuit made clear that to allege contributory infringement, the plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* at 1337.

Here, Headwater fails to plead specific facts that allow an inference of no substantial non-infringing use. Indeed, rather than citing specific allegations, Headwater merely gestures broadly to the "nature of the Accused Instrumentalities" as purported support. Opp. at 19. But Headwater pleaded no facts showing that the accused components are designed exclusively or primarily for infringing use. Although Headwater need not plead facts it does not know, it still must "plead sufficient facts to state a cognizable legal claim." *Whitaker v. Livingston*, 732 F.3d 465, 467 (5th Cir. 2013). Its failure to do so warrants dismissal of the contributory infringement claims. *See Soverain Software LLC v. Oracle Corp.*, Nos. 6:12-CV-141, et al, 2014 WL 12619817, at *4 (E.D. Tex. Mar. 21, 2014) ("[T]he complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement. Thus, [plaintiff's] contributory infringement allegations fail to state a claim.").

## III.  CONCLUSION

For the foregoing reasons, and the reasons stated in Google's Motion, Google's Motion should be granted.[6]

---

[6] Headwater has repeatedly failed to cure the deficiencies in its claims for willful and indirect infringement, and for post-suit contributory infringement in this and eight other actions pending in this Court. Mot. 19 n.8. While amendment of pleadings is generally allowed after the start of fact discovery and *Markman*, Google's motion for partial dismissal of these claims should be granted with prejudice. *Jamison v. Fluor Fed. Sols., LLC*, No. 3:16-cv-0441-S, 2019 WL 460304, at *10 (N.D. Tex. Feb. 6, 2019); *Roe v. United States*, 839 F. App'x 836, 847–48 (5th Cir. 2020).

DATED:  January 26, 2026                    Respectfully Submitted,


JACKSON WALKER LLP                          PAUL HASTINGS LLP

   Nathaniel St. Clair, II                  By: */s/ Robert W. Unikel*
   Tex. Bar No. 24071564                         Robert W. Unikel
   nstclair@jw.com                               Ill. Bar No. 6216974
   2323 Ross Avenue, Suite 600                   robertunikel@paulhastings.com
   Dallas, Texas 75201                           71 South Wacker Drive, Suite 4500
   Telephone:  (214) 953-6000                    Chicago, IL 60606
   Facsimile:  (214) 953-5822                    Telephone: (312) 499-6000
                                                 Facsimile: (312) 499-6100

                                                 Matthias A. Kamber
                                                 Cal. Bar No. 232147
                                                 matthiaskamber@paulhastings.com
                                                 101 California Street, 48th Floor
                                                 San Francisco, CA 94111
                                                 Telephone: (415) 856-7000
                                                 Facsimile: (415) 856-7100

                                                 Andrea P. Roberts
                                                 Cal. Bar No. 228128
                                                 andrearoberts@paulhastings.com
                                                 1117 S. California Avenue
                                                 Palo Alto, CA 94304
                                                 Telephone: (650) 320-1800
                                                 Facsimile: (650) 320-1900

                                                 Robert R. Laurenzi
                                                 N.Y. Bar No. 3024676
                                                 robertlaurenzi@paulhastings.com
                                                 200 Park Avenue
                                                 New York, NY 10166
                                                 Telephone: (212) 318-6000
                                                 Facsimile: (212) 319-4090

                                                 Ariell N. Bratton
                                                 Cal. Bar No. 317587
                                                 ariellbratton@paulhastings.com
                                                 4655 Executive Drive, Suite 350
                                                 San Diego, CA 92121
                                                 Telephone: (858) 458-3000
                                                 Facsimile: (858) 458-3005


                                            *Attorneys for Defendant*
                                            *GOOGLE LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on January 26, 2026, all counsel of record who have appeared in this case and have consented to electronic service, were served with the foregoing document via the Court's CM/ECF system.

*/s/ Robert W. Unikel*
Robert W. Unikel
