# Exhibit 27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,** | § | Civil Case No. 6:21-cv-569-ADA |
| | § | |
| *Plaintiff,* | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | <u>**FILED UNDER SEAL**</u> |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**OPPOSED MOTION TO TRANSFER VENUE BY DEFENDANT GOOGLE LLC**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND...................................... 1

     A.    Litigation Status ..................................................................................... 1

     B.    Touchstream Has No Known Connection to This District .................... 2

     C.    Google's Relevant Presence Is in N.D. Cal. ......................................... 2

     D.    ███████████████████████████████████ ....................................................................... 4

     E.    Third Parties Are Located in N.D. Cal. ................................................ 4

III.   LEGAL STANDARD..................................................................................... 5

IV.   ARGUMENT................................................................................................... 7

     A.    Touchstream Could Have Brought This Case in N.D. Cal. ................... 7

     B.    The Balance of the Private Interest Factors Favors  Transfer................ 7

          1.    The Relative Ease of Access to Sources of Proof Favors Transfer ........... 7

          2.    The Availability of Compulsory Process to Secure Attendance of Witnesses Favors Transfer........................................................................ 8

          3.    The Convenience and Cost of Attendance for Willing Witnesses Favors Transfer ..................................................................................... 9

          4.    The Other Practical Problems Affecting This Case Are Neutral............. 12

     C.    The Balance of the Public Interest Factors Weigh in Favor of Transfer ............ 13

          1.    The Local Interests Favor Transfer to N.D. Cal. ..................................... 13

          2.    Administrative Difficulties Flowing from Court Congestion Favor Transfer Are Neutral and Should Be Given Little Weight ..................... 14

          3.    The Remaining Factors Favor Transfer or Are Neutral........................... 15

V.    CONCLUSION............................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*10Tales, Inc. v. TikTok Inc.*,
    No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ..........................12

*Flexiworld Techs., Inc., v. Amazon.com, Inc., et al.*,
    No. 6:20-cv-00553-ADA, Dkt. 101 (W.D. Tex. Aug. 2, 2021)..............................................11

*HD Silicon Sols. LLC, v. Microchip Tech. Inc.*,
    6:20-cv-01092-ADA, Dkt. 49 (W.D. Tex. Oct. 25, 2021)..............................................6, 7, 14

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)...................................................................................7, 13, 14

*In re Apple, Inc.*,
    581 F.App'x 886 (Fed. Cir. 2014) ....................................................................................8, 10

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)...................................................................................... passim

*In re Apple, Inc.*,
    No. 21-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ...............................................10, 15

*In re Genentech*,
    566 F.3d 1338 (Fed. Cir. 2009).............................................................................7, 9, 11, 15

*In re Google Inc.*,
    No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .....................................................14

*In re Google LLC (Jenam Tech.)*,
    No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)...........................................7, 10, 12

*In re Google LLC (Sonos)*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ....................................10, 12, 13

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ...............................................1, 8

**TABLE OF AUTHORITIES**

(continued)

*In re Hulu, LLC*,
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ...................................................8

*In re Juniper Networks, Inc.*,
   14 F.4th 1313, 1319 (Fed. Cir. 2021) ...............................................................................11, 15

*In re Pandora Media, LLC*,
   No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)................................................11

*In re TOA Techs., Inc.*,
   543 F. App'x 1006 (Fed. Cir. 2013) .....................................................................................13

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014)...............................................................................................6

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)...............................................................................................6

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ......................................................................................5, 12, 13

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................................ passim

*Media Chain, LLC v. Roku, Inc.*,
   No. 1:21-CV-27-LY, Dkt. 65 (W.D. Tex. Dec. 7, 2021)...........................................................9

*Proven Networks, LLC. v. NetApp, Inc.*,
   No. 6:20-cv-00369-ADA, Dkt. 61 (W.D. Tex. Oct. 19, 2021)............................................9, 14

*Touchstream Technologies, Inc. v. Vizbee, Inc.*,
   1:17-cv-6247-PGG, Dkt. 20 (S.D.N.Y. Oct. 19, 2017) ..........................................................12

**STATUTES**

28 U.S.C.
   § 1404(a) ...................................................................................................................1, 5, 6, 9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## I.    INTRODUCTION

Defendant Google LLC ("Google") respectfully requests transfer of this case to the Northern District of California ("N.D. Cal.") pursuant to 28 U.S.C. § 1404(a) because this case has no connection to this District, no factor favors retaining this case in this District, and several factors favor transfer.

