**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **HEADWATER RESEARCH LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 7:25-CV-00369-DC-DTG** |
| *v.* | § | **7:25-CV-00372-DC-DTG** |
| | § | **7:25-CV-00374-DC-DTG** |
| **GOOGLE LLC,** | § | **7:25-CV-00376-DC-DTG** |
| | § | **7:25-CV-00378-DC-DTG** |
| *Defendant,* | § | **7:25-CV-00380-DC-DTG** |
| | § | **7:25-CV-00518-DC-DTG** |

## ORDER ON MARCH 17, 2026 DISCOVERY HEARING

On March 17, 2026, the Court held a discovery hearing in the above-captioned cases regarding Discovery Dispute Charts submitted on March 2, 2026 (Exhibit A) and March 9, 2026 (Exhibit B). The Court held oral argument on March 17, 2026. Having considered the parties' briefing and argument, the Court **ORDERS** as follows.

For the reasons argued by Google's counsel, with respect to the Discovery Dispute chart submitted on March 2, 2026, Requests for Production Nos. 6 (-372, -374, -380, -518 cases), 8 (-372 case), and 14 (-372, -374, -380 and -518 cases): It is **ORDERED** that Headwater's requests are **DENIED.** Headwater's Interrogatory No. 4 (all cases) is **DENIED.** As is the typical situation, if Headwater has concerns or complaints about Google's reply brief, it may raise such concerns, if any.

For the reasons argued by Headwater's counsel, with respect to the Discovery Dispute chart submitted on March 9, 2026, regarding Google's Interrogatory No. 1 (all cases): It is **ORDERED** that Google's request is **DENIED AS MOOT.** Regarding Google's Interrogatory No. 4 (all cases except -369) and Headwater's deposition instructions: It is **ORDERED** that Google's requests are **DENIED**.

**SIGNED** this 31st day of March, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**Discovery Dispute Chart for**
*Headwater Research, LLC v. Google LLC* **(7:25-cv–00369, –00372, -00374, -00376, -00378, -00380, -00518)**

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| **Rog 4** (all cases): "Describe, in detail, the complete methodology You used to identify the individuals and evidence that You contend are relevant to this case, including to what degree You contend your methodology is reliable and complete (if at all) such that the witnesses identified by Google will materialize in Court and why no other Texas-based witnesses are likely to materialize in Court." | Headwater moves for an order limiting Google to its interrogatory responses refusing to answer this contention. To be clear, Headwater does not need Google to supplement its response, and Google has not shown any intent to supplement its response.<br><br>Google should not be permitted, for example, to produce new Telus-related declarations or new Google witnesses declarations for the first time with its reply brief to respond to this interrogatory. On February 2, 2026, Headwater produced two sets of LinkedIn profiles for each case.<br><br>Headwater seeks this relief only because the Court faulted Headwater for not otherwise seeking this relief in a previous case.<br><br>Relief Requested: Google shall not take a different position in its Reply Brief that differs from this interrogatory response and shall not file new evidence responsive to this interrogatory with its Reply Brief. | Relief Requested: Deny Headwater's requested relief.<br><br>Headwater's requested relief has nothing to do with the interrogatory at issue. The interrogatory only asks Google to describe its "*complete methodology*" used to identify the individuals relevant to this case. Google objected that this interrogatory seeks information protected by the attorney-client privilege and work product doctrine. Headwater does not dispute that.<br><br>Instead, Headwater asks the Court to preclude Google from responding to any new "evidence" Headwater might raise in its Oppositions. The Court should decline Headwater's invitation, particularly in light of Headwater's deficient responses to Google's discovery requests asking Headwater to identify with specificity all individuals it contends are relevant. As noted in Google's dispute chart, Google repeatedly asked Headwater to supplement its discovery responses to identify who Headwater contends is relevant and why, including the individuals Headwater contends are relevant from the 300+ pages of LinkedIn profiles it produced. Headwater refused to provide such information. Additionally, |

