**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |  |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 7:25-cv-00376-DC-DTG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF
ITS OPPOSED MOTION TO TRANSFER VENUE TO THE
<u>NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A)</u>**

**PUBLIC VERSION**

████████████

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     HEADWATER MISSTATES THE LEGAL STANDARD................................................ 1

III.    THE PRIVATE INTEREST FACTORS FAVOR TRANSFER ....................................... 2

    A.      Cost of Attendance for Willing Witnesses Favors Transfer .................................. 2

    B.      The Relative Ease of Access to Sources of Proof Favors Transfer ....................... 6

    C.      The Availability of Compulsory Process Favors Transfer ................................... 7

    D.      Other Practical Problems Favor Transfer .............................................................. 9

IV.     THE PUBLIC INTEREST FACTORS FAVOR TRANSFER....................................... 10

████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clark v. United States*,
No. EP-23-CV-305, 2024 WL 1460764 (W.D. Tex. Apr. 2, 2024) ........................................8

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ................................................................................1, 2, 10

*DH Int'l Ltd. v. Apple Inc.*,
No. 1:23-CV-1114-DII, 2024 WL 4119374 (W.D. Tex. Aug. 30, 2024)................................2

*In re DISH Network L.L.C.*,
No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)......................................7

*eCardless Bancorp, Ltd. v. PayPal, Inc.*,
No. 22-CV-00245-ADA-DTG, 2024 WL 6869428 (W.D. Tex. Feb. 15, 2024) .......................6

*EcoFactor, Inc. v. Google LLC*,
No. W-22-CV-00032-ADA, 2022 WL 17169178 (W.D. Tex. Nov. 1, 2022).........................5

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) .......................................................................10

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ..................................3, 9

*Haptic, Inc. v. Apple, Inc.*,
No. 1:23-CV-1351-DII, 2024 WL 2954194 (W.D. Tex. Apr. 15, 2024) ................................2

*Headwater Rsch. LLC v. Amazon.com, Inc. et al*,
7:25-cv-00286, Dkt. No. 22 (Amended Complaint) (W.D. Tex. Sep. 15, 2025) ......................9

*Headwater Rsch. LLC v. Google LLC*,
No. 7:25-cv-00231, Dkt. No. 83 (W.D. Tex. Feb. 18, 2026)......................................9

*iCharts LLC v. Tableau Software, LLC*,
No. 1:23-CV-1225-DII, 2024 WL 2305214 (W.D. Tex. May 21, 2024) ................................2

*InfoGation Corp. v. Google LLC*,
2021 WL 5547070 (W.D. Tex. Apr. 29, 2021)........................................................2

*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*,
No. 6:20-CV-1213-ADA, 2021 WL 12318134 (W.D. Tex. Dec. 3, 2021)............................10

*Parus Holdings Inc. v. LG Elecs. Inc.*,
No. 19-CV-00432, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020)........................................7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Relink US LLC v. Tesla, Inc.*,
No. 1:23-CV-1093-DAE, 2025 WL 2123783 (W.D. Tex. Apr. 3, 2025)...............................3, 7

*Sonrai Memory Ltd. v. Oracle Corp.*,
No. 21-CV-00116, 2022 WL 315023 (W.D. Tex. Feb. 2, 2022)................................................9

*Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*,
No. EP-25-CV-00385-DB, 2026 WL 457565 (W.D. Tex. Feb. 18, 2026)..............................10

*In re TikTok*,
85 F.4th at 361-62 .............................................................................................................3, 10

*In re VirtaMove, Corp.*,
No. 2025-130, 2025 WL 2618803 (Fed. Cir. Sep. 11, 2025) ...........................................1, 2, 3

*VirtaMove, Corp. v. Google LLC*,
No. 7:24-cv-33-DC-DTG, Dkt. Nos. 59, 86, 102 (W.D. Tex. Oct. 10, 2024).......................1, 2

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .................................................................................................6

*WirelessWerx IP LLC v. Google LLC*,
No. 22-CV-1056, 2023 WL 11921792 (W.D. Tex. Apr. 14, 2023) .........................................6

**Other Authorities**

Fed. R. Civ. P. 45...................................................................................................................8

## I.    INTRODUCTION

It is clear after venue discovery that NDCA is the more convenient forum for the witnesses likely to attend trial from each party. Headwater found no facts tying this case to WDTX. Headwater has, at most, three party witnesses, none of whom are in WDTX. Dr. Raleigh—Headwater's founder and named inventor—resides closer to NDCA than WDTX, and the claimed invention was conceived in NDCA when he worked at companies he founded there. Google identified many more witnesses, the majority of which are in NDCA.

