**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **HEADWATER RESEARCH, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **CASE NOS. 7:25-CV-00369-DC-DTG** |
| | § | **7:25-CV-00372-DC-DTG** |
| *v.* | § | **7:25-CV-00374-DC-DTG** |
| | § | **7:25-CV-00376-DC-DTG** |
| **GOOGLE LLC,** | § | **7:25-CV-00378-DC-DTG** |
| | § | **7:25-CV-00380-DC-DTG** |
| *Defendant,* | § | **7:25-CV-00518-DC-DTG** |

## ORDER ON APRIL 15, 2026 DISCOVERY DISPUTE

Pending before the Court is the Discovery Dispute Chart submitted via email by the plaintiff, Headwater Research, LLC, on April 15, 2026 (Exhibit A). Having considered the dispute, the Court finds a hearing is unnecessary and **GRANTS** the requested relief in part, as follows:

The defendant, Google LLC, is **ORDERED** to make each of the twelve (12) declarants to its transfer reply briefs available for a one-hour deposition—in person or by video teleconference—within the next three (3) weeks. The plaintiff must seek leave to file a sur-reply based on the depositions.

**SIGNED** this 16th day of April, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**Discovery Dispute Chart for**
***Headwater Research, LLC v. Google LLC* (7:25-cv–00369, –00372, -00374, -00376, -00378, -00380, -00518)**

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| Whether Headwater may depose Google's witnesses who provided new declarations on Reply.[1] | As Headwater previously warned, Google has improperly filed 12 new declarations with its transfer reply briefs across the above-captioned cases, after the close of venue discovery.  Google should have produced these during venue discovery so that Headwater's Opposition could address them, but Google failed to do so.  Headwater should have leave to depose the witnesses (1 hour each) before filing a sur-reply. <br><br> A long-standing rule of fundamental fairness is that reply briefs may not present "new affidavits and exhibits" because they deprive the nonmovant of a meaningful opportunity to respond.  *Lew S. McGinnis v. Nationwide Life and Annuity Insurance Co.*, No. 3:20-CV-3138-D, 2021 WL 2531190, at *2 (N.D. Tex. June 21, 2021).  This is especially true when Google alone had the burden of proof in its opening motion and then failed to produce the evidence during discovery.  *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). <br><br> Google is making it a routine practice to disregard this rule and did so in every related *Headwater v. Google* case before this Court. In related cases 7:25-cv-00231 | As previewed in Google's March 12 submission, Headwater's plan was always to "withhold[] [the identity of the individuals it intended to rely on] until its Oppositions—apparently so that Google cannot respond during discovery—after which it will seek to prevent Google from responding to Headwater on Reply."  Having failed at the March 17 hearing to bar Google's reply declarations, Headwater now seeks the next best thing: the last word.  The Court should not indulge this gamesmanship. <br><br> **Headwater chose not to depose the declarants.**  Headwater itself produced these individuals' LinkedIn profiles during venue discovery, then identified the specific 13 individuals it intended to rely on for the first time in its Oppositions.  Headwater chose to use only 11 of 45 deposition hours available across these cases, and did not serve any 30(b)(1) notices or 30(b)(6) topics for these individuals. If Headwater believes filing reply declarations is Google's "routine practice" (it is not), Headwater had all the more reason to depose these individuals or serve targeted discovery.  It did neither.  A party that |

[1] Headwater intends to separately file a motion for leave to address other new facts, new law, and new arguments the sur-reply— which are non-discovery issues. This discovery dispute is limited to the issue of depositions.

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | (*see* Dkts. 58, 67) and 7:25-cv-00367 (*see* Dkts. 45, 58), Google provided **twenty** new declarations in the one-week reply period. If the Court is not inclined[2] to strike Google's 12 new declarations in the present cases, then the Court should at least allow Headwater to take 1-hour depositions on each of the new declarations before filing a sur-reply. If Google is not deterred, other movants will try to flaunt the prohibition against filing new evidence with replies after seeing Google get away with it in 9 different cases, leading to more disputes and opposed motions for relief. Headwater timely disclosed the names and LinkedIn profiles of about 76 Texas-based Google witnesses during venue discovery, on Feb. 2 and 20, within the venue discovery period. Google did not produce responsive declarations during venue discovery (despite previously producing 20 declarations in 1 week when it chose to), arguing it was too burdensome, and Google demanded that Headwater first narrow its selection. Headwater was entitled to see any rebuttal evidence by Google before narrowing its selection of witnesses to rely on and before writing its opposition brief. Google has again improperly and strategically attached new declarations to its transfer reply brief, | opts "to bury its head in the sand" during discovery "cannot do so and then complain of an ambush." *3D Surfaces, LLC v. Dell Techs. Inc.*, 2022 WL 3695483, at *3 (W.D. Tex. Aug. 25, 2022). **Headwater, not Google, withheld discovery.** Here, Headwater did more than bury its head in the sand. Google repeatedly asked Headwater to identify which individuals from 300-plus pages of LinkedIn profiles it would rely on so Google could respond during discovery. Headwater refused. The Court heard this dispute on March 17. If Headwater had provided even a narrowed list, Google could have responded during discovery. But Headwater chose not to. It cannot now fault Google for responding to arguments Headwater raised only after discovery closed. **The Court already declined to preclude Google.** At the March 17 hearing, the Court denied Headwater's request to limit Google's reply evidence, finding that the interrogatory Headwater relied on "is more about the methodology as opposed to identification of specific witnesses." Tr. at 15:19-16:9. Headwater |

[2] *See* related case 7:25-cv-00231-DC-DTG, Dkt. 83 (suggesting Headwater "should have implored the Court to address the issue at the appropriate time" before seeking to strike).

2

| Issue | Headwater's Position | Google's Position |
|---|---|---|
| | specifically to unfairly prevent Headwater from being able to test the statements in their declarations and point out omissions or inconsistencies from what is in their LinkedIn profiles. Google's opposition to depositions proves that procedural unfairness is Google's intent.<br><br>**Relief Requested**: Google is **ORDERED** to make each of its witnesses who filed new venue declarations with its transfer reply brief available for a one hour deposition within the next two weeks, and Headwater may file a sur-reply based on the depositions. | *still* cannot identify any other discovery request calling for these declarations.<br><br>**Google's declarations are proper rebuttal.** Courts routinely permit reply declarations that "rebut a new argument raised by the opposing party in a response." *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, 2024 WL 4182592, at *3 (W.D. Tex. July 10, 2024); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (denying motion to strike reply declarations and to file surreply). Google was not required to intuit which employees Headwater would rely on and preemptively rebut their (in)significance. Preparing 76 declarations, most ultimately deemed irrelevant by Headwater, is neither required nor reasonable.<br><br>Reopening discovery and permitting a sur-reply is "highly disfavored," requiring "extraordinary circumstances on a showing of good cause." *Tijerina-Salazar v. Venegas*, 2022 WL 1750474, at *2 (W.D. Tex. May 31, 2022). Headwater had every opportunity to test these individuals' knowledge. It chose not to. The Court should not reward Headwater's strategy. |

3

| Issue | Headwater's Position | Google's Position |
|---|---|---|
|  |  | **Relief Requested**: Headwater's request for depositions of Google's declarants and a sur-reply is **DENIED**. |