# Exhibit 56

Miscellaneous Docket No. 25-130

IN THE

# United States Court of Appeals
# For the Federal Circuit

**IN RE VIRTAMOVE CORP.,**

*Petitioner.*

On Petition for Writ of Mandamus from the United States
District Court for the Western District of Texas,
No. 7:24-cv-00033-DC-DTG, before the
Hon. Judge Counts and Magistrate Judge Gilliland

**VirtaMove Corp's Reply in Support of its Petition for Writ of Mandamus**

|  |  |
|---|---|
|  | Qi (Peter) Tong |
|  | ptong@raklaw.com |
|  | RUSS AUGUST & KABAT |
|  | 8080 N. Central Expressway, Suite 1503 |
|  | Dallas, TX 75225 |
|  | (310) 826-7474 |
|  |  |
|  | Reza Mirzaie |
| June 16, 2025 | rmirzaie@raklaw.com |
|  | Shani Williams |
|  | swilliams@raklaw.com |
|  | RUSS AUGUST & KABAT |
|  | 12424 Wilshire Boulevard, 12th Floor |
|  | Los Angeles, CA 90025 |
|  | (310) 826-7474 |

*Counsel for Petitioner,*
*VirtaMove Corp.*

**FORM 9. Certificate of Interest**                              **Form 9 (p. 1)**
                                                                  **March 2023**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-130

**Short Case Caption** In re: VirtaMove Corp.

**Filing Party/Entity** Petitioner, VirtaMove Corp.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/16/2025                    Signature:  /s/ Qi (Peter) Tong

                                     Name:       Qi (Peter) Tong

**FORM 9. Certificate of Interest**

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| VirtaMove Corp. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☑   Additional pages attached

| | | |
|---|---|---|
| Kristopher Davis<br>Russ August & Kabat | Paul Kroeger<br>Russ August & Kabat | Jacob Buczko<br>Russ August & Kabat |
| Neil Rubin<br>Russ August & Kabat | Christian Conkle<br>Russ August & Kabat | Jefferson Cummings<br>Russ August & Kabat |
| Marc A. Fenster<br>Russ August & Kabat | Daniel B. Kolko<br>Russ August & Kabat | Jonathan Ma<br>Russ August & Kabat |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Nos. 2025-**

# United States Court of Appeals for the Federal Circuit

————————————————

**IN RE VIRTAMOVE CORP.,**

*Petitioner.*

————————————————

On Petition for Writ of Mandamus from the United States District Court for the Western District of Texas, No. 7:24-cv-0033-DC-DTG, before the Hon. Judge Counts and Magistrate Judge Gilliand

————————————————

**ADDITIONAL PAGE TO SECTIONS 4 AND 5**

June 16, 2025

Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

*Counsel for Petitioner,*
*VirtaMove Corp.*

**Additional Legal Representatives (Section 4)**

James A. Milkey, Russ August & Kabat

Mackenzie Paladino, Russ August & Kabat

James S. Tsuei, Russ August & Kabat

Joshua Scheufler, Russ August & Kabat

**Related Cases (Section 5)**

VirtaMove Corp. expects to soon file a petition for writ of mandamus from the decision in *VirtaMove v. Amazon.com, Inc.*, No. 7:24-cv-00030-ADA-DTG (W.D. Tex.), and this upcoming *Amazon* petition will likely affect or be directly affected by this *Google* petition.

Additional parties in the *Amazon* case include Amazon.com, Inc.; Amazon.com Web Services LLC; and Amazon Web Services, Inc.

Additional counsel in the *Amazon* case includes the following attorneys of Knobbe, Martens, Olson & Bear LLP: Joseph R. Re, Jeremy A. Anapol, Colin B. Heideman, Christie R.W. Matthaei, and Logan P. Young. Further of counsel is Harper Estes of Lynch Chappell & Alsup.

