# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |  |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 7:25-cv-00376-DC-DTG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**GOOGLE LLC'S RESPONSE TO PLAINTIFF HEADWATER RESEARCH LLC'S
ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY**

**PUBLIC VERSION**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ......................................................................................... 1

III.   ARGUMENT ...................................................................................................... 1

     A.     The LinkedIn Witnesses Are Not Relevant and Do Not Warrant a Sur-Reply. ............................................................................................................ 1

     B.     Google Did Not Introduce New Burden Arguments or Legal Theories. ............... 7

     C.     Headwater's Remaining Arguments Also Do Not Justify a Sur-Reply ................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*16 Front St. v. Miss. Silicon, LLC,*
162 F. Supp. 3d 558 (N.D. Miss. 2016)......................................................................8

*3D Surfaces, LLC v. Dell Techs. Inc.,*
2022 WL 3695483 (W.D. Tex. Aug. 25, 2022)...........................................................2

*Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.,*
2024 WL 4182592 (W.D. Tex. July 10, 2024).............................................................2

*C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC,*
2020 WL 4708714 (W.D. Tex. July 13, 2020).............................................................2

*In re Clarke,*
94 F.4th 502 (5th Cir. 2024) .............................................................................3, 8, 9

*Cuellar v. Rodriquez,*
2023 WL 6135685 (W.D. Tex. Sep. 19, 2023).......................................................1, 10

*DellaValle-Jones v. Xerox Corp.,*
2021 WL 4441510 (S.D. Ind. Sep. 28, 2021) .............................................................8

*DH Int'l v. Apple Inc.,*
2024 WL 4119374 (W.D. Tex. Aug. 30, 2024)............................................................9

*Intent IQ, LLC v. MNTN, Inc.,*
2026 WL 910808 (W.D. Tex. Mar. 23, 2026) .............................................................9

*McCoy v. Tex. Dep't of Crim. Justice,*
2006 WL 2434289 (S.D. Tex. Aug. 21, 2006) .........................................................8, 9

*Murray v. TXU Corp.,*
2005 WL 1313412 (N.D. Tex. May 27, 2005) .............................................................9

*Resonant Sys., Inc. v. Apple, Inc.,*
2024 WL 4346391 (W.D. Tex. Apr. 18, 2024).............................................................2

*Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.,*
2020 WL 6365537 (W.D. Tex. Sep. 29, 2020)............................................................8

*Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I,*
2026 WL 457565 (W.D. Tex. Feb. 18, 2026)............................................................10

*Tijerina-Salazar v. Venegas,*
2022 WL 1750474 (W.D. Tex. May 31, 2022) ............................................................1

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In re VirtaMove, Corp.*,
    2025 WL 2618803 (Fed. Cir. Sep. 11, 2025)........................................................................7, 8

## I. INTRODUCTION

Headwater's motion is a thinly veiled attempt to get the last word on transfer. "Good cause" exists to transfer this case to NDCA: key party witnesses are in NDCA and/or locations significantly closer to NDCA; Headwater, itself, allegedly invented the patents in NDCA; ItsOn, Headwater's sister company that licensed the patents was based in NDCA; Google developed the accused tethering functionality in NDCA; and NDCA is more convenient for relevant third parties, including former Headwater and ItsOn employees. Although Headwater contends that new arguments and evidence warrant a sur-reply, Headwater is simply trying to respond to Google's Reply. What Headwater calls new evidence are declarations from individuals Headwater identified as relevant in its Opposition. What Headwater casts as new arguments were responses to Headwater's Opposition. Headwater's proposed Sur-Reply also includes arguments omitted from its motion for leave. This overreach shows Headwater's strategy is to get the last word. This Court should deny Headwater's request and grant Google's motion to transfer.

## II. LEGAL STANDARD

"[N]either the Federal Rules of Civil Procedure nor the Local Rules for the [WDTX] provide for a right to file a surreply, such filings 'are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter.'" *Tijerina-Salazar v. Venegas*, 2022 WL 1750474, at *2 (W.D. Tex. May 31, 2022) (citation omitted). "The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion." *Cuellar v. Rodriquez*, 2023 WL 6135685, at *1 (W.D. Tex. Sep. 19, 2023) (citation omitted).

