# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>       *Plaintiff*,<br><br>    v.<br><br>GOOGLE LLC,<br><br>       *Defendant*. | Case No. 7:25-CV-00376-DC-DTG<br><br>**JURY DEMANDED** |

## PLAINTIFF HEADWATER RESEARCH LLC'S
## SUR-REPLY CLAIM CONSTRUCTION BRIEF

# TABLE OF CONTENTS

I.    ARGUMENT ............................................................................................................. 1

    A.    "user response" (Patent 8,023,425 claims 1, 2, and 3) ............................................ 1

        1.    Google's Reply reveals Google's improper narrowing ............................. 1

        2.    *InTouch* remains inapplicable ................................................................... 2

        3.    Google's confusing bracketed language should be rejected ...................... 2

    B.    "[the] one or more processors" (Patent 8,631,102 claims 1, 5, 7, 10, 13, 19–28) "[the] one or more other devices" (Patent 8,631,102 claims 1, 15, 16, 20) "[the] at least one processor" (Patent 8,799,451 claims 1, 5–8, 11–13, 17, 24–28, 33, 43, 44, 52, 57, 62) ...................... 3

        1.    If anything, the Court should use an undisputed general instruction ................................................................................................ 3

        2.    Google's arguments are misframed and waived ....................................... 3

        3.    Headwater's proposal adds no new language ............................................. 4

        4.    Headwater's Proposal is Consistent with the Claim Language, the Law, and the Specification .................................................. 4

        5.    Google continues to ignore "or more" .......................................................... 6

        6.    Google's alternative draft claim language has a different meaning .................................................................................................... 6

        7.    Google is driven by futile non-infringement motivations.......................... 7

        8.    Google's backup proposal makes no sense and contradicts the specification .......................................................................................... 8

        9.    Google's Reply continues to blindly apply caselaw .................................. 9

        10.    Google misinterprets *Baldwin* ................................................................. 9

        11.    The parties agreed that the construction of "one or more other devices" involves the same issue .................................................. 10

II.    CONCLUSION ...................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Cases**

*Baldwin Graphics Sys., Inc. v. Siebert, Inc.*,
512 F.3d 1338 (Fed. Cir. 2008) ........................................................................... 9, 10

*BTL Indus. Inc. v. Rejuva Fresh LLC*,
No. 1:23-CV-00032-SDN, 2025 WL 2452505 (D. Me. Aug. 26, 2025) .............................. 9, 10

*Carrum Techs., LLC v. Ford Motor Co.*,
Nos. 2024-1183, 2024-1480, 2025 WL 2924504 (Fed. Cir. Oct. 15, 2025) .............................. 9

*Finjan LLC v. SonicWall, Inc.*,
84 F.4th 963 (Fed. Cir. 2023) ............................................................................... 9

*Intel Corp. v. Qualcomm Inc.*,
21 F.4th 801 (Fed. Cir. 2021) ............................................................................... 6

*InTouch Techs., Inc. v. VGo Commc'ns, Inc.*,
751 F.3d 1327 (Fed. Cir. 2014) ............................................................................. 2

*K-2 Corp. v. Salomon S.A.*,
191 F.3d 1356 (Fed. Cir. 1999) ............................................................................. 1

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ................................................................... 2, 4, 5, 9

*Salazar v. AT&T Mobility LLC*,
64 F.4th 1311 (Fed. Cir. 2023) ........................................................................... 9, 10

*Vitronics Corp. v. Conceptronic, Inc.*,
90 F.3d 1576 (Fed. Cir. 1996) ............................................................................... 5

*Wi-Lan, Inc. v. Apple, Inc.*,
811 F.3d 455 (Fed. Cir. 2016) ............................................................................... 3

\* All emphasis in quoted material has been added unless otherwise noted.

## I.    ARGUMENT

### A.    "user response" (Patent 8,023,425 claims 1, 2, and 3)

| Headwater's Proposed Construction | Google's Proposed Construction |
| --- | --- |
| Plain and ordinary meaning | "response from the user of the first end point device [to the notification message including an offer to activate the access network forwarding service]" |

### 1.    Google's Reply reveals Google's improper narrowing

Google's Reply denies seeking to narrow the claim's scope, but on the same page, the Reply confirms the narrowing effect of Google's proposal. Dkt. 70 at 1. Without Google's limitation, "some other user not mentioned in the claim could be the referenced user." *Id.* The claim does not have this limitation, and Google is trying to add it in. *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1364 (Fed. Cir. 1999) ("Courts do not rewrite claims; instead, we give effect to the terms chosen by the patentee. . . . '[c]ourts can neither broaden nor narrow claims to give the patentee something different than what he has set forth'").

