**REDACTED PUBLIC VERSION**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 7:25-cv-376-DC-DTG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| *Defendant*. | |

**PLAINTIFF HEADWATER RESEARCH LLC'S ADMINISTRATIVE MOTION FOR
FOR LEAVE TO FILE A SUR-REPLY**

**REDACTED PUBLIC VERSION**
**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................ 1

II.   FACTUAL BACKGROUND............................................................................................ 1

III.  ARGUMENT.................................................................................................................... 3

    A.    Google needed to include all evidence and argument supporting transfer with its opening brief.......................................................................................................... 3

    B.    The Court should consider Headwater's arguments in its Sur-Reply........................... 4

IV.   CONCLUSION................................................................................................................. 7

**REDACTED PUBLIC VERSION**
**TABLE OF AUTHORITIES**

**Cases**

*Barbara Kocurek v. Cuna Mutual Insurance Society*,
 2009 WL 10669448 (W.D. Tex. 2009)......................................................................... 4

*Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
 99 F.4th 770  (5th Cir. 2024) ............................................................................... 1, 4, 5

*In re Chamber of Com. of United States of Am.*,
 105 F.4th 297 (5th Cir. 2024) ..................................................................................... 5

*In re Clarke*,
 94 F.4th 502 (5th Cir. 2024) ..................................................................................... 3, 4

*In re VirtaMove, Corp.*,
 2025 WL 2618803 (Fed. Cir. 2025) ........................................................................... 2, 5

*Intent IQ, LLC v. Mntn, Inc.*,
 No. 7:25-CV-00246-DC-DTG, 2026 WL 910808 (W.D. Tex. Mar. 23, 2026) ......................... 5

*Lew S. McGinnis v. Nationwide Life and Annuity Insurance Co.*,
 No. 3:20-CV-3138-D, 2021 WL 2531190 (N.D. Tex. June 21, 2021)...................................... 1

*Resonant Systems, Inc. v. Apple Inc.*,
 No. 7:23-CV-00077-ADA, 2024 WL 4346391 (W.D. Tex. Apr. 18, 2024) .............................. 4

*Springs Indus., Inc. v. Am. Motorists Ins. Co.*,
 137 F.R.D. 238 (N.D. Tex. 1991) ............................................................................... 5

*Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*,
 No. EP-25-CV-00385-DB, 2026 WL 457565 (W.D. Tex. Feb. 18, 2026)............................ 3, 6

**REDACTED PUBLIC VERSION**

## I.    INTRODUCTION

Headwater moves for leave to file a sur-reply pursuant to the Court's April 16, 2026 Order. Dkt. 64 (ordering Google to make each declarant to its transfer reply briefs available for a one-hour deposition). Under Fifth Circuit law, "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024).

Here, Google raises new arguments and evidence for the first time in its Reply brief, including seven new sworn statements (Dkt. 57 Exhibits 105, 107–111, 114) that Google never produced during venue discovery. Because Google "raises new arguments or evidence for the first time in [its] reply," the Court should permit Headwater to respond in a sur-reply and/or decline to rely on Google's new arguments and evidence. *Lew S. McGinnis v. Nationwide Life and Annuity Insurance Co.*, No. 3:20-CV-3138-D, 2021 WL 2531190, at *2 (N.D. Tex. June 21, 2021) ("The decision to decline to consider the Second Declaration is based on long-standing practices informed by principles of fundamental fairness. '[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond'" (internal quotation marks omitted)).

## II.    FACTUAL BACKGROUND

Google filed new declarations as Exhibits 105, 107–111, 114 on March 26, 2026, after venue discovery closed on February 27, 2026, violating the Court's Venue Management Order (Dkt. 38). As explained in Headwater's sur-reply, the 1-hour depositions ordered by the Court show these declarations are irrelevant, misleading, attorney-drafted mouthpieces, or outright false.

As the most egregious example, Maradani admitted █████████████

█████████████████████████████████████████████████████

1

**REDACTED PUBLIC VERSION**



████████  Maradani's declaration states that he ████████████████ Dkt. 57 Ex. 107 ¶ 3. In deposition, he testified that ████████████████████ Ex. 61 at 17:16–21:15; 25:14–17; 28:9–15. He also apparently ████████████ *Id.* at 22:7–8. ████████████████ *See, e.g.*, Ex. 58 at 9:1–10. Maradani ████████████ Ex. 61 at 22:9–23:24. He conveniently ████████████████ *Id.* at 14:4–21, 17:16–21:5, 26:16–21 (████████), 29:3–7 (████████████).

