**REDACTED PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | Case No. 7:25-cv-376-DC-DTG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| *Defendant.* | |

## HEADWATER'S SUR-REPLY IN OPPOSITION TO GOOGLE'S MOTION TO TRANSFER

**REDACTED PUBLIC VERSION**

## TABLE OF CONTENTS

I.  Google Misstates and Misapplies the Law, and Even Adopting Google's View of the Law Would Still Be Fatal to Its Motion to Transfer ..........................................................................1

    A.  As the Movant, Google Must Show Witnesses Will "Actually Materialize," Even If Not "at Trial"..........................................................................................................1

    B.  Google Fails to Show Gains in Convenience from Transfer to NDCA Will Actually Materialize, Under Any Reading of *In re VirtaMove* ...............................2

II.  Private Interest Factors Weigh Against Transfer .......................................................................3

    A.  Willing Witnesses Weigh Against Transfer..........................................................................3

        i.  The Reply's erroneous view of the law improperly discounts Google's Texas-based witnesses who have "relevant and material information"...... 3

        ii.  Under a correct reading of *In re VirtaMove*, movant Google fails to show that its identified witnesses will "actually materialize"............................. 5

    B.  Sources of Proof Weighs Against Transfer ...............................................................6

    C.  Compulsory Process Weighs Against Transfer ........................................................7

    D.  Practical Problems (Co-pending Cases) Weigh Against Transfer...........................9

III.  Public Interest Factors Weigh Against Transfer .....................................................................9

    A.  The Fifth Circuit Prohibits Party-Related Connections for Local Interest ...........10

    B.  Midland/Odessa is Not Congested.........................................................................10

    C.  Conclusion: Public Interest Weighs Against Transfer...........................................10

**REDACTED PUBLIC VERSION**

## TABLE OF AUTHORITIES

**Cases**

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022).............................................................................................. 3

*DH Int'l Ltd. v. Apple Inc.*,
  2024 WL 4119374 (W.D. Tex. Apr. 15, 2024) ........................................................... 1

*Flypsi, Inc. v. Google LLC*,
  No. 6:22-cv-00031-ADA, Dkt. 42 (W.D. Tex. Jul. 19, 2022)...................................... 6

*Google LLC v. Headwater Rsch., LLC*,
  No. 5:25-cv-7453 (N.D. Cal. Sept. 3, 2025) .............................................................. 11

*Haptic, Inc. v. Apple, Inc.*,
  No. 1:23-CV-1351-DII, 2024 WL 2954194 (W.D. Tex. Apr. 15, 2024) ..................... 1

*Headwater Rsch. LLC v. Google LLC*,
  No. 7:25-cv-00367-DC-DTG, Dkt. 72 (W.D. Tex. Apr. 2, 2026)............................... 11

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
  No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164725 (E.D. Tex. Mar. 31, 2025) ........ 10

*iCharts LLC v. Tableau Software, LLC*,
  2024 WL 2305214 (W.D. Tex. May 21, 2024) ........................................................... 1

*In re Chamber of Com. of United States of Am.*,
  105 F.4th 297 (5th Cir. 2024)...................................................................................... 9

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024)..................................................................................... 1, 2

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... 1

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022)........................................................................................ 7

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023)..................................................................................... 8, 11

*In re VirtaMove, Corp.*,
  No. 2025-130, 2025 WL 2618803 (Fed. Cir. Sept. 11, 2025).................................... 2

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008)....................................................................................... 2

**REDACTED PUBLIC VERSION**

*Intent IQ, LLC v. Mntn, Inc.*,
   No. 7:25-CV-00246-DC-DTG, 2026 WL 910808 (W.D. Tex. Mar. 23, 2026) ........................... 1

*Scramoge Tech. Ltd. v. Apple Inc.*,
   No. 6:21-CV-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022) ........................... 7, 8

*Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*,
   No. EP-25-CV-00385-DB, 2026 WL 457565 (W.D. Tex. Feb. 18, 2026) ............................... 12

**Statutes**

Fed. R. Civ. P. 45(c)(1)(B) ................................................................................................ 9

Fed. R. Evid. 401 ............................................................................................................ 8

Fed. R. Evid. 404 ............................................................................................................ 8

\* All emphasis added unless otherwise specified.

