██████████

**REDACTED PUBLIC VERSION**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

|  |  |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        *Plaintiff,*<br><br>    v.<br><br>GOOGLE LLC,<br><br><br><br>        *Defendant*. | Case No. 7:25-cv-376-DC-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>███████████ |

## HEADWATER'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY

**REDACTED PUBLIC VERSION**
**TABLE OF CONTENTS**

I.      Google's New Legal Arguments Warrant a Sur-Reply ........................................................ 1

II.     Google's New and Misleading Facts Warrant a Sur-Reply................................................. 2

III.    Google's Witnesses Warranted Explanations........................................................... 3

IV.     Conclusion ................................................................................................................ 3

REDACTED PUBLIC VERSION
**TABLE OF AUTHORITIES**

**Cases**

*16 Front St. LLC v. Mississippi Silicon, LLC*,
  162 F. Supp. 3d. 558 (N.D. Miss. 2016) ................................................................................ 1

*3D Surfaces, LLC v. Dell Techs. Inc.*,
  No. 6:21-CV-01107-ADA, 2022 WL 3695483 (W.D. Tex. Aug. 25, 2022) ............................. 2

*Cerence Operating Co. v. Samsung Elecs. Co.*,
  No. 2:23-CV-00482-JRG, 2025 WL 2492472 (E.D. Tex. July 25, 2025) ................................. 2

*DH Int'l Ltd. v. Apple Inc.*,
  No. 1:23-CV-1114-DII, 2024 WL 4119374 (W.D. Tex. Aug. 30, 2024) ............................... 1, 2

*Edge Networking Sys. LLC v. Amazon.com, Inc.*,
  No. 2:24-CV-00887-JRG-RSP, 2026 WL 660570 (E.D. Tex. Mar. 9, 2026) ........................... 3

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ......................................................................................... 1, 2, 3

*Smith W. Texas Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*,
  No. 18-cv-137-DC, 2020 WL 6365537 (W.D. Tex. 2020) ....................................................... 1

\* All emphasis added unless otherwise specified.

REDACTED PUBLIC VERSION

## I.     Google's New Legal Arguments Warrant a Sur-Reply

Google's opposition shows that Google raised a new legal dispute about its burden of proof. Google argues that "*Clarke* requires that the '*marginal gains* will *actually* materialize in the transferee venue,' not that the individual **witnesses** must appear." 94 F.4th 502, 508 (5th Cir. 2024). " Dkt. 80 at 8. This is a fundamental dispute between the parties on the burden of proof. Google still must provide a missing theory for how gains in convenience will materialize if the witnesses are not going to travel to Court. Google implies it need not do so.

Google's cases opposing leave for a sur-reply are not applicable. *16 Front St. LLC v. Mississippi Silicon, LLC* involved the citing of a new case where the Court "does not see a new argument or legal theory." 162 F. Supp. 3d. 558, 561 (N.D. Miss. 2016). In *Smith W. Texas Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, "the Court [wa]s not persuaded that Defendant impermissibly reserved arguments for its Reply," but here Google raised no arguments interpreting *Clarke's* burden of proof in its opening brief, when Google need to establish the applicability of the correct burden of proof, and Google instead reserved its arguments for Reply. No. 18-cv-137-DC, 2020 WL 6365537, at *12 (W.D. Tex. 2020).

Finally, Google's arguments about Judge Pitman's cases again show that a sur-reply is warranted to expose Google's misleading arguments. Dkt. 72 at 9 ("But, in *DH Int'l v. Apple Inc.*, Judge Pitman cites *Clarke* and applies the *Volkswagen* factors."). Judge Pitman **did not** cite *Clarke* for the burden of proof. Judge Pitman's **only** citation to *Clarke* in that case was for a rule on how to determine local interest—and that interest "is concerned with the interest of non-party citizens in adjudicating the case." *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *6 (W.D. Tex. Aug. 30, 2024). Judge Pitman's recitation of the legal standard and burden of proof on pages *1–*2 has no mention of *Clarke*, and he applied *Genentech*'s outdated standard of "relevant and material information" on page *4. Judge Gilstrap explicitly recognized that this

1

REDACTED PUBLIC VERSION

lower standard conflicts with *Clarke*. *Cerence Operating Co. v. Samsung Elecs. Co.*, No. 2:23-CV-00482-JRG, 2025 WL 2492472, at \*5 (E.D. Tex. July 25, 2025).