Nothing ties this case to this District.  Plaintiff Touchstream Technologies, Inc. ("Touchstream") does not have any employees, facilities, or presence in this District or Texas. Touchstream, its CEO, and the sole named inventor on the asserted patents, all are based in New York and New Jersey.

In contrast, N.D. Cal. is where Google was founded, maintains its headquarters, and researches, develops, designs, and primarily maintains the accused functionality in the accused Chromecast products.  Google's relevant design and development does not occur in this District. In addition, several third-party witnesses are in N.D. Cal.

A straightforward application of controlling precedent establishes that multiple factors—at least (1) access to sources of proof; (2) compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) having localized interests decided at home—heavily favor transfer to N.D. Cal.  The other factors are neutral.  Accordingly, "[w]ith nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is 'clearly more convenient'" and the case should be transferred.  *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *2 (Fed. Cir. Sept. 25, 2018).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Litigation Status

On June 4, 2021, Touchstream sued Google for alleged infringement of U.S. Patent Nos. 8,356,251 ("'251 patent"), 8,782,528 ("'528 patent"), and 8,904,289 ("'289 patent") (collectively,

the "Asserted Patents").  Dkt. 1 ("Compl.") ¶ 3.  Touchstream's infringement allegations are directed to Google's Chromecast technology including "standalone Chromecast devices . . . as well as devices implementing Chromecast built-in" ("Accused Products").  *Id.* ¶ 48.  Touchstream alleges infringement due to the Accused Products' "functionality and structure that facilitates the controlling of presentation content, such as audio and/or video content, on a content presentation device that loads any one of a plurality of different media players" ("Accused Functionality").  *Id.* Touchstream also alleges willful infringement.  *Id.* ¶¶ 67, 72, 77.

This case is in its early stages.  Google has moved to dismiss the complaint (which is still pending), and the parties exchanged contentions and proposed claim constructions.  While claim construction briefing has just begun, discovery has yet to commence.  Google's motion is timely. Dkt. 21; *see also* the Court's Aug. 18, 2021 Standing Order.

### B. Touchstream Has No Known Connection to This District

Touchstream acknowledges it "is a New York corporation with its principal place of business in New York, New York."  Compl. ¶ 1.  In addition, Mr. David Strober, the sole listed inventor on the Asserted Patents, resided in New York when he purportedly conceived of the claimed inventions and filed the parent patent application, and still lives in New York now.  *Id.* ¶¶ 21–22; Ex. D.  Touchstream's CEO, Herb Mitschele, resides in New Jersey.  Ex. E.  Per its Complaint, Touchstream has no offices in or any apparent connections to this District or Texas, except for this lawsuit.

### C. Google's Relevant Presence Is in N.D. Cal.

Google is a California-based company that has been headquartered in N.D. Cal. since its founding in 1998.  Declaration of Senior Legal Operations Manager, André Golueke ("Golueke") ¶ 2.  First, the accused Chromecast technology was initially developed at Google's headquarters in Mountain View, California, and development has primarily continued in or around Mountain

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

View. *Id.* ¶ 6.  Second, Google personnel that work on technical, financial, and marketing aspects of the Accused Functionality in the Accused Products, including engineers and engineering managers, are primarily in Mountain View or in Google's other N.D. Cal. offices. *Id.* ¶ 7.  Google has specifically identified nine such individuals in N.D. Cal. *Id.*  Third, relevant documents relating to the Accused Functionality in the Accused Products, including source code and technical, finance, and marketing documents, are primarily created and maintained in or around Mountain View or Seattle. *Id.* ¶ 10.  Fourth, Google does not have any known employees based in Texas that currently perform work relevant to the Accused Functionality in the Accused Products. *Id.* ¶ 11.