1

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | | regarding Telus specifically, Google provided a substantive response to Rog 5. |
| **RFP 8 (00372):** Headwater proposes to narrow RFP 8 to seek the top 5 third-parties in Texas with whom Google communicates regarding technological support or advertising of the Accused Products | This information is needed to identify potential damages witnesses in Texas.<br><br>Given that it is limited to just the top 5 parties, Google cannot possibly claim overbreadth or burden.<br><br>Relief Requested: Google shall respond by March 6, 2027, or within 1 week of this order.  The parties shall meet regarding any reasonable extensions, if needed. | Relief Requested: Deny Headwater's requested relief.<br><br>Google already investigated and identified Google witnesses relevant to marketing for Google Pixel and Google Fi. Moreover, Google supplemented its response to Rog 5 to provide information regarding Telus, a company that provided customer support for certain Google products in Texas.<br><br>Headwater's request to identify the "top 5" *third parties* is unclear and not reasonably proportional or relevant to the needs of venue discovery. As it is currently worded, the request includes irrelevant parties such as stores selling the devices or end-users. The request also incorrectly implies that Google ranks third parties with which it communicates and systematically documents their location by state.<br><br>Significantly, Headwater does not specify how identifying third parties would result in identifying potential witnesses in Texas for this case. Indeed, it is unlikely that Headwater would call third party technical support witnesses to trial for a patent infringement action. |

███████████████████████████████

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| **RFP 6**: Data sufficient to identify relevant Texas-based recipients of Google's witnesses' communications with specific keywords.<br><br>-00372, -00374, -00380, -00518 keywords:<br><br>Data Saver, DataSaver, NetworkStatsManager, ConnectivityManager, battery life, Doze, app standby, isActiveNetwrkMetered.<br><br>-00378 keywords: mobile virtual network operator, MVNO, Google Fi, Wi-Fi Aware, W+ Network, offload scanning, WiMax<br><br>-00376 keywords: modem, tether, hotspot, CrossDevice, IMS service, and soft AP | This request is important, because it will objectively prove whether or not Google's witnesses have relevant communications with Texas-based recipients, when Google's investigation of "relevant" witnesses failed identify a major party like Telus.<br><br>Headwater narrowed its request to impose little burden: to identify Texas-based recipients of relevant emails from the witnesses named in Google's venue declarations.  Relevance would be objectively determined by hits on case-specific keywords.<br><br>The request was formulated keeping the OGP's concern about e-discovery burdens in mind.  Headwater is not seeking the underlying emails themselves, so there will be no burdensome doc review by Google.<br><br>Headwater's proposal is more limited than what the Court previously ruled on between the parties in 7:25-cv-00231.  Whereas that previous request involved 26 custodians in the -00231 case, there are only ▮ people named in the Greenwalt Declaration supplied for the -00376 case.  The Maheshwari Declaration names ▮ people in the -00378 case. The Yamasani Declaration names ▮ people across 4 cases (-00372, -00374, -00380, -00518).  Google put them at issue by filing its transfer motion and cannot reasonably claim undue burden when discovery on them is sought. *Greenthread LLC v Intel Corporation et al,* 6:22-cv-00105-ADA (W.D. Tex. Sept 1, 2022) ("A defendant | Relief Requested: Deny Headwater's requested email searches because there is no good cause for such discovery.<br><br>Email discovery is not warranted. Google investigated and identified ▮ individuals who are primarily responsible for, and have knowledge about, the design and development of the numerous functionalities accused across these cases. Google then further identified the names and locations of over ▮ Google employees (including some in Texas) that either (1) manage those ▮ individuals, (2) report to those ▮ individuals, or (3) report to the same managers as those ▮ individuals. Presumably the ▮ individuals identified (who work with those custodians) are the likely "recipients of relevant emails from the witnesses named in Google's venue declarations," thus obviating Headwater's request.<br><br>Discovery should not be compelled to facilitate Headwater's further fishing expedition, especially since Headwater's request violates this Court's Standing Order Governing Patent Proceedings, which prohibits ESI discovery absent a showing of good cause—a showing Headwater cannot make. Headwater requesting the identity of the email recipients, rather than the emails themselves, does not avoid this violation. |