Finding no facts tying this case to WDTX, Headwater distorts the law. The crux of Headwater's argument is based on a rejected interpretation of *In re Clarke*, *i.e.*, that "Google's proposed witnesses only count if Google clearly demonstrated that they will *actually* materialize" at trial. Dkt No. 53 ("Opposition" or "Opp.") at 2-3 (citing 94 F.4th 502 (5th Cir. 2024)). Headwater's counsel advanced this argument at the Federal Circuit, where it was rejected. *In re VirtaMove, Corp.*, No. 2025-130, 2025 WL 2618803, at *2 (Fed. Cir. Sep. 11, 2025). Headwater searched LinkedIn for Google and third parties in Texas. But, nearly all of those individuals have no relevance, and the Google employees confirmed they are unfamiliar with case-relevant facts.

## II.    HEADWATER MISSTATES THE LEGAL STANDARD

Headwater's Opposition rests on a misstatement of the law: that "Headwater's proposed witnesses count if they are merely relevant" but "Google's proposed witnesses only count if Google clearly demonstrated that they will actually materialize." Opp. 1-3. The Federal Circuit rejected this argument when Headwater's counsel made it in *VirtaMove*, 2025 WL 2618803, at *2. There, Headwater's counsel argued that Google must show "it would 'actually' call these individuals at trial, not just that these potential witnesses have relevant and material information." *Id.*; *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-33-DC-DTG, Dkt. No. 59 at 1-4, 9-12 (W.D. Tex. Oct. 10, 2024). This Court disregarded Headwater's argument and transferred the case to

-1-

████████████

NDCA. *Id.* at Dkt. Nos. 86, 102. The Federal Circuit affirmed because Headwater's argument "ignores that the Fifth Circuit, sitting *en banc*, rejected the argument that a party must identify what witnesses they would actually be calling at trial and the specific testimony they would provide[.]" 2025 WL 2618803, at *2. The Federal Circuit further held that VirtaMove's reliance on *In re Clarke* was flawed because *In re Clarke* addressed whether "overall marginal gains in convenience", not individual witnesses, will "*actually* materialize in the transferee venue." *Id.* Here, the vast majority of witnesses are in NDCA or closer to NDCA than WDTX. The "marginal gain[s] in convenience will be *significant*" for them and "will *actually* materialize" if the case is transferred. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (emphasis in original). Post-*In re Clarke*, courts in this District have held that potential witnesses need only have "relevant and material information" to be considered in this analysis. *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *4 (W.D. Tex. Aug. 30, 2024); *Haptic, Inc. v. Apple, Inc.*, No. 1:23-CV-1351-DII, 2024 WL 2954194, at *5 (W.D. Tex. Apr. 15, 2024); *iCharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at *10 (W.D. Tex. May 21, 2024).[1]

## III.     THE PRIVATE INTEREST FACTORS FAVOR TRANSFER

### A.     Cost of Attendance for Willing Witnesses Favors Transfer

***Headwater Witnesses.*** No Headwater witness is in WDTX. Dr. Raleigh resides in Incline Village, Nevada, closer to NDCA than Midland. His willingness to travel to Texas "carries little weight" since Headwater only provided records showing he has flown to Dallas (in NDTX) a dozen times. *InfoGation Corp. v. Google LLC*, 2021 WL 5547070, at *4 (W.D. Tex. Apr. 29, 2021); Opp. Ex. 21. There is no evidence of him traveling to WDTX for Headwater. Jonathan Kagan, Headwater's ████████████

---

[1] All internal citations or quotations omitted and emphases added unless noted otherwise.

████████████████

████████████████████████████████████, resides in Los Angeles, CA. Ex. 132 at 147:14-19, 84:21-25; 168:1-15, 122:20-123:8. Ms. Smith, Headwater's office manager, resides in EDTX and knows nothing about the asserted patents, the accused products and services, or Headwater's licenses and licensing revenue. Ex. 131 at 33:13-16; 54:1-56:2.