1

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST .......................................................................... i

TABLE OF AUTHORITIES ......................................................................... vii

INTRODUCTION ........................................................................................... 1

I.      Courts Are Divided............................................................................ 2

II.     *Clarke* Raised the Burden of Proof ................................................. 3

III.    Clarke's Burden in Perspective ........................................................ 5

IV.     100-Mile Rule Cannot Be Ignored ................................................... 7

V.      Local Interest .................................................................................... 9

VI.     The Law of All Other Practical Problems ...................................... 13

VII.    The District Court Abused Its Discretion........................................ 14

VIII.   No Procedural Hurdles Bar Relief................................................... 14

CONCLUSION............................................................................................. 15

# TABLE OF AUTHORITIES

Cases

*Aire Tech. Ltd. v. Apple Inc.*,

No. 6:21-cv-01101-ADA, Dkt. 64 (W.D. Tex. Sept. 30, 2022) .......................... 7

*Def. Distributed v. Bruck*,

30 F.4th 414 (5th Cir. 2022) ....................................................................... 1, 12

*In re Apple Inc.*,

2024 WL 3886316 (Fed. Cir. 2024) ................................................................ 2, 7

*In re Apple Inc.*,

52 F.4th 1360 (Fed. Cir. 2022) ........................................................................ 7

*In re Apple Inc.*,

979 F.3d 1332 (Fed. Cir. Apr. 11, 2020) ........................................................ 10

*In re Chamber of Com. of United States of Am.*,

105 F.4th 297 (5th Cir. 2024) ..................................................................... 2, 5

*In re Clarke*,

94 F.4th 502 (5th Cir. 2024) ................................................................... passim

*In re Google*,

58 F.4th 1379 (Fed. Cir. 2023) ..................................................................... 13

*In re Haptic, Inc.*,

2024 WL 3159288 (Fed. Cir. 2024) ................................................................. 2

*In re Honeywell Int'l Inc.*,

2024 WL 302397 (Fed. Cir. 2024) ........................................................................ 2

*In re Nintendo Co.*, Ltd.,

589 F.3d 1194 (Fed. Cir. 2009) ............................................................................ 8

*In re Planned Parenthood Fed'n of Am., Inc.*,

52 F.4th 625 (5th Cir. 2022) ............................................................................ 1, 4

*In re Samsung Elecs. Co.*,

2023 WL 8642711 (Fed. Cir. 2023) ...................................................................... 2

*In re TikTok, Inc.*,

85 F.4th 352 (5th Cir. 2023) ....................................................................... passim

*In re TS Tech USA Corp.*,

551 F.3d 1315 (Fed. Cir. 2008) ............................................................................ 8

*In re Volkswagen of Am. Inc.*,

545 F.3d 304 (5th Cir. 2008) ................................................................................ 4

*Motion Offense, LLC v. Google LLC*,

No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022)........... 2

*Scramoge Tech. Ltd. v. Apple Inc.*,

No. 6:21-CV-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022) ........ 7

*Stewart Org., Inc. v. Ricoh Corp.*,

487 U.S. 22 (1988)............................................................................................... 15

*Touchstream Tech. Inc. v. Google LLC*,

    No. 21-cv-00569-ADA (W.D. Tex.) ....................................................... 15

*Troy v. Samson Mfg. Corp.*,

    758 F.3d 1322 (Fed. Cir. 2014) ........................................................... 14

*VirtaMove Corp. v. International Business Machines Corp.*,

    No. 2:24-cv-00064, Dkt. 129 (E.D. Tex. Feb. 5, 2025)...................................... 15

*Winner Int'l Royalty Corp. v. Wang*,

    202 F.3d 1340 (Fed. Cir. 2000) ........................................................... 15

Statutes

35 U.S.C. § 271(a) ......................................................................... 9, 10

## **INTRODUCTION**

This Court must resolve the disputed questions of law. The District Court had no discretion to apply the wrong law. Doing so is reversible error.

There are no disputes of material facts. Google proposed relevant witnesses, but Google has not clearly demonstrated that its proposed witnesses will actually materialize in any courthouse.  If all relevant VirtaMove and Google witnesses—including those on the east coast who are closer to Texas—were given weight, then the witnesses who weigh against transfer would be overwhelming.  Response at 27–28 (conceding that the witness count is 23 closer to Texas against 11 closer to the NDCA).

Only disputes of law need resolution: (1) What is the burden of proof? (2) Must the 100-mile rule be "rigidly" applied? (3) Do design and development give rise to this suit for local interest?