## III. ARGUMENT

### A. The LinkedIn Witnesses Are Not Relevant and Do Not Warrant a Sur-Reply.

In its Opposition, Headwater relied on individuals it found on LinkedIn and speculated

about their relevance. Dkt. 50 at 11-13. Headwater's contention that Google had to address these individuals in its opening brief (Dkt. 69 at 3-4) is wrong. Google is not relying on them to support transfer; they are irrelevant. Google could not have foreseen that Headwater would claim that they are relevant. Indeed, courts have rejected Headwater's argument, holding that movants need not "proffer all evidence that supports their motion at the outset" where the movant is not relying on the declarants to support transfer, but rather "to address [the opposing party's] overbroad conception of relevance raised for the first time in [its] opposition." *3D Surfaces, LLC v. Dell Techs. Inc.*, 2022 WL 3695483, at *3 (W.D. Tex. Aug. 25, 2022). Google is entitled to "submit evidence and arguments in a reply brief 'to rebut a new argument raised by'" Headwater. *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, 2024 WL 4182592 at *3 (W.D. Tex. July 10, 2024) (citation omitted) (declining to strike declarations and evidence about new witnesses in reply that "rebutt[ed] [plaintiff's] characterization of [defendant's] witnesses in [plaintiff's] response to the motion to transfer"); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (denying leave to file surreply).

Headwater's citation to *Resonant Systems, Inc. v. Apple, Inc.*, 2024 WL 4346391 (W.D. Tex. Apr. 18, 2024) is inapposite. That case did not hold that every transfer movant must conduct a negative proof exercise. The court found that Apple intentionally created a one-sided record by only presenting California evidence through a "professionally paid venue witness" lacking personal knowledge. *Id.* at *4-5, n.65 (citation omitted). Here, Google provided the declaration of Mr. Greenwalt, who has personal knowledge of the accused tethering functionality. Dkt. 57 at 5.

Headwater's depositions of the LinkedIn witnesses confirmed they are not relevant.

**K Patel.** Relying on Mr. Patel's title, Headwater argues that he has "business knowledge relevant to damages negotiations." Dkt. 69-2 at 4. Headwater cites nothing from his deposition to



support that assertion. He testified that he (i) does not ███████████████████████ ██ (ii) does not ████████████████████████████████████, (iii) did not █████ ████████████████████████████████████████████ (iv) does not █████████ ████████████████████████████ (v) does not ███████████████████████████ ████████████████████████████████████████████████ ████████████████████ and that (vi) ████████████████████ ████████████████████ Ex. 2 at 16:10-12, 14:1-4, 31:14-21, 35:6-8, 37:4-18, 26:25-27:5, 28:7-10. He confirmed that █████████████████████████████████████ █████████, including because: (i) ████████████████████████████████ CA, (ii) ████████████████████████, (iii) ███████████████████████████████ █████████████████████████████████████, and (iv) █████████ ████████████████████████████████████████████████ █████████████████ *Id.* at 13:17-25, 26:1-13, 21:18-22:7, 17:13-18:5.

Headwater has not shown Mr. Patel is relevant under any reading of *Clarke*. Instead, Headwater resorts to attacking his credibility, claiming he tried ████████████████████ ████████████████████████████████████████████████ but ████████ ████████████████████████████████████████ Dkt. 69 at 2. Wrong. Before the cherry-picked testimony Headwater cites, Mr. Patel testified that █████████████ ████████████████████████████████████████████████ (Ex. 2 at 19:10-23), and that █████████████████████████████████████████████████ ████████████████████████████████████ *Id.* at 39:11-22, 20:19-21:24 (testifying that █████████████████████████████████████████████████ ██████). His testimony is consistent with his declaration. Dkt. 57-5 ¶ 2. That he could not █████



**McCallister.** Headwater argues that Ms. McCallister has "business knowledge relevant to damages negotiations" because she "testified about ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Dkt. 69-2 at 4. Headwater cites her testimony that she once testified ██ ████████████████████████████████████████████████████████████ *Id.* But she ████████████████████████████████████████████████████████████ ████████████████████████████ which is not at issue here. Ex. 3 at 8:24-9:9; 16:22-17:4; 21:10-14. Headwater does not explain how these agreements are relevant to damages. The remainder of Ms. McCallister's testimony confirms she is not relevant. For example, she testified that (i) ████████ ████████████████████████████████████████████, (ii) ████████████████████████ ████████████, (iii) ████████████████████████████████████████████████████████, (iv) ████████████████████████████████████████████████ ████████ (v) ████████████████████████████ and (vi) ████████████████████████ ████████ *Id.* at 12:2-8, 19:21-20:5, 20:24-22:1, 22:4-13, 22:14-18, 25:22-24.