Google's caselaw on avoiding "nonsensical results" has no applicability here. There is nothing nonsensical about construing "user response" to merely have its plain and ordinary meaning, without excluding an "other user." While the sender of the "user response" is presumptively the same user who was initially presented with the notification message, it is not "nonsensical" that a different user could also be presented with the notification message and then provide a user response. For example, a less tech-savvy first user may hand off the phone to someone else to ask what the message means, and this second user may receive and explain the message and then provide the "user response." What is nonsensical is Google's attempt to simultaneously argue that Google's proposal is not narrowing while explaining that Google is trying to exclude any involvement by "some other user not mentioned in the claim." Dkt. 70 at 1.

1

Google's narrowed re-writing of the claim should be rejected.

### 2.    *InTouch* remains inapplicable

Google's Reply fails to explain how *InTouch* would have plausibly construed "call back mechanism" to refer to a specific user if the original claim language of "a call back mechanism that informs *a user that was denied access* to said mobile robot that said mobile robot can be accessed" had not referred to the user that was denied access. *See InTouch Techs., Inc. v. VGo Commc'ns, Inc.*, 751 F.3d 1327, 1333 (Fed. Cir. 2014). In the claim term at issue here, parallel language defining the user is missing from the phrase "receive a user response for activating the access network forwarding service." *InTouch* is thus inapplicable here.

In claim 1 of the '425 Patent at issue here, the reference to "a user" is part of a *different* claim element: "receive a user response for activating the access network forwarding service." Dkt. 1-1 (Patent 8,023,425) at claim 1. There is no parallel reference to "a user" or "the user" in the claim element "provide information regarding the user response." *Id.* Google tries to ignore this difference, calling it "superficial." Dkt. 70 at 4. But "[t]o determine the scope and meaning of a claim, we examine the claim language," not ignore it. *InTouch*, 751 F.3d at 1339 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315–19 (Fed. Cir. 2005) (en banc)).

Google's suggestion that "call back mechanism" was all the Federal Circuit considered in *InTouch* is baseless. Dkt. 70 at 3 n.1. *InTouch* explicitly recited the more fulsome limitation "a call back mechanism that informs *a user that was denied access* to said mobile robot that said mobile robot can be accessed" (*InTouch*, 751 F.3d at 1333) before referring to this full phrase in the analysis (*id.* at 1341) under the *Phillips* rule to "examine the claim language." *Id.* at 1339.

### 3.    Google's confusing bracketed language should be rejected

Because Google concedes that the bracketed language "is not intended to be part of the construction for the jury," it should be rejected and omitted. Dkt. 70 at 4.

**B.**    **"[the] one or more processors" (Patent 8,631,102 claims 1, 5, 7, 10, 13, 19–28)**
    **"[the] one or more other devices" (Patent 8,631,102 claims 1, 15, 16, 20)**
    **"[the] at least one processor" (Patent 8,799,451 claims 1, 5–8, 11–13, 17, 24–28, 33, 43, 44, 52, 57, 62)**

| Headwater's Proposed Construction | Google's Proposed Construction |
|---|---|
| Plain and ordinary meaning<br><br>General instruction: "Subsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim" | These terms must have the same meaning in each instance that they appear in the claims. |

### 1.    If anything, the Court should use an undisputed general instruction

Google's Reply has no opposition to the general instruction for antecedent basis, namely that "[s]ubsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim." *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016). In fact, Google's Reply says this "is a non-controversial principle of claim construction." Dkt. 70 at 5. Such a general instruction is sufficient here and would avoid the numerous problems of Google's proposal, further described below.

### 2.    Google's arguments are misframed and waived

The rest of Google's arguments should be rejected as waived and misframed. Google's proposed construction does not capture whether "at least" one processor must perform all the steps or whether "each" of the one or more processors must perform the steps. All Google's proposal would say to the jury is that the terms "have the same meaning in each instance that they appear." A juror would understand this to say that "processors" always means "processors" (e.g., "processor" does not suddenly change to mean "memory"), and "one or more" always means 1+ (i.e., it never means less than one). This has nothing to do with whether "one or more processors" perform distributed computing, which is what the rest of Google's argument is about.