As another example, the Kesh (Rakesh) Patel Declaration tries to mislead the Court into thinking ████████████████████. Dkt. 57 Ex. 110 ¶ 2 ████████████████████) Deposition revealed that ████████████████████. Ex. 59 at 19:10–20:17 ████████████████).

Additionally, Google raised new arguments and/or changed its prior arguments in its Reply (Dkt. 57) in comparison to its Opening Motion (Dkt. 26-2). These include:

1) new arguments about Google's burden of proof based on *In re VirtaMove, Corp.*, 2025 WL 2618803 (Fed. Cir. 2025) (Dkt. 57 at 2) and its applicability to the new declarations, when



Google should have clearly articulated its burden of proof in its opening motion;

2) three new cases by Judge Pitman (Dkt. 57 at 2) and legal arguments related thereto;

3) a misapplication of the law excluding *party* attorneys by applying it to non-party attorneys (Dkt. 57 at 8–9);

4) new arguments about witnesses (Dkt. 57 at 4–9), including 13 new unnamed ███ ████████████ ;

5) new arguments based on seven new declarations;

6) a new "congestion" argument based on a new case *Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*, No. EP-25-CV-00385-DB, 2026 WL 457565, at *4 n.1 (W.D. Tex. Feb. 18, 2026) about the El Paso Division's handling of border-crossing cases (Dkt. 57 at 10);

7) Google's new allegation that Izaak Smith, Shivang Patel, and Mohammed Fayyazuddin are not employed by Google (*see, e.g.*, Dkt. 57 at 6; Dkt. 57 Ex. 111).

## III.   ARGUMENT

### A.   Google needed to include all evidence and argument supporting transfer with its opening brief.

Google had the burden of proving, in its opening transfer motion, that transfer would be "clearly more convenient." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). "It is the movant's burden—and the movant's alone—to 'adduce evidence'" to meet this burden. *Id.* The Fifth Circuit requires that the movant's "evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *Id.*

This burden does not permit Google to merely include cherry-picked favorable evidence with its opening motion. This is because "the transfer factors are *relative*" and look to whether transfer will result in *more* convenience (i.e. marginal gains that will actually materialize). *Id.* at 508, 510. Thus, Google "must do more than thumb one side of the scales to meet its burden."

REDACTED PUBLIC VERSION

*Resonant Systems, Inc. v. Apple Inc.*, No. 7:23-CV-00077-ADA, 2024 WL 4346391, at *4 (W.D. Tex. Apr. 18, 2024). Google had the opening burden to either 1) provide affirmative declarations from people knowledgeable about the employees at its Texas offices to address the supposedly limited quantity and relevance of Google's Texas employees (as its late declarations now assert), or 2) explain why Google's investigation methodology was reliable and complete. *See id.* at *4–7 and n.80–81. Google's failure to do amounts to "fail[ing] to provide the factual foundation necessary to evaluate the relative convenience of the present and proposed venues," such that "the Court cannot weigh the *relative ease* of access." *Id.* at *4, *6.

> **B.     The Court should consider Headwater's arguments in its Sur-Reply.**

The Fifth Circuit has ruled that "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund* 99 F.4th at 774. Here, because "[Google] party raises new arguments or evidence for the first time in a reply," the Court should give Headwater the opportunity to respond and/or decline to rely on the new arguments and evidence.

Google should have provided these types of declarations with its Opening brief because Google bears the burden of proof. *Clarke*, 94 F.4th at 508. Google also should have provided these declarations and the contentions they reflect in response to Headwater's venue discovery requests. Instead, Google waited until several weeks after venue discovery closed. Had the Court not intervened (Dkt. 64), Google's tactic would have unfairly prevented Headwater from seeking follow-up discovery on these witnesses and declarations, and it already prevented Headwater from addressing the declarations in its transfer Opposition brief.

A sur-reply is appropriate "when the movant raises new legal theories or attempts to present new evidence at the reply stage," as Google has done here. *Kocurek v. CUNA Mut. Ins. Soc'y*, No.

4

REDACTED PUBLIC VERSION

SA-08-CA-581-FB, 2009 WL 10669448, at *6 n.4 (W.D. Tex. Sept. 30, 2009), *aff'd in part, rev'd in part sub nom. Kocurek v. Cuna Mut. Ins. Soc.*, 459 F. App'x 371 (5th Cir. 2012).  The Fifth Circuit gives this Court discretion to allow a sur-reply in lieu of striking the new evidence. *Ga. Firefighters' Pension Fund*, 99 F.4th at 774 ("when a party raises new arguments or evidence for the first time on reply, the district court must either give the party an opportunity to respond or decline to rely on the new arguments and evidence.").