**REDACTED PUBLIC VERSION**

### TABLE OF EXHIBITS (*See* Dkts. 49, 50)

For convenience, Exhibits 1–41 are common across cases 7:25-cv-00369, -00372, -00374, -00376, -00378, -00380, -00518.

Headwater's public exhibits in this case were filed with Dkt. 49. Sealed exhibits 51–54 were filed with Dkt. 50. New exhibits 55 onward are filed herewith.

| Exhibit | Description |
|---|---|
| 01 | $278M Verdict from *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:23-cv-00103 (E.D. Tex.) |
| 02 | $175M Verdict from *Headwater Research LLC v. Verizon Wireless*, No. 2:23-cv-00352 (E.D. Tex.) |
| 03 | Samsung's Motion to Strike "Battery Testing" from *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 04 | Trial Transcript for Dr. Wesel regarding battery testing from *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 05 | Trial Transcript for Rachel Roberts on behalf of Samsung from *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 06 | Trial Transcript for Steven Rice on behalf of Verizon from *Headwater Research LLC v. Verizon Wireless*, No. 2:23-cv-00352 (E.D. Tex.) |
| 07 | Kevin Hess (Austin) profile on McKool Smith website |
| 08 | Mitch Verboncoeur (Austin) profile on McKool Smith website |
| 09 | Richard Kamprath (Dallas) profile on McKool Smith website |
| 10 | William Merritt (Grand Prairie) profile on State Bar of Texas website |
| 11 | Theodore Stevenson (Dallas) profile on Alston & Bird website |
| 12 | Chris Bovenkamp (Dallas) profile on Charhon Callahan Robson & Garza website. |
| 13 | Eric Hansen (Dallas) profile on McKool Smith website |
| 14 | Jonathan Powers (Dallas) profile on McKool Smith website |
| 15 | Combined Minute Entries from Trial Days 1–5 in *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 16 | Combined Minute Entries from Trial Days 1–5 in *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:23-cv-00103 (E.D. Tex.) |
| 17 | Combined Minute Entries from Trial Days 1–5 in *Headwater Research LLC v. Verizon Wireless*, No. 2:23-cv-00352 (E.D. Tex.) |
| 18 | Trial transcript for Hongjung Son of Samsung in *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 19 | Trial transcript for Rachel Roberts on behalf of Samsung from *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:23-cv-00103 (E.D. Tex.) |
| 20 | Entire testimony of Krista Jacobsen played at trial in *Headwater Research LLC v. Samsung Elec. Co.*, No. 2:22-cv-00422 (E.D. Tex.) |
| 21 | Redacted copy of Dr. Raleigh's AA Flight Records for 2024–2026 |
| 22 | Docket Navigator Report showing all active Headwater cases in Texas |
| 23 | Excerpted trial transcript of Diaz on behalf of Verizon Wireless in *Headwater Research LLC v. Verizon Wireless*, No. 2:23-cv-00352 (E.D. Tex.) |