## II.   Google's New and Misleading Facts Warrant a Sur-Reply

Google's numerous new and misleading facts warrant a sur-reply. *3D Surfaces* does not preclude a sur-reply here, because it only involved facts that "are of such vanishingly small relevance, if any, that they do not affect the outcome." *3D Surfaces, LLC v. Dell Techs. Inc.*, No. 6:21-CV-01107-ADA, 2022 WL 3695483, at \*2 (W.D. Tex. Aug. 25, 2022).

█████████████—Google does not dispute this is a new category of witnesses.  It was Google's burden to muster all of its evidence in its opening brief. *Clarke*, 94 F.4th at 508. If Google raises them for the first time on reply, it is only fair to give Headwater the opportunity to point out that they have no relevance, as the Court already ruled during a discovery dispute.  Dkt. 58.

Licensing Witnesses—Google's new argument was not a proper "rebuttal."  Google attempted to mislead the Court into believing that they were not called at the first three trials due to irrelevance, but the critical fact omitted by Google is that the relevant license/settlement agreements they may testify about did not yet exist when those trials happened.

InterDigital 3rd Party Attorneys—Google's new arguments about them amounted to a misapplication of law and overextending the rule that precludes consideration of **party** attorneys.

Kagan—Google's assertion that it learned about his relevance during venue discovery is demonstrably false.  Dkt. 72 at 10 n.2.  Google argued about Mr. Kagan's relevance in its opening motion in the related -00369 case, Dkt. 37-2, pages 8, 14, and 15 filed on Dec. 4, 2025.

New Practical Problems—Google did not merely respond to Headwater's arguments. Google's Reply cited to new evidence. Dkt. 68–69, Exs. 18–23. This is improper, and it is only fair to give Headwater an opportunity to respond that Google merely raised more arguments about the **parties'** connections, not about **non-party** citizens. *DH Int'l*, 2024 WL 4119374, at \*6 (citing

2

**REDACTED PUBLIC VERSION**

*Clarke*, 94 F.4th at 511).

### III.    Google's Witnesses Warranted Explanations

**McCallister**.  Google does not dispute she testified about ██████████████ ████████████████████ These may be relevant to hypothetical negotiations on the date of first infringement to determine how Google might have shared revenue with Headwater.

**Belaramani**.  She did not ████████████████████████████████ ████████████████████████████ but this makes her relevant. Dkt. 69, Ex. 60 at 25–26:23.  Unless Google promises not to question the accuracy of Headwater's battery tests, her opinions weigh against transfer.

**Maradani**.  He just could not get his story straight.  He testified about ███████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████  Dkt. 64 Ex. 64 at 14:4–13, 21:6–25. ██████████████████████████████ *Id.* at 24:13–19.  He is more relevant than he lets on. *Edge Networking Sys. LLC v. Amazon.com, Inc.*, No. 2:24-CV-00887-JRG-RSP, 2026 WL 660570, at *2 (E.D. Tex. Mar. 9, 2026) ("In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant").

**Fayyazuddin/Yang**.  Deposition revealed that Yang's knowledge is in fact limited.  The discrepancy between Fayyazuddin's own LinkedIn updates and the scope of Mr. Yang's knowledge of Fayyazuddin's work proves that Fayyazuddin has more experience at Google than what Mr. Yang is personally aware of.  Any disputes about Fayyazuddin's relevance should be resolved in favor of Headwater.

### IV.    Conclusion

To avoid misapplications of law and misleading aspects of Google's facts and arguments,

3

**REDACTED PUBLIC VERSION**

Headwater's sur-reply should be deemed filed.

Dated: May 27, 2026

Respectfully submitted,

/s/ Peter Tong
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James N. Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

4

**REDACTED PUBLIC VERSION**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on May 27, 2026, I electronically filed the foregoing document. Additionally, a copy of the sealed filings are being sent to all counsel of record via e-mail.

May 27, 2026                                          /s/ *Peter Tong*
                                                            Qi (Peter) Tong

## AUTHORIZATION TO FILE UNDER SEAL

This filing is made under seal in accordance with Judge Gilliland's Standing order Regarding to File Documents Under Seal and Redacted Public Versions, which "grants leave for any party in a patent case to file materials containing confidential information under seal. Parties need not file a separate motion for leave."

May 27, 2026                                          /s/ *Peter Tong*
                                                            Qi (Peter) Tong

1