Perhaps anticipating a venue challenge, Touchstream alleges that a Google employee with relevant knowledge of this case resides in Texas, but, notably, did not name the employee. *See* Compl. ¶ 17.  ("On information and belief, the team lead or 'director' responsible for the development and execution of Google's initial go-to-market strategy, global retail sales strategy, and hardware distribution for Chromecast, as well as the development of partnerships for Chromecast, currently resides in or around Austin, Texas, and is currently employed by Google.").

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████     *See* Golueke

¶ 12.

---

[1] As discussed above, Google is unaware of any current employees in this District with responsibilities relating to the Accused Functionality in the Accused Products.  Golueke ¶¶ 7-11.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**D.** ████████████████████████████████████

In support of its willful infringement allegations in the Complaint, Touchstream points to pre-suit discussions between Touchstream and Google about a potential partnership concerning Touchstream's technology. Compl. ¶¶ 36–40. Touchstream alleges that, during these discussions, Touchstream signed Google's NDA. *Id.* ¶ 37. Touchstream also alleges that (1) the NDA "provided that neither company would get rights to the other company's intellectual property as a result of the meeting" (*id.*) and (2) during these discussions, Touchstream informed Google that Touchstream had filed a patent application covering its technology (*id.* ¶ 39). The NDA that Touchstream references includes the following ████████████████████████

████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ *Id.*

**E.    Third Parties Are Located in N.D. Cal.**

Several potential witnesses with relevant knowledge reside in or near N.D. Cal. Prior art witnesses include the following inventors of prior-art patents and related prior art systems who reside in N.D. Cal. or California: (i) Thirumalai Arunachalam, Balamurugan Krishnan, and Sivasubramanian Muthukumarasamy from Zelfy Peel, who are inventors of U.S. Patent Publication No. 2010/0241699 and residents of Santa Clara, CA; and (ii) Ralph Neff, Magdalena Leuca Espelien, Osama Al-Shaykh, and Dann Wilkens from PacketVideo Corp. and TwonkyMedia, who are inventors of U.S. Patent No. 8,544,046, WIPO No. WO 2011/078879, and WIPO No. WO 2010/151284 and residents of San Diego County, CA. Exs. I-L.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Again attempting to create a connection with this District, Touchstream alleges that at least one person involved in previous communications with Google lives in Texas.[2] Compl. ¶ 18 ("On information and belief, at least one person involved in the discussion between Touchstream and Google regarding a potential partnership . . . currently resides in Texas"). And, again, Touchstream has not specifically identified this individual. ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ Declaration of Evan McLean ("McLean") ¶ 18; Ex. R. ████████████████████████ resides in the San Francisco Bay Area, not Texas. McLean ¶ 18; *see also* Ex. C; Ex. R.

To confirm that this case is wholly unrelated to this District, Google attempted to determine the identity and location of whoever it was to whom Touchstream's unidentified employee had spoken. Based on Google's investigation, ████████████████████████████████

████████████████████ McLean ¶ 18; Golueke ¶ 13; *see also* Compl. ¶ 18. ██████████

████████████████████████████████████ Golueke ¶ 13. ████████████████

██████████ but still appears to reside in the San Francisco Bay Area. *Id.*

## III.    LEGAL STANDARD

A court may grant a motion to transfer "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The "preliminary question" in a transfer analysis is whether a civil action "might have been brought" in the judicial district to which a transfer is requested. *In re Volkswagen AG*, 371 F.3d 201, 202 (5th Cir. 2004) ("*Volkswagen I*").

---

[2]As discussed in its Motion to Dismiss, Google contests the relevance of the early business discussions to this patent infringement case. *See generally* Dkt. 14. Touchstream has also acknowledged the irrelevance of these discussions in opposition to the Motion to Dismiss. *See* Dkt. 19 (Reply) at 4 n.2. Accordingly, Google also contests the relevance of ████████████████ ██████ to this case. However, Google addresses them in this motion due to Touchstream's allegations.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

If so, the court weighs the relative convenience of the transferee district and the original district, an analysis that involves weighing several private and public interest factors. *Id.* at 203. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). The public interest factors that the court may consider include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (alterations omitted).