███████████████████████████

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | who files a transfer motion for convenience opens itself up to the burden of early venue discovery and discards the opportunity to cost-effectively reach the *Markman* hearing. . . . If Defendant truly believes that the burden of venue discovery is so great, then Defendant can withdraw its motion to transfer, and the Court will cancel all pending venue discovery"). Judge Albright had previously questioned why a plaintiff did not compel this type of discovery. *Resonant Sys., Inc. v. Apple, Inc.*, No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *7 (W.D. Tex. Apr. 18, 2024) ("Resonant also sought hit counts on key phrases to determine potential custodians in Austin, but Apple refused, citing this Court's standing order and claiming Resonant failed to show good cause for doing so.[84] For whatever reason, Resonant did not seek the Court to compel discovery.")<br><br>Headwater further proposes to limit the search to a 3-month window before each case was filed, to limit the volume of review.<br><br>With limited custodians, a limited time window, and no email doc review that needs to be performed by attorneys, Google cannot claim burden. Indeed, recipient metadata can be auto-generated by common discovery tools, and a witness need only review the recipient list to identify which ones are in Texas.<br><br>Google's real motivation for opposing this request is that Google is scared that an objective search will | Indeed, Headwater's supposedly narrowed proposal requires a burdensome process that is not proportional to the needs of venue discovery: (1) collect emails for ██ custodians, or have custodians search their own emails, over a 3-month period, (2) apply broad search terms such as "battery life," "Google Fi," "modem," and functionality names in the emails of custodians who are responsible for those functionalities and thus likely to frequently use those terms, and (3) review every email that hits on those broad terms and individually look up each recipient (*including third parties*) to determine if any are in Texas.<br><br>Headwater's proposal is not substantially different from what this Court denied in Case No. 7:25-cv-00231. The -00231 case involved 26 custodians whereas these cases involve ██. Additionally, the request in the -00231 case only sought recipients who were Texas-based Google employees, whereas here Headwater's requests seek *any* Texas-based recipient. In fact, Headwater expands its request here: the RFP sought one month of email, but Headwater now asks for three months.<br><br>Headwater's cases do not support the broad ESI discovery sought. In *Resonant*, the Court merely noted that plaintiff unsuccessfully sought hit counts when the transfer declarations "were too vague and generalized"—it neither suggested expansive ESI discovery was warranted nor |

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | reveal that its witnesses communicate with Texan recipients about the relevant technology.<br><br>Relief Requested: The Court find good cause for the email search.  Google shall identify the recipients hit by the email search described herein by March 6, 2027, or within 1 week of this order.  The parties shall meet regarding any reasonable extensions, if needed. | granted it. 2024 WL 4346391, at *4. *Greenthread* did not concern ESI discovery. 2022 WL 4001974, at *5-6. |
| **RFP 14** (-00372, -00374, -00380, and -00518):  Documents (e.g., HR Records) sufficient to show all engineers and computer scientists in Texas that Google hired for job descriptions that include the words "Google Fi," "Google Pixel," "eSim," "e-Sim," "tether," "hotspot," "MVNO," "mobile virtual network operator," "app standby," or "DataSaver" | Google response is due Feb. 26.  Google is expected to object to this on the same burden basis as the above RFP.<br><br>But this request does not involve email review, so no special "good cause" is needed.<br><br>This doc request will similarly provide an objective determination of relevant witnesses in Texas.<br><br>Relief Requested: Google shall produce the responsive HR records by March 6, 2027, or within 1 week of this order.  The parties shall meet regarding any reasonable extensions, if needed. | Relief Requested: Deny Headwater's requested relief.<br><br>The parties have not met and conferred regarding this request.<br><br>As explained above, Google has already identified ▮ individuals who are primarily responsible for, and have knowledge about, the design and development of, the numerous functionalities and, further identified the names and location of over ▮ additional Google employees.<br><br>RFP 14 is overbroad, unduly burdensome, irrelevant, and unbounded in time.  The request would, at most, identify where employees may be hired, but not where the current witnesses with relevant knowledge are located.<br><br>Moreover, RFP 14 is an inappropriate attempt at circumventing the parties' agreed upon venue discovery limits.  Headwater's RFP 14 was only |

█████████████████████████████████

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | | served in the -00372, -00374, -00380, and -00518 actions because Headwater used all of its RFPs in the -369, -376, and -378 actions.  RFP 14, however, clearly seeks information for the -369, -376, and -378 actions (e.g., "eSIM," "tether," "hotspot," "MVNO," "mobile virtual network operator"). |

# EXHIBIT B

**Discovery Dispute Chart for**
*Headwater Research, LLC v. Google LLC* **(7:25-cv-00369, -00372, -00374, -00376, -00378, -00380, -00518)**