**Google's Tethering Witnesses Are Primarily in NDCA.** The Google employees responsible for managing, designing, and developing the accused functionalities are in NDCA or international offices. Dkt. No. 26-2 ("Mot.") at 4-6. Headwater argues that Google's witnesses (i) will not "actually materialize," (ii) are irrelevant, redundant, or duplicative, or (iii) were identified through an incomplete investigation. All three arguments fail.

*First,* Headwater misstates the law. *Supra* Section II. Google's NDCA-based witnesses have "relevant and material information," and given the "significant number of potential witnesses residing in [NDCA], the case for transfer is even stronger." *Id.*; *VirtaMove*, 2025 WL 2618803, at *1 n.1.

*Second*, Google identified nine, non-duplicative technical witnesses with knowledge of the design, development, and maintenance of the accused tethering functionalities and who are likely to testify at trial. Mot. at 4-6, 9-13. Eight are in or significantly closer to NDCA.[2] *Id.* Headwater asserts that Google "cherry-picked a narrow list of 'design and development' witnesses" (Opp. at 10-11), but witnesses who "do not have as much knowledge regarding the research, development, or design of relevant aspects of the Accused Products[] do not outweigh" those who do. *Relink US LLC v. Tesla, Inc.*, No. 1:23-CV-1093-DAE, 2025 WL 2123783, at *6 (W.D. Tex. Apr. 3, 2025); *see also In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

---

[2] Headwater is incorrect that "convenience is neutral" for witnesses in Asia. *In re TikTok*, 85 F.4th at 361-62 (finding travel to NDCA more convenient than Texas for witnesses from Asia).

████████████

Headwater argues that three of Google's identified witnesses who are knowledgeable about different aspects[3] of Google's Instant Tethering functionality "are simply not relevant" because Instant Tethering is "not part of core tethering." Opp. at 11, 14. But Headwater's claim charts cite a support page describing Instant Tethering and include screenshots referring to it. *See, e.g.* Dkt. Nos. 1-4 at 4, 20, 33, 45, 49, 50, 52, 53, 55, 56. Headwater likewise discounts the relevance of witnesses like Irfan Sheriff and Zhibin Liu, despite their involvement in originally developing (Sheriff) and currently maintaining (Liu) the Settings application user interfaces referenced in Headwater's claim charts. *See, e.g.*, Dkt. Nos. 1-4 at 20, 21, 33, 34, 45, 46, 49, 50, 73.

Headwater's assertions as to which and how many other witnesses are likely to appear at trial are pure conjecture. Opp. at 13-14. Headwater cannot predict Google's trial strategy, especially as case progression affects what technology Headwater actually accuses at trial. Headwater also speculates that only expert testimony will be presented regarding devices that run open-source Android code.[4] Opp. at 13 n.3. But that source code is public does not eliminate the need for fact testimony, as demonstrated by Headwater's own reliance on Google fact witness testimony regarding Android OS in a recent trial. Ex. 116 at 276:21-286:6.

Ultimately, Headwater's accusation that Google inflated its witness count is baseless. As noted above, witnesses Headwater claims are irrelevant are knowledgeable about functionalities identified in its claim charts. And witnesses Headwater claims are duplicative (*see, e.g.,* Opp. at 14) have unique knowledge. *See, e.g.,* Dkt. No. 26-3 at ¶¶ 5(b)-(c) (Mr. Huang works on Fi

---

[3] Namely, Mr. Zuhuruddin (currently responsible for Instant Tethering for Android tablets), Mr. Katzenlson (early development of Instant Tethering for Android tablets), and Mr. Hansberry (development of Instant Tethering for Android phones and Chrome). Mr. Zuhuruddin left Google after it filed its transfer motion, and Venkata Snehith Cherukuri took over his responsibilities.
[4] Headwater declined to confirm that it will rely only on open-source Android code as a basis for infringement and that it would not seek deposition testimony from any fact witness regarding open-source functionalities, effectively conceding that such testimony is relevant.

████████████████

infrastructure responsible for setting network side tethering policy, while Mr. Yang's team manages the device side tethering configuration used by Android when enabling tethering). Mr. Greenwalt himself is indisputably relevant; ████████████████████████████ ████████████████████████████. Ex. 117 at 22:5-16, 26:19-25. There is no basis to selectively discount any of Google's witnesses at this stage. Even if not all of Google's identified witnesses testify at trial, it remains likely (as Headwater admits (Opp. at 13)) that at least some will.[5] *See EcoFactor, Inc. v. Google LLC*, No. W-22-CV-00032-ADA, 2022 WL 17169178, at *4 (W.D. Tex. Nov. 1, 2022).