VirtaMove asks the Federal Circuit to follow the black letter law from recent Fifth Circuit cases on the procedural issue of transfer to stop abusive and unjust transfer motions based on unreliable evidence—something Google considers extraordinary. Earlier Federal Circuit cases must be abrogated or distinguished (not necessary overruled) if they contradict the latest rules from *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625 (5th Cir. 2022); *Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022); *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023);

1

*In re Clarke*, 94 F.4th 502 (5th Cir. 2024); and *In re Chamber of Com. of U.S.*, 105 F.4th 297 (5th Cir. 2024).

## I.    Courts Are Divided

Google argues that there is no division of law (Response at 10), but Google cannot explain why WDTX cases, EDTX cases, law reviews, law firms, and RPX have all made clear that the Fifth Circuit and Federal Circuit are split. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022); Appx1958–1978; Appx1981–2002; Appx2069–2072; Appx2080–2086; Appx2088–2093. Google made no effort to reconcile Judge Gilstrap's *VirtaMove* rulings. Even the Fifth Circuit has noted "conflicting outcomes" from the Federal Circuit cases due to "little guidance" from the Fifth Circuit. *TikTok*, 85 F.4th at 367 n.15.

Google has not offered *a single* case or scholarly article that rebuts the articles or cases VirtaMove has cited. The Federal Circuit cases cited on page 10 of Google's brief do not support Google's position. *In re Apple Inc.*, 2024 WL 3886316 (Fed. Cir. 2024); *In re Haptic, Inc.*, 2024 WL 3159288 (Fed. Cir. 2024); *In re Honeywell Int'l Inc.*, 2024 WL 302397 (Fed. Cir. 2024); *In re Samsung Elecs. Co.*, 2023 WL 8642711 (Fed. Cir. 2023). None of these Federal Circuit cases mention *Clarke*'s "*actually* materialize" standard, meaning that the closest cases Google could find

actually exemplify the Federal Circuit's divergence on the burden of proof. None of

these cases discuss how rigidly the 100-mile rule should be applied.

## II.    *Clarke* **Raised the Burden of Proof**

Google effectively argues that the Federal Circuit should completely ignore

the Fifth Circuit's black letter law:

> It is the movant's burden—and the movant's alone—to "adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*

> At minimum, showing "good cause" requires the movant "clearly [to] demonstrate" that its chosen venue is "clearly more convenient." *Id.* That standard is not met if the movant merely shows that the transferee venue "is more likely than not to be more convenient." *Id.* Likewise, "the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.*

> Accordingly, to establish "good cause," a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue.[3]

*Clarke*, 94 F.4th at 508 (n.3 ruling that "a mere preponderance of the evidence is

insufficient").

This new standard that requires the movant to clearly demonstrate that

marginal gains will *actually* materialize in the transferee venue has never been

articulated before *Clarke*.  <mark>For a witness, this requires Google to clearly demonstrate[1]

that its proposed witnesses will actually travel to court (whether for hearing or</mark>

---

[1] Not "definitely" prove.  Response at 12.

trial)[2]—otherwise, no marginal gain in convenience will materialize. Google offers

no other sensical interpretation of the new part (2) of *Clarke's* good cause

requirement.

Google's argument that *Clarke's* new standard merely repeats the traditional

prohibition against relying on "conclusory assertions" and "speculation" uses flawed

logic.  Response at 13.  The burden of adducing evidence that clearly demonstrates

that marginal gains will *actually* materialize includes but *is also significantly higher*

*than* merely prohibiting reliance on conclusory assertions and speculation.

Otherwise, model jury rules explaining the "clear and convincing" evidence standard

need to be immediately rewritten to explain that the "clear" part of this phrase does

nothing more than prohibit reliance on conclusory assertions and speculation.[3]

Google turns to *Planned Parenthood* and *Volkswagen II* for guidance on

interpreting *Clarke's* "*actually* materialize" standard, but this is futile because

*Planned Parenthood* and *Volkswagen II* predate *Clarke*, so they cannot be

interpretations of the new *Clarke* standard. Response at 13 (citing 52 F.4th at 630

and *In re Volkswagen of Am. Inc.*, 545 F.3d 304 (5th Cir. 2008)).  Google has no

post-*Clarke* authority for its argument that "Under *Clarke*, that discretion is subject

---

[2] In response to Google's footnote 4, VirtaMove did not ignore hearings.  Google has no evidence that its witnesses will materialize at any trial *or hearing*.
[3] The even lower preponderance of the evidence standard would lose all meaning. *Clarke*, 94 F.4th at 508 n.3.

to the requirement that predictions about the course of the litigation must not be speculative" and nothing further. Reply at 15. The standard to "not be speculative" is a far cry from "clearly demonstrating" that convenience will materialize.