**McBride.** Headwater mentions Mr. McBride in passing twice, completely failing to show he possesses relevant knowledge. Dkt. 69-2 at 3, 4. He does not possess information relevant to damages negotiations. On the contrary, Mr. McBride testified ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████ Ex. 5 at 7:21-10:13, 13:21-15:1, 15:15-17:2. He ████████████████████████ ████████████████████████████████████████████████████████████

███████████████

*Id.* at 17:3-22. Nor is there any evidence that ███████████████████████████████

**Belaramani.** Headwater contends that Dr. Belaramani ██████████████████████

██████████████████████ Dkt. 69-2 at 4. Headwater does not dispute—nor can it—that

Dr. Belaramani is not familiar with the Accused Functionalities. Her testimony confirmed ██████

████████ She testified that ████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ Ex. 1 at 11:15-12:1. She also ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at 13:17-16:9. That she

testified ████████████████████████████████████████ (*id.* at 24:3-

26:23) does not mean that she has information relevant to this case.

**Maradani.** Headwater attacks the credibility of Mr. Maradani, who Headwater identified

as a relevant witness based on his LinkedIn profile describing work he did with Google Fi as a QA

test engineer while working for an *outside vendor* providing services to Google *eight years ago*.

Headwater's personal attack on the witness' memory stems from how long it has been since he

worked in the role in which Headwater is interested, and the narrow scope of his work.

Significantly, *nothing* cited by Headwater supports the notion that Mr. Maradani has information

relevant to this case, nor can it. Over eight years ago, Mr. Maradani ████████████████

████████████████████████████████████████████████

Ex. 4 at 13:17-21. For ████████████████████████████████████████



*Id.* at 10:25-12:9, 20:23-21:5. Mr. Maradani described ▮

▮

*Id.* at 36:15-21. He confirmed ▮

*Id.* at 36:22-37:7, 34:15-20 (explaining that ▮), 36:5-11. Unable to dispute that Mr. Maradani's testing is irrelevant, Headwater instead asserts Mr. Maradani made false statements in his declaration because he ▮ However, Mr. Maradani testified that ▮ *Id.* at 30:15-23. He also used "carriers" in the LinkedIn profile on which Headwater affirmatively relies (Dkt. 49-44 at 20), which he wrote unrelated to this litigation. Similarly, that Mr. Maradani did not remember the details of testing he did over eight years ago does not mean he made false statements. With respect to Paragraph 6 of his declaration, Mr. Maradani confirmed ▮ Ex. 4 at 37:8-38:6.

**Fayyazuddin.** Headwater contends that it needs to address Google's "new allegation" that Mr. Fayyazuddin is not employed by Google. Dkt. 69 at 3. This is not a "new allegation"; Headwater identified him in its Opposition, and Google responded in its Reply. Headwater further argues that Mr. Yang ▮ Dkt. 69-2 at 7. ▮ (Dkt. 57-7), and ▮ Dkt. 69-8 at 19:22-20:2, 31:25-32:14. Mr. Yang testified ▮

-6-

███████████████

██████████████████████████ *Id.* at 30:11-14. Headwater contends that Mr. Yang ███████

█████████████████████████████████████████████████████████████████████████

████████████████ *Id.* at 20:18-21:18. This does not establish that Mr. Yang's knowledge

of Mr. Fayyazuddin's *work for Google* is incomplete. Similarly, that Mr. Yang ████████

███████████████████████████████████████████████████████ does not establish that

Mr. Yang's knowledge is incomplete. Mr. Yang explained that ███████████████

██████████████████████████████ *Id.* at 26:17-29:25. Further, Headwater

could have subpoenaed Mr. Fayyazuddin to ask him about his work, but did not. Mr. Yang has the

best knowledge that Google can provide on Mr. Fayyazuddin's work.

**S Patel.** Google raised no new arguments about Mr. Patel. He was a third-party contractor

that Headwater identified via LinkedIn. He submitted a rebuttal declaration confirming he had no

relevant knowledge. Weeks after that submission, Mr. Patel stopped contracting for Google. That

is not a new argument warranting a sur-reply.

**Smith.** Mr. Smith did not submit a declaration, thus a sur-reply is not warranted. Headwater

mistakenly identified him as a Google employee in its Opposition (Dkt. 50 at 11), and Google

corrected that mistake on Reply. Dkt. 57 at 6 n.6.

**Stiernberg.** Mr. Stiernberg also did not submit a declaration, thus a sur-reply is not

warranted. He is Google in-house litigation counsel and will have only privileged testimony. Dkt.

57 at 6 n.6. Headwater's argument that the Court should consider him because Headwater might

call him to trial to claim privilege is not credible. Moreover, Headwater's position is inconsistent

with its argument that its own attorneys "cannot be counted." Dkt. 69-2 at 8-9.