Google appears to have intentionally chosen a tangential issue for construction to hide the

3

extent that Google argues for rewriting the claims. Google seeks to rewrite "one or more processors" to require "<u>at least</u> one processor <u>that performs each limitation</u>" (thus rendering the "or more" part superfluous). Dkt. 70 at 6. As a backup, Google argues that "the one or more processors" requires that "<u>each of</u> the one or more processors <u>must have been previously involved in performing all prior functionality attributed prior recitations of "one or more processors</u>." *See id.* at 7. Google's proposed language captures none of these added conditions. Moreover, Google's new "each of" argument was first raised in Reply (and is thus waived), and this language notably does not come from Google's cited caselaw.

### 3. Headwater's proposal adds no new language

In contrast, Headwater is not asking the Court to insert "any one of" before "one or more processors," as Google's Reply argues. Dkt. 70 at 7. Instead, Headwater merely asks the Court to apply the plain and ordinary meaning of "or," which inherently allows the choice of either option joined by "or." As further discussed below, Headwater's proposal is consistent with the intrinsic record and acknowledges the patentee's chosen claim language.

### 4. Headwater's Proposal is Consistent with the Claim Language, the Law, and the Specification

Headwater's proposal of plain and ordinary language, in addition to the general rule for antecedent basis, is consistent with the law.

The phrase "one or more processors" means that one processor can perform all of the steps itself, or that more than one processor can collectively perform the steps. No new language is being added; the plain meanings of "one" and "or more" allow for one processor or multiple processors. *Phillips*, 415 F.3d at 1312–13 ("words of a claim 'are generally given their ordinary and customary meaning.'"). When antecedent basis is correctly applied, the "same one or more processors" can perform any claimed function as a distributed processing system.

4

Headwater's proposal is the *only* construction that is consistent with the specification, including the lexicography and the examples. *Id.* at 1315 ("claims 'must be read in view of the specification, of which they are a part'"), 1316 ("In such cases, the inventor's lexicography governs"); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (a construction that excludes the preferred embodiment is "rarely, if ever, correct").

The specification provides numerous examples of distributed processing, which Google does not contest. Dkt. 1-2 (Patent 8,631,102) and Dkt. 1-3 (Patent 8,799,451) at Figs. 9–15 (showing distributed processing); Dkt. 63 at 9 (Google conceding "distributed" processing). Headwater's proposed construction is consistent with the lexicography that includes "more than one processor and/or subprocessor, and in such a device, there can be a division of the functionality for one or more processors and/or sub-processors." Dkt. 1-2 (Patent 8,631,102) at 26:53–27:23; Dkt. 1-3 (Patent 8,799,451) at 26:39–27:18.

Google's Reply does not reconcile its distributed-processing concession with its single-capable-processor argument. Google "does not dispute" that the asserted patents "are or may be distributed over multiple processors or devices." Dkt. 70 at 9. Yet Google simultaneously insists that "there must be at least one such processor that is capable of performing *all* those limitations." *Id.* at 6. These are facially contradictory; Google is trying to exclude distributed processing after conceding that the claims encompass it.

Google argues that its proposal is "consistent" with one narrow example from the specification of a single processor that both "assist[s] to obtain configuration information" and "obtain[s] . . . a user input." Dkt. 70 at 11. But mere consistency with just one example in the specification is not a reason to limit the claims. *Phillips*, 415 F.3d at 1323 ("although the specification often describes very specific embodiments of the invention, we have repeatedly

5

warned against confining the claims to those embodiments"). The '102 Patent more broadly *permits* that "more or less of the service processor functionality is moved" and "the service processor can be distributed." Dkt. 1-2 (Patent 8,631,102) at 96:63–67, 97:6–9. Google's proposal to limit all functionality to one processor is inconsistent with this broader disclosure. Headwater is entitled to claim both possibilities, particularly given its disclosure of distributed processing.

### 5.    Google continues to ignore "or more"

Google's Reply has no justification for ignoring the "or more" part of the claims. To require one single processor to perform all functionality in claim 1 is to ignore the explicit recitation that functionality may be performed by "more" than one processor.  Google does not address the rule from *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 810 (Fed. Cir. 2021) ("It is highly disfavored to construe terms in a way that renders them void, meaningless, or superfluous."). The "one or more" language chosen by the patentee is plainly intended to capture the flexibility of distributed processing, and Google's proposal simply ignores this.