It cannot be disputed that Google's Reply relies on new sworn statements which were not included with Google's Opening brief. Google also did not provide these contention-related declarations during discovery. The Sur-Reply provides Headwater's responses to Google's new evidence and arguments, including Headwater's arguments that Google's declarants lack credibility based on their deposition testimony that the Court ordered. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) ("a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond").

Google's Reply couples its reliance on the declarations with new arguments under *In re Virtamove* for what the legal standard is for how to interpret these declarations under recent case law, including an argument that the Court must count as relevant the individuals Google identified in its opening brief—even if they are not going to testify at a hearing, deposition, or trial in this case—and discount any other witnesses.  Headwater should have an opportunity to respond to Google's new cases on this issue.  Headwater's Sur-Reply explains that the ruling of *In re VirtaMove, Corp.*, No. 2025-130, 2025 WL 2618803, at *2 (Fed. Cir. Sept. 11, 2025) was a narrow one, limited to whether witnesses must specifically appear **at trial** to be counted for venue purposes, but it did not and could not overrule the standard from *In re Clarke* which places the

burden on the movant to show that the gains from transfer will "actually materialize."  And Headwater's Sur-Reply explains how Google's three new decisions by Judge Pitman rely on an outdated case, as recent decisions show.  *Intent IQ, LLC v. Mntn, Inc.*, No. 7:25-CV-00246-DC-DTG, 2026 WL 910808, at *2 (W.D. Tex. Mar. 23, 2026) (imposing the "*actually* materialize" burden of *Clarke* in addition to *Genentench's* relevance requirement).  It is important for the Court to see these responses so that the Court does not misstate the legal burden of proof.

Headwater also needs a sur-reply so that the Court does not misapply *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 306 (5th Cir. 2024) (explaining that the location of the **parties'** counsel does not matter, because they chose to file or defend in this Court).  Google tried to misapply it to non-party attorneys of InterDigital.

Headwater also needs a sur-reply to respond to new, revised, or misleading arguments about witnesses.  For example, Google argues that past "settlement" witnesses were not called at the original Samsung or Verizon trials, to suggest that Headwater will not call them now.  Dkt. 57 at 8.  Google's argument is misleading because the settlements did not exist when those trials occurred. Google also clarified that Izaak Smith, Shivang Patel, and Mohammed Fayyazuddin are not employed by Google, such that they should now be counted as a third-party witness who can only be compelled in Texas, not disregarded. Headwater also needs to respond and explain why ███████████████████████████████████ do not actually have relevance to this case.

Google raises new local interest arguments based on new ties of Headwater and Dr. Raleigh.  Headwater needs a sur-reply to explain that these ties of Headwater/Dr. Raleigh are still prohibited by Fifth Circuit law.

Finally, Headwater needs an opportunity to point out that Google's new case *Tech. Metals, Inc.*, No. EP-25-CV-00385-DB, 2026 WL 457565, at *4 n.1 does not apply because, unlike at El Paso,

6

REDACTED PUBLIC VERSION

immigrants cannot cross the border at Midland/Odessa.

## IV.    CONCLUSION

Google disregarded its obligation to provide its evidence with its opening brief and during discovery. Headwater's Sur-Reply should be considered.

Dated:  May 13, 2026

Respectfully submitted,

*/s/ Peter Tong*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter

7

**REDACTED PUBLIC VERSION**

CA State Bar No. 337139
Email: jwietholter@raklaw.com
Qi Peter Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

8

**REDACTED PUBLIC VERSION**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 13, 2026, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing. Counsel will also be served via electronic mail.

<u>/s/ *Peter Tong*</u>
Peter Tong

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that the parties have conferred in a good-faith attempt to resolve the matter by agreement but remain at impasse. Google opposes the relief sought herein.

<u>/s/ *Peter Tong*</u>
Peter Tong

<u>**AUTHORIZATION TO FILE UNDER SEAL**</u>

This filing is made in accordance with Judge Gilliland's Standing order Regarding to File Documents Under Seal and Redacted Public Versions, which "grants leave for any party in a patent case to file materials containing confidential information under seal. Parties need not file a separate motion for leave."

<u>/s/ *Peter Tong*</u>
Peter Tong

9