**REDACTED PUBLIC VERSION**

| | |
|---|---|
| 24 | Excerpted trial transcript of Sid Sibal on behalf of Verizon *Headwater Research LLC v. Verizon Wireless*, No. 2:23-cv-00352 (E.D. Tex.) |
| 25 | Redacted public version of Google's Motion to Transfer in *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-00031-ADA, Dkt. 45 (W.D. Tex. Jul. 25, 2022) |
| 26 | Witness list from *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-00031-ADA, Dkt. 289 (W.D. Tex. Feb. 26, 2024) |
| 27 | Redacted public version of Google's Motion to Transfer in *Touchstream Tech., Inc. v. Google LLC*, No. 6:21-cv-00569-ADA, Dkt. 28 (W.D. Tex. Dec. 30, 2021) |
| 28 | Redacted public version of Google's Motion to Transfer in *Touchstream Tech., Inc. v. Google LLC*, No. 6:21-cv-00569-ADA, Dkt. 28 (W.D. Tex. Dec. 30, 2021) |
| 29 | Photos of physical evidence at Headwater |
| 30 | Deposition Transcript of Jennifer Smith from *Headwater Research LLC v. Google LLC*, No. 7:25-cv-00231-DC-DTG (Nov. 25, 2025) |
| 31 | Redacted public version of *VirtaMove, Corp. v. International Business Machines Corp.*, No. 2:24-cv-00064-JRG, Dkt. 139-1 (E.D. Tex. Feb. 5, 2025) |
| 32 | TravelMath website showing distance from Overland Park, Kansas to Midland, TX |
| 33 | TravelMath website showing distance from Overland Park, Kansas to San Francisco, CA |
| 34 | NDCA Local Civil Rules, available at https://cand.uscourts.gov/rules-forms-fees/local-rules/civil-local-rules |
| 35 | NDCA General Order No. 44, available at https://cand.uscourts.gov/sites/default/files/general-orders/GO-44_11-19-2025.pdf |
| 36 | NDCA Order Determining [*Google v. Headwater*] Cases Are Not Related, *Google LLC v. Headwater Research LLC*, No. 5:25-cv-07453-NW, Dkt. 35 (N.D. Cal. Jan. 21, 2026) |
| 37 | Google Maps screenshot showing Wi-Fi Alliance in Austin, TX |
| 38 | Wi-Fi Alliance website screenshot showing "Who We Are" and describing "Our vision and mission" |
| 39 | Docket Navigator Report showing time to trial statistics in WDTX from 2020–2025 is on average 28 months |
| 40 | Docket Navigator Report showing time to trial statistics in NDCA from 2020–2025 is on average 40 months |
| 41 | *Barbara Greist v. Lendus, LLC*, No. 3:24-cv-02411-AMO, Dkt. 70 (N.D. Cal. Jun. 6, 2025). |
| 42 | Compiled LinkedIn Profiles of TELUS employees |
| 43 | Compiled LinkedIn Profiles of non-TELUS third-parties |
| 44 | Compiled LinkedIn Profiles of Google employees |
| 45 | *Atlas Global Tech. LLC v. ASUSTek Computer Inc.*, No. 6:21-cv-00820-ADA, Dkt. 71 at 19–20 (W.D. Tex. Nov. 8, 2022) |
| 46 | --Intentionally omitted for numbering synchronization-- |
| 47 | --Intentionally omitted for numbering synchronization-- |
| 48 | --Intentionally omitted for numbering synchronization-- |
| 49 | --Intentionally omitted for numbering synchronization-- |
| 50 | TELUS website showing support for "Hotspot and Tethering" |
| 51 | [SEALED] Excerpted Deposition Transcript of Robert Greenwalt, *Headwater* |

ii

**REDACTED PUBLIC VERSION**

| | |
|---|---|
| | *Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (Feb. 20, 2026). |
| 52 | [SEALED] Headwater Research LLC's Supplemental Objections and Responses to Google's Venue Interrogatories 1–5. |
| 53 | [SEALED] Excerpted Deposition Transcript of Dr. Greg Raleigh, *Headwater Research v. Google LLC*, No. 7:25-cv-00369-DC-DTG (Feb. 26, 2026). |
| 54 | [SEALED] Google's response to Venue Interrogatory No. 4. |
| 55 | Google LLC's Response, *In re VirtaMove Corp.*, No. 25-130, Dkt. 15 (Fed. Cir. June 12, 2025) |
| 56 | VirtaMove Corp's Reply, *In re VirtaMove Corp.*, No. 25-130, Dkt. 16 (Fed. Cir. June 16, 2025) |
| 57 | [SEALED] Excerpted Deposition Transcript of Robert Greenwalt, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (Feb. 20, 2026). |
| 58 | [SEALED] Excerpted Deposition Transcript of Adrienne McCallister, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 1, 2026). |
| 59 | [SEALED] Excerpted Deposition Transcript of Rakesh ("Kesh") Patel, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 1, 2026). |
| 60 | [SEALED] Excerpted Deposition Transcript of Nalini Belaramani, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 1, 2026). |
| 61 | [SEALED] Excerpted Deposition Transcript of Bharath Kumar Maradani, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 1, 2026). |
| 62 | [SEALED] Excerpted Deposition Transcript of Zac Yang, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 5, 2026). |
| 63 | Exhibit Yang-03 (updated Mohammed Fayyazuddin LinkedIn profile) from the Deposition Transcript of Zac Yang, *Headwater Research v. Google LLC*, No. 7:25-cv-00376-DC-DTG (May 5, 2026). |
| 64 | April 20, 2026 Email from Google's counsel to Headwater's counsel regarding follow-up depositions |