The movant's proffered venue need only be "clearly more convenient," not "far more convenient," for transfer to be appropriate. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (ordering transfer because "[t]aken on its own terms, the district court's analysis presents a clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum."); *see also HD Silicon Sols. LLC v. Microchip Tech. Inc.*, 6:20-cv-01092-ADA, Dkt. 49, at *14 (W.D. Tex. Oct. 25, 2021) (finding N.D. Cal as the "clearly more convenient" venue and granting transfer where four factors favored transfer, three factors were neutral, and one factor disfavored transfer) (emphasis in original). And "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## IV.    ARGUMENT

### A.    Touchstream Could Have Brought This Case in N.D. Cal.

Touchstream could have brought this case in N.D. Cal. because Google has been headquartered there since its founding in 1998.  Golueke ¶ 2.

### B.    The Balance of the Private Interest Factors Favors Transfer

#### 1.    The Relative Ease of Access to Sources of Proof Favors Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  Under controlling law, this "is a meaningful factor in the analysis" and favors transfer in this case.  *Volkswagen II*, 545 F.3d at 316 (noting that technological developments "do[] not render this factor superfluous"); *see also HD Silicon Sols.*, Dkt. 49, at 7 (finding that evidence of documents stored in N.D. Cal., and the lack of evidence of documents in W.D. Tex., favored transfer).

As explained in Section II.C, relevant documents—including source code and technical, finance, and marketing documents—were created and are maintained in N.D. Cal. or in locations more convenient to N.D. Cal. (including Seattle) than this District.  *See Genentech*, 566 F.3d at 1345-46 (concluding that the first factor favored transfer even when some documents were housed closer to, but outside of, the transferee forum).  By contrast, no documents or any sources of proof are regularly created or maintained in this District.  *See supra* II.B-C; *see also In re Google LLC (Jenam Tech.)*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) (finding that even though "sources of proof would not be difficult to access electronically from Google's offices in the Western District of Texas, that does not support weighing this factor against transfer").

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### 2.     The Availability of Compulsory Process to Secure Attendance of Witnesses Favors Transfer

A district's "ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable."  *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). To that end, the availability of compulsory process "will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x 886, 889 (Fed. Cir. 2014).  And "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor."  *In re HP*, 2018 WL 4692486, at *3 n.1; *see also In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021) ("[W]here . . . the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness.").

Here, this factor favors transfer because several third parties are located within the subpoena power of N.D. Cal.

Transfer would permit the potential prior art witnesses who are located in California, or who were located in California at the time of relevant filings (*see supra* II.E), to be subject to compulsory process.  *See In re Hulu*, 2021 WL 3278194, at *4 (holding that potential prior art witnesses located in the transferee district were relevant to the compulsory process factor and favored transfer); *see also In re Apple*, 581 F.App'x at 889 (holding that the district court erred in concluding that the compulsory process factor was neutral where "six potential third-party witnesses reside[d] within [N.D. Cal.]" as compared to zero third-party witnesses in E.D. Tex.).

As explained in Section II.E, if Touchstream's willfulness claims survive Google's motion to dismiss, non-party individual witnesses with relevant knowledge based on Touchstream's

allegations also reside in N.D. Cal. Specifically, ██████████████████████████ ████████████████████████████████████████████████ and may have relevant information relating to Touchstream's willfulness allegations. *See supra* II.E. Accordingly, the ability to compel testimony from these individuals in N.D. Cal. to defend against Touchstream's infringement claims supports transfer.