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| **Rog 1** (all cases): Identify by name, employer, title/position, office location, and city of residence any individual in the State of Texas You contend has evidence and/or possesses knowledge relevant to any claim or defense in The Litigation, and describe such evidence and/or knowledge. | In response to Interrogatory No. 1 in each of the cases, Headwater incorporated by reference the same set of over 300 pages of LinkedIn profiles that belong to current and former Google employees and "134 members of TELUS in Texas" who have no apparent connection to these cases beyond generic references to "Pixel" and "Google Fi" in their profiles. Headwater produced a subset of those LinkedIn profiles on February 2, and the remaining were produced on February 20—less than one week before the close of discovery. But Headwater refuses to supplement its responses to identify any specific individuals from those LinkedIn profiles that it contends are relevant to the venue analysis for each case or that it expects to call as trial witnesses. Google offered to limit its request to the specific individuals Headwater intends to rely on by name in its Opposition briefs, but Headwater still refused. That is improper. There is no dispute Headwater is able to provide the requested information, as confirmed by its identification of Bharath Maradani for the first time in this chart. It should do the same for any similarly situated individuals.<br><br>Headwater plainly intends to rely on a subset of these individuals to support its Oppositions to Google's transfer motions. It should identify each of those individuals so that Google may provide fulsome | Headwater incorporated LinkedIn profiles under FRCP 33(d), fully responding to ROG 1. Further supplementation would result in unnecessary copy-pasting of the names from LinkedIn profiles.<br><br>Google has misframed the issue: Google is actually trying to unfairly exclude Headwater's evidence or to unfairly supplement its own evidence after the close of venue discovery.<br><br>After investigating the thousands of Google employees in Texas and the 134 TELUS employees in Texas, Headwater produced LinkedIn profiles naming a subset of about 76 Google employees and about 43 TELUS employees across these 7 cases.<br><br>The relevance of these witnesses is plain from the documents—they have technical or financial knowledge of the accused products and/or accused functionalities. For example, the LinkedIn Profile of Bharath Maradani shows that he performed "testing on embedded SIM for Pixel 2 and Pixel 2 XL devices." https://www.linkedin.com/in/bharath-kumar-maradani. Embedded SIM is the primary accused technology in the 369 case, and the Google Pixel is generally accused across the cases. The vast majority of the third-party LinkedIn profiles show they provided technical support for Google Fi, an accused product |

1

███████████████████████████

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| | discovery on their relevance, or lack thereof.  Instead, Headwater is withholding that information until its Oppositions—apparently so that Google cannot respond during discovery—after which it will seek to prevent Google from responding to Headwater on Reply.  *See* Headwater's Discovery Dispute Chart (Rog 4) (seeking to limit Google's ability to respond to Headwater's reliance on Google/Telus employees).<br><br>**Relief requested**<br>Within one week of this order, Headwater should supplement its response to identify any individuals it intends to rely on to oppose Google's motion to transfer, including the relevant knowledge they have for each of the cases Headwater filed against Google. Otherwise, Headwater may not rely on unidentified individuals in its opposition to Google's motion to transfer. | across multiple cases. Frankly, Google's inability to discern plain relevance is evidence that Google has overlooked clearly relevant witnesses in Texas during Google's investigation.<br><br>If the full scope of Google's requested relief is merely for Headwater to copy and paste these names into various interrogatory responses, ***then Headwater is not opposed. But that's not what this is about.***<br><br>The ***real issue*** is that Google wants an unfair opportunity to supplement its evidence after the close of venue discovery. Since the beginning of venue discovery, Headwater has been asking Google for its contentions as to why Google's initial investigation "is reliable and complete (if at all) such that … no other Texas-based witnesses are likely to materialize in Court." *E.g.,* Headwater's ROG 4 in -00372. Now, after venue discovery closed, Google met and conferred about leave to provide new responses and evidence (e.g., declarations stating LinkedIn experience is inaccurately overstated) after Headwater copies their names into interrogatory responses. This is unfair to Headwater because Google should have done this during venue discovery, when Headwater could have sought follow-up discovery and/or deposed Google's witnesses.<br><br>**Relief requested:**<br>The Court ORDERS that: |