*Third*, Headwater's attacks on Mr. Greenwalt's investigation are unavailing. Mr. Greenwalt has ████████████████████████████████████

████████████████████████████████████

████████████ Ex. 117 at 20:7-22:16, 25:9-28:6, 30:1-12, 36:12-43:25. He ████████

████████████████████████████████████

████. *Id.* at 30:23-31:11. Headwater complains that Google did not identify "customer support, carrier-partner, marketing, finance, or licensing witnesses." Opp. at 10. But such witnesses are unlikely to come to trial. Similarly, Headwater alleges that, although Google identified Google Fi witnesses, it failed to identify "equivalent" carrier-facing witnesses. Opp. at 11. But Google identified Arunoday Bhattacharya, ████████████████████████, whose responsibilities include partner engineering with U.S. phone carriers. Ex. 118 at 10-11.

Headwater falsely alleges "Google gave no evidence of who" an allegedly "unidentified" witness who no longer works for Google is. Opp. at 11. But Google explained that Venkata Snehith

---

[5] Headwater accuses Google of being inaccurate in transfer motions in prior cases, but in *Flypsi*, a case Headwater identified, several Google employees identified in transfer briefing early in the case testified at trial almost two years later either live or by deposition. Opp. 13, Exs. 25-26.

██████████████

Cherukuri (████████) took over Mr. Zuhuruddin's responsibilities. *See* Ex. 118 at 11.

***Headwater-Identified Google "Witnesses".*** Headwater used LinkedIn to identify nine Texas-based individuals to argue that Google "cherry-picked" witnesses. Opp. at 11-13. But "there is simply no factual support suggesting these witnesses were cherry-picked. The far more apparent explanation is that the witnesses all reside in the Northern District of California because . . . that is where its relevant [tethering functionalities] were created and maintained." *WirelessWerx IP LLC v. Google LLC*, No. 22-CV-1056, 2023 WL 11921792, at *4 (W.D. Tex. Apr. 14, 2023); Opp. at 10-11. That Google did not identify immaterial witnesses has no bearing on the adequacy of its investigation. Headwater claims Google failed to identify Kesh Patel. Opp. at 12. But, Mr. Greenwalt testified that ████████████████████████████████████████████████ ████████████████" Ex. 117, 68:11-69:18. Mr. Patel affirmed ██████████████████ ████ *See* Ex. 110.

Headwater's other LinkedIn excerpts confirm the individuals are not relevant. Opp. at 11-13. None has knowledge about the design or development of the accused functionalities.[6] *See* Exs. 105, 107-11, 114. None are in Midland, and to travel all would "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008); *eCardless Bancorp, Ltd. v. PayPal, Inc.*, No. 22-CV-00245-ADA-DTG, 2024 WL 6869428, at *2-3 (W.D. Tex. Feb. 15, 2024).

### B.     The Relative Ease of Access to Sources of Proof Favors Transfer

Google's relevant documents are primarily created and maintained by Google employees

---

[6] Headwater identifies Izaak Smith (Opp. at 11), but he no longer works at Google. When he did, he was based in NDCA. Headwater also identifies Mohammed Fayyazuddin (Opp. at 12), but he was a contractor who no longer works with Google. When he did, he was based in NDTX. *See* Ex. 114. Headwater relies on Charlie Stiernberg, one attorney on Google's litigation team, who likely has only privileged information, and as Headwater argues "Party Attorneys do not count." Opp. 9.

██████████████

in NDCA. Mot. at 6, 13. "And even for [Google's] electronically stored documents, the custodians of those documents are in NDCA." *Relink*, 2025 WL 2123783, at *4; *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 19-CV-00432, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020). As for Headwater, ████████████████████████████████████ Ex. 133 at 34:16-25; Ex. 131 at 39:24-40:10. "[P]atent files, and physical, ribbon-issued patents," if relevant, are in EDTX, not WDTX. ItsOn-related documents may be in NDCA. Mot. at 13-14.