Google misinterprets the Fifth Circuit's quote that "[t]he bar is much higher" as merely reiterating "the existing 'good cause' standard." Response at 14. The quote is instead *directly* about *Clarke*'s new burden of proof:

> The bar is much higher: "to establish 'good cause,' a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue."[33]

*Chamber of Com.*, 105 F.4th at 304 (n.33 citing *Clarke*, 94 F.4th at 508).

## III.  Clarke's Burden in Perspective

*Volkswagen II*, which concerned an auto accident, provides historical context outside of patent cases. *In re Volkswagen*, 545 F.3d at 307. There, "Volkswagen has submitted a list of potential witnesses that included the third-party defendant, accident witnesses, accident investigators, treating medical personnel, and the medical examiner—all of whom reside in Dallas County or in the Dallas area." *Id.* at 317. Each category includes the types of witnesses who are clearly likely to appear at an auto accident trial. Volkswagen also provided witness affidavits, despite there being no blank rule that an affidavit is needed. *Id.* at 317 n.12.[4]

---

[4] This pre-*Clarke* case is not an interpretation of *Clarke's* new standard.

In contrast, Google could not do the same. Appx1351, Appx1384 (Google responding via interrogatory that "its trial witness list is not due for more than a year"). Google admits that at this early stage of the case, Google's evidence and witnesses "may ultimately not play a role at trial" after "further investigation and discovery, claim construction, motion practice, and developments." Response at 16–17. These dispositive admissions mean that Google's motion should be denied. Google never argued that it met *Clarke's* new burden.

*Clarke's* new burden of proof is not impossible. Google simply needs to complete its investigation like the parties in *Volkswagen*. For example, Google researched and asserted dozens of alternative prior art references. Appx1593–Appx1599. Google needs to perform the final step of electing its best prior art for trial to determine if a relevant author is needed. But Google won't do so right now because Google is statistically unlikely to select prior art related to a California witness for its transfer motion. Appx1363 (30% or 10.5% chances).

If a case is truly so complex such that the evidence and witnesses cannot be clearly demonstrated, then a transfer motion is improper after *Clarke*. Case complexity does not permit a lower burden of proof. The Fifth Circuit has never ruled that a movant must clearly demonstrate that convenience will *actually* materialize, except in complex patent cases. The Federal Circuit cannot create exceptions where the Fifth Circuit has ruled.

The pre-*Clarke* standard, combined with early transfer resolution, has resulted in transfer abuse. Defendants have abused transfer motions by not investigating the witnesses in Texas that they might want to later call at trial. *See, e.g.*, *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 WL 1667561, at *2–4 (W.D. Tex. May 25, 2022). In 2022, the WDTX tried to extend venue discovery to obtain more reliable evidence. *See, e.g., Aire Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-01101-ADA, Dkt. 64 at 2 (W.D. Tex. Sept. 30, 2022). However, the Federal Circuit continued to require early resolution of transfer motions. *In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022) (rejecting District Court's concern about "speculation"). This combination resulted in transfer motions presenting unjustly inaccurate predictions of witnesses. Petition at 32–33 (Sony with 9.1% accuracy, Google with 0%, 7%, and 13.7% accuracy); *see also In re Apple*, 2024 WL 3886316 *1 (noting "deficiencies in Apple's motion and supporting declarations.")

This is not justice.