**B.    Google Did Not Introduce New Burden Arguments or Legal Theories.**

Headwater claims Google made new arguments about the burden of proof "based on *In re*

*VirtaMove, Corp.* . . . and its applicability to the new declarations when Google should have clearly

articulated its burden of proof in its opening motion." Dkt. 69 at 2-3. That is false. First, Google applied *In re Volkswagen* in its opening brief and stated that "good cause" for transfer exists if it demonstrates the marginal gains in convenience "will ***actually materialize*** in the transferee venue." Dkt. 26-2 at 8. Nothing changed on Reply.

Second, Google did not "couple[] its reliance on the declarations with new arguments under *In re VirtaMove* for what the legal standard is for how to interpret these declarations." Dkt. 69 at 5. Indeed, Google did not apply *In re Virtamove* to the declarants. Headwater's attempt to link the declarations to the burden discussion is fabricated to give Headwater the last word.

Google's discussion of *VirtaMove* was limited to rebutting Headwater's misreading of *Clarke*. Dkt. 57 at 1-3. Headwater argued that *Clarke* requires Google to show "a witness will actually materialize." Google explained that this is incorrect. *Id. Clarke* requires that the "*marginal gains* will *actually* materialize in the transferee venue," not that individual **witnesses** must appear. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Google relied on *VirtaMove*, where the Federal Circuit rejected Headwater's incorrect reading of *Clarke*. *In re VirtaMove, Corp.*, 2025 WL 2618803, at *2 (Fed. Cir. Sep. 11, 2025). Courts routinely hold that "inclusion of previously un-cited authority does not justify a sur-reply when the new authority is offered to correct the other side's arguments or supply additional authority." *16 Front St. v. Miss. Silicon, LLC*, 162 F. Supp. 3d 558, 561 (N.D. Miss. 2016); *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 2020 WL 6365537, at *12 (W.D. Tex. Sep. 29, 2020) (denying leave for sur-reply where "the new arguments raised and new authority cited in [] Reply were responsive" to arguments in the opposition); *DellaValle-Jones v. Xerox Corp.*, 2021 WL 4441510, at *1 (S.D. Ind. Sep. 28, 2021) (same); *McCoy v. Tex. Dep't of Crim. Justice*, 2006 WL 2434289, at *1 n.2 (S.D. Tex. Aug. 21, 2006). That is precisely what Google did in Reply.

Headwater also argues a sur-reply is needed to address "three new cases by Judge Pitman" in Google's Reply. Dkt. 69 at 3. Not so. It is "nonsensical to believe a party must limit its research to previous briefings." *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005); *McCoy*, 2006 WL 2434289, at *1 n.2 ("The mere fact that the movant cites new cases and makes new arguments [in the reply] is not alone sufficient" grounds for a sur-reply). This is especially true where Google cited those cases solely to rebut Headwater's erroneous burden arguments.

Tellingly, Headwater relegated its argument about these cases to a footnote. It accuses Judge Pitman of citing "outdated" law and claims he "cited only the pre-*Clarke* case *In re Genentech*." Dkt. 69-2 at 1 n.1. But, in *DH Int'l v. Apple Inc.*, Judge Pitman cites *In re Clarke* and applies the *Volkswagen* factors. 2024 WL 4119374, at *4 (W.D. Tex. Aug. 30, 2024). And *Clarke* did not overrule or alter *Genentech.* Indeed, the lone case Headwater relies on also cites *Genentech.* Dkt. 69-2 at 1 n.1 (citing *Intent IQ, LLC v. MNTN, Inc.*, 2026 WL 910808, at *2 (W.D. Tex. Mar. 23, 2026)). Moreover, Headwater's critique misses the point. All three decisions post-date *Clarke.* Judge Pitman was plainly aware of *Clarke*—he cited it. Yet he did not require the movant to demonstrate ***its witnesses*** would "actually materialize."[1]

**C.      Headwater's Remaining Arguments Also Do Not Justify a Sur-Reply.**

Headwater raises five additional issues. First, it contends that it must respond to Google's arguments about equity-interest investors in Headwater (Dkt. 69 at 3) but Google only learned about them through venue discovery.

Second, Headwater seeks to respond to Google's Reply on the Samsung and Verizon "licensing witnesses" Headwater identified in its Opposition. Dkt. 69 at 6. Google addressed those individuals on Reply. Headwater's attempt to respond is an improper effort to get the last word.

---

[1] Headwater suggests that the Court should unseal Google's transfer motion and declaration from *Flypsi, Inc. v. Google LLC*. (Dkt. 69-2 at 5.) The Court should disregard this unsupported request.