### 6.    Google's alternative draft claim language has a different meaning

Google's suggestion that Headwater should have drafted the subsequent limitations to refer to 'other' processors" misses the point. Dkt. 70 at 10. "Other" processors has a different exclusionary meaning that does not permit referring back to the same set of prior processors. For example, Google points to a specification disclosure of "one or more processors and/or sub-processor can perform general operating system or application execution functions, while one or more others can perform communication modem functions." *Id.* (quoting Dkt. 102-2 (Patent 8,631,102) at 27:14–23; Dkt. 1-3 (Patent 8,799,451) at 27:10–18). In other words, Google's position is that Headwater should have claimed one processor that performs X step and a second processor that performs Y step, but that would not have captured the intended flexibility of

6

distributed processing. The actual claimed inventions cover either processor performing either or both steps, so Google's suggestion that Headwater should have used "other" in the claim language completely misses the point. Headwater's claims at issue cover distributed processing, whether using one processor or using more processors as part of distributed computing.

### 7.    Google is driven by futile non-infringement motivations

Google's Reply reveals that Google's arguments stem from its non-infringement concerns, not from principles of claim construction. Google's Reply worries that under the plain and ordinary meaning, the "plaintiff is at liberty to pick and choose disparate processors to satisfy any subsequent limitations, even if the processors are uninvolved in performing the other limitations." Dkt. 70 at 7. But such distributed computing is what Headwater claimed, *and there is nothing inherently wrong with this.* Headwater had every right to claim a distributed system that simultaneously covers both the possibility of one processor doing everything, as well as multiple processors performing distributed processing, because this is described in the patents. *E.g.*, Dkt. 1-2 (Patent 8,631,102) at 26:53–27:23; Dkt. 1-3 (Patent 8,799,451) at 26:39–27:18. Although claiming "one or more processors" is broader than claiming just "one" processor, this breadth is neither unfair nor unsupported. Indeed, Google already enjoyed the corresponding breadth in IPR when trying to invalidate Headwater's patents, where Google notably did not argue the construction that it advances now. Dkt. 67-2 at 8–9.

Despite Google's attempt to use claim construction to advance a non-infringement argument, Google overlooks that the lexicography in Headwater's patents forecloses this. The patents define "processor" as "**one or more** devices, circuits, and/or processing cores," such that even arguing that Headwater needs to identify <u>at least</u> one processor would still allow Headwater to pick and choose **one or more devices, circuits, and/or processing cores**. The relevant specification disclosures consistently promote flexibility, and Google's proposal ignores this.

7

### 8. Google's backup proposal makes no sense and contradicts the specification

Google's new proposal that "the one or more processors" requires that "each of the one or more processors must have been previously involved in performing all prior functionality attributed prior recitations of "one or more processors"" not only is waived because it was first presented in Reply, but also it is inconsistent with the specification and nonsensical.

For example, assume that two processors constitute the "one or more processors" of claim 1. Dependent claim 10 further recites "cause the one or more processors to at least assist to present, through the user interface, a notification associated with the forwarding service." *Id.* at claim 10. There is no reason to require **both** prior processors be involved in performing **one** additional function. *See also id.* at claims 7, 13, 22, 23, 45, 26, 27 (which describe **one** additional functionality that can be performed by just one processor, such that there is no logical need to mandate all previously identified processors be involved).

There is nothing in the claim language that specifies which processor must perform which specific functionalities. For example, an end user device may have three processors. This clearly meets the numerical limitation "one or more processors" of "[a]n end-user device" in claim 1 of the '102 Patent because three processors is "more" than one. Even if only two processors are used to perform the functionality of claim 1 and the third processor is configured to perform functionality of a dependent claim, they always make up the same set of "one or more processors" of the end-user device that collectively perform the claimed functionality using distributed processing. Antecedent basis is respected because each instance of "one or more processors" always refers to these same set of three processors, which is why the application of antecedent basis, as a general principle, is not disputed. Again, this type of construction is the only construction consistent with the numerous examples of distributed processing described

throughout Headwater's patents.

### 9. Google's Reply continues to blindly apply caselaw

By doubling down on its arguments from *Finjan*, *Salazar*, *and Carrum*, Google continues to urge this Court to ignore the fundamental *Phillips* rule "claims 'must be read in view of the specification, of which they are a part.'" *Phillips*, 415 F.3d at 1315; Dkt. 70 at ii (citing *Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963 (Fed. Cir. 2023); *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311 (Fed. Cir. 2023); *Carrum Techs., LLC v. Ford Motor Co.*, Nos. 2024-1183, 2024-1480, 2025 WL 2924504 (Fed. Cir. Oct. 15, 2025)).

As Headwater explained, these cases did not involve patents with comparable definitions or embodiments in their specifications. Dkt. 67 at 13–14. Google's Reply does not explain how these other cases had intrinsic definitions, definitions, and embodiments comparable to Headwater's patents. Dkt. 70 at 11–12. The Court should not blindly apply the outcomes of cases when the underlying specifications are different, even if they construe similar words.