**REDACTED PUBLIC VERSION**

I.    **Google Misstates and Misapplies the Law, and Even Adopting Google's View of the Law Would Still Be Fatal to Its Motion to Transfer**

A.    **As the Movant, Google Must Show Witnesses Will "Actually Materialize," Even If Not "at Trial"**

Google's Reply newly argues that Headwater is misstating the law on which witnesses count for the venue analysis. Dkt. 57 at 1-2. As explained in its Opposition, non-movant Headwater only needs to identify "relevant" witnesses for them to be considered. *See* Opp. at 3. But Google, as the movant, must show that the witnesses it identifies will "actually materialize." In Reply, Google argues that the "Post-*In re Clarke*" standard for Google (as the movant) is that its "potential witnesses need only have 'relevant and material information'[1] to be considered," regardless of whether they are ultimately likely to testify. Dkt. 57 at 2. To the contrary, inflating witness counts with far more witnesses than can materialize is foreclosed under *In re Clarke*, and the Fifth Circuit requires the movant to show witnesses will actually materialize at a hearing, at trial, or otherwise.

While the Federal Circuit rejected an argument in *In re VirtaMove* that this requires proof that a witness will materialize *at trial specifically*, there can be no dispute that the Federal Circuit adopted and followed the Fifth Circuit's requirement that "for purposes of showing good cause for transfer, a movant must show the overall marginal gains in convenience will be 'significant' and 'clearly demonstrate[ ]' they will 'actually materialize in the transferee venue.'" *In re VirtaMove,*

---

[1] Google cites *DH Int'l Ltd. v. Apple Inc.*, 2024 WL 4119374, at *4 (W.D. Tex. Apr. 15, 2024); *Haptic, Inc. v. Apple, Inc.*, No. 1:23-CV-1351-DII, 2024 WL 2954194, at *5 (W.D. Tex. Apr. 15, 2024); and *iCharts LLC v. Tableau Software, LLC*, 2024 WL 2305214, at *10 (W.D. Tex. May 21, 2024), in which Judge Pitman cited only the pre-*Clarke* case *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009), for the rule that "[r]equiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary." *Genentech*'s statement of law is outdated and from the Federal Circuit, which must yield to the more recent Fifth Circuit case *In re Clarke* on procedure. Opp. § IV(B) (Fifth Circuit law controls). The cases do not say *Genentech* overrules *Clarke's* burden for convenience to "actually materialize." This Court, in contrast, has imposed the "actually materialize" burden of *Clarke* in addition to *Genentech*'s relevance requirement. *Intent IQ, LLC v. Mntn, Inc.*, No. 7:25-CV-00246-DC-DTG, 2026 WL 910808, at *2 (W.D. Tex. Mar. 23, 2026).

1

REDACTED PUBLIC VERSION

*Corp.*, No. 2025-130, 2025 WL 2618803, at *2 (Fed. Cir. Sept. 11, 2025) (citing *In re Clarke*, 94 F.4th 502 (5th Cir. 2024)). Any convenience must still "actually materialize" and must be clearly demonstrated. The Federal Circuit merely rejected a requirement that the movant prove the witness will materialize ***at trial specifically***. *Id.* at *2 (rejecting "argument that a party must identify what witnesses they would ***actually be calling at trial*** and the specific testimony they would provide" based on *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (*en banc*)); *see also* Ex. 55 at 2, 6, 11, 12, 14, 15; Ex. 56 at 3–4; Google's Reply at 2 (conceding the Federal Circuit's ruling is limited to rejecting the need to "identify what witness they would actually be calling ***at trial***").