By contrast, there are no known non-party witnesses within the subpoena power of this District. While Touchstream's Complaint alleges that ████████████████████ resides in Texas generally (Compl. ¶ 18), he appears to reside in N.D. Cal. *See supra* II.E. Otherwise, Touchstream has no known affiliates or current or former employees within this Court's subpoena power. *See Media Chain, LLC v. Roku, Inc.*, No. 1:21-CV-27-LY, Dkt. 65, at 4 (W.D. Tex. Dec. 7, 2021) (finding factor favored transfer even though the defendant identified a potential witness in Austin, Texas). Indeed, the inventor of the Asserted Patents, who was also a co-founder of Touchstream, is a New York resident. *See supra* II.B; *see also Proven Networks, LLC v. NetApp, Inc.*, No. 6:20-cv-00369-ADA, Dkt. 61, at 6 (W.D. Tex. Oct. 19, 2021) (finding factor favored transfer when third-party witnesses, including prior art witnesses, all reside in transferee district).

### 3. The Convenience and Cost of Attendance for Willing Witnesses Favors Transfer

The "single most important factor in transfer analysis" is the convenience to and cost for the witnesses to travel to and attend trial. *In re Genentech*, 566 F.3d at 1343. Under Fifth Circuit law, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317. "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *Id.*

Here, this factor favors transfer because Google is unaware of any relevant witnesses that reside in this District. As described in Section II.C, Google does not have relevant engineers or relevant finance or marketing employees in this District. In contrast, Google—which will be the primary source of evidence regarding the operation, design, and implementation of the Accused Functionality in the Accused Products—is headquartered in N.D. Cal., and the accused technology was developed there. *See supra* II.C. In addition, relevant project management, marketing, and finance personnel are also in N.D. Cal. *See id.* While Google has an Austin office, there are no known employees based there who work on the Accused Functionality in the Accused Products. *See id.* The facts here are similar to those in *In re Apple*, where the Federal Circuit found transfer appropriate because "Apple identified at least eight prospective party witnesses in the transferee venue with relevant material information, while [the plaintiff] failed to identify a single prospective witness in [the transferor district]." 581 F. App'x at 889. In recent Google cases, the Federal Circuit has found that similar circumstances warrant transfer. *See In re Google LLC (Sonos)*, No. 2021-170, 2021 WL 4427899, at *3-4 (Fed. Cir. Sept. 27, 2021) (granting transfer where "Google identified a number of potential witnesses located in the Northern District of California, including witnesses who were responsible for developing the accused products and functionalities."); *In re Google (Jenam)*, 2021 WL 4592280, at *4 (holding that "the convenience of willing witnesses must be regarded as weighing heavily in favor of transfer because there are several potential witnesses in the Northern District of California and none in the Western District of Texas").

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

While Touchstream has alleged there is a single unnamed relevant Google employee in this District, such an identification cannot override the weight of the relevant witnesses located in N.D. Cal.  Indeed, ███████████████████████████████████████████████

██████████████████████.  *See supra* II.C.  This does not warrant weighing this factor against transfer.  *See In re Apple, Inc.*, No. 21-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021) (stressing "the relevance and materiality of the information the witness[es] may provide" (quoting *Genentech*, 566 F.3d at 1343)).  Moreover, even assuming the single employee is relevant, in closely analogous circumstances, the Federal Circuit recently held that such facts warrant transfer to N.D. Cal.  For example, in *In re Juniper Networks, Inc.*, the Court granted transfer because "[the defendant] identified eleven potential party witnesses who were located in the Northern District of California, while [the plaintiff] identified only one party witness in the Western District of Texas."  14 F.4th 1313, 1319 (Fed. Cir. 2021).  Likewise, in *In re Pandora Media, LLC*, the Federal Circuit acknowledged four potential sales and marketing witnesses employed by the defendant in the transferor district.  No. 2021-172, 2021 WL 4772805, at *5 (Fed. Cir. Oct. 13, 2021).  Despite this, the Court found that the relative burden associated with witnesses in the transferee district far exceeded that of the four witnesses: "While there would be some burden associated with requiring those four Pandora employees to travel from Texas to California for trial, that burden would be greatly exceeded by the burden of requiring Pandora's many witnesses [to] travel from California to Texas. The convenience of the party witnesses thus clearly favors transfer."  *Id.*; *see also Flexiworld Techs., Inc., v. Amazon.com, Inc., et al.*, No. 6:20-cv-00553-ADA, Dkt. 101, at * (W.D. Tex. Aug. 2, 2021) (finding this factor "heavily favors transferring" because "[f]or the majority of relevant witnesses, the Court finds traveling to the WDWA more convenient than to the WDTX.").