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| | | 1) Google's requested relief is denied.<br>2) Headwater need not rewrite the LinkedIn profiles in narrative form.<br>3) Google is precluded from introducing, with its reply any new evidence or arguments that Google did not provide during venue discovery. |
| **Rog 4** (all cases except -369)<br><br>Identify all individuals or entities who have a financial interest in The Litigation, including by stating (i) their name, employer, title/ position, office location, and city of residence, (ii) whether they have any contractual relationship with Headwater, (iii) whether they are represented by Russ August & Kabat in | Headwater refuses to identify the names and locations of individuals and entities with an ownership or equity interest in Headwater, ████████████ ██████████████████ ████████████████<br><br>To be clear, Google is not seeking information regarding litigation funding in this dispute.  Rather, Google seeks information relevant solely to individuals with an ownership or equity interest in the plaintiff ██████████████████ ██████████████████ ███████████████ Headwater's cited cases regarding litigation funding are thus inapposite.<br><br>The information sought is relevant at least to Headwater's ownership of the asserted patents and its standing to assert them, along with its efforts to monetize the asserted patents and potential valuations of them.  *Smart Mobile Techs. LLC v. Apple Inc.*, No. W-21-CV-00603-ADA, 2023 WL 5540152 (W.D. Tex. Aug. 28, 2023) (finding that the location of the | The Court should deny this fishing request into investors and financial interests. Dr. Raleigh confirmed that Headwater Research owns the asserted patents, decides when to file suit and against what parties, and decides who to license and on what terms. Other entities or investors are irrelevant to ownership, control, and standing (the only issues Google contends are relevant here). Other courts have addressed this precise issue, denying defendants' motion to compel discovery about the corporate structure and interests of anyone related to Headwater, noting that it "look[ed] like an effort to harass the plaintiff over the ownership structure of their entity." *Headwater Research LLC v. Samsung Elecs. Co.*, No. 2:23-cv-00641-JRG-RSP, Dkt. 97 at 60:12–78:17 (E.D. Tex. Apr. 3, 2025) (attached as Ex. A).<br><br>Headwater will not seek discovery into Google's equity investors; Google is not allowed to do the same of Headwater. |

3

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| connection with The Litigation, (iv) the case(s) in The Litigation in which they have a financial interest, and (v) whether they have indicated to Headwater that they are willing to travel to the Western District of Texas for trial. | two "sole members" of plaintiff was relevant to transfer because they "likely possess relevant knowledge regarding [plaintiff's] ownership of the asserted patents and monetization efforts"); *see also XR Commc'ns, LLC v. HP Inc.*, 2022 WL 3448746, at *4 (W.D. Tex. Aug. 17, 2022) (noting that plaintiff's non-party shareholders are relevant witnesses as they have "information relevant to damages,…sale and foreclosure proceedings relevant to [plaintiff's] standing"); *eCardless Bancorp, Ltd. v. PayPal, Inc.*, 7:22-cv-00245-ADA-DTG, Dkt. 76 (overruling plaintiff's objection to searching "non-email electronic files" related to non-party shareholders); *Droplets, Inc. v. E*Trade Financial Corporation*, 2:11-cv-255, Dkt. 99 at 5–6 (considering a "representative of Plaintiff's largest shareholder," who was identified during deposition, to be a "relevant and material witness[]" weighing in favor of granting defendant's motion to transfer).<br><br>Venue discovery to date, including deposition testimony, has confirmed that at least ██████ ██████████████████ ██████████████████████ ████████████████████████ ██████████████████████████ ████████████████████ ██████████████████ ████████████████████ ████████████████████████ ██████████████████ | Furthermore, this Court has repeatedly ruled that questioning about company funding is irrelevant, not discoverable, and inadmissible. *DoDots Licensing Solutions LLC v. Apple Inc.*, No. 6:22-cv-00533-ADA, Dkt. 94 at 3 (W.D. Tex. Apr. 20, 2023) ("Defendants' request to inquire into litigation funding or company funding of Plaintiff during … venue deposition is DENIED.  To the extent Plaintiff seeks a protective order preventing the portion of discovery relating to litigation funding **or company funding** of Plaintiff, that is GRANTED." (**emphasis added**)); *Identity Security LLC v. Apple Inc.*, No. 1:22-cv-00058-ADA, Dkt. 150 at 1 (W.D. Tex. Oct. 16, 2023); *Lower48 IP LLC v. Shopify, Inc.*, No. 6:22-CV-00997, 2023 WL 11893431, at *1, 3 (W.D. Tex. Nov. 2, 2023). This is not discoverable across the board, whether in writing or in deposition.<br><br>Google's cases miss the mark; none of them stand for the position that passive investors are relevant. At best, *Smart Mobile's* stands for the rule that the "sole members" who possess relevant knowledge (in this case, Greg Raleigh) are relevant—not passive shareholders. 2022 WL 3448746, at *4. In *XR Commc'ns*, shareholders who were involved in "valuing Vivato's patent portfolio" had relevance, but not otherwise. 2022 WL 3448746, at *4. There is no similar evidence of that here. *eCardless* was about non-party evidence related to inventorship, which is not at issue here. 7:22-cv-00245-ADA-DTG, Dkt. 76. |