### C.    The Availability of Compulsory Process Favors Transfer

Headwater asks the Court to ignore Google's identified third parties (Mot. at 6-8, 13-16) because they "have overwhelmingly not materialized" in prior trials. Opp. at 9-10. *First*, the lack of "materialization" supports transfer. Prior case records confirm many would be unwilling to testify: Mr. Fitzgerald and Ms. Jacobsen appeared at trial by deposition, and Mr. Modlin testified he had negative views of Headwater. Mot. at 16. NDCA can compel their attendance. *See In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021).

*Second,* Mr. Kagan, Headwater's Los Angeles-based ████████████████████

████████████████████████████████████████

██████████ Ex 132 at 177:19-178:19, 185:12-23, 193:25-194:25.

*Third*, Ms. Smith identified ████████████████████████ who are likely relevant to standing, ownership of the asserted patents, and ability to license them—most are in NDCA, none are in WDTX. Ex. 131 at 69:21-70:17, 75:8-10, 76:6-11.

*Fourth,* Qualcomm is not "irrelevant." Opp. at 9. Headwater mentions it five times in its Complaint. Dkt. No. 29. That other litigants have not successfully challenged standing does not render California-based Krista Jacobsen, Marc Sockol, Michael Schallop, and Qualcomm irrelevant because Google is not bound by those rulings. Opp. at 9; Mot. at 7-8.

*Fifth,* Headwater argues that Ms. Jacobsen, Mr. Sockol, Mr. Schallop, and the prosecution

████████████

firms should "not be considered" because they are attorneys. Opp. at 9. But Ms. Jacobsen testified via deposition at an earlier trial, belying Headwater's claim that she is irrelevant. Opp. at 9.

*License/Settlement Witnesses.* Headwater did not call licensees in its prior trials. There is no indication these Samsung, Verizon, and AT&T individuals know about settlement terms, and their roles do not appear to involve licensing. Exs. 122-25.[7] Headwater cannot compel Ms. Roberts (Missouri), or Ms. Lucas, Mr. LaGrone, or Mr. Rice (all NDTX) for trial in WDTX. *Id.*

*Headwater's "Third-Party Technical Witnesses".* Headwater identifies irrelevant, non-party "technical witnesses": Karthik Rao, Zain Saleh, and Matthew Hill. Opp. 5. Mr. Rao never worked at Google and has no relevant facts (Opp. Ex. 43 at 10-18); Headwater argues he has "potential expert testimony about power saving benefits," which is not at issue in this case. Nor has it "explained why expert witnesses—who are presumably paid to participate—would need to be compelled under Rule 45." *Clark v. United States*, No. EP-23-CV-305, 2024 WL 1460764, at *3 (W.D. Tex. Apr. 2, 2024). Mr. Saleh held a part-time Google Fi sales role for seven months, but is not an engineer and there is no evidence he has knowledge of the accused functionalities. Opp. Ex. 43 at 19-23. Mr. Hill worked in Mountain View, CA during his Google tenure (April 2014-May 2025) and moved to Austin after leaving Google. *Id.* at 2-9. Headwater speculates that he "should be able to speak to" engineering for carrier networks to support tethering (Opp. 6), but there is no support for this in his LinkedIn profile. Opp. Ex. 43 at 2-9.

*InterDigital Witnesses.* Although the potential InterDigital acquisition was at issue in the *Samsung* case, Headwater did not bring to trial the ████████████████████ individuals identified. Moreover, ████████████████—the same basis on which Headwater

---

[7] Headwater asserts Ms. Roberts and Mr. Rice testified in prior trials. Opp. 5. Both appeared as corporate representatives for their employers, but were not called in the other company's trial.

seeks to exclude Ms. Jacobsen, Mr. Sockol, and Mr. Schallop from the transfer analysis. Opp. 9.

***Telus Witnesses.*** Headwater argues Google "inexplicably ignored" Telus witnesses. Opp. 6. Not so. *First*, Headwater has no support for its claim that Telus provided support for tethering features. Telus provided ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████ *Id. Second*, Telus has no "significant presence in Texas." Opp. 6. Its website lists Las Vegas, NV as its U.S. location (Ex. 127), and its Austin office is apparently "permanently closed." Ex. 128. *Third*, Headwater's reference to sales of the Accused Products in Canada is misleading and irrelevant. Those extraterritorial sales are by a different Telus entity that operates a wireless network in Canada. Ex. 121 at 10.