## IV.   <u>100-Mile Rule Cannot Be Ignored</u>

Google's only argument for ignoring the 100-mile rule is to look to supporting dicta.  Courts have sometimes included dicta about travel time or other logistics when *consistent* with the rigid 100-mile rule, but none of these cases recite the consideration of travel time or connecting airports in the actual 100-mile rule.  For example, *Nintendo* rigidly applied the 100-mile rule to hold that Japanese witnesses

find Texas more inconvenient than Washington, not that they would find both distant forms equally inconvenient as the Federal Circuit does, and any discussion of travel time was *consistent dicta*. *In re Nintendo Co.*, Ltd., 589 F.3d 1194, 1199 (Fed. Cir. 2009). Google emphasizes the wrong part of the *Nintendo* case, which ruled the way it did because the witnesses in Japan "would each have to travel an additional 1,756 miles or 7 hours to Texas." *Id.* The additional 1,756 miles was the rigid application of the 100-mile rule, and the statement about 7 additional hours was consistent dicta. This must have been the case because the analysis of the other witnesses was: "the average travel required for each of the remaining six identified witnesses to Texas is approximately 700 miles more than to Washington." *Id.*

Notably, *Nintendo* ruled that the other considerations (like travel time, expenses, and the like) resulted in the formulation of the 100-mile rule, and "[u]nder this tenet, '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *Id.* (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (finding error when a Court disregards the 100-mile rule)). Thus, the Fifth Circuit's 100-mile rule simplified the consideration of all these factors into a simple numerical inquiry about distance to provide clarity and consistency in rulings.

8

It is error to ignore the 100-mile rule's outcome based on other considerations. Google does not have a single Fifth Circuit case where the 100-mile case was ignored based on non-distance factors. *TikTok reversed* such a decision where this happened, when Judge Gilliland tried to apply the Federal Circuit's non-rigid 100-mile rule. *TikTok*, 2023 WL 2903978, at *6 (ruling that Judge Gilliland's conclusion that this factor was neutral because the key witnesses were in China, far outside of both venues, "ignores our 100-mile test."). Accordingly, *TikTok* is binding law on this issue of procedure.

When the rule is correctly applied here, it is undisputed that VirtaMove's 5 witnesses in Canada will each travel 753 miles farther to get to the NDCA. VirtaMove's 5 former employees on Ontario, Canada and Massachusetts along with Google's 14 witnesses in Israel, Atlanta, New York, India, Ohio, North Carolina, New Jersey, Pennsylvania, Brazil, and Georgia will collectively travel thousands of miles less to Texas.

## V.   Local Interest

Google does not dispute that the language of this rule examines events "that give rise to a suit." Response at 23. The dispute is whether designing, developing, and testing give rise to this suit for patent infringement. They do not.

If Google is correct that "[d]esigning, developing, and testing" a sub-component give rise to patent infringement under 35 U.S.C. § 271(a), then the

9

Federal Court should clarify this so that these allegations can be added to VirtaMove's complaint. Appx1005–Appx1014 ¶¶ 9, 16, 18–21, 28, 31, 33. Google admits that these acts are merely "preparatory acts toward alleged infringement," not that they are acts that give rise to infringement. Response at 24. The accused products in this case are include Google's Migrate to Containers, Google Kubernetes Engine, and Google Cloud Run. Appx1009.  There is no theory in this case that Docker or Kubernetes subcomponents independently and separately infringe any complete claim until combined into Google's product offerings.

Google's analysis of *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. Apr. 11, 2020) is irrelevant because this Federal Circuit predates the relevant, binding Fifth Circuit cases like *Clarke*, *TikTok*, and *Defense Distributed*.  Response at 24.

Google's analysis of *TikTok*, *Clarke*, and *Defense Distributed* miss the mark because these are not patent cases that arise only under § 271.  Response at 23–25.

*TikTok* concerned the misappropriation of copyright (source code) and corresponding trade secrets.  *TikTok*, 85 F.4th at 364. The Fifth Circuit ruled that the event that gave rise to the suit (misappropriation of source code in China by Chinese engineers) took place in China, so neither the NDCA nor the WDTX "can fairly be said to have a strong interest in the dispute."  *Id.* at 365. The Fifth Circuit was not persuaded by the movant's contention that "the Northern District of California has a local interest in the dispute because many of the engineers who implemented the

10

video-editing functionality are based in that district." *Id.* at 366. *TikTok* thus stands for the rule that local interest only arises from events that give rise to a suit, like misappropriation of a copyright/trade secret (or here, the actual infringement of a patent right), but other engineering implementation does not.