Third, Headwater argues that it must respond to Google's argument about the location of InterDigital attorneys "so that the Court does not misapply *In re Chamber of Com.*" *Id.* But, Google did not cite that case, and the Court is capable of applying the case law. Moreover, Headwater argued its own California-based fact witness attorneys do not count. Dkt. 69-2 at 8-9.

Fourth, Headwater argues that it must respond to Google's local interest arguments based on ties to Headwater and Dr. Raleigh, saying that the parties' connections to the forum are not relevant to the public interest factors. Headwater already made this argument in its Opposition (Dkt. 50 at 18), and Google responded in its Reply (Dkt. 57 at 10).

Fifth, Headwater contends that it must respond to Google's citation to *Technical Metals, Inc. v. Manufacturing Revitalization Corp. of America L.P. I*, 2026 WL 457565 (W.D. Tex. Feb. 18, 2026). Dkt. 69 at 6. *Technical Metals*, however, provided a statistic on congestion for the entire District, not just El Paso. *Tech. Metals*, 2026 WL 457565 at *4 n.1.

Separately, Headwater's proposed Sur-reply includes arguments that it did not mention in its motion for leave. That Headwater included such arguments illustrates that its Sur-reply is "little more than a strategic effort . . . to have the last word on [the] matter." *Cuellar*, 2023 WL 6135685 at *1. Headwater does not mention in its motion for leave: Mr. Greenwalt's investigation; the location of physical evidence; third-party non-Telus witnesses in Texas; Telus witnesses in Texas; Mr. Kagan[2]; Mr. Modlin; Google's Qualcomm-based arguments; or practical problems that Headwater argues weigh against transfer. Dkt. 69-2 at 7-10. A significant portion of the last three pages of Headwater's proposed Sur-reply re-hash Headwater's Opposition, and Headwater does not even argue that a sur-reply is justified on these points. They should not be considered.

---

[2] Headwater notes that Google did not identify Mr. Kagan as relevant in its moving papers (Dkt. 69-2 at 8), but Google learned about his relevance here during venue discovery. Dkt. 57 at 7.

DATED:  May 20, 2026                                   Respectfully Submitted,


JACKSON WALKER LLP                           PAUL HASTINGS LLP

  Nathaniel St. Clair, II                              By: */s/ Robert W. Unikel*
  Tex. Bar No. 24071564                                   Robert W. Unikel
  nstclair@jw.com                                         Ill. Bar No. 6216974
  2323 Ross Avenue, Suite 600                             robertunikel@paulhastings.com
  Dallas, Texas 75201                                     71 South Wacker Drive, Suite 4500
  Telephone:  (214) 953-6000                              Chicago, IL 60606
  Facsimile:  (214) 953-5822                              Telephone: (312) 499-6000
                                                          Facsimile: (312) 499-6100

  Paige Vonne Welch                                     Matthias A. Kamber
  Tex. Bar. No. 24138184                                 Cal. Bar No. 232147
  pwelch@jw.com                                          matthiaskamber@paulhastings.com
  100 Congress Ave., Ste 11000                           101 California Street, 48th Floor
  Austin, TX 78701                                       San Francisco, CA 94111
  Telephone: (512) 236-2295                              Telephone: (415) 856-7000
  Facsimile: (512) 236-2002                              Facsimile: (415) 856-7100

                                                       Andrea P. Roberts
                                                        Cal. Bar No. 228128
                                                        andrearoberts@paulhastings.com
                                                        1117 S. California Avenue
                                                        Palo Alto, CA 94304
                                                        Telephone: (650) 320-1800
                                                        Facsimile: (650) 320-1900

                                                       Robert R. Laurenzi
                                                        N.Y. Bar No. 3024676
                                                        robertlaurenzi@paulhastings.com
                                                        200 Park Avenue
                                                        New York, NY 10166
                                                        Telephone: (212) 318-6000
                                                        Facsimile: (212) 319-4090

                                                       Ariell N. Bratton
                                                        Cal. Bar No. 317587
                                                        ariellbratton@paulhastings.com
                                                        4655 Executive Drive, Suite 350
                                                        San Diego, CA 92121
                                                        Telephone: (858) 458-3000
                                                        Facsimile: (858) 458-3005

Stephanie Adamakos
D.C. Bar No. 1718981
stephanieadamakos@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant*
*GOOGLE LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned certifies that on May 20, 2026, the foregoing document was filed electronically with the Clerk of Court by submission via the Court's box.com link. As of this date, all counsel of record who have appeared in this case were served with the foregoing document via electronic mail.

*/s/ Robert W. Unikel*
Robert W. Unikel

-12-