This case is more like *BTL Indus. Inc. v. Rejuva Fresh LLC*, No. 1:23-CV-00032-SDN, 2025 WL 2452505, at *11–12 (D. Me. Aug. 26, 2025) ("Unlike in *Salazar*, however, the operational relationship between 'the electrode' and other structural elements does not logically require at least one electrode to be capable of delivering both energies. Consistent with the general rule of plurality, it suffices in this context to have 'one or more electrodes ... configured to apply radiofrequency energy' and 'one or more electrodes ... configured to apply pulsed electric current.'"). Here, Headwater's specifications repeatedly made clear that there is no structural requirement for a single processor to perform all claimed functionality.

### 10. Google misinterprets *Baldwin*

Google's Reply misinterprets *Baldwin Graphics Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008) to argue that "'a' or 'an' in patent parlance carries the meaning of 'one or

9

more.'" Dkt. 70 at 6 n.4. Google's incomplete quote omits critical context. Specifically, Google omits the latter half of the quoted sentence, which states this qualification: "in open-ended claims containing the transitional phrase 'comprising.'" *See id.*; *Baldwin*, 512, F.3d at 1342. This is because the open-ended word "comprising" allows more/other components to be claimed in a system. Thus, "a" is not always synonymous with "one or more." *See Salazar*, 64 F.4th at 1316–17 (providing multiple examples and noting that "*Baldwin …* does not set a hard and fast rule that 'a' always means one or more than one"); *BTL Indus. Inc.*, 2025 WL 2452505, at *11–12 (distinguishing *Salazar* because "said microprocessor" in *Salazar* necessarily referred back to the same processor based on structural elements).

Here, Headwater's claims do not recite any particular structure that necessarily ties the claimed functionality to any one specific processor. As discussed above, the specification has multiple examples and definitions capturing distributed processing that refute Google's argument.

### 11. The parties agreed that the construction of "one or more other devices" involves the same issue

Curiously, Google argues that "Headwater inexplicably omits the other term, 'the one or more other devices,' that Google addressed in its opening brief." Dkt. 70 at 6 n.2 (citing Dkt. No. 63 at 6-10). That is wrong. For example, Headwater referenced this term in its section heading (Dkt. 63 at 4), in its discussion of claim differentiation (*Id.* at 7), and in identifying the terms Google seeks to construe (*id.* at 8). *See also, e.g.*, *id.* at 10 (discussing related specification disclosures of "device" and "processor"). Just like Google did in its Opening brief, Headwater grouped these terms together and provided argument applicable to all of the grouped disputed terms. As Google noted, the reasoning behind "one or more processors" "applies to the other construed terms" under the same heading. Dkt. 70 at 6 n.3. Both parties shared this understanding and grouped the terms together, so there is nothing Headwater "omit[ted]" in its argument.

10

## II.      CONCLUSION

For these reasons, no disputed term requires construction. All should be given their plain and ordinary meaning, and the Court should give the general instruction that "subsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim."


Dated: June 2, 2026                              Respectfully submitted,


                                                 /s/ Marc Fenster
                                                 Marc Fenster
                                                 CA State Bar No. 181067
                                                 Email: mfenster@raklaw.com
                                                 Reza Mirzaie
                                                 CA State Bar No. 246953
                                                 Email: rmirzaie@raklaw.com
                                                 Brian Ledahl
                                                 CA State Bar No. 186579
                                                 Email: bledahl@raklaw.com
                                                 Dale Chang
                                                 CA State Bar No. 248657
                                                 Email: dchang@raklaw.com
                                                 Kristopher Davis
                                                 CA State Bar No. 329627
                                                 Email: kdavis@raklaw.com
                                                 James S. Tsuei
                                                 CA State Bar No. 285530
                                                 Email: jtsuei@raklaw.com
                                                 James N. Pickens
                                                 CA State Bar No. 307474
                                                 Email: jpickens@raklaw.com
                                                 Jason M. Wietholter
                                                 CA State Bar No. 337139
                                                 Email: jwietholter@raklaw.com
                                                 **RUSS AUGUST & KABAT**
                                                 12424 Wilshire Blvd. 12th Floor
                                                 Los Angeles, CA 90025
                                                 Telephone: 310-826-7474

                                                 Qi (Peter) Tong
                                                 TX State Bar No. 24119042

11

Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 2, 2026, with a copy of this document via the Court's CM/ECF.

*/s/ Marc Fenster*
Marc Fenster

13