Google offers no theory of how the convenience of a witness can "actually materialize" if that witness never travels to Court for hearing, trial, or any reason at all. Under Fifth Circuit law, to credit a witness relied on by Google, the Court must be plainly convinced and willing to bet that they will actually testify, because Google's burden to "clearly demonstrate" convenience is higher than a preponderance of the evidence.[2] *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022).

**B.    Google Fails to Show Gains in Convenience from Transfer to NDCA Will Actually Materialize, Under Any Reading of *In re VirtaMove***

Regardless of how this Court applies *In re VirtaMove*, Google fails to show that gains in convenience from transfer to NDCA will actually materialize. For example, if Google (despite being the movant) is permitted to count *any* witnesses with relevant and material information regardless of whether they will actually testify, then the Court must reject the Reply's argument for counting all eight of Google's NDCA witnesses while simultaneously discounting Headwater's ten Texas-based individuals as purportedly unlikely to materialize. The "actually materialize" standard does not apply to Headwater as the non-movant (Opp. at 3), but even if it did under Google's reading of the law, the Court must count Headwater's WDTX witnesses because they

---

[2] Again, Headwater requests the Court explicitly recite this standard if the Court applies it.

REDACTED PUBLIC VERSION

have "relevant and material information." The law is clear that movant Google must meet a higher standard than non-movant Headwater, but even if the same standard applied, Google's Reply argument fails because it improperly disregards Headwater's relevant Texas-based witnesses. In the sections below, Headwater shows each of the WDTX witnesses has "relevant and material information" under Google's proposed standard.

Conversely, if Headwater is right that the Fifth Circuit test for "actually materialize" requires Google to show a witness is likely to testify, the Court must reject Google's arguments in Reply for crediting its declarant and only counting the eight Google witnesses in NDCA. Google's declarant ignored and did not investigate Texas witnesses, and Google fails to prove its nine witnesses will actually materialize in any way. Google "identified nine technical witnesses with knowledge of the design, development, and maintenance of the accused tethering functionalities," eight of which "are in or significantly closer to NDCA." Dkt. 57 at 3. But there is no credible argument that the witnesses Google identifies—much less all of them—will actually materialize.

## II.    Private Interest Factors Weigh Against Transfer

### A.  Willing Witnesses Weigh Against Transfer

#### i.   The Reply's erroneous view of the law improperly discounts Google's Texas-based witnesses who have "relevant and material information"

Because Headwater is the non-movant, the Court must count the nine Google witnesses in WDTX that Headwater identified because they have relevant and material information. The Reply denies that seven of Google's Texas-based witnesses (Belaramani, Maradani, McBride, Mccallister, Rakesh Patel, Shivang Patel, Mohammed Fayyazuddin) have knowledge of relevant technical functionalities, based on improper new declarations. The Reply submits no declarations disputing knowledge and relevance of WDTX witnesses Smith and Stiernberg. And even as to the disputed witnesses, Headwater's evidence shows they have "relevant and material information."

3

██████████████

**REDACTED PUBLIC VERSION**

*First*, Mccallister, McBride, and Rakesh Patel indisputably have business knowledge relevant to damages negotiations. Indeed, they have knowledge of ███████████████ ████████████████████████████████████████████████████████████████████ ███████ *E.g.*, Ex. 58 at 8:24–12:1, 14:2–16:11, 37:3–38:2. Mccallister testified about ████████ ███████████████████████████████ which may be relevant to a revenue split between Google and Headwater for patent infringement. *Id.* at 6:12–7:24. Similarly, Kesh Patel confirmed ████████████████████████████████████████████████ Ex. 59 at 8:14–17. Mr. Patel's declaration is misleading because it states, ████████████ ██████████████████████████████████████ *Compare* Dkt. 57 Ex. 110 ¶ 2, *with* Ex. 59 at 19:10–20:17 ██████████████████████████████████

*Second*, as recently as 2025, Dr. Belaramani ███████████████████████ Headwater argued Dr. Belaramani is relevant to any damages theory based on battery savings of the invention. Dkt. 50 at 1–2 (Headwater used damages theories based on power savings), 12 (Belaramani's relevance). Her deposition revealed she has a Ph.D. in computer science and ██ ████████████████████████████████████████████████████████████████████ ███████████████████████ *E.g.*, Ex. 63 at 22:21–26:23.