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

There are similarly no known Touchstream witnesses located in this District. In fact, all the Touchstream witnesses appear to be located in New York or New Jersey, including Touchstream's CEO and the inventor of the Asserted Patents. *See supra* II.B. In such circumstances, the Federal Circuit has found that "[a]lthough it might be true that these individuals will need to travel a greater distance to reach NDCA than WDTX, and although a flight from New York to WDTX might take a bit less time than from New York to NDCA, in either instance these individuals will likely have to leave home for an extended period of time and incur travel, lodging, and related costs." *In re Apple*, 979 F.3d at 1342. Accordingly, Touchstream's east coast witnesses should not affect the outcome of this factor. *See, e.g.*, *In re Google (Jenam)*, 2021 WL 4592280, at *5 ("There is no major airport in the Waco Division of the Western District of Texas; consequently, the total travel time from Atlanta, Georgia, to Waco would be only marginally less than the travel time from Atlanta to San Francisco."); *In re Google (Sonos)*, 2021 WL 4427899, at *4 ("Our cases have emphasized that when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer."); *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *4 (W.D. Tex. May 21, 2021) (finding that "the east coast witnesses will be inconvenienced by extensive travel regardless of the forum").

Thus, this factor strongly favors transfer.

### 4. The Other Practical Problems Affecting This Case Are Neutral

No "other practical problems" exist in this case that would make trial more "easy, expeditious and inexpensive" in either the N.D. Cal or this District. *Volkswagen I*, 371 F.3d at 203. A transfer would not present a significant challenge to either party or to courts in either District. In particular, there are no other co-pending cases in either court. There should also be no inconvenience to Touchstream in prosecuting these cases in N.D. Cal. given that it (1)

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*see supra* II.D*); and (2) previously filed suit on these patents in New York, demonstrating its willingness and ability to litigate outside of this District (see Ex. M (*Touchstream Technologies, Inc. v. Vizbee, Inc.*, 1:17-cv-6247-PGG, Dkt. 20 (S.D.N.Y. Oct. 19, 2017))).

### C.      The Balance of the Public Interest Factors Weigh in Favor of Transfer

#### 1.      The Local Interests Favor Transfer to N.D. Cal.

Courts should consider the local interests in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206.  For this factor, interests that "could apply virtually to any judicial district or division in the United States," such as the sale of infringing products, are disregarded in favor of particularized local interests.  *Volkswagen II*, 545 F.3d at 318; *In re TOA Techs., Inc.*, 543 F. App'x 1006, 1009–10 (Fed. Cir. 2013) (stating that "in cases where there is a significant connection between a particular venue and a suit[,] the sale of a product in the plaintiff's preferred forum should not negate this factor being weighed in favor of transfer" to "a venue in which the accused product was designed"); *see also In re Google (Sonos)*, 2021 WL 4427899, at *6 ("Because the accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas, we agree that the local interest factor should have been weighted strongly in favor of transfer.").

This factor heavily favors transfer.  The Accused Functionality in the Accused Products is Google's Chromecast technology, which was primarily designed, developed, and marketed in N.D. Cal.  *See supra* II.C.  Accordingly, "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."  *In re Acer*, 626 F.3d at 1256.  N.D. Cal. accordingly has a strong and

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

particularized interest in this dispute. *Id.*; *see also In re Apple*, 979 F.3d at 1345 (holding that "the accused products were designed, developed, and tested in" N.D. Cal., and that the local interest factor therefore favored transfer, because "[t]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit.*'" (quoting *In re Acer*, 626 F.3d at 1256) (emphasis in original)); *see also HD Silicon Sols.*, Dkt. 49, at 13 ("The most relevant considerations are therefore where the design, development, and sale of the accused products occurred."); *Proven Networks*, Dkt. 61, at 11 (quoting *Apple*, 979 F.3d at 1345).