4

████████████████████████████████

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| | ██████████████████████████ ██████████████ This is not a case where Headwater is a public company or owned by hundreds or thousands of individuals. ████████ ████████████████████████ ████████████████████████ ██████████████████████████████ ████<br><br>Headwater also bases much of its venue arguments on its presence in EDTX, ████████████ ████████████████████████████ ██████████████████████ And Headwater's own discovery requests define "Headwater Research LLC" to include all of its "officers, executives, employees, agents, attorneys, representatives, shareholders, predecessors-in-interest, independent contractors, or other persons acting or purporting to act on their behalf," confirming their relevance.<br><br>**Relief requested**<br>Within one week of this order, Headwater shall identify all individuals or entities who have an ownership or equity interest in Headwater Research LLC, ████████████████████████████ ████████████████████████████ | *Droplets* is an EDTX case that does not explain why shareholders are relevant.<br><br>Second, it is not relevant to anything, much less venue.<br><br>• Defendants are fishing for investments of irrelevant third parties who are not involved in Headwater's decisions regarding enforcement and licensing of its patents.<br>• Any ownership interest in Headwater is irrelevant to the issues of the case: infringement, damages, and validity. Whether all or none of the witnesses have any investments in Headwater does not change the outcomes of these issues.<br>• Any alleged "bias" is irrelevant at this stage except with respect to witnesses whose testimony is being considering on Google's transfer motion (i.e., Dr. Raleigh and Jennifer Smith for Headwater, and Google's venue declarants). Those are the only witnesses who have given testimony and thus put their credibility at issue. Their specific financial interests are irrelevant for establishing bias— Headwater freely admits its own testifying employees want to win this case. ████████ ██████████████████████████████ are corporate entities that have not testified and do not have human "bias." |

5

████████████████████████████████

| Issue | Google's Position | Headwater's Position |
|---|---|---|
| | | Third, Headwater's knowledge is limited to its own knowledge of individuals that Headwater has direct contractual relationships with. If compelled, Headwater Research can only provide accurate information about direct, contractual interests in Headwater Research.<br><br>**Relief Requested**:  The Court RULES that the financial interests of third parties are not relevant. Defendant's request to inquire into financial interests of Headwater by interrogatories, requests for production, and/or deposition is DENIED. |
| Headwater's instructions to its witness not to answer questions regarding the identity and location of individuals with an ownership interest in the plaintiff | During Dr. Greg Raleigh's 30(b)(1) and 30(b)(6) deposition, Headwater's counsel instructed him not to answer questions regarding the names and locations of individuals and entities with an ownership or equity interest in the plaintiff, Headwater Research.  Ex. C, Raleigh Dep. Tr. at 72:12-77:18, 99:11-100:17, 102:22-103:7, 124:24–125:7, 125:9-16, 126:14-20.  For example, Headwater instructed Dr. Raleigh not to testify about any ████████████ ████████████ ████████████ ████████████ ████████████ ██████   Headwater also instructed Dr. Raleigh not to testify whether ████████████ ████████████ has any indirect equity interest | This is duplicative of the ROG 4 dispute. For the same reasons, Google's relief requested should be denied.<br><br>In addition, Headwater reiterates that Headwater's knowledge is limited to its own knowledge of individuals that Headwater has direct contractual relationships with. If compelled, Headwater Research can only provide accurate information about direct, contractual interests in Headwater Research.<br><br>**Relief Requested**:  The Court RULES that the financial interests of third parties are not relevant. Defendant's request to inquire into financial interests of Headwater by interrogatories, requests for production, and/or deposition is DENIED. |

6

████████████████████████

| Issue | Google's Position | Headwater's Position |
|-------|-------------------|----------------------|
| | in the plaintiff. *Id.* at 89:7-92:11. Headwater conceded that those instructions were not based on privilege, and were based solely on disputes about the scope of venue discovery. *Id.* at 59:7-16. That is improper.<br><br>The names and locations of individuals and entities with an ownership interest in Headwater Research and its parent companies are relevant for the reasons described above with respect to Interrogatory No. 4, including Headwater's ownership of the asserted patents, its control of asserted patents, and its efforts to monetize those patents.<br><br>To be clear, Google is again not seeking information regarding litigation funding in this dispute. Rather, Google seeks information relevant solely to individuals or entities with an equity interest in the plaintiff or its parent companies, ████████ ████████████████████████ ████████<br><br>**Relief Requested**: Within one week of this order, Headwater must make Dr. Raleigh available for a two hour deposition on the names and locations of individuals or entities who have an ownership or equity interest in Headwater Research LLC, ████████████████████████ ██████████████ | |

7