### D.      Other Practical Problems Favor Transfer

Headwater argues its co-pending cases, only 8 of which are in WDTX, weigh against transfer.[8] Headwater omits that this Court already transferred one of Headwater's cases against Google to NDCA. *Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00231, Dkt. No. 83 (W.D. Tex. Feb. 18, 2026). Further, 7 of the 8 WDTX cases were filed on the same day as this case and have pending motions to transfer to the NDCA. *In re Google LLC*, 2021 WL 5292267, at *3 ("lawsuits filed on the same day in the same venue . . . are not to be over-weighed if they are also the subject of motions to transfer"). The final Headwater case should be given no weight because it concerns a different defendant and different patents. *Headwater Rsch. LLC v. Amazon.com, Inc. et al*, 7:25-cv-00286, Dkt. No. 22 (Amended Complaint) (W.D. Tex. Sep. 15, 2025); *Sonrai*

---

[8] Headwater's EDTX cases are out-of-district and should be given no weight. If considered, 7 were filed on the same day as this action, and 14 post-date it, and thus should be given no weight.

████████████

*Memory Ltd. v. Oracle Corp.*, No. 21-CV-00116, 2022 WL 315023, at *3 (W.D. Tex. Feb. 2, 2022) (giving no weight to co-pending cases with no overlap in asserted patents).[9]

## IV.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

Google's local interest is not based on the *parties'* connections to NDCA; that is where "the events that gave rise to [the] suit" occurred. *In re TikTok*, 85 F.4th at 364. It is where the accused functionalities were designed and developed (*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, No. 6:20-CV-1213-ADA, 2021 WL 12318134, at *9 (W.D. Tex. Dec. 3, 2021)) and where the patented technology was invented and the patents were prosecuted (*In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023)), rendering it the "place of the alleged wrong," "one of the most important factors in venue determinations." *In re TikTok*, 85 F.4th at 364. Headwater's

████████████████████████████████████████

████ Ex. 129; Ex. 130 § 5.9. Headwater and the asserted patents have no connection to WDTX. And Headwater's argument regarding third parties' interest in knowing if technology is infringing does not weigh against transfer. *In re Clarke*, 94 F.4th at 510 ("an interest that 'could apply to virtually any judicial district or division . . .' cannot affect the local-interest determination.").[10]

Finally, Headwater's reliance on an order mentioning docket congestion in passing is unpersuasive, particularly given more recent authority. *See Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*, No. EP-25-CV-00385-DB, 2026 WL 457565, at *4 (W.D. Tex. Feb. 18, 2026) (stating court congestion favored transfer).

---

[9] Headwater's concern that transfer will be an "administrative nightmare" is speculative. And, regardless if the case is transferred, Headwater's cases will still span three different jurisdictions.
[10] The WiFi Alliance does not establish a local interest. *STC.UNM v. Apple Inc.*, No. 6:19-CV-00428-ADA, 2020 WL 4559706, at *8 (W.D. Tex. Apr. 1, 2020); *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4833481, at *6 n.7 (W.D. Tex. July 26, 2023) ("mere presence of a related industry group . . . does not establish a local interest in the WDTX")).

DATED:  March 27, 2026

JACKSON WALKER LLP

  Nathaniel St. Clair, II
Tex. Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

Respectfully Submitted,

PAUL HASTINGS LLP

By: */s/ Robert W. Unikel*
    Robert W. Unikel
Ill. Bar No. 6216974
robertunikel@paulhastings.com
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

    Matthias A. Kamber
Cal. Bar No. 232147
matthiaskamber@paulhastings.com
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

    Andrea P. Roberts
Cal. Bar No. 228128
andrearoberts@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

    Robert R. Laurenzi
N.Y. Bar No. 3024676
robertlaurenzi@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

    Ariell N. Bratton
Cal. Bar No. 317587
ariellbratton@paulhastings.com
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

    Stephanie Adamakos
D.C. Bar No. 1718981
stephanieadamakos@paulhastings.com

-11-

PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant*
*GOOGLE LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on March 27, 2026, the foregoing document was filed electronically with the Clerk of Court by submission via the Court's box.com link. As of this date, all counsel of record who have appeared in this case were served with the foregoing document via electronic mail.

*/s/ Robert W. Unikel*
Robert W. Unikel