Google's argument that "The Fifth Circuit routinely considers the defendant's conduct" of this factor has no post-*Clarke* support. Response at 25. Google's response improperly tries to use *TikTok* (Oct. 31, 2023) to interpret something later written in *Clarke* (Mar. 1, 2024).  Response at 25. *TikTok* did not explicitly rule on whether local interest can look to the parties' own connections.  To answer this question, *Clarke* ruled: "To identify localized interests properly, we look not to the parties' significant connections to each forum … but rather to the significant connections between a particular venue and the events that gave rise to a suit. That point bears repeating: We focus on the *events*—not the *parties*."  *Clarke*, 94 F.4th at 511 (cleaned up, emphasis original).

Google's analysis of *Clarke* misses the mark because the relevant claim did not arise only under § 271, and because Google misreads the opinion. Response at 24.  Google argues that in *Clarke*, "development of trading platforms that prompted CFTC enforcement gave rise to local interest in Texas." Response at 24.  *Clarke* did not affirmatively make this holding.  Instead, *Clarke* held:

1. The District Court's and CFTC's reasoning, which looked at the parties' connections to each venue, was error. 94 F.4th at 511. Actions of and harm suffered *by the parties* was *irrelevant* to local interest. *Id.* at 511–512.

2. "CFTC's second assertion [that there is greater harm in D.C.] is irrelevant." *Id.* at 511–12. So, *even if* party considerations like Aristotle's and PredictIt's development in D.C. was properly considered (which it is not), there were offsetting traders in Austin who were also harmed. *Id.* Because this factor is *relative*, "the local interest is, at most, neutral." *Id.* at 512–13. The District Court "clearly abused its discretion" in finding the local interest factor favored transfer to D.C. (e.g., based on harm in D.C. or development in D.C.). *Id.*

Thus, *Clarke* provides an example where a government agency's prohibitions do not create a greater local interest in D.C. *even though* a party's technology was developed in D.C., which was not a proper consideration to begin with.

*Defense Distributed* arose under First Amendment and Second Amendment rights. Defense Distributed "distributed digital firearms information" in Austin and conducted its research, design, development, and manufacturing there. *Clarke* at 512 (summarizing *Defense Distributed*, 30 F.4th at 434–35). Texas had a local interest because a case that arises under the First and Second Amendments affects every Texan's ability to research, design, develop, manufacture, and distribute

12

firearms.  This does not mean that research and development of non-infringing subcomponents gives rise to patent infringement under 35 U.S.C. § 271.

No part of the *VirtaMove v. Google* case will affect Docker's rights or Kubernetes's rights any more than the rights of any Texan.  Docker and Kubernetes will be able to continue researching, developing, and designing their products even if the WDTX finds infringement by Google's products.  No outcome of *VirtaMove v. Google* will affect a non-party Californian more than a non-party Texan.  If an injunction is issued, Californians and Texans alike will be prohibited from using the accused Google products.

## VI.   The Law of All Other Practical Problems

VirtaMove does not dispute this factor on appeal, but Google's Response has an inaccurate statement of law. Response at 30–31. There is no Fifth Circuit rule that it is an abuse of discretion to weigh a co-pending case against transfer when the co-pending case is subject to a transfer motion. Under *Clarke*, Google must clearly demonstrate that the increase in marginal convenience will actually materialize, meaning that Google must clearly demonstrate that the *Amazon* case will also be transferred. Prior, contrary Federal Circuit cases are outdated. *See In re Google*, 58 F.4th 1379, 1382–83 (Fed. Cir. 2023). This issue is moot here because Amazon's co-pending transfer motion was granted.

## VII.    The District Court Abused Its Discretion

Google's Response argues that the District Court did not abuse its discretion, but Google's argument hinges on Google's erroneous belief that there was no conflict of law to be resolved.  The conflict of law was front, center, and dispositive.

Google also argues that the district court "relied solely on Fifth Circuit, and not Federal Circuit, law."  Reply at 27.  This cannot be true because the District Court did not use the Fifth Circuit's "*actually* materialize" burden of proof as VirtaMove urged, which would have disposed of the motion without further analysis. The District Court did not rigidly apply the Fifth Circuit's 100-mile rule, or else the District Court would not have ignored the overwhelming, dispositive quantity of witnesses east of Texas. The District Court did not follow the latest Fifth Circuit guidance about local interest looking only to non-party events that give rise to the suit, otherwise Docker and Kubernetes would not have contributed to local interest in California.