*Third*, Maradani's declaration and Google's arguments about him should receive no weight whatsoever. Maradani admitted █████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ Maradani's declaration states that ██████████████████████████████████ Dkt. 57 Ex. 107 ¶ 3. In deposition, he testified that ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████. Ex. 61 at 17:16–21:15;

4



**REDACTED PUBLIC VERSION**

25:14–17; 28:9–15. He also apparently ████████████████████████████ (Dkt. 57 Ex. 107). *Id.* at 22:7–8. ████████████████████████████████████. *E.g.*, Dkt. 57 Ex. 109 ¶ 6; Dkt. 57 Ex. 111 ¶ 6. ████████████████ *See, e.g.*, Dkt. 57 Ex. 110 ¶ 5; Ex. 59 at 9:1–10. Maradani also ████████████████████ Ex. 61 at 22:9–23:24. And he conveniently f████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ ”), 17:16–21:5, 26:16–21 (████████████████), 29:3–7 (████████████████).

*Fourth*, Google argues that Stiernberg will have only privileged testimony. But his direct knowledge of Pixel licensing policies and licensing history involving the accused products is unlikely to be privileged, and even if some portion of his testimony were privileged, it would be more convenient for him to claim privilege when testifying in Texas, rather than NDCA.

### ii. Under a correct reading of *In re VirtaMove*, movant Google fails to show that its identified witnesses will "actually materialize"

As discussed above, Google's Reply misunderstands *In re Virtamove* in an effort to skirt the requirement that, as the movant, Google must show its identified witnesses will actually materialize. Rather than doing so, Google inflates its witness count and improperly asks this Court to consider all redundant witnesses who will not testify and whose convenience will not materialize. Again, the Federal Circuit did not ignore *In re Clarke's* requirement for a movant's identified witnesses to materialize, and neither should this Court. Google's Reply notably does not rebut the historical statistics proving Google calls only about 1–3 party witnesses in a case. And because Google's *Flypsi* transfer motion and declaration (*Flypsi, Inc. v. Google LLC*, No. 6:22-cv-00031-ADA, Dkt. 42 (W.D. Tex. Jul. 19, 2022)) are in dispute, the Court should fully unseal it so the public can see the small fraction of Google's 22 identified witness that actually materialized.

**REDACTED PUBLIC VERSION**

Google's Reply concedes that one "cannot predict Google's trial strategy" or who Google will call, "especially as case progression affects what technology Headwater actually accuses at trial." Google Reply (Dkt. 57) at 4. Google thus admits it cannot "clearly demonstrate" who will materialize because the case is unpredictable. It must be held against Google, not Headwater, because the burden of proof is Google's burden alone. *In re Clarke*, 94 F.4th at 508.

Moreover, Mr. Greenwalt's deposition refutes Google's arguments about his knowledge of tethering. ██████████████████████████████████████████████████████████ ████████████████████████ Ex. 57 at 26:17–18 ██████████████████████ 27:1–12 ██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

Mr. Greenwalt's "investigation" ██████████████████████████████████

████████████████ as suggested in the Reply. To decide who to search, ██████████

██████████████████████████████████████████████████████████████████

Ex. 57 at 31:12–15; 31:1–6. So, ████████████████████████████████████████

██████████████████████████████████████████████ *See Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 WL 1667561, at *3 (W.D. Tex. May 25, 2022) (using skepticism when a witness will "rely on his attorneys to selectively spoon feed him information").

**B.  Sources of Proof Weighs Against Transfer**

**Physical evidence weighs against transfer**. Google's Reply essentially concedes that Headwater is the only party that identified specific physical evidence in the EDTX. After *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) effectively neutralized the weight of electronic evidence, Headwater's physical evidence dominates this factor and weights against transfer as it can be more easily transported within Texas than across the country.