Furthermore, Google has significant facilities and employee presence in N.D. Cal (*see supra* II.C), and ███████████████████████████████████████████████

███████ (*see supra* II.D). By contrast, while Google does have facilities in this District, Google has little to no presence in this District relevant to this case. *See supra* II.C. Likewise, neither Touchstream, nor the inventor, nor anyone related to the patents has any connection to this District. *See supra* II.B. As the Federal Circuit has explained, "[g]iven the relative strength of [movant's] ties to the Northern District of California juxtaposed with [plaintiff's] ties to the [transferor district], it would appear that this factor weighs in [the movant's] favor as well." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 n.3 (Fed. Cir. Feb. 23, 2017). Thus, given the relevant and significant ties of Google and this case to N.D. Cal., and the lack of relevant ties to this District, this factor strongly favors transfer.

### 2.   Administrative Difficulties Flowing from Court Congestion Factor Is Neutral and Should Be Given Little Weight

This factor is neutral. First, this Court is more "congested" in that it has far more open patent cases (839 cases) than N.D. Cal. (223 cases). McLean ¶¶ 6-7. In addition, according to the U.S. District Court, Judicial Caseload Profile, in the 12-month period ending on June 30, 2021,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the median times to trial are roughly the same (about 23.8 months in this Court versus 26.9 months in the N.D. Cal.). Ex. H. As recently as last month, the Federal Circuit "noted that 'the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *In re Apple*, 2021 WL 5291804, at *4 (quoting *In re Juniper*, 14 F.4th at 1322).

Second, even though the time to trial is slightly faster in this District than N.D. Cal., this factor still should not impact the transfer analysis. The Federal Circuit has found that "this factor appears to be the most speculative," and when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Accordingly, this factor is neutral.

### 3. The Remaining Factors Favor Transfer or Are Neutral

The remaining factors slightly favor transfer or are neutral. Although both forums are equally familiar with patent law, ███████████████████████████████████████████

███████████████████████████████████████████ *See supra* II.D.

## V. CONCLUSION

N.D. Cal. is clearly more convenient for Google and for relevant third parties, and Touchstream has no connection to this District. Because most factors favor transfer and the rest are neutral, Google respectfully requests that this Court transfer this case to N.D. Cal.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated:  December 23, 2021 By: */s/  Michael C. Hendershot with permission,*
*by Michael E. Jones*
Michael C. Hendershot

JONES DAY
Tharan Gregory Lanier  (*Admitted pro hac vice*)
CA State Bar No. 138784
E-mail: tglanier@jonesday.com
Michael C. Hendershot  (*Admitted pro hac vice*)
CA State Bar No. 211830
E-mail: mhendershot@jonesday.com
Evan M. McLean  (*Admitted pro hac vice*)
CA State Bar No. 280660
E-mail: emclean@jonesday.com
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

POTTER MINTON PC
Michael E. Jones
TX State Bar No. 10929400
E-mail:  mikejones@potterminton.com
Patrick C. Clutter
TX State Bar No. 24036374
E-mail:  patrickclutter@potterminton.com
110 N. College Ave., Suite 500
Tyler, TX 75702
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

***Attorneys for Defendant***
***GOOGLE LLC***

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to all counsel of record who have appeared in this case per Local Rule CV-5(b) on December 23, 2021.

*/s/ Michael E. Jones*

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I certify that the foregoing document is authorized to be filed under seal pursuant Judge Albright's Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Michael E. Jones*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that Tharan Gregory Lanier and Evan McLean, on behalf of Google, met and conferred with Fiona Bell, on behalf of Touchstream, on this motion on December 16, 2021, during which Touchstream confirmed that it opposes this motion.

*/s/ Tharan Gregory Lanier with permission*
*by Michael E. Jones*