## VIII.    No Procedural Hurdles Bar Relief

Google did not provide any authority for its argument that "only the en banc Court can overrule prior decisions."  Response at 9. *Troy v. Samson Mfg. Corp.* ruled that "a later panel can recognize that the court's earlier decision has been implicitly overruled as inconsistent with intervening Supreme Court authority." 758 F.3d 1322, 1326 (Fed. Cir. 2014).  Based on Supreme Court precedent, the Federal Circuit must

14

apply Fifth Circuit law on procedural issues like transfer. *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)). Thus, this panel is empowered by the Supreme Court to recognize when intervening Fifth Circuit authority implicitly overruled past Federal Circuit transfer decisions. This Court should not stay blind. District courts have already distinguished past Federal Circuit cases as outdated. *VirtaMove Corp. v. International Business Machines Corp.*, No. 2:24-cv-00064, Dkt. 129 (E.D. Tex. Feb. 5, 2025) (redacted public version provided as Appx1989–1990).

VirtaMove has demonstrated that the recent, intervening Fifth Circuit decisions have undercut pre-*Clarke* and pre-*TikTok* transfer decisions of the Federal Circuit. Even without overruling previous Federal Circuit cases, this panel can merely find that that earlier Federal Circuit decisions are outdated, distinguished, or abrogated after *TikTok* and *Clarke* due to changes or clarifications by the Fifth Circuit.

## CONCLUSION

The Court must apply the Fifth Circuit's *actually materialize* standard.

Google's argument about *Touchstream* statistics admits that both sides have difficulty accurately identifying witnesses in complex cases at the early stages of a case. Response at 33 (citing *Touchstream Tech. Inc. v. Google LLC*, No. 21-cv-00569-ADA (W.D. Tex.)). This cuts against the party who has the burden of proof.

15

*Clarke*, 94 F.4th at 508 ("It is the movant's burden—and the movant's alone"). Ruling that *TouchStream*-type evidence with single-digit accuracy meets the Fifth Circuit's "clearly demonstrating" standard for who will *actually* materialize will make the "clear and convincing" standard of proof meaningless across all areas of law if it can be satisfied with 13% accuracy.

Google argues that its tactics do not amount to transfer abuse, but they do. For example, Google's 9 third-party prior art witnesses should not be counted in the transfer analysis. I have been practicing law since 2014, and I have never even heard of a patent trial where 9 prior artists appeared in court. This argument is manufactured solely for transfer, not to achieve a real gain in convenience.

As VirtaMove explained on page 34 of its Petition, the NDCA is slower in practice. This is what happens when an innovative, small company tries to enforce its patents: big companies like Google infringe the patented technology and will try to drag out litigation in the NDCA for 6 or 7 years. The state of the law has enabled this abuse. VirtaMove implores the Federal Circuit to fix the problem by following Fifth Circuit law on the procedural issue of transfer.

June 16, 2025                      */s/ Qi Tong*
                                   Qi (Peter) Tong
                                   ptong@raklaw.com
                                   RUSS AUGUST & KABAT
                                   8080 N. Central Expressway, Suite 1503
                                   Dallas, TX 75225
                                   16

(310) 826-7474

Reza Mirzaie
rmirzaie@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

*Counsel for Petitioner,
VirtaMove Corp.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Circuit Rule 28.1(b). This brief contains 3,738 words excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b), complying with the 3,900-word limit of Federal Circuit Rule 21(b).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

June 16, 2025

*/s/ Qi Tong*
Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474

1

# <u>CERTIFICATE OF SERVICE</u>

I, Qi Tong, hereby certify that on June 16, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system, which is expected to serve a copy to all counsel of record registered with CM/ECF.

A copy of the foregoing was served upon the district court via FedEx:

Hon. Derek Gilliland
800 Franklin Avenue,
Waco, TX 76701
(254) 750-1514

Hon. David Counts
200 East Wall
Midland, TX 79701
(432) 685-0350

June 16, 2025

*/s/ Qi Tong*
Qi (Peter) Tong
ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expressway, Suite 1503
Dallas, TX 75225
(310) 826-7474