**REDACTED PUBLIC VERSION**

### C. Compulsory Process Weighs Against Transfer

**Izaak Smith, Shivang Patel, and Mohammed Fayyazuddin Count as Unwilling Witnesses**. Google represents that Izaak Smith, Shivang Patel, and Mohammed Fayyazuddin are no longer controlled by Google, so they are now third-party witness who instead count under the "compulsory process" factor. Google Reply (Dkt. 57) at 6 n.6; Ex. 64 at 1. Courts can consider post-complaint facts when they were not designed to manipulate venue. *In re TikTok, Inc.*, 85 F.4th 352, 363 (5th Cir. 2023); *see also id.* n.10.

Mr. Yang does not accurately know the limits of Mr. Fayazzudin's work at Google. Mr. Yang ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████ Ex. 62 at 18:23–21:18, 30:20–25. After Mr. Fayyazuddin stopped working with Google, Mr. Fayyazuddin updated his LinkedIn profile to detail the work that he performed for Google, ███████████████████████████████ Ex 63 at 2; Ex. 62 at 12:4–7, 12:16–19, 13:20–25, 14:14–22, 15:6–11 (███████████████████████████████ ████████████████); Ex. 62 at 24:16–31:8 (███████████████████████ ███████████████). Mr. Yang's personal knowledge of the limits Mr. Fayyazuddin's work was inaccurate and incomplete. *Scramoge v. Apple* warns that such limited personal knowledge of an individual should not be misused as an authoritative truth or denial. 2022 WL 1667561, at *3.

**InterDigital-Related Attorneys Count**. They are not party attorneys who willingly brought themselves to this Court, so the law does not ignore their convenience. *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 306 (5th Cir. 2024) (explaining that the location of the "plaintiff's attorneys" and "defendant's counsel" does not matter, because they chose to file or

7

**REDACTED PUBLIC VERSION**

defend in this Court). Google erroneously applies this to the **non-party** attorneys of InterDigital in Dallas/Austin. Tellingly, Google's Opening motion argued the relevance of InterDigital, and Google pivoted after learning they are in Texas. They weigh against transfer.

**Third-Party Non-Telus Witnesses Count**. The Reply fails to show that Mr. Hill, Mr. Rao, and Mr. Saleh are irrelevant. Tethering is a technology used in "last mile" connections described in Mr. Hill's profile. Google's argument of no "power saving benefits" is baseless at this early stage, and Mr. Rao is not a party expert. Headwater never argued Mr. Saleh was an engineer; he is relevant to inducing the use of tethering to Google Fi during Google Fi activation.

**Telus Witnesses in Texas Count**. The Telus website exemplifies "tethering" as tech support Telus provided. Ex. 50 (showing support for "Hotspot & tethering" on Google Pixel). This means the Telus witnesses provided such assistance the technology accused of infringement. The Reply argues ██████████████████████████, but that does not make them irrelevant.

**Jonathan Kagan** is not at issue, because Google intentionally excluded him from its opening brief in this case and waived this argument. *See* Dkt. 26-2 (no mention of "Kagan"); *see also* Case No. 7:25-cv-00372, Dkt. 25-2 at 7 (electing to raise Kagan in a different case).

**Modlin's negative character testimony inadmissible**. Fed. R. Evid. 401 (relevance) and 404 (prohibiting character evidence) do not allow Google to compel Modlin's testimony just because he has "negative views of Headwater." Google Reply (Dkt. 57) at 7.

**Google's New ██████████████ Are Irrelevant and Do Not Count**. Google's Reply improperly argues ████████████████████████████████████████████. This is procedurally improper to raise on Reply. Moreover, none relate to standing, ownership, or licenses. Dkt. 58 (denying discovery about them for lack of relevance). Google has no Rule 11 basis to argue this; Google's Answer contains no theory that names them.

8

REDACTED PUBLIC VERSION

**Google's Counsel Already Lost Its Qualcomm-based Theory**. Google's Reply concedes that "other litigants" repeatedly lost on Qualcomm-based arguments, but Google's own counsel (Quinn from the -231 case) also raised and repeatedly lost this argument when working for Samsung. *E.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164725, at *4 (E.D. Tex. Mar. 31, 2025), *R&R adopted*, 2025 WL 1160634 (E.D. Tex. Apr. 20, 2025). In any event, party attorneys like Jacobsen, Schallop, and Sockol cannot be counted.

**License/Settlement Witnesses Count**. Google's Reply is misleading about the need to call Ms. Roberts (Samsung), Ms. Lucas (AT&T), Mr. LaGrone (AT&T), and Mr. Rice (Verizon) in previous trials about settlement agreements. The Samsung, AT&T, and Verizon settlements did not exist until after all of Headwater's prior trials. Google is also wrong that Headwater cannot compel witnesses from the NDTX because the subpoena power of Fed. R. Civ. P. 45(c)(1)(B) extends throughout "the state where the person resides, is employed, or regularly transacts business." Ms. Roberts can be compelled in Texas because she regularly transacts business at Samsung's Plano office, even if she otherwise resides in Missouri. Ex. 05 at 712:19–713:24.

### D.  Practical Problems (Co-pending Cases) Weigh Against Transfer

The count is 31 related cases here in Texas, of which 1 (-231) has been transferred—and in that case, unlike here, Google had a dedicated team in NDCA on the specific accused feature. The parties enjoy well-coordinated schedules in all *Headwater v. Google* cases before this Court. Moreover, Google's reliance upon *Google LLC v. Headwater Rsch., LLC*, No. 5:25-cv-7453 (N.D. Cal. Sept. 3, 2025) is also misplaced because Google dismissed that declaratory judgment case after an adverse ruling on personal jurisdiction. *See Headwater Rsch. LLC v. Google LLC*, No. 7:25-cv-00367-DC-DTG, Dkt. 72 (W.D. Tex. Apr. 2, 2026) (describing Google's dismissal).

### III.    Public Interest Factors Weigh Against Transfer

**REDACTED PUBLIC VERSION**

### A. The Fifth Circuit Prohibits Party-Related Connections for Local Interest

The *private* interest factors look at the parties, while the *public* interest factors cannot consider the parties. "We look not to the parties' significant connections to each forum." *In re TikTok*, 85 F.4th at 364 (internal quotation marks omitted, and finding this factor neutral); *In re Clarke*, 94 F.4th at 511 ("We do **not** consider the parties' connections to the venue because the local interest analysis is a public interest factor"). "That point bears repeating: … not the parties." *Id.*

Google's Reply argues only about "Headwater's foundational agreements" and "where the patented technology was invented" by Headwater. These are just more private-party connections. With no unique, public consideration unrelated to the private parties, this factor is neutral.

### B. Midland/Odessa is Not Congested

Google's new case *Tech. Metals, Inc. v. Mfg. Revitalization Corp. of Am. L.P. I*, No. EP-25-CV-00385-DB, 2026 WL 457565, at *4 n.1 (W.D. Tex. Feb. 18, 2026) does not apply to Midland/Odessa. The footnote in that case clarified that the congestion in El Paso is based on the influx of 1,300 habeus cases related to "Immigrants who say their detention is illegal." *Id.* Unlike El Paso, Midland/Odessa is not near the Mexican border, so there is no similar influx of border crossing cases here.

### C. Conclusion: Public Interest Weighs Against Transfer

This Court is faster, and the other public interest factors are neutral, so the public interest factors weigh against transfer overall.

10

**REDACTED PUBLIC VERSION**

Dated: May 13, 2026

Respectfully submitted,

*/s/ Peter Tong*

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

11

**<span style="color:red">REDACTED PUBLIC VERSION</span>**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on May 13, 2026, I electronically filed the foregoing document. Additionally, a copy of the sealed filings are being sent to all counsel of record via e-mail.

May 13, 2026                                         /s/ *Peter Tong*_____
                                                     Qi (Peter) Tong

## AUTHORIZATION TO FILE UNDER SEAL

This filing is made under seal in accordance with Judge Gilliland's Standing order Regarding to File Documents Under Seal and Redacted Public Versions, which "grants leave for any party in a patent case to file materials containing confidential information under seal. Parties need not file a separate motion for leave."

May 13, 2026                                         /s/ *Peter Tong*_____
                                                     Qi (Peter